**McDermott Will & Schulte LLP**
Charles R. Gibbs (TX Bar No. 7846300)
Marcus A. Helt (TX Bar No. 24052187)
Michael Wombacher (TX Bar No. 24120434)
2801 North Harwood Street
Suite 2600
Dallas, Texas 75201
Telephone: 214.295.8000
E-mail: crgibbs@mwe.com
       mhelt@mwe.com
       mwombacher@mwe.com

**McDermott Will & Schulte LLP**
Darren Azman (*pro hac vice* motion to be filed)
One Vanderbilt Avenue
New York, New York 10017-3852
Telephone: 212-547.5400
E-mail: dazman@mwe.com

*Proposed Counsel to the Chapter 7 Trustee*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re:<br><br>TRICOLOR HOLDINGS, LLC,<br><br>    Debtor. | ) ) ) ) ) ) ) | Chapter 7<br><br>Case No. 25-33487 (MVL) |
| In re:<br><br>TAG INTERMEDIATE HOLDING COMPANY, LLC,<br><br>    Debtor. | ) ) ) ) ) ) ) ) | Chapter 7<br><br>Case No. 25-33495 |
| In re:<br><br>TRICOLOR AUTO GROUP, LLC,<br><br>    Debtor. | ) ) ) ) ) ) ) | Chapter 7<br><br>Case No. 25-33496 |
| In re:<br><br>TRICOLOR AUTO ACCEPTANCE, LLC,<br><br>    Debtor. | ) ) ) ) ) ) ) | Chapter 7<br><br>Case No. 25-33497 |

| | | |
|---|---|---|
| In re: | ) ) | Chapter 7 |
| TRICOLOR INSURANCE AGENCY, LLC, | ) ) ) | Case No. 25-33512 |
| Debtor. | ) ) ) | |
| In re: | ) ) | Chapter 7 |
| TRICOLOR HOME LOANS LLC DBA TRICOLOR MORTGAGE, | ) ) ) ) | Case No. 25-33511 |
| Debtor. | ) ) ) | |
| In re: | ) ) | Chapter 7 |
| TRICOLOR REAL ESTATE SERVICES, LLC, | ) ) ) | Case No. 25-33514 |
| Debtor. | ) ) ) | |
| In re: | ) ) | Chapter 7 |
| TAG CALIFORNIA HOLDING COMPANY, LLC, | ) ) ) ) | Case No. 25-33493 |
| Debtor. | ) ) ) | |
| In re: | ) ) | Chapter 7 |
| FLEXI COMPRAS AUTOS, LLC, | ) ) ) | Case No. 25-33490 |
| Debtor. | ) ) ) | |
| In re: | ) ) | Chapter 7 |
| TAG CALIFORNIA INTERMEDIATE HOLDING COMPANY, LLC, | ) ) ) ) | Case No. 25-33494 |
| Debtor. | ) ) ) | |

2

| | | |
|---|---|---|
| In re: | ) ) | Chapter 7 |
| TRICOLOR CALIFORNIA AUTO GROUP, LLC, | ) ) ) | Case No. 25-33502 |
| Debtor. | ) ) ) | |
| In re: | ) ) | Chapter 7 |
| TRICOLOR CALIFORNIA AUTO ACCEPTANCE, LLC, | ) ) ) ) | Case No. 25-33501 |
| Debtor. | ) ) ) | |
| In re: | ) ) | Chapter 7 |
| RISK ANALYTICS LLC, | ) ) ) | Case No. 25-33491 |
| Debtor. | ) ) ) | |
| In re: | ) ) | Chapter 7 |
| TRICOLOR TAX, LLC, | ) ) ) | Case No. 25-33515 |
| Debtor. | ) ) ) | |
| In re: | ) ) | Chapter 7 |
| TRICOLOR FINANCIAL, LLC, | ) ) ) | Case No. 25-33510 |
| Debtor. | ) ) ) | |
| In re: | ) ) | Chapter 7 |
| TRICOLOR AUTO RECEIVABLES LLC, | ) ) ) | Case No. 25-33498 |
| Debtor. | ) ) ) | |

| | |
|---|---|
| In re: | Chapter 7 |
| TAG ASSET FUNDING, LLC, | Case No. 25-33492 |
| Debtor. | |
| In re: | Chapter 7 |
| APOYO FINANCIAL, LLC, | Case No. 25-33489 |
| Debtor. | |

## CHAPTER 7 TRUSTEE'S EMERGENCY MOTION FOR JOINT ADMINISTRATION

Anne Elizabeth Burns, the Chapter 7 trustee (the "Trustee") of the estate of the above-captioned debtor (the "Debtor") and the estates of related debtor entities (the "Debtors"),[1] hereby moves (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order") granting the relief described below. In support of the Motion, the Trustee respectfully states as follows:

### RELIEF REQUESTED

1. By the Motion, the Trustee respectfully requests entry of the Proposed Order (a) directing procedural consolidation and joint administration of the above-captioned chapter 7 cases (collectively, the "Chapter 7 Cases"); and (b) granting related relief, including the following:

---

[1] The Debtors' Estates (as defined herein) consist of Tricolor Holdings, LLC, TAG Intermediate Holding Company, LLC (Case No. 25-33495), Tricolor Auto Group, LLC (Case No. 25-33496), Tricolor Auto Acceptance, LLC (Case No. 25-33497), Tricolor Insurance Agency, LLC (Case No. 25-33512), Tricolor Home Loans LLC dba Tricolor Mortgage (Case No. 25-33511), Tricolor Real Estate Services, LLC (Case No. 25-33514), TAG California Holding Company, LLC (Case No. 25-33493), Flexi Compras Autos, LLC (Case No. 25-33490), TAG California Intermediate Holding Company, LLC (Case No. 25-33494), Tricolor California Auto Group, LLC (Case No. 25-33502), Tricolor California Auto Acceptance, LLC (Case No. 25-33501), Risk Analytics LLC (Case No. 25-33491), Tricolor Tax, LLC (Case No. 25-33515), Tricolor Financial, LLC (Case No. 25-33510), Tricolor Auto Receivables LLC (Case No. 25-33498), Tricolor Asset Funding, LLC (Case No. 25-33492), and Apoyo Financial, LLC (Case No. 25-33489).

4

2. The Trustee requests that one file and one docket be maintained for all of the jointly administered Chapter 7 Cases under the case of Tricolor Holdings, LLC, Case No. 25-33487 (MVL) and that Chapter 7 Cases be administered under a consolidated caption as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 7 |
| TRICOLOR HOLDINGS, LLC, *et al.*,[1] | ) ) ) | Case No. 25-33487 (MVL) |
| Debtor. | ) ) | |

---

[1] The Debtors' in these chapter 7 cases are as follows: Tricolor Holdings, LLC, TAG Intermediate Holding Company, LLC, Tricolor Auto Group, LLC, Tricolor Auto Acceptance, LLC, Tricolor Insurance Agency, LLC, Tricolor Home Loans LLC dba Tricolor Mortgage, Tricolor Real Estate Services, LLC, TAG California Holding Company, LLC, Flexi Compras Autos, LLC, TAG California Intermediate Holding Company, LLC, Tricolor California Auto Group, LLC, Tricolor California Auto Acceptance, LLC, Risk Analytics LLC, Tricolor Tax, LLC, Tricolor Financial, LLC, Tricolor Auto Receivables LLC, Tricolor Asset Funding, LLC, and Apoyo Financial, LLC.

3. The Trustee requests that this Court (as defined below) order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code (as defined herein).

4. The Trustee also requests that a docket entry, substantially similar to the following, be entered on the docket of each Debtor's Chapter 7 Case (other than the chapter 7 case of Tricolor Holdings, LLC) to reflect the joint administration of these Chapter 7 Cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas directing, for procedural purposes only, joint administration of the chapter 7 cases of the following entities: TAG Intermediate Holding Company, LLC (Case No. 25-33495), Tricolor Auto Group, LLC (Case No. 25-33496), Tricolor Auto Acceptance, LLC (Case No. 25-33497), Tricolor Insurance Agency, LLC (Case No. 25-33512), Tricolor Home Loans LLC dba Tricolor Mortgage (Case No. 25-33511), Tricolor Real Estate Services, LLC (Case No. 25-33514), TAG California Holding Company, LLC (Case No. 25-33493), Flexi Compras Autos, LLC (Case

No. 25-33490), TAG California Intermediate Holding Company, LLC (Case No. 25-33494), Tricolor California Auto Group, LLC (Case No. 25-33502), Tricolor California Auto Acceptance, LLC (Case No. 25-33501), Risk Analytics LLC (Case No. 25-33491), Tricolor Tax, LLC (Case No. 25-33515), Tricolor Financial, LLC (Case No. 25-33510), Tricolor Auto Receivables LLC (Case No. 25-33498), Tricolor Asset Funding, LLC (Case No. 25-33492), and Apoyo Financial, LLC (Case No. 25-33489).  **All further pleadings and other papers shall be filed in, and all further docket entries shall be made in Tricolor Holdings, LLC, Case No. 25-33487 (MVL).**

## JURISDICTION AND VENUE

5. The United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Court") has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc* dated August 3, 1984, entered by the United States District Court for the Northern District of Texas. This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

6. The legal predicates for the relief requested herein are sections 105(a) and 342(c)(1) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 1015(b), the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 1015-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas (the "Local Rules").

## BACKGROUND

**A.    The Chapter 7 Cases**

7. On September 10, 2025 (the "Petition Date"), each Debtor commenced a case by filing a petition for relief under chapter 7 of the Bankruptcy Code (collectively, the "Chapter 7 Cases") in this Court.

8. On the Petition Date, the Office of the United States Trustee for Region 6 (the "U.S. Trustee") appointed Anne Elizabeth Burns as the duly qualified Trustee over the Chapter 7 Cases.

**RELIEF REQUESTED**

9. Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). Under Bankruptcy Code section 101(2), the term "affiliate" includes "a corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . ." 11 U.S.C. § 101(2). As illustrated by the organizational chart and Rider 1 attached to the Debtors' *Petition* [Docket No. 1], Tricolor Holdings, LLC as the ultimate parent entity of the Debtors, directly or indirectly owns more than 20% of the membership, partnership, or equity interests, as applicable, of each of the Debtor entities. As such, the Court is authorized to jointly administer these Chapter 7 Cases for procedural purposes because the Debtors are "affiliates" of Tricolor Holdings, LLC as that term is defined in Bankruptcy Code section 101(2), and joint administration of the Debtors' Chapter 7 Cases therefore is appropriate under Bankruptcy Rule 1015(b).

10. Moreover, Bankruptcy Code section 105(a) provides the Court with the power to grant the relief requested herein by permitting the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the [Bankruptcy Code]." 11 U.S.C. § 105(a). Furthermore, Local Rule 1015-1(a) provides additional authority for the Court to order joint administration of these Chapter 7 Cases. *See* N.D. Tex. L.B.R. 1015-1(a) (providing that a

party in interest may file a motion for joint administration in each case, which will be assigned for determination to the bankruptcy judge presiding over the first related case filed in this district). Accordingly, the Bankruptcy Rules, the Bankruptcy Code, and the Local Rules authorize the Court to grant the relief requested herein.

11. The Trustee submits that joint administration of the Chapter 7 Cases is warranted and will ease the administrative burden on the Court and the parties without harming the substantive rights of any party-in-interest. Furthermore, many of the motions, hearings, and orders filed in these Chapter 7 Cases will affect each Debtor entity, meaning that joint administration will reduce fees and costs by avoiding duplicative filings, objections, and hearings. Joint administration of the Chapter 7 Cases will also allow the U.S. Trustee and all parties-in interest to monitor these Chapter 7 Cases with greater ease and efficiency and will not adversely affect the Debtors' respective constituencies because the Motion requests administrative, rather than substantive, consolidation of the Debtors' estates for procedural purposes only. Indeed, parties-in-interest will not be harmed by the relief requested but instead will benefit from the cost savings associated with the joint administration of these Chapter 7 Cases. Accordingly, the Trustee submits that the joint administration of these Chapter 7 Cases is in the best interests of their estates, their creditors, and all other parties-in-interest and should be approved by this Court.

12. Further, joint administration is generally non-controversial, and courts in this District have routinely approved joint administration. *See, e.g., In re Genesis Healthcare, Inc.*, Case No. 25-80185 (SGJ) (Bankr. N.D. Tex. July 11, 2025) [Docket No. 51]; *In re TGI Friday's Inc.*, Case No. 24-80069 (SGJ) (Bankr. N.D. Tex. Feb. 16, 2023) [Docket No. 107]; *In re Sunland Medical Found.*, Case No. 23-80000 (MVL) (Bankr. N.D. Tex. Aug. 31, 2023) [Docket No. 37]; *In re Christian Care Ctrs., Inc.*, Case No. 22-80000 (SGJ) (Bankr. N.D. Tex. May 25, 2022)

[Docket No. 45]; *In re Studio Movie Grill Holdings, LLC*, Case No. 20-32633 (SGJ) (Bankr. N.D. Tex. Oct. 27, 2020) [Docket No. 48]; *In re Senior Care Ctrs., LLC*, Case No. 18-33967 (BJH) (Bankr. N.D. Tex. Dec. 7, 2018) [Docket No. 65]; *4 West Holdings, Inc.*, Case No. 18-30777 (HDH) (Bankr. N.D. Tex. Mar. 8, 2018) [Docket No. 52].

## EMERGENCY CONSIDERATION

13. The Trustee respectfully requests emergency consideration of this Motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first 21 days after the commencement of a chapter 7 case "to the extent that relief is necessary to avoid immediate and irreparable harm." Fed. R. Bankr. P. 6003. Here, the Trustee believes that immediate action is necessary due to the limited availability of information, the complexity of these Chapter 7 Cases, and the potential risk of dissipation or loss of estate assets. However, filing extensive documentation across each individual chapter 7 docket would impose a substantial financial and administrative burden at a critical juncture in these proceedings. Absent the requested relief, the Trustee may be unable to preserve critical assets that would otherwise be available for the benefit of all creditors. Accordingly, the Trustee submits that it has satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and, therefore, respectfully requests that the Court approve the relief requested in this Motion on an emergency basis.

WHEREFORE, the Trustee respectfully requests that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, authorizing the Trustee to conduct limited business operations of the Debtors and granting related relief.

| | |
|---|---|
| Dated: Dallas, Texas<br>September 15, 2025 | **MCDERMOTT WILL & SCHULTE LLP**<br><br>*/s/ Charles R. Gibbs*<br>Charles R. Gibbs (TX Bar No. 7846300)<br>Marcus A. Helt (TX Bar No. 24052187)<br>Michael Wombacher (TX Bar No. 24120434)<br>2801 North Harwood Street, Suite 2600<br>Dallas, Texas 75201-1664<br>Tel:      (214) 295-8000<br>Fax:     (972) 232-3098<br>E-mail:  crgibbs@mwe.com<br>            mhelt@mwe.com<br>            mwombacher@mwe.com<br><br>-and-<br><br>Darren Azman (*pro hac vice* motion to be filed)<br>One Vanderbilt Avenue<br>New York, New York 10017-3852<br>Tel:      (212) 547-5400<br>Fax:     (212) 547-5444<br>E-mail:  dazman@mwe.com<br><br>*Proposed Counsel to the Chapter 7 Trustee* |

## **CERTIFICATE OF SERVICE**

I do hereby certify that on September 15, 2025, a true and correct copy of the foregoing document was served via CM/ECF for the United States Bankruptcy Court for the Northern District of Texas on all parties authorized to receive electronic notice in this.

*/s/ Charles R. Gibbs*
Charles R. Gibbs

## **LOCAL RULE 9013-1(a) CERTIFICATION**

Given the amount of parties in interest in the Chapter 7 Cases, the Trustee does not believe conferring with the attorney for each party affected is possible nor practicable.