| | |
|---|---|
| **MCDERMOTT WILL & SCHULTE LLP** | **MCDERMOTT WILL & SCHULTE LLP** |
| Charles R. Gibbs (TX Bar No. 7846300) | Darren Azman (*pro hac vice* motion pending) |
| Marcus A. Helt (TX Bar No. 24052187) | One Vanderbilt Avenue |
| Michael Wombacher (TX Bar No. 24120434) | New York, New York 10017-3852 |
| 2801 North Harwood Street | Telephone: 212-547.5400 |
| Suite 2600 | E-mail: dazman@mwe.com |
| Dallas, Texas 75201 | |
| Telephone: 214.295.8000 | |
| E-mail: crgibbs@mwe.com | |
|       mhelt@mwe.com | |
|       mwombacher@mwe.com | |

*Proposed Counsel to the Chapter 7 Trustee*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 7 |
| TRICOLOR HOLDINGS, LLC, | ) ) ) | Case No. 25-33487 (MVL) |
| Debtor. | ) ) | |

**CHAPTER 7 TRUSTEE'S MOTION
FOR EXPEDITED CONSIDERATION OF (I)
EMERGENCY MOTION FOR JOINT ADMINISTRATION [DOCKET NO. 40]
AND (II) EMERGENCY MOTION FOR ENTRY OF ORDER
APPROVING STIPULATION BETWEEN CHAPTER 7 TRUSTEE AND
<u>VERVENT, INC. [DOCKET NO. 53]</u>**

Anne Elizabeth Burns, the Chapter 7 Trustee (the "<u>Trustee</u>") of the estate of the above-captioned case (the "<u>Debtor</u>") and the estates of related debtor entities (the "<u>Debtors</u>"),[1]

---

[1] The Debtors' estates consist of Tricolor Holdings, LLC, TAG Intermediate Holding Company, LLC (Case No. 25-33495), Tricolor Auto Group, LLC (Case No. 25-33496), Tricolor Auto Acceptance, LLC (Case No. 25-33497), Tricolor Insurance Agency, LLC (Case No. 25-33512), Tricolor Home Loans LLC dba Tricolor Mortgage (Case No. 25-33511), Tricolor Real Estate Services, LLC (Case No. 25-33514), TAG California Holding Company, LLC (Case No. 25-33493), Flexi Compras Autos, LLC (Case No. 25-33490), TAG California Intermediate Holding Company, LLC (Case No. 25-33494), Tricolor California Auto Group, LLC (Case No. 25-33502), Tricolor California Auto Acceptance, LLC (Case No. 25-33501), Risk Analytics LLC (Case No. 25-33491), Tricolor Tax, LLC (Case No. 25-33515), Tricolor Financial, LLC (Case No. 25-33510), Tricolor Auto Receivables LLC (Case No. 25-33498), Tricolor Asset Funding, LLC (Case No. 25-33492), and Apoyo Financial, LLC (Case No. 25-33489).

respectfully states the following in support of this motion (this "Motion for Expedited Consideration"):[2]

## RELIEF REQUESTED

1. By this Motion for Expedited Consideration, the Trustee seeks entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), shortening notice and scheduling an expedited setting on the *Chapter 7 Trustee's Emergency Motion for Joint Administration* (the "Joint Administration Motion") [Docket No. 40] and the *Emergency Motion for Enty of Order Approving Stipulation Between Chapter 7 Trustee and Vervent, Inc.* (the "Stipulation Motion") [Docket No. 53] to be held on September 18, 2025, at 3:00 p.m. (prevailing Central Time).

2. As described in the Joint Administration Motion, the circumstances of this matter justify considering the approval of the Joint Administration Motion on an expedited basis. An immediate and orderly transition into chapter 7 is critical to bringing the Debtors' estates under the Trustee's control, and any delay in granting the relief requested could hinder the Trustee's operations and cause irreparable harm. Moreover, the failure to receive the requested relief during the first 21 days of these chapter 7 cases would severely disrupt the Trustee's ability to exercise her duties. Based on the foregoing, the Trustee believes that the circumstances require expedited consideration of the Joint Administration Motion.

3. As described in the Stipulation Motion, the circumstances of this matter justify considering the approval of the Stipulation Motion on an expedited basis. Expedited consideration of the Stipulation Motion is critical due to the termination of the Debtors' primary loan servicer as

---

[2] The Trustee has submitted a separate motion seeking joint administration of the Debtors' chapter 7 cases. To minimize administrative costs and conserve estate resources, the Trustee has filed this Motion for Expedited Consideration solely on the docket of the proposed lead case.

a result of prepetition defaults, the Debtors' critical need to maintain Vervent Inc. as a loan servicer, and the potential risk of dissipation or loss of estate assets.  Such relief is essential to protecting the interests of all parties and the estates, including the lenders and consumer borrowers, as well as in allowing the Trustee to perform her statutory duties, including to secure property of the estates and to administer assets and claims.  Based on the foregoing, the Trustee believes that the circumstances require expedited consideration of the Stipulation Motion.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Trustee respectfully requests that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, (i) granting the Motion for Expedited Consideration, (ii) setting a hearing on the Joint Administration Motion and the Stipulation Motion for September 18, 2025, at 3:00 p.m. (prevailing Central Time), and (iii) granting such other relief as the Court deems appropriate under the circumstances.

Dated: Dallas, Texas
September 17, 2025

Respectfully submitted,

*/s/ Charles R. Gibbs*
Charles R. Gibbs (TX Bar No. 7846300)
Marcus A. Helt (TX Bar No. 24052187)
Michael Wombacher (TX Bar No. 24120434)
**MCDERMOTT WILL & SCHULTE LLP**
2801 North Harwood Street, Suite 2600
Dallas, Texas 75201-1664
Tel:      (214) 295-8000
Fax:     (972) 232-3098
E-mail:   crgibbs@mwe.com
          mhelt@mwe.com
          mwombacher@mwe.com

-and-

**MCDERMOTT WILL & SCHULTE LLP**
Darren Azman (*pro hac vice* motion pending)
One Vanderbilt Avenue
New York, New York 10017-3852
Tel:      (212) 547-5400
Fax:     (212) 547-5444
E-mail:   dazman@mwe.com

*Proposed Counsel to the Chapter 7 Trustee*

## **CERTIFICATE OF SERVICE**

I do hereby certify that on September 17, 2025, a true and correct copy of the foregoing document was served via CM/ECF for the United States Bankruptcy Court for the Northern District of Texas on all parties authorized to receive electronic notice in this.

*/s/ Charles R. Gibbs*
Charles R. Gibbs

## **LOCAL RULE 9013-1(a) CERTIFICATION**

Given the amount of parties in interest in the Chapter 7 Cases, the Trustee does not believe conferring with the attorney for each party affected is possible nor practicable.