**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| In re:<br><br>TRICOLOR HOLDINGS, LLC.[1]<br><br>Debtors<br><br>JOSE CAMPOS on behalf of himself and on behalf of all other persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Tricolor Holdings, LLC, TAG Intermediate Holding Company, LLC, Tricolor Auto Group, LLC, Tricolor Auto Acceptance, LLC, Tricolor Insurance Agency, LLC, Tricolor Home Loans LLC dba Tricolor Mortgage, Tricolor Real Estate Services, LLC, TAG California Holding Company, LLC, Flexi Compras Autos, LLC, TAG California Intermediate Holding Company, LLC, Tricolor California Auto Group, LLC, Tricolor California Auto Acceptance, LLC, Risk Analytics LLC, Tricolor Tax, LLC, Tricolor Financial, LLC, Tricolor Auto Receivables LLC, TAG Asset Funding, LLC, and Apoyo Financial, LLC<br>　　　　　　Defendants. | Chapter 7<br><br>Bankruptcy Case No.: 25-33487 (MVL)<br><br>Adv. Proc. No._____<br><br>**CLASS ACTION ADVERSARY PROCEEDING** |

**CLASS ACTION ADVERSARY PROCEEDING COMPLAINT**

---

1 The Debtors in these Chapter 7 cases are as follows: Tricolor Holdings, LLC, TAG Intermediate Holding Company, LLC, Tricolor Auto Group, LLC, Tricolor Auto Acceptance, LLC, Tricolor Insurance Agency, LLC, Tricolor Home Loans LLC dba Tricolor Mortgage, Tricolor Real Estate Services, LLC, TAG California Holding Company, LLC, Flexi Compras Autos, LLC, TAG California Intermediate Holding Company, LLC, Tricolor California Auto Group, LLC, Tricolor California Auto Acceptance, LLC, Risk Analytics LLC, Tricolor Tax, LLC, Tricolor Financial, LLC, Tricolor Auto Receivables LLC, TAG Asset Funding, LLC, and Apoyo Financial, LLC

1

Plaintiff Jose Campos ("Plaintiff") by and through undersigned counsel, on behalf of himself and all other similarly situated persons, as and for their complaint against Defendants, allege as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157, 1331, 1334 and 1367.

2. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B) and (O).

## NATURE OF THE ACTION

3. This is a class action for the recovery by Plaintiff and other similarly situated employees of the Defendants of damages in the amount of 60 days' pay and ERISA benefits by reason of Defendants' violation of the Plaintiff's rights under the California Labor Code §§ 1400 – 1408 ("California WARN Act"). Although the Plaintiff and the Other Similarly Situated Employees were nominally employed by Defendant, Tricolor California Auto Group, LLC, pursuant to the California WARN Act's single employer rule, Tricolor Holdings, LLC, TAG Intermediate Holding Company, LLC, Tricolor Auto Group, LLC, Tricolor Auto Acceptance, LLC, Tricolor Insurance Agency, LLC, Tricolor Home Loans LLC dba Tricolor Mortgage, Tricolor Real Estate Services, LLC, TAG California Holding Company, LLC, Flexi Compras Autos, LLC, TAG California Intermediate Holding Company, LLC, Tricolor California Auto Acceptance, LLC, Risk Analytics LLC, Tricolor Tax, LLC, Tricolor Financial, LLC, Tricolor Auto Receivables LLC, TAG Asset Funding, LLC, and Apoyo Financial, LLC were also the Plaintiff's and the Other Similarly Situated Employees "Employer" until they were terminated as part of, or as a result of a mass layoff and/or plant closing ordered by Defendants on or about September 8, 2025. The Defendants violated the California WARN Act by failing to give the Plaintiff and the Other Similarly Situated Employees of the Defendants at least 60 days' advance written notice of termination, as required by the California WARN Act. As a consequence, the Plaintiff and the Other Similarly Situated Employees of the Defendants are entitled

2

under the California WARN Act to recover from the Defendants their wages and ERISA benefits for 60 days, none of which has been paid

## PARTIES

4. Upon information and belief, at all relevant times, Defendants were Texas corporations which maintained a Facilities at 4608 Rudnick Ct., Bakersfield, CA 93313 (the "Bakersfield Facility" and collectively with other facilities in the United States, the "Facilities").

5. Upon information and belief, at all relevant times, Plaintiff Jose Campos ("Campos") was an employee who was employed by Defendants and worked at or reported to the Bakersfield Facility until his termination without cause on or about September 8, 2025.

6. Upon information and belief, at all relevant times, Defendants each jointly maintained, owned and operated the Facilities.

7. On or about September 8, 2025, and thereafter, Defendants as a single employer, ordered the termination of Campos' employment together with the termination of approximately 150 other employees who worked at or reported to the Facilities as part of a plant closing as defined by the California WARN Act, for which they were entitled to receive 60 days advance written notice under the California WARN Act .

8. At or about the time Campos was terminated, Defendants as a single employer, ordered the termination of other similarly situated employees who worked at or reported to the Facilities (the "Other Similarly Situated Employees")

9. On or about September 10, 2025, Defendants filed with this Court a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code.

## CALIFORNIA WARN CLASS ACTION ALLEGATIONS RULE 7023 (a) and (b)

10. The Plaintiff asserts his claims on behalf of herself and the Other Similarly Situated Former Employees pursuant to Rules 7023(a) and (b)(3) of the Federal Rules of Bankruptcy Procedure and Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

3

11. The Plaintiff and the Other Similarly Situated Former Employees constitute a class within the meaning of Rules 7023(a) and (b)(3) of the Federal Rules of Bankruptcy and Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure (the "Class").

12. Common questions of law and fact are applicable to all members of the Class.

13. The common questions of law and fact arise from and concern the following facts and actions, among others, that Defendants committed or failed to commit as to all members of the Class: all Class Members enjoyed the protection of the California WARN Act; all Class members were employees of Defendants who, prior to the terminations, worked at the Facilities; Defendants as a single employer, terminated the employment of all the members of the Class without cause on their part without giving them at least sixty (60) days' prior written notice as required by the WARN Act; and Defendants failed to pay the Class Members wages and to provide other employee benefits for the sixty (60) day period following their respective terminations.

14. The questions of law and fact common to the members of the Class, as above noted, predominate over any questions affecting only individual members, and thus, this Class claim is superior to other available methods for the fair and efficient adjudication of this controversy.

15. The Plaintiff's claims are typical of the claims of other members of the Class in that for each of the several acts described above.

16. The Plaintiff will fairly and adequately protect and represent the interests of the Class.

17. The Plaintiff has the time and resources to prosecute this action and has retained counsel who have had extensive experience in matters involving employee rights, the California WARN Act, class action litigation and bankruptcy court litigation.

18. The Class is so numerous as to render joinder of all members impracticable as there are approximately 150 persons who are included in the Class.

19. The Class meets the requirements of Fed. R. Civ. P. 23(a) for class certification.

20. The Class meets the requirements of Fed. R. Civ. P. 23(b)(3) because the questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

21. No Class member has an interest in individually controlling the prosecution of a separate action under the California WARN Act.

22. No litigation concerning the WARN Act rights of any Class member has been commenced in this Court.

23. Concentrating all the potential litigation concerning the California WARN Act rights of the Class members in this Court will avoid a multiplicity of suits, will conserve judicial resources and the resources of the parties and is the most efficient means of resolving the California WARN Act rights of all the Class members.

24. On information and belief, the identities of the Class members are contained in the books and records of Defendant.

25. On information and belief, a recent residence address of each of the Class members is contained in the books and records of Defendant.

26. On information and belief, the rate of pay and benefits that were being paid by Defendants to each Class member at the time of his/her termination are contained in the books and records of Defendant.

27. As a result of Defendants' violation of the California WARN Act, the Plaintiff and the other members of the Class have been damaged in amounts equal to the sum of: (a) their respective lost wages, salaries, commissions, bonuses, accrued holiday pay, accrued vacation pay, 401(k) contributions for sixty (60) days; (b) the health and medical insurance and other fringe benefits that they would have received or had the benefit of receiving, for a period of sixty (60) days after the dates of their respective terminations; and (c) medical expenses incurred during such period

5

by such persons that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period.

## CALIFORNIA WARN ACT CLASS ALLEGATIONS

28. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

29. Plaintiff brings this claim for relief for violation of Labor Code § 1401 on behalf of himself and a class of similarly situated persons pursuant to Labor Code § 1404 and Federal Rules of Civil Procedure, Rule 23(a) and (b)(3), who worked at or reported to one of Defendants' Facilities and were terminated without cause on or about September 8, 2025 (the "California WARN Class").

30. The persons in the California WARN Class identified above ("California WARN Class Members") are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

31. On information and belief, the identity of the members of the class and the recent residence address of each of the California WARN Class Members is contained in the books and records of Defendant.

32. On information and belief, the rate of pay and benefits that were being paid by Defendants to each California WARN Class Member at the time of his/her termination is contained in the books and records of the Defendant.

33. Common questions of law and fact exist as to members of the California WARN Class, including, but not limited to, the following:

 (a) whether the members of the California WARN Class were employees of the Defendant;

 (b) whether Defendants unlawfully terminated the employment of the members of the California WARN Class without cause on their part and without giving them 60 days

6

    advance written notice in violation of the California WARN Act; and

  (c) whether Defendants unlawfully failed to pay the California WARN Class members 60 days wages and benefits as required by the California WARN Act.

34. The Plaintiff's claims are typical of those of the California WARN Class.

35. The Plaintiff, like other California WARN Class members, worked at or reported to one of Defendants' Facilities and was terminated beginning on or about September 8, 2025, due to the termination of the Facilities ordered by Defendant.

36. The Plaintiff will fairly and adequately protect the interests of the California WARN Class. The Plaintiff has retained counsel competent and experienced in complex class actions on behalf of employees, including the California WARN Act, the federal WARN Act, other similar state laws, and employment litigation.

37. Class certification of these Claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the California WARN Class predominate over any questions affecting only individual members of the California WARN Class, and because a class action superior to other available methods for the fair and efficient adjudication of this litigation– particularly in the context of California WARN Class Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual California WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

38. Concentrating all the potential litigation concerning the California WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the California WARN Act rights of all the members of the Class.

39. The Plaintiff intends to send notice to all members of the Class to the extent

required by Rule 23.

## THE CLAIM FOR RELIEF
### Violation of California Labor Code - § 1400 *et seq*.

40. Plaintiff realleges and incorporates by reference all allegations in all proceeding paragraphs.

41. Plaintiff and similarly situated employees who worked at or reported to Defendant's facilities in California and other "covered establishments," are former "employees," of Defendants as defined in Labor Code § 1400(h).

42. Defendants terminated the employment of Plaintiff and other similarly situated employees, pursuant to a "termination" as defined in Labor Code § 1400(d-f) beginning on or about September 8, 2025 or thereafter.

43. At all relevant times, each Defendant was an "employer" as defined in Labor Code § 1400(b).

## SINGLE EMPLOYER ALLEGATIONS

44. The Defendants constituted a "single employer" of the Plaintiff and the Class Members in that, among other things:

(a) The Defendants shared common ownership;

(b) The Defendants shared common officers and directors;

(c) All of the Defendants exercised de facto control over the labor practices governing the Plaintiff and Class Members, including the decision to order the mass layoff or plant closing at the Facilities;

(d) There was a unity of personnel policies emanating from a common source between Defendants; and

(e) There was a dependency of operations between Defendants.

45. Defendants as a single employer violated Labor Code § 1401 by ordering a "termination" in California without giving written notice at least 60 days before the order took effect to (1) the employees affected by the order and (2) the Employment Development Department, the local workforce investment board, and the chief elected official of each city and county government within which the mass layoff, relocation or termination occurred. The "termination" was not necessitated by a physical calamity or act of war.

46. As a result of Defendant's violation of Labor Code § 1401, Plaintiff and the other similarly situated California employees are entitled to damages under the California Labor Code in an amount to be determined.

47. As a result of Defendant's violation of Labor Code § 1401, Defendants as a single employer are liable subject to a civil penalty of not more than five hundred dollars ($500) for each day of the violation, under Labor Code § 1403.

48. Plaintiff has incurred and the other similarly situated employees will incur attorneys' fees in prosecuting this claim and are entitled to an award of attorneys' fees under Labor Code § 1404.

49. The relief sought in this proceeding is equitable in nature.

**WHEREFORE**, Plaintiff on their own behalf and on behalf of the other Class members demand judgment, jointly and severally, against Defendants as follows:

A. An allowed claim against the Defendants in favor of the Plaintiff and Class members equal to the sum of: (a) unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other ERISA benefits, for 60 days, that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the California WARN Act , The first $17,150.00 of each Class member's allowed WARN Act claim against the Defendants is entitled to wage priority claim status under 11 U.S.C. § 507(a)(4) and (5), and any remainder as a general unsecured claim;

B. A judgment in favor of Plaintiff and each of the "affected employees" for payment of accrued unpaid wages and vacation time, applicable liquidated damages, and attorneys' fees and costs pursuant to state laws of California;

C. Certification that the Plaintiff and the other Class members constitute a single class;

D. Appointment of the undersigned attorneys as Class Counsel;

E. Appointment of Plaintiff as the Class Representative.

F. An allowed claim against the Defendants under 11 U.S.C. § 503 for the reasonable attorneys' fees and the costs and disbursements that the Plaintiff incurs in prosecuting this action, as authorized by the California WARN Act, and

G. Such other and further relief as this Court may deem just and proper.

Date: September 19, 2025

BY: _____
Attorneys for Plaintiff and the Proposed Class

By: */s/ Jason C. Webster*
**WEBSTER VICKNAIR MACLEOD**
Jason C. Webster
Federal Bar No. 39010
Texas Bar No. 24033318
6200 Savoy Drive, Suite 150
Houston, Texas 77036
713.581.3900 (telephone)
713.581.3907 (facsimile)
filing@wvmlaw.com

LANKENAU & MILLER, LLP
Stuart J. Miller (SJM 4276)
100 Church Street, 8th FL
New York, NY 10007
P: (212) 581-5005

THE GARDNER FIRM, P.C.
Mary E. Olsen
Vance McCrary

10

182 St. Francis Street, Suite 103
Mobile, AL  36602
P: (251) 433-8100
F: (251) 433-8181