**MCDERMOTT WILL & SCHULTE LLP**
Charles R. Gibbs (TX Bar No. 7846300)
Marcus A. Helt (TX Bar No. 24052187)
Grayson Williams (TX Bar No. 24124561)
Michael Wombacher (TX Bar No. 24120434)
2801 North Harwood Street
Suite 2600
Dallas, Texas 75201
Telephone: 214.295.8000
E-mail: crgibbs@mwe.com
         mhelt@mwe.com
         gwilliams@mwe.com
         mwombacher@mwe.com

**MCDERMOTT WILL & SCHULTE LLP**
Darren Azman (admitted *pro hac vice*)
One Vanderbilt Avenue
New York, New York 10017-3852
Telephone: 212.547.5400
E-mail: dazman@mwe.com

*Proposed Counsel to the Chapter 7 Trustee*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| In re: | ) Chapter 7 |
| TRICOLOR HOLDINGS, LLC, *et al.*,[1] | ) Case No. 25-33487 (MVL) |
| Debtors. | ) |

## TRUSTEE'S EMERGENCY
## MOTION FOR LIMITED AUTHORIZATION TO
## OPERATE PURSUANT TO 11 U.S.C. § 721

Anne Elizabeth Burns, the Chapter 7 trustee (the "Trustee") of the estates of the above-captioned debtors and debtors-in-possession (the "Debtors"), hereby moves (the "Motion") for entry of an order, substantially in the form attached as **Exhibit A** (the "Proposed Order") granting the relief described below. In support of the Motion, the Trustee respectfully states as follows:

---

[1] The Debtors in these chapter 7 cases are as follows: Tricolor Holdings, LLC, TAG Intermediate Holding Company, LLC, Tricolor Auto Group, LLC, Tricolor Auto Acceptance, LLC, Tricolor Insurance Agency, LLC, Tricolor Home Loans LLC dba Tricolor Mortgage, Tricolor Real Estate Services, LLC, TAG California Holding Company, LLC, Flexi Compras Autos, LLC, TAG California Intermediate Holding Company, LLC, Tricolor California Auto Group, LLC, Tricolor California Auto Acceptance, LLC, Risk Analytics LLC, Tricolor Tax, LLC, Tricolor Financial, LLC, Tricolor Auto Receivables LLC, Tricolor Asset Funding, LLC, and Apoyo Financial, LLC.

**EXECUTIVE SUMMARY**

1. The Trustee respectfully seeks authority to operate the Debtors' business on a limited basis, for a period of approximately 195 days, to preserve and locate essential assets, maintain access to essential business records, and facilitate the orderly wind-down of remaining administrative functions. After extensive consultation with stakeholders and a careful evaluation of the facts and circumstances of these cases, the Trustee has determined that limited operations are both necessary and in the best interests of the estates. This approach will help safeguard estate value and ensure a more efficient and equitable outcome for creditors and other interested parties.

**RELIEF REQUESTED**

2. By this Motion, the Trustee respectfully requests entry of the Proposed Order, (a) authorizing, but not directing, the Trustee to operate the Debtors' business for approximately 195 days, through and including April 8, 2026, and (b) granting related relief.

**JURISDICTION AND VENUE**

3. The United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Court") has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc* dated August 3, 1984, entered by the United States District Court for the Northern District of Texas. This is a core proceeding under 28 U.S.C. § 157(b). Venue in this District is proper under 28 U.S.C. §§ 1408 and 1409.

4. The legal predicates for the relief requested herein are sections 105(a), 323(a), 704, and 721 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

**I.    The Chapter 7 Cases**

5.    On September 10, 2025 (the "Petition Date"), the Debtors each commenced a case by filing a petition for relief under chapter 7 of the Bankruptcy Code (collectively, the "Chapter 7 Cases"). The Chapter 7 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Rule 1015-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas (the "Local Rules").

6.    On the Petition Date, the Office of the United States Trustee for Region 6 (the "U.S. Trustee") appointed Anne Elizabeth Burns as the duly qualified Trustee over the Chapter 7 Cases.

**II.    The Debtors' Business**

7.    The Debtors are a Texas-based subprime auto-lending company with a principal place of business at 6021 Connection Drive, 4th Floor, Irving, Texas. *See Voluntary Petition* [Docket No. 1]. The Debtors' business consists of approximately 60 retail locations across the U.S. Southwest and Illinois. *Id*. In addition to selling cars, the Debtors also provide financing, auto repairs and related services.

8.    On information and belief, the Debtors collected payments on auto loans in several ways, including drop boxes and safes at unknown locations. As a result of the commencement of these Chapter 7 Cases, an undetermined amount of funds remains in drop boxes, safes, or otherwise in the possession of non-debtor entities. Likewise, an undetermined number of vehicles sit across the Debtors' various locations, some of which belong to customers who currently do not have access to their vehicles.

9. As of the filing of the Motion, the Trustee has not received any financial information from counsel to the Debtors about the their business, including (i) the location of assets and funds, (ii) whether the tangible assets, such as vehicles, are in secure locations or are vanishing without a trace, the (iii) status of vehicles inside shuttered service centers, and (iv) several other critical pieces of information. To make matters even more complicated, the Debtors are subject to several investigations by government agencies. The Trustee is currently negotiating with potential funding sources to cover the costs of operations consistent with the authority being sought in the Motion. Accordingly, it is critical that the Trustee be granted the authorization requested herein.

## RELIEF REQUESTED

**I.    Operating the business at this time will maximize value of the Debtors' estate.**

10. The Trustee seeks authority, pursuant to section 721 of the Bankruptcy Code, to operate the Debtors' business for the limited purpose of identifying, securing, and preserving property of the estate in a manner that will maximize value to all creditors. Section 721 of the Bankruptcy Code provides that the Court "may authorize the trustee to operate the business of the debtor for a limited period, if such operation is in the best interest of the estate and consistent with the orderly liquidation of the estate." 11 U.S.C. § 721. Authority to operate a debtor's business in chapter 7 has been approved by courts where such operation sought to preserve and maximize the value of estate assets. *See In re Hessinger Resources, LTD.*, 67 B.R. 378, 384 (C.D. Ill. 1986); *In re AT&T Trailer Park, Inc.*, 53 B.R. 144, 147 (Bankr. D. Wyo. 1985) ("Section 721 contemplates such authorization only in a limited number of situations, such as where it appears that a business could be sold for a greater price as a going concern than would be obtained in ordinary liquidation").

4

11. In addition, section 363(c) of the Bankruptcy Code provides that "[i]f the business of the debtor is authorized to be operated under section 721 . . . the trustee may enter into transactions, including the sale or lease of property of the estate, in the ordinary course of business, without notice or a hearing, and may use property of the estate in the ordinary course of business without notice or a hearing." 11 U.S.C. § 363(c).

12. The Trustee believes that the most effective way to maximize estate value is to pursue an orderly sale or liquidation. However, critical information regarding the Debtors' assets and financial affairs remains inaccessible and will continue to be so unless and until the Trustee is granted authority to operate the Debtors' business. Limited operational authority is therefore essential to facilitate a value-maximizing disposition of estate assets, and in turn, to maximize recoveries for creditors in these Chapter 7 Cases.

13. Based on discussions with stakeholders and a review of the operational needs, the Trustee believes that a period of approximately 195 days is necessary to complete this process effectively. Accordingly, the Trustee respectfully requests that the Court grant the relief requested herein.

## WAIVER OF 14-DAY STAY PERIOD

14. Given the exigencies of the Chapter 7 Cases, the Trustee requests that the Court waive the 14-day stay period imposed by Bankruptcy Rule 6004(h).

## EMERGENCY CONSIDERATION

15. The Trustee respectfully requests emergency consideration of this Motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first 21 days after the commencement of a chapter 7 case "to the extent that relief is necessary to avoid immediate and irreparable harm." Fed. R. Bankr. P. 6003. Here, the Trustee believes that immediate relief is

5

necessary due to the limited availability of information, the complexity of these Chapter 7 Cases, and the potential risk of dissipation or loss of estate assets. The Trustee submits that such relief is essential to preserve and maximize the value of the assets for the benefit of all creditors. Accordingly, the Trustee believes that the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 has been satisfied, and respectfully requests that the Court approve the relief requested in this Motion on an emergency basis.

## NO PRIOR REQUEST

16. No previous request for the relief sought herein has been made to this or any other court.

## RESERVATION OF RIGHTS

17. The Trustee reserves the right to ask this Court to terminate or further extend her authorization to operate under § 721.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, the Trustee respectfully requests that the Court enter the Proposed Order, substantially in the form attached as **Exhibit A**, (a) authorizing, but not directing, the Trustee to operate the Debtors' business for approximately 195 days, through and including April 8, 2026, and (b) granting related relief.

Dated: Dallas, Texas  
       September 26, 2025

Respectfully submitted,

*/s/ Charles R. Gibbs*  
Charles R. Gibbs (TX Bar No. 7846300)  
Marcus A. Helt (TX Bar No. 24052187)  
Grayson Williams (TX Bar No. 24124561)  
Michael Wombacher (TX Bar No. 24120434)  
**MCDERMOTT WILL & SCHULTE LLP**  
2801 North Harwood Street, Suite 2600  
Dallas, Texas 75201-1664  
Tel:     (214) 295-8000  
Fax:    (972) 232-3098  
E-mail:  crgibbs@mwe.com  
          mhelt@mwe.com  
          gwilliams@mwe.com  
          mwombacher@mwe.com

-and-

Darren Azman (admitted *pro hac vice*)  
**MCDERMOTT WILL & SCHULTE LLP**  
One Vanderbilt Avenue  
New York, New York 10017-3852  
Tel:     (212) 547-5400  
Fax:    (212) 547-5444  
E-mail:  dazman@mwe.com

*Proposed Counsel to the Chapter 7 Trustee*

## **CERTIFICATE OF SERVICE**

I do hereby certify that on September 26, 2025, a true and correct copy of the foregoing document was served via CM/ECF for the United States Bankruptcy Court for the Northern District of Texas on all parties authorized to receive electronic notice in this.

*/s/ Charles R. Gibbs*
Charles R. Gibbs

## **LOCAL RULE 9013-1(a) CERTIFICATION**

Given the number of parties in interest in the Chapter 7 Cases, the Trustee believes that conferring with the attorneys for affected parties is neither possible nor practicable.

*/s/ Charles R. Gibbs*
Charles R. Gibbs