**MCDERMOTT WILL & SCHULTE LLP**
Charles R. Gibbs (TX Bar No. 7846300)
Marcus A. Helt (TX Bar No. 24052187)
Grayson Williams (TX Bar No. 24124561)
Michael Wombacher (TX Bar No. 24120434)
2801 North Harwood Street
Suite 2600
Dallas, Texas 75201
Telephone: 214.295.8000
E-mail: crgibbs@mwe.com
         mhelt@mwe.com
         gwilliams@mwe.com
         mwombacher@mwe.com

**MCDERMOTT WILL & SCHULTE LLP**
Darren Azman (admitted *pro hac vice*)
One Vanderbilt Avenue
New York, New York 10017-3852
Telephone: 212.547.5400
E-mail: dazman@mwe.com

*Proposed Counsel to the Chapter 7 Trustee*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re: | ) Chapter 7 |
| | ) |
| TRICOLOR HOLDINGS, LLC, *et al.*,[1] | ) Case No. 25-33487 (MVL) |
| | ) |
| Debtors. | ) |
| | ) |

**TRUSTEE'S EMERGENCY MOTION FOR ENTRY OF AN ORDER
(I) EXTENDING TIME TO FILE THE DEBTORS' SCHEDULES OF
ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS,
(II) AUTHORIZING THE TRUSTEE TO PREPARE AND FILE THE
DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES
AND STATEMENTS OF FINANCIAL AFFAIRS,
AND (III) GRANTING RELATED RELIEF**

Anne Burns, solely in her capacity as the duly-appointed Chapter 7 bankruptcy trustee (the

---

[1] The Debtors in these chapter 7 cases are as follows: Tricolor Holdings, LLC, TAG Intermediate Holding Company, LLC, Tricolor Auto Group, LLC, Tricolor Auto Acceptance, LLC, Tricolor Insurance Agency, LLC, Tricolor Home Loans LLC dba Tricolor Mortgage, Tricolor Real Estate Services, LLC, TAG California Holding Company, LLC, Flexi Compras Autos, LLC, TAG California Intermediate Holding Company, LLC, Tricolor California Auto Group, LLC, Tricolor California Auto Acceptance, LLC, Risk Analytics LLC, Tricolor Tax, LLC, Tricolor Financial, LLC, Tricolor Auto Receivables LLC, TAG Asset Funding, LLC, and Apoyo Financial, LLC.

"Trustee") for Tricolor Holdings, LLC and its various debtor affiliates (collectively, the "Debtors"), hereby moves (the "Motion") for entry of an order, substantially in the form attached as **Exhibit A** (the "Proposed Order"), granting the relief described below. In support of this Motion, the Trustee states as follows:

## RELIEF REQUESTED

1. By the Motion, the Trustee respectfully requests entry of the Proposed Order, which (a) extends the deadline by which the Debtors' schedules of assets and liabilities, current income and expenditures, and executory contracts and unexpired leases, and statements of financial affairs (collectively, the "Schedules and Statements") through and including Monday, November 10, 2025, which is 60 days from the Petition Date (as defined below), without prejudice to the Trustee's ability to request additional extensions, (b) authorizes the Trustee to prepare and file the Debtors' Schedules and Statements, and (c) grants related relief.

## JURISDICTION AND VENUE

2. The Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc* dated August 3, 1984, entered by the United States District Court for the Northern District of Texas. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

3. The legal predicates for the relief requested herein are sections 105 and 521 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 1007, 6003, and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 1007-1 and 2002-1 of the *Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas* (the "Local Rules").

**BACKGROUND**

4. On September 10, 2025 (the "Petition Date"), the Debtors commenced their chapter 7 cases by filing voluntary petitions for relief under chapter 7 of the Bankruptcy Code with this Court.

5. The Trustee was appointed on September 10, 2025.

6. On September 19, 2025, the Court entered an *Order* [Docket No. 75] authorizing joint administration of the Chapter 7 Cases.

7. The Debtors failed to file the Schedules and Statements by the present deadline of September 24, 2025 (the "Schedules Deadline").

8. As discussed at the September 18, 2025 hearing (the "Hearing"), the Trustee has begun receiving information about the pre-petition operations of the Debtors. The Trustee has not received sufficient information, nor does she have the authority, to complete the Debtors' Schedules and Statements.

**RELIEF REQUESTED**

**I.     Cause Exists to Extend the Time to File the Schedules and Statements.**

9. Bankruptcy Rule 1007(c) provides that, in a voluntary case, the schedules, statements, and other documents required by Bankruptcy Rule 1007(c) shall be filed with the voluntary petition or within 14 days thereafter. *See* Fed. R. Bankr. P. 1007(c). Accordingly, the Debtors were required file the Schedules and Statements by September 24, 2025. However, Bankruptcy Rules 1007(c) and 9006(b) permits extensions of the Schedules Deadline for cause. *See* Fed. R. Bankr. P. 1007(c) ("[A]ny extension of time to file schedules, statements, and other documents . . . may be granted only on motion for cause shown."); Fed. R. Bankr. P. 9006(b) (providing that "when an act is required . . . to be done at or within a specified time by [the

3

Bankruptcy Rules] . . . , the court for cause shown may at any time in its discretion" extend the specified time period).

10. The Trustee submits that cause exists for the requested extension of the Schedules Deadline for the following reasons. *First*, to prepare the Schedules and Statements, the Trustee must gather information about the Debtors from their books, records, and documents relating to prepetition transactions. As discussed at the Hearing, the Trustee is still in the process of locating the Debtors' books, records, and documents, which (presumably) are located at various locations across the United States. Information will need to be gathered from many, if not all, these locations. Locations to which the Trustee is, in many instances, trying to get access.

11. *Second*, once located, collection of the necessary information will require the expenditure of substantial time and effort by the Trustee and her professionals. This is in addition to the other urgent demands faced by the Trustee related to the free-fall filing of these Chapter 7 Cases, which has and will continue to consume much of the Trustee's and her advisors' time.

12. *Third*, the Debtors' business operations are complex. Preparing the Schedules and Statements so that they are accurate and detailed will require significant attention from the Trustee and her advisors. Given the complexity of the Debtors' business and financial affairs that the Trustee is just beginning to get her arms around, as well as other critical matters that the Trustee and her professionals are now required to address, the Trustee is not in position to complete the Schedules and Statements by the current deadline.

13. Accordingly, while efforts are underway, the Trustee anticipates that she will need at least to, and including, November 10, 2025 (which is minimum 46 additional days beyond those otherwise prescribed by the Bankruptcy Rules) to prepare and file the Debtors' Schedules and Statements.

14. Courts in this District have granted relief similar to the relief requested herein. *See, e.g. In re Genesis Healthcare, Inc.*, Case No. 25-80185 (SGJ) (Bankr. N.D. Tex. July 11, 2025) [Docket No. 55] (extending deadline to file schedules and statements to 60 days from petition date); *In re Prospect Medical Holdings, Inc.*, Case No. 25-80002 (SGH) (Bankr. N.D. Tex. Jan. 15, 2025) [Docket No. 110]; *In re TGI Friday's Inc.*, Case No. 24-80069 (SGJ) (Bankr. N.D. Tex. Nov. 4, 2024) [Docket No. 87]; *In re Eiger Biopharmaceuticals, Inc.*, Case No. 24-80040 (SGJ) (Bankr. N.D. Tex. Apr. 5, 2024) [Docket No.84]; *In re Sunland Medical Found.,* Case No. 23-80000 (MVL) (Bankr. N.D. Tex. Aug. 31, 2023) [Docket No. 39].

15. Finally, the relief requested herein will not prejudice any party in interest. With assistance from her professional advisors, the Trustee will work to prepare the Debtors' Schedules and Statements within the additional time requested. The Trustee will also work with the U.S. Trustee and government agencies involved in these Chapter 7 Cases to provide access to relevant information regarding the Debtors' business and financial affairs.

16. Accordingly, the Trustee hereby seeks a 46-day extension of the Schedules Deadline, for a total of 60 days from the Petition Date, through and including Monday, November 10, 2025, without prejudice to the Trustee's ability to request additional extensions for cause shown.

II. **Cause Exists to Authorize the Trustee to Prepare the Debtors' Schedules and Statements.**

17. Bankruptcy Rule 1007(k) provides "[i]f a debtor fails to properly prepare and file a list, schedule, or statement (other than a statement of intention) as required by this [Rule 1007], the court may order" that the Trustee do so within the time set by the Court. *See* Fed. R. Bankr. P. 1007. Further, Bankruptcy Rule 1007(k)(ii) provides that the Court may order the cost incurred preparing the debtor's list, schedule, or statement "be reimbursed as an administrative expense."

5

*See* Fed. R. Bankr. P. 1007.

18. As discussed above, the Debtors failed to meet the Schedules Deadline. Therefore, it is critical that the Trustee be granted authority to prepare and file the Debtors' Schedules and Statements. Preparing the Schedules and Statements will be a substantial endeavor, particularly given the lack of former employees available to assist and the unique nature of the Debtors' business operations. Accordingly, the Trustee hereby seeks authority under Bankruptcy Rule 1007(k) to (a) prepare and file the Debtors' Schedules and Statements and (b) have the costs incurred preparing the Schedules and Statements be reimbursed as an administrative expense.

## EMERGENCY CONSIDERATION

19. The Trustee respectfully requests emergency consideration of this Motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first 21 days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm." Fed. R. Bankr. P. 6003. Here, the Trustee believes an immediate and orderly transition into these Chapter 7 Cases is critical and that any delay in granting the relief requested could hinder the Trustee's ability to fulfill her duties and cause irreparable harm to the Debtors' estates and parties in interest. Accordingly, the Trustee submits that she has satisfied the "immediate-and-irreparable harm" standard of Bankruptcy Rule 6003 and, therefore, respectfully requests that the Court approve the relief requested in this Motion on an emergency basis.

**WHEREFORE**, the Trustee respectfully requests that the Court enter the Proposed Order, substantially in the form attached as **Exhibit A**, granting the relief requested herein and such other and further relief as may be just and proper.

Dated: Dallas, Texas
September 26, 2025

Respectfully submitted,

*/s/ Charles R. Gibbs*
Charles R. Gibbs (TX Bar No. 7846300)
Marcus A. Helt (TX Bar No. 24052187)
Grayson Williams (TX Bar No. 24124561)
Michael Wombacher (TX Bar No. 24120434)
**MCDERMOTT WILL & SCHULTE LLP**
2801 North Harwood Street, Suite 2600
Dallas, Texas 75201-1664
Tel:　　(214) 295-8000
Fax:　　(972) 232-3098
E-mail:　crgibbs@mwe.com
　　　　mhelt@mwe.com
　　　　gwilliams@mwe.com
　　　　mwombacher@mwe.com

-and-

Darren Azman (admitted *pro hac vice*)
**MCDERMOTT WILL & SCHULTE LLP**
One Vanderbilt Avenue
New York, New York 10017-3852
Tel:　　(212) 547-5400
Fax:　　(212) 547-5444
E-mail:　dazman@mwe.com

*Proposed Counsel to the Chapter 7 Trustee*

7

## CERTIFICATE OF SERVICE

I do hereby certify that on September 26, 2025, a true and correct copy of the foregoing document was served via CM/ECF for the United States Bankruptcy Court for the Northern District of Texas on all parties authorized to receive electronic notice in this.

*/s/ Charles R. Gibbs*
Charles R. Gibbs

## LOCAL RULE 9013-1(a) CERTIFICATION

On September 26, 2025, I spoke/communicated with the U.S. Trustee. On September 26, 2025, the U.S. Trustee informed me that she was unopposed to the relief requested. Given the amount of parties in interest in the Chapter 7 Cases, the Trustee does not believe conferring with the attorneys for other parties in interest that may be effected is possible or practicable.

*/s/ Michael Wombacher*
Michael Wombacher