

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

*Michelle V. Larson*

**Signed October 6, 2025**

_____
**United States Bankruptcy Judge**

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| TRICOLOR HOLDINGS, LLC, *et al.*,[1] | ) | Case No. 25-33487 (MVL) |
| | ) | |
| Debtors. | ) | |
| | ) | |

### ORDER GRANTING TRUSTEE'S MOTION FOR
### LIMITED AUTHORIZATION TO OPERATE THE DEBTORS'
### BUSINESS PURSUANT TO 11 U.S.C. § 721

Upon the motion ("Motion")[2] of Anne Elizabeth Burns, the Chapter 7 trustee (the "Trustee") of the estates of the above-captioned debtors (the "Debtors"), seeking entry of an order

---

[1] The Debtors in these chapter 7 cases are as follows: Tricolor Holdings, LLC, TAG Intermediate Holding Company, LLC, Tricolor Auto Group, LLC, Tricolor Auto Acceptance, LLC, Tricolor Insurance Agency, LLC, Tricolor Home Loans LLC dba Tricolor Mortgage, Tricolor Real Estate Services, LLC, TAG California Holding Company, LLC, Flexi Compras Autos, LLC, TAG California Intermediate Holding Company, LLC, Tricolor California Auto Group, LLC, Tricolor California Auto Acceptance, LLC, Risk Analytics LLC, Tricolor Tax, LLC, Tricolor Financial, LLC, Tricolor Auto Receivables LLC, Tricolor Asset Funding, LLC, and Apoyo Financial, LLC.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to them in the Motion.

(this "Order"), (a) authorizing, but not directing the Trustee to operate the Debtors' business for a period of ninety-five (95) days, through and including, January 9, 2026, and (b) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc* dated August 3, 1984, entered by the United States District Court for the Northern District of Texas; and the matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and venue of this proceeding and the Motion in this District being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court being able to issue a final order consistent with Article III of the United States Constitution; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their creditors, and other parties-in-interest; and after due deliberation thereon; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** as set forth herein.

2. The Trustee is hereby authorized, but not directed, pursuant to section 721 of the Bankruptcy Code, to operate the Debtors' business for a period of ninety-five (95) days, through and including January 9, 2026, to undertake the following actions; provided, however, that notwithstanding anything to the contrary herein, (1) any of the following actions, in all events, remain subject to (i) existing liens, interests (including ownership interests), and encumbrances of all third parties, and (ii) applicable contractual agreements or arrangements with third parties, and (2) the Trustee may not liquidate or expend assets of the Debtors' estates, or in the Debtors' possession, without further order from the Court:

    a. securing all of the Debtors' locations and assets;

    b. in furtherance of paragraph 2(a) above, investigating the need for such insurance, postpetition rents and utilities as are necessary to preserve the status quo;

    c. collecting all obligations owed to the Debtors and third parties related to assets sold by the Debtors;

    d. gathering and securing the Debtors' data and business records;

    e. retaining third parties for services in furtherance of this Order; and

    f. returning customer vehicles not owned by the Debtors.

3. Nothing herein shall permit the Trustee to enter into lease agreements on behalf of the Debtors.

4. Nothing herein shall prejudice the Trustee's right to request additional time to operate the Debtors' business pursuant to section 721 of the Bankruptcy Code.

5. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry hereof.

6. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

7. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

8. The Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied and that the relief requested in the Motion is necessary to avoid immediate and irreparable harm.

9. Nothing in this Order constitutes (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of any claim or interest under applicable law or nonbankruptcy law; (c) a promise or requirement to pay any claim; (d) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law; (e) a request for or granting of approval for assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code; or (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates.

10. Nothing in this Order modifies this Court's *Order Granting Chapter 7 Trustee's Motion for Entry of Order Approving Stipulation Between Trustee and Vervent Inc.* [Docket No. 79].

11. The Trustee is authorized to take all such actions as are necessary or appropriate to implement the terms of this Order.

12. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

### ### END OF ORDER ###

Submitted by:

Charles R. Gibbs (TX Bar No. 7846300)
Marcus A. Helt (TX Bar No. 24052187)
Grayson Williams (TX Bar No. 24124561)
Michael Wombacher (TX Bar No. 24120434)
2801 North Harwood Street, Suite 2600
**MCDERMOTT WILL & SCHULTE LLP**
Dallas, Texas 75201-1664
Tel: (214) 295-8000
Fax: (972) 232-3098
E-mail: crgibbs@mwe.com
       mhelt@mwe.com
       gwilliams@mwe.com
       mwombacher@mwe.com

-and-

Darren Azman (admitted *pro hac vice*)
**MCDERMOTT WILL & SCHULTE LLP**
One Vanderbilt Avenue
New York, New York 10017-3852
Tel: (212) 547-5400
Fax: (212) 547-5444
E-mail: dazman@mwe.com

*Proposed Counsel to the Chapter 7 Trustee*