**MCDERMOTT WILL & SCHULTE LLP**
Charles R. Gibbs (TX Bar No. 7846300)
Marcus A. Helt (TX Bar No. 24052187)
Grayson Williams (TX Bar No. 24124561)
Michael Wombacher (TX Bar No. 24120434)
2801 North Harwood Street, Suite 2600
Dallas, Texas 75201
Telephone: (214) 295-8000
E-mail: crgibbs@mwe.com
       mhelt@mwe.com
       gwilliams@mwe.com
       mwombacher@mwe.com

**MCDERMOTT WILL & SCHULTE LLP**
Darren Azman (admitted *pro hac vice*)
One Vanderbilt Avenue
New York, New York 10017-3852
Telephone: (212) 547-5400
E-mail: dazman@mwe.com

*Proposed Counsel to the Chapter 7 Trustee*

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| TRICOLOR HOLDINGS, LLC, *et al.*,[1] | Case No. 25-33487 (MVL) |
| Debtors. | |

### TRUSTEE'S APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF KURTZMAN CARSON CONSULTANTS, LLC DBA VERITA GLOBAL AS CLAIMS AND NOTICING AGENT, EFFECTIVE AS OF OCTOBER 1, 2025

---

[1] The Debtors in these chapter 7 cases are as follows: Tricolor Holdings, LLC, TAG Intermediate Holding Company, LLC, Tricolor Auto Group, LLC, Tricolor Auto Acceptance, LLC, Tricolor Insurance Agency, LLC, Tricolor Home Loans LLC dba Tricolor Mortgage, Tricolor Real Estate Services, LLC, TAG California Holding Company, LLC, Flexi Compras Autos, LLC, TAG California Intermediate Holding Company, LLC, Tricolor California Auto Group, LLC, Tricolor California Auto Acceptance, LLC, Risk Analytics LLC, Tricolor Tax, LLC, Tricolor Financial, LLC, Tricolor Auto Receivables LLC, TAG Asset Funding, LLC, and Apoyo Financial, LLC.

> **NO HEAR ING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT EARLE CABELL FEDERAL BUILDING, 1100 COMMERCE STREET, RM. 1254 DALLAS, TX 75242-1496 BEFORE CLOSE OF BUSINESS ON OCTOBER 28, 2025, WHICH IS AT LEAST TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE HEREOF.**
>
> **ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**
>
> **IF NO HEARING ON THE APPLICATION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

Anne Elizabeth Burns, solely in her capacity as the duly appointed Chapter 7 bankruptcy trustee (the "Trustee") for Tricolor Holdings, LLC and its various debtor affiliates (collectively, the "Debtors"), hereby files this application (the "Application"), for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), granting the relief described below. In support of this Application, the Trustee respectfully represents as follows:

## RELIEF REQUESTED

1. By the Application, the Trustee respectfully requests entry of the Proposed Order authorizing the retention and employment of Kurtzman Carson Consultants, LLC dba Verita Global ("Verita") as the claims and noticing agent (the "Claims and Noticing Agent"), effective as of October 1, 2025, in accordance with the terms and conditions set forth in that certain services agreement, a copy of which is attached as **Exhibit B** (the "Services Agreement"). In support of this Application, the Trustee submits the Declaration of Evan Gershbein, attached hereto as **Exhibit C** incorporated herein by reference (the "Gershbein Declaration").

**JURISDICTION AND VENUE**

2. The Court (as defined below) has jurisdiction over the above-captioned cases and the Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc* dated August 3, 1984, entered by the United States District Court for the Northern District of Texas. This matter is a core proceeding under 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The legal predicates for the relief requested herein are 28 U.S.C. § 156(c), section 105(a), 327(a) and 503(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the *Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas* (the "Local Rules").

**BACKGROUND**

4. On September 10, 2025 (the "Petition Date"), the Debtors commenced their chapter 7 cases (the "Chapter 7 Cases") by filing voluntary petitions for relief under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Court").

5. On September 10, 2025, the Office of the United States Trustee for Region 6 (the "U.S. Trustee") appointed the Trustee in the Chapter 7 Cases.

6. On September 26, 2025, the Trustee filed a motion to operate the businesses of the Debtors pursuant to section 721 of the Bankruptcy Code. *See* Docket No. 107.

**THE RETENTION OF VERITA IS WARRANTED**

I. **Verita's Qualifications**

7. Verita is one of the country's leading bankruptcy administrative service providers, with expertise in noticing, balloting, and claims processing. Verita has substantial experience and

3

has provided services substantially similar to the Services (as hereinafter defined) to other debtors in Texas and other jurisdictions. The Trustee believes that Verita is qualified to serve as the Claims and Noticing Agent in the Chapter 7 Cases in an effective and efficient manner.

8. The Trustee believes that the employment of Verita as the Claims and Noticing Agent is in the best interests of the Debtors' estates and creditors because it will relieve the Trustee of the burden of the Services and will allow the Trustee to devote her full attention and resources to her duties as Chapter 7 Trustee.

**II. Scope of Services**

9. The terms of Verita's proposed retention are set forth in the Services Agreement.

10. Subject to further order of the Court and in accordance with the Services Agreement, Verita will perform the following services (collectively, the "Services"), as the Claims and Noticing Agent, at the request of the Trustee or the Clerk of the Bankruptcy Court (the "Clerk"):

    (a) assist the Trustee with the preparation and distribution of all required notices and documents in accordance with the Bankruptcy Code and the Bankruptcy Rules in the form and manner directed by the Trustee and/or the Court;

    (b) maintain an official copy of the Debtors' schedules of assets and liabilities and statements of financial affairs (collectively, the "Schedules"), listing the Debtors' known creditors and the amounts owed thereto;

    (c) maintain (i) a list of all potential creditors, equity holders and other parties-in-interest and (ii) a "core" mailing list consisting of all parties described in Bankruptcy Rule 2002(i), (j), and (k) and those parties that have filed a notice of appearance pursuant to Bankruptcy Rule 9010, and update and make said lists available upon request by a party-in-interest or the Clerk;

    (d) to the extent applicable, furnish a notice to all potential creditors of the last date for filing proofs of claim and a form for filing a proof of claim, after such notice and form are approved by the Court, and notify said potential creditors of the existence, amount and classification of their respective claims as set forth in the Schedules, which may be effected by inclusion of such information (or the lack thereof, in cases where the Schedules indicate

4

<ul>
<li>no debt due to the subject party) on a customized proof of claim form provided to potential creditors;</li>
</ul>

(e) maintain a post office box or address for receiving claims and returned mail, and process all mail received;

(f) for all notices, motions, orders or other pleadings or documents served, prepare and file or cause to be filed with the Clerk an affidavit or certificate of service no more frequently than every seven (7) days that includes: (i) either a copy of the notice served or the docket number(s) and title(s) of the pleading(s) served; (ii) a list of persons to whom it was mailed (in alphabetical order) with their addresses; (iii) the manner of service; and (iv) the date served;

(g) receive and process all proofs of claim, including those received by the Clerk, check said processing for accuracy and maintain the original proofs of claim in a secure area;

(h) provide an electronic interface for filing proofs of claim;

(i) maintain the official claims register for the Debtors (the "Claims Register") on behalf of the Clerk; upon the Clerk's request, provide the Clerk with certified, duplicate unofficial Claims Registers; and specify in the Claims Registers the following information for each claim docketed: (i) the claim number assigned; (ii) the date received; (iii) the name and address of the claimant and agent, if applicable, who filed the claim; (iv) address for payment, if different from the notice address; (v) the amount asserted; (vi) the asserted classification(s) of the claim (e.g., secured, unsecured, priority, etc.); (vii) the Debtor; and (viii) any disposition of the claim;

(j) provide public access to the Claims Register, including complete proofs of claim with attachments, if any, without charge;

(k) record all transfers of claims and provide any notices of such transfers as required by Bankruptcy Rule 3001(e);

(l) implement reasonable security measures designed to ensure the completeness and integrity of the Claims Register and the safekeeping of any proofs of claim;

(m) relocate, by messenger or overnight delivery, all of the court-filed proofs of claim to the offices of Verita not less than weekly;

(n) monitor the Court's docket for all notices of appearance, address changes, and claims-related pleadings and orders filed and make necessary notations on and/or changes to the claims register and any service or mailing lists, including to identify and eliminate duplicative names and addresses from such lists;

5

(o)     assist in the dissemination of information to the public and respond to requests for administrative information regarding the Chapter 7 Cases as directed by the Trustee or the Court, including through the use of a case website and/or call center;

(p)     provide docket updates via email to parties who subscribe for such service on the Debtors' case website;

(q)     comply with applicable federal, state, municipal, and local statutes, ordinances, rules, regulations, orders, and other requirements in connection with the Services rendered pursuant to the Services Agreement;

(r)     thirty (30) days prior to the close of the Chapter 7 Cases, to the extent practicable, request that the Trustee submit to the Court a proposed order dismissing Verita as the Claims and Noticing Agent and terminating its services in such capacity upon completion of its duties and responsibilities and upon the closing of the Chapter 7 Cases;

(s)     within seven (7) days of notice to Verita of entry of an order closing the Chapter 7 Cases, provide to the Court the final version of the Claims Register as of the date immediately before the close of the Chapter 7 Cases;

(t)     at the close of the Chapter 7 Cases: (i) box and transport all original documents, in proper format, as provided by the Clerk, to any location requested by the Clerk; and (ii) docket a completed SF-135 Form indicating the accession and location numbers of the archived claims;

(u)     if requested, assist with the preparation of the Debtors' Schedules and gather data in conjunction therewith;

(v)     provide a confidential data room, if requested;

(w)     coordinate publication of certain notices in periodicals and other media;

(x)     manage and coordinate any distribution to creditors; and

(y)     provide such other claims, noticing, processing, and other administrative services described in the Services Agreement, that may be requested from time to time by the Trustee, the Court, or the Clerk.

### III. Professional Compensation

11.     The Trustee requests that the undisputed fees and expenses incurred by Verita in the performance of the above Services be treated as administrative expenses of the Debtors' estates pursuant to Bankruptcy Code section 328, 330(a), 331, 503(b), and 507(a) and be paid in the

ordinary course of business pursuant to the Services Agreement without further application to or order of the Court.

12. Verita agrees to maintain records of all services showing dates, categories of services, fees charged, and expenses incurred, and to serve, no less frequently than monthly, invoices on the Trustee, the U.S. Trustee, counsel for the Trustee and any party in interest who specifically requests service of the monthly invoices. If any dispute arises relating to the Services Agreement or monthly invoices, the parties shall meet and confer in an attempt to resolve the dispute. If resolution is not achieved, the parties may seek resolution of the matter from this Court.

### IV. Verita's Disinterestedness

13. Verita has reviewed its conflicts system to determine whether it has any relationships with the creditors and parties in interest provided by the Trustee, and, to the best of the Trustee's knowledge, information, and belief, Verita has represented that it neither holds nor represents any interest materially adverse to the Trustee or the Debtors' estates in connection with any matter on which it would be employed.

14. To the best of the Trustee's knowledge, Verita is a "disinterested person" as that term is defined under Bankruptcy Code section 101(14), as Verita represents in the Gershbein Declaration, among other things, that:

(a) Verita is not a creditor of the Debtors;

(b) Verita will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as the Claims and Noticing Agent in the Chapter 7 Cases;

(c) By accepting employment in the Chapter 7 Cases, Verita waives any rights to receive compensation from the United States government in connection with the Chapter 7 Cases;

(d) In its capacity as the Claims and Noticing Agent in the Chapter 7 Cases, Verita will not be an agent of the United States and will not act on behalf of the United States;

7

(e) Verita will not employ any former employees of the Debtors in connection with its work as the Claims and Noticing Agent in the Chapter 7 Cases;

(f) Verita is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code with respect to the matters upon which it is to be engaged;

(g) In its capacity as Claims and Noticing Agent in the Chapter 7 Cases, Verita will not intentionally misrepresent any fact to any person;

(h) Verita shall be under the supervision and control of the Clerk's office with respect to the receipt and recordation of claims and claim transfers;

(i) Verita will comply with all requests of the Clerk's office and the guidelines promulgated by the Judicial Conference of the United States for the implementation of 28 U.S.C. § 156(c); and

(j) None of the services provided by Verita as Claims and Noticing Agent in the Chapter 7 Cases shall be at the expense of the Clerk's office.

Verita will supplement its disclosure to the Court if any facts or circumstances are discovered that would require such additional disclosure. To the extent that there is any inconsistency between this Application, the Proposed Order, and the Services Agreement, the Proposed Order shall govern.

## BASIS FOR RELIEF REQUESTED AND APPLICABLE AUTHORITY

15. The Court is authorized to use facilities other than those of the Clerk for the administration of the Chapter 7 Cases provided the Debtors' estates pay the costs of such services pursuant to 26 U.S.C. § 156(c), which provides in pertinent part as follows:

> Any court may utilize facilities or services, either on or off the court's premises, which pertain to the provision of notices, dockets, calendars, and other administrative information to parties in cases filed under the provisions of title 11, United States Code, where the costs of such facilities or services are paid for out of the assets of the estate and are not charged to the United States. The utilization of such facilities or services shall be subject to such conditions and limitations as the pertinent circuit council may prescribe.

26 U.S.C. § 156(c). Further, section 105(a) of the Bankruptcy Code provides, in pertinent part, as follows:

8

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a). Accordingly, the Court is empowered to utilize outside agents and facilities for noticing and claims purposes, provided the Debtors' estates pay the cost of such services.

16. Additionally, the Trustee submits that the retention of Verita under the terms described herein is appropriate under Bankruptcy Code section 327(a), which allows the Trustee, with the Court's approval, to employ professionals "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title." As discussed herein, Verita does not hold an interest adverse to the estate, is a "disinterested person," and will assist the Trustee in carrying out her duties.

17. Prior to the selection of Verita, the Trustee reviewed and compared Verita's engagement proposal with engagement proposals from other claims and noticing agents to ensure selection through a competitive process. The Trustee submits, based on the engagement proposals obtained and reviewed, that Verita's rates are competitive and reasonable given its quality of services and expertise.

18. The Trustee submits that the appointment of Verita as the Claims and Noticing Agent is both necessary and in the best interests of the Debtors' estates and creditors because the Trustee will be relieved of the burdens associated with the Services. Accordingly, the Trustee will be able to devote her full attention and resources to her duties as Chapter 7 Trustee.

19. The Trustee submits that for all the reasons stated above and in the Gershbein Declaration, the retention and employment of Verita as the Claims and Noticing Agenet is warranted.

### RELIEF EFFECTIVE AS OF OCTOBER 1, 2025 IS APPROPRIATE

20. In accordance with the Trustee's request, Verita has agreed to serve as Claims and Noticing Agent on and after October 1, 2025 with the assurance that the Trustee would seek approval of its employment and retention, effective as of October 1, 2025, so that Verita can be compensated for services rendered on and after October 1, 2025, including prior to the Court's approval of this Application.  The Trustee believes that no party in interest will be prejudiced by the granting of relief as of October 1, 2025, as proposed in this Application, because Verita has provided and continues to provide valuable services to the Trustee during the interim period.

21. Accordingly, the Trustee respectfully requests entry of the Proposed Order authorizing the Trustee to employ and retain Verita as Claims and Noticing Agent, effective as of October 1, 2025.

### NOTICE

22. Notice of this Application has been provided to the (i) Debtors, (ii) U.S. Trustee, and (iii) those persons who have requested notice pursuant to Bankruptcy Rule 2002.  The Trustee submits that, in light of the nature of the relief requested, no other or further notice need be given.

### NO PRIOR REQUEST

23. No previous request for the relief sought herein has been made to this or any other court.

**CONCLUSION**

WHEREFORE, the Trustee respectfully requests that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as may be just and proper.

Dated: October 7, 2025

*/s/ Anne Elizabeth Burns*

Anne Elizabeth Burns
Chapter 7 Trustee
900 Jackson Street, Suite 570
Dallas, Texas 75202
Telephone: (214) 573-7340

## CERTIFICATE OF SERVICE

I do hereby certify that on October 7, 2025, a true and correct copy of the foregoing document was served via CM/ECF for the United States Bankruptcy Court for the Northern District of Texas on all parties authorized to receive electronic notice in these cases.

*/s/ Charles R. Gibbs*
Charles R. Gibbs