| | |
|---|---|
| **MCDERMOTT WILL & SCHULTE LLP**<br>Charles R. Gibbs (TX Bar No. 7846300)<br>Marcus A. Helt (TX Bar No. 24052187)<br>Grayson Williams (TX Bar No. 24124561)<br>Michael Wombacher (TX Bar No. 24120434)<br>2801 North Harwood Street, Suite 2600<br>Dallas, Texas 75201<br>Telephone: (214) 295-8000<br>E-mail: crgibbs@mwe.com<br>            mhelt@mwe.com<br>            gwilliams@mwe.com<br>            mwombacher@mwe.com | **MCDERMOTT WILL & SCHULTE LLP**<br>Darren Azman (admitted *pro hac vice*)<br>One Vanderbilt Avenue<br>New York, New York 10017-3852<br>Telephone: (212) 547-5400<br>E-mail: dazman@mwe.com |

*Proposed Counsel to the Chapter 7 Trustee*

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 7 |
|  | ) |  |
| TRICOLOR HOLDINGS, LLC, *et al.*,[1] | ) | Case No. 25-33487 (MVL) |
|  | ) |  |
| Debtors. | ) |  |
|  | ) |  |

## TRUSTEE'S APPLICATION FOR ENTRY OF ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF MCDERMOTT WILL & SCHULTE LLP AS COUNSEL FOR THE CHAPTER 7 TRUSTEE, EFFECTIVE AS OF SEPTEMBER 12, 2025

---

[1] The Debtors in these chapter 7 cases are as follows: Tricolor Holdings, LLC, TAG Intermediate Holding Company, LLC, Tricolor Auto Group, LLC, Tricolor Auto Acceptance, LLC, Tricolor Insurance Agency, LLC, Tricolor Home Loans LLC dba Tricolor Mortgage, Tricolor Real Estate Services, LLC, TAG California Holding Company, LLC, Flexi Compras Autos, LLC, TAG California Intermediate Holding Company, LLC, Tricolor California Auto Group, LLC, Tricolor California Auto Acceptance, LLC, Risk Analytics LLC, Tricolor Tax, LLC, Tricolor Financial, LLC, Tricolor Auto Receivables LLC, Tricolor Asset Funding, LLC, and Apoyo Financial, LLC.

> **NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT EARLE CABELL FEDERAL BUILDING, 1100 COMMERCE STREET, RM. 1254 DALLAS, TX 75242-1496 BEFORE CLOSE OF BUSINESS ON OCTOBER 28, 2025, WHICH IS AT LEAST TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE HEREOF.**
>
> **ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY**
>
> **IF NO HEARING ON THE APPLICATION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

Anne Elizabeth Burns, solely in her capacity as the duly appointed Chapter 7 bankruptcy trustee (the "Trustee") for Tricolor Holdings, LLC and its various debtor affiliates (collectively, the "Debtors"), hereby files this application (the "Application") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), granting the relief described below. In support of this Application, the Trustee respectfully represents as follows:

## RELIEF REQUESTED

1. By the Application, the Trustee respectfully requests entry of the Proposed Order authorizing the employment of McDermott Will & Schulte LLP ("McDermott" or the "Firm") as counsel to the Trustee, effective as of September 12, 2025.

## JURISDICTION AND VENUE

2. The Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc* dated August 3, 1984, entered by the United States District Court for the Northern District of Texas. This matter is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and the Application in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2

3. The legal predicates for the relief requested herein are sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule(s) 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the *Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas* (the "Local Rules").

## BACKGROUND

4. On September 10, 2025 (the "Petition Date"), the Debtors commenced their chapter 7 cases (the "Chapter 7 Cases") by filing voluntary petitions for relief under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Court").

5. On September 10, 2025, the Office of the United States Trustee for Region 6 (the "U.S. Trustee") appointed the Trustee in the Chapter 7 Cases.

6. On September 26, 2025, the Trustee filed a motion to operate the businesses of the Debtors pursuant to Bankruptcy Code section 721. *See* Docket 107.

## THE RETENTION OF MCDERMOTT IS WARRANTED

**I.    McDermott's Qualifications**

7. The Trustee seeks authorization to retain McDermott as counsel to provide services to the extent necessary and as requested by the Trustee in connection with the matters described herein.

8. McDermott possesses extensive knowledge and expertise in the substantive areas of law relevant to the Chapter 7 Cases and is well qualified to represent the Trustee in connection with the Chapter 7 Cases. McDermott is a full-service firm with offices across the United States and Europe. McDermott's Business Restructuring Group is nationally recognized, and has

3

substantial experience representing creditors, debtors, fiduciaries, trustees, unsecured creditors' committees and other parties in interest in numerous other bankruptcy matters. McDermott also has a broad-based practice in other key areas of law relevant to the Chapter 7 Cases. The Trustee believes that McDermott is qualified to serve as the Trustee's counsel in the Chapter 7 Cases in an effective and efficient manner.

9. The Trustee believes that the employment of McDermott as counsel in this case is in the best interests of the estates and creditors. The Trustee believes, based upon the *Declaration of Charles R. Gibbs in Support of Trustee's Application for Entry of Order Authorizing the Retention and Employment of McDermott Will & Schulte LLP as Counsel for the Chapter 7 Trustee Effective as of September 12, 2025* (the "Gibbs Declaration"), that the Firm is disinterested as defined in Section 101(14) of the Bankruptcy Code and does not hold or represent any interest adverse to the Debtors and their estates, and is well-qualified to perform the legal services required by the Trustee on behalf of the estates.

## II.   Scope of Services

10. The terms of McDermott's proposed retention are set forth in that certain engagement letter (the "Engagement Letter"), dated September 12, 2025, a copy of which is attached as Exhibit 1 to the Gibbs Declaration.

11. Subject to further order of the Court and in accordance with the Engagement Letter, the Trustee seeks approval of the engagement of McDermott pursuant to the terms of the Engagement Letter.

12. The Trustee believes this structure is appropriate because it ensures that McDermott may be compensated on an hourly basis for investigative work, while preserving the flexibility to negotiate alternative terms (including a potential contingency arrangement) for certain litigation

prosecution at a later stage, if necessary. This approach will ensure economic efficiency during the Chapter 7 Cases.

### III. Professional Compensation

13. The Trustee requests that all legal fees and related costs and expenses incurred by McDermott on account of services rendered by McDermott in the Chapter 7 Cases be paid as administrative expenses of the Debtors' estates pursuant to Bankruptcy Code sections 328, 330(a), 331, 503(b), and 507(a). Subject to the Court's approval, McDermott will charge the Trustee for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date such services are rendered.

14. McDermott intends to apply for compensation for professional services rendered on an hourly basis and reimbursement of expenses incurred in connection with the Chapter 7 Cases, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court. The hourly rates and corresponding rate structure McDermott will use in the Chapter 7 Cases are the same as the hourly rates and corresponding rate structure that McDermott uses in other restructuring matters, as well as similar corporate and litigation matters, whether in court or otherwise, regardless of whether a fee application is required. These rates and the rate structure reflect that such restructuring and other complex matters typically are national in scope and involve great complexity, high stakes, and severe time pressures.

15. McDermott operates in a national marketplace for legal services in which rates are driven by multiple factors relating to the individual lawyer, his or her area of specialization, the Firm's expertise, performance, and reputation, the nature of the work involved, and other factors.

16. McDermott's standard hourly rates for work of this nature for attorneys and paraprofessionals that may work on this matter, subject to annual adjustment each January to reflect economic and other conditions, are set forth below.

| Title | 2025 Standard Rates |
|---|---|
| Partners/Counsels | $1,500 - $2,400 |
| Associates | $895 - $1,485 |
| Non-Lawyer Professionals | $395 - $820 |

17. Pursuant to Bankruptcy Code section 328(a), the Trustee may retain McDermott on reasonable terms and conditions. The hourly rates set forth above are the Firm's standard hourly rates for work of this nature. The Firm's standard rates are set at a level designed to compensate the Firm fairly for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses.[2]

18. McDermott has advised the Trustee that the hourly rates set forth above are subject to annual increases in the normal course of McDermott's business. In the event of any such increase, McDermott will provide the Trustee, the U.S. Trustee, and any statutory committee appointed with written notice of any such increase and file a supplemental declaration (a "Supplemental Declaration") with the Court. Any Supplemental Declaration will explain the basis for the requested rate increase in accordance with Bankruptcy Code section 330(a)(3)(F).

19. McDermott will charge for expenses in a manner and at rates consistent with charges made generally to its other clients and in accordance with the Bankruptcy Rules, the Local Rules, and any applicable orders of this Court. Such expenses include, among other things, mail and express mail charges, special or hand delivery charges, travel expenses, expenses for computerized research, and transcription costs.

---

[2] As set forth in the Order, McDermott will provide ten business days' notice to the Trustee, the U.S. Trustee, and any statutory committee appointed in these Chapter 7 Cases before implementing any periodic increases.

**IV.     McDermott's Disinterestedness and Disclosure Concerning Conflicts of Interest**

20.     To the best of the Trustee's knowledge, and except as otherwise set forth in the Gibbs Declaration, McDermott (a) does not have any connections with the Debtors, their creditors, or any other party in interest, their respective attorneys and accountants, the U.S. Trustee or any person employed in the office of the same, or any judge in the United States Bankruptcy Court for the Northern District of Texas; (b) is a "disinterested person," as such term is defined in Bankruptcy Code section 101(14), as modified by Bankruptcy Code section 1107(b); and (c) does not hold or represent an interest adverse to the Debtors' estates.  The Trustee has been advised that, throughout the Chapter 7 Cases, McDermott will review its files to ensure that no conflicts or other disqualifying circumstances exist or arise.  If any new relevant facts or relationships are discovered or arise, McDermott will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

## BASIS FOR RELIEF REQUESTED AND APPLICABLE AUTHORITY

21.     The Trustee seeks to retain McDermott as its counsel pursuant to Bankruptcy Code section 327(a), which provides that a Trustee, subject to Court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).

22.     Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party-in-interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

7

Fed. R. Bankr. P. 2014.

23. The Trustee submits that for all the reasons stated above and in the Gibbs Declaration, the retention and employment of McDermott as counsel to the Trustee is warranted.

### **RELIEF EFFECTIVE AS OF SEPTEMBER 12, 2025, IS APPROPRIATE**

24. In accordance with the Trustee's request, McDermott agreed to serve as counsel to the Trustee on and after September 12, 2025, with assurances that the Trustee would seek approval of its employment and retention effective as of September 12, 2025, so that McDermott can be compensated for services rendered before approval of the Application. The Trustee believes that no party in interest will be prejudiced by the granting of relief as of September 12, 2025, as proposed in the Application because McDermott has provided, and continues to provide, valuable services to the Trustee during the interim period.

25. Accordingly, the Trustee respectfully requests entry of the Proposed Order authorizing the Trustee to retain and employ McDermott as counsel effective as of September 12, 2025.

### **NOTICE**

26. Notice of this Application has been provided to the (i) Debtors, (ii) the U.S. Trustee, and (iii) those parties who have requested notice pursuant to Bankruptcy Rule 2002. The Trustee submits that, in light of the nature of the relief requested, no other or further notice need be given.

### **NO PRIOR REQUEST**

27. No previous request for the relief sought herein has been made to this or any other court.

[*Remainder of Page Intentionally Left Blank*]

## CONCLUSION

WHEREFORE, the Trustee respectfully requests that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as may be just and proper.

Dated: October 7, 2025

>
> */s/ Anne Elizabeth Burns*
> Anne Elizabeth Burns
> Chapter 7 Trustee
> 900 Jackson Street, Suite 570
> Dallas, Texas 75202
> Telephone: (214) 573-7340

## CERTIFICATE OF SERVICE

I do hereby certify that on October 7, 2025, a true and correct copy of the foregoing document was served via CM/ECF for the United States Bankruptcy Court for the Northern District of Texas on all parties authorized to receive electronic notice in these cases.

*/s/ Charles R. Gibbs*
Charles R. Gibbs