<u>**Exhibit A**</u>

**Stipulation**

| | |
|---|---|
| In re: | Chapter 7 |
| TRICOLOR HOLDINGS, LLC, *et al.*, | Case No. 25-33487 (MVL) |
| Debtors.[1] | (Jointly Administered) |

## STIPULATION BETWEEN CHAPTER 7 TRUSTEE AND VERVENT, INC.

Anne Elizabeth Burns, solely in her capacity as the Chapter 7 bankruptcy trustee (the "**Trustee**") for Tricolor Holdings, LLC and its various debtor affiliates (collectively, the "**Debtors**"), hereby stipulates and agrees with Vervent, Inc. and its applicable affiliates ("**Vervent**") as follows:

**WHEREAS**, on September 10, 2025 (the "**Petition Date**"), the Debtors commenced their

---

[1] The Debtors in these chapter 7 cases are as follows: Tricolor Holdings, LLC, TAG Intermediate Holding Company, LLC, Tricolor Auto Group, LLC, Tricolor Auto Acceptance, LLC, Tricolor Insurance Agency, LLC, Tricolor Home Loans LLC dba Tricolor Mortgage, Tricolor Real Estate Services, LLC, TAG California Holding Company, LLC, Flexi Compras Autos, LLC, TAG California Intermediate Holding Company, LLC, Tricolor California Auto Group, LLC, Tricolor California Auto Acceptance, LLC, Risk Analytics LLC, Tricolor Tax, LLC, Tricolor Financial, LLC, Tricolor Auto Receivables LLC, TAG Asset Funding, LLC, and Apoyo Financial, LLC.

chapter 7 cases by filing voluntary petitions for relief under chapter 7 of the Bankruptcy Code with this Court.

WHEREAS, the Trustee was appointed on September 10, 2025.

WHEREAS, Vervent is (or may become) a party to the following agreements involving the Debtors (collectively, the "**Servicing Agreements**"):

1. Sale and Servicing Agreement, dated as of April 1, 2022, among Tricolor Auto Securitization Trust 2022-1, Tricolor Auto Receivables 2 LLC, Tricolor Auto Acceptance, LLC, Wilmington Trust, National Association, and Vervent;

2. Sale and Servicing Agreement, dated as of February 1, 2023, among Tricolor Auto Securitization Trust 2023-1, Tricolor Auto Receivables 2 LLC, Tricolor Auto Acceptance, LLC, Wilmington Trust, National Association, and Vervent;

3. Sale and Servicing Agreement, dated as of January 1, 2024, among Tricolor Auto Securitization Trust 2024-1, Tricolor Auto Grantor Trust 2024-1, Tricolor Auto Receivables 2 LLC, Tricolor Auto Acceptance, LLC, Wilmington Trust, National Association, and Vervent;

4. Sale and Servicing Agreement, dated as of May 1, 2024, among Tricolor Auto Securitization Trust 2024-2, Tricolor Auto Grantor Trust 2024-2, Tricolor Auto Receivables 2 LLC, Tricolor Auto Acceptance, LLC, Wilmington Trust, National Association, and Vervent;

5. Sale and Servicing Agreement, dated as of October 1, 2024, among Tricolor Auto Securitization Trust 2024-3, Tricolor Auto Grantor Trust 2024-3, Tricolor Auto Receivables 2 LLC, Tricolor Auto Acceptance, LLC, Wilmington Trust, National Association, and Vervent;

6. Sale and Servicing Agreement, dated as of March 1, 2025, among Tricolor Auto Securitization Trust 2025-1, Tricolor Auto Grantor Trust 2025-1, Tricolor Auto Receivables 2 LLC, Tricolor Auto Acceptance, LLC, Wilmington Trust, National Association, and Vervent;

7. Sale and Servicing Agreement, dated as of June 1, 2025, among Tricolor Auto Securitization Trust 2025-2, Tricolor Auto Grantor Trust 2025-2, Tricolor Auto Receivables 2 LLC, Tricolor Auto Acceptance, LLC, Wilmington Trust, National Association, and Vervent;

8. Letter Agreement regarding Assumption of Liquidation Agent Duties, dated as of September 5, 2025, among Vervent and JPMorgan Chase Bank, N.A.;

9. Letter Agreement regarding Assumption of Successor Services Duties to be entered into on or around the date hereof by and between Vervent and Fifth Third Bank, N.A.;

10. Credit Agreement, dated as of November 13, 2020, among Tricolor Funding SPV 4 LLC, Tricolor Auto Acceptance, LLC, the lenders from time to time party thereto, the agent from time to time party thereto, JPMorgan Chase Bank, N.A., Wilmington Trust, National Association, and Vervent; and

11. Additional servicing agreements or arrangements, which may be entered into between Vervent and any parties relating to the Debtors or non-Debtors, structured facilities and/or trusts that purchased assets from the Debtors for similar services in the future.

**WHEREAS**, pursuant to the Servicing Agreements, Vervent was (or may be) engaged to perform certain services as described therein (the "**Services**"), including, without limitation, the following:

1. Manage, service, administer and make collections on certain loan receivables originated by the Debtors as described in the Servicing Agreements (the "**Receivables**");

2. Collect and consolidate funds remitted by borrowers with respect to the Receivables and respond to borrower inquiries related to the Receivables;

3. Collect, transport and dispose or repurpose collateral related to the Receivables, including via vehicle GPS information and repossession from Debtor-owned premises, including the utilization of the Collection Accounts in the manner consistent with the Stipulation and the Servicing Agreements;

4. At no expense to the Debtors' estates, investigate delinquencies related to the Receivables;

5. Provide collection and repossession services in the event of borrower defaults related to the Receivables;

6. Utilize the Debtors' brand identities and company names to accomplish the Services;

7.     With respect to the Receivables, manage and maintain electronic and physical data of the Debtors to accomplish the Services, including via web domains owned or operated by the Debtors;[2] and

8.     Communicate and contract with and pay vendors, contractors, suppliers, and creditors of the Debtors or other third parties to accomplish the Services; provided that Vervent may not enter into any contracts that bind the Debtors' estates.

**NOW**, **THEREFORE**, the Trustee and Vervent hereby stipulate and agree as follows:

A.     Vervent is authorized to perform the Services in accordance with the Servicing Agreements.

B.     Vervent, the Trustee, and the counterparties to the Servicing Agreements shall have the authority, without further Order of the Bankruptcy Court, to expand the scope of authority granted to Vervent therein via written agreement among said parties; provided Vervent shall give prior notice to Wilmington Trust, N.A., JPMorgan Chase Bank, N.A. and Fifth Third Bank, N.A. of any change to Vervent's scope of authority.

C.     For avoidance of doubt, nothing in this Stipulation shall permit Vervent to bind the Trustee or the estates for any financial obligations to third parties.

D.     This Stipulation shall be binding upon and inure to the benefit of the parties hereto, and their successors and assigns.

E.     This Stipulation shall be effective immediately upon approval by the Court. The Court shall retain jurisdiction for purposes of resolving any issues relating to this Stipulation.

*[Remainder of page left intentionally blank]*

---

[2] In no event, however, shall this provision limit in any way the Debtors' ownership of this electronic and physical data.

**SO STIPULATED**:

Dated:     September 17, 2025          **Vervent, Inc.**


_/s/ Derek Gamble_____
By: Derek Gamble
Its: Chief Legal Officer & Chief Compliance
     Officer


Dated:     September 17, 2025          **Chapter 7 Trustee**


_/s/ Anne Elizabeth Burns_____
By: Anne Elizabeth Burns


Submitted by:

Charles R. Gibbs (TX Bar No. 7846300)
Marcus A. Helt (TX Bar No. 24052187)
Grayson Williams (TX Bar No. 24124561)
**MCDERMOTT WILL & SCHULTE LLP**
2801 North Harwood Street, Suite 2600
Dallas, Texas 75201-1664
Tel: (214) 295-8000
Fax: (972) 232-3098
E-mail: crgibbs@mwe.com
        mhelt@mwe.com
        gwilliams@mwe.com

-and-

Darren Azman (admitted _pro hac vice_)
**MCDERMOTT WILL & SCHULTE LLP**
One Vanderbilt Avenue
New York, New York 10017-3852
Tel: (212) 547-5400
Fax: (212) 547-5444
E-mail: dazman@mwe.com

_Proposed Counsel to the_
_Chapter 7 Trustee_