**WOMBLE BOND DICKINSON (US) LLP**
Todd A. Atkinson (TX Bar 24121426)
717 Texas Avenue, Suite 2100
Houston, Texas 77002
Telephone: (346) 998-7801
E-mail: todd.atkinson@wbd-us.com

-AND-

Joel L. Perrell, Jr., Esq.
100 Light Street, 26th Floor
Baltimore, MD 21202
Telephone: (410) 545-5854
E-mail: joel.perrell@wbd-us.com

*Counsel to AFCO Credit Corporation*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
(DALLAS)**

| | |
|---|---|
| In re: | Chapter 7 |
| TRICOLOR HOLDINGS, LLC, et al., | Case No. 25-33487 (MVL) |
| Debtors.[1] | (Jointly Administered) |

**AFFIDAVIT OF MARC MILANO IN SUPPORT OF
MOTION BY AFCO CREDIT CORPORATION FOR RELIEF FROM THE
AUTOMATIC STAY WITH RESPECT TO UNEARNED INSURANCE PREMIUMS**

I, MARC MILANO, solemnly swear and affirm as follows:

1. I am over eighteen (18) years of age, under no mental or legal disability, and am competent to testify to the matters stated herein, having personal knowledge of those matters.

---

[1] The Debtors and their bankruptcy case numbers are: Tricolor Holdings, LLC (25-33487), TAG Intermediate Holding Company, LLC (25-33495), Tricolor Auto Group, LLC (25-33496), Tricolor Auto Acceptance, LLC (25-33497), Tricolor Insurance Agency, LLC (25-33512), Tricolor Home Loans LLC (25-33511), Tricolor Real Estate Services (25-33514), TAG California Holding Company, LLC (25-33493), Flexi Compras Autos, LLC (25-33490), TAG California Intermediate Holding Company, LLC (25-33494), Tricolor California Auto Group, LLC (25-33502), Tricolor California Auto Acceptance, LLC (25-33501), Risk Analytics LLC (25-33491), Tricolor Tax, LLC (25-33515), Tricolor Financial, LLC (25-33510), Tricolor Auto Receivables LLC (25-33498), TAG Asset Funding, LLC (25-33492), Apoyo Financial, LLC (25-33489).

1

2. I am an authorized representative of AFCO Credit Corporation ("AFCO"). I am Senior Vice President, Head of Risk, Execution and Enablement and have acted in such capacity and in other roles with AFCO and its lending affiliates.

3. In the course of my employment, I am personally involved with loans provided by and acquired by AFCO and its lending affiliates. I have personal knowledge of, and am familiar with, the internal processes and procedures of AFCO and its insurance premium finance lending affiliates, with respect to lending, servicing loans, and loan collections.

4. I am one of the custodians of the books, records and files of AFCO that pertain to loans and extensions of credit given to the Debtor (as defined herein) concerning the matters set forth herein. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of AFCO, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of AFCO's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of AFCO by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required.

5. I make this affidavit in support of the Motion of AFCO Credit Corporation for Relief from the Automatic Stay with Respect to Unearned Insurance Premiums [Doc. No. 140] (the "Motion").[2]

---

[2] Unless otherwise defined herein, capitalized terms herein have the meanings ascribed to them in the Motion.

2

6. On September 10, 2025 (the "Petition Date"), TriColor Holdings, LLC (the "Debtor") along with various affiliates filed voluntary petitions for relief under Chapter 7 of the Bankruptcy Code.

7. Anne Elizabeth Burnes was appointed Chapter 7 Trustee (the "Trustee").

8. AFCO is a secured creditor of the Debtor pursuant to the terms of a Commercial Premium Finance Agreement — Promissory Note, dated June 3, 2025 (the "Agreement") entered into by the Debtor and AFCO and more particularly described in the following paragraphs.

### THE AGREEMENT

9. On or about June 3, 2025, the Debtor entered into and executed the Agreement with AFCO. Under the terms of the Agreement, AFCO advanced $1,306,659.45 to enable the Debtor to purchase insurance coverage for its business operations (the "Initial Insurance Coverage"). In consideration for AFCO's advance of funds, the Debtor promised to repay the funds, plus interest, in 11 monthly installments of $122,374.42. All installment payments under the Agreement are due on the sixteenth day of each month, commencing with the installment payment due on July 16, 2025. A true and correct copy of the Agreement is attached hereto and the Motion as **Exhibit 1** and incorporated herein by reference.

10. AFCO accepted the Agreement on or about June 11, 2025. True and correct copies of the June 11, 2025 Notice of Acceptance and Advices of Financed Premium are attached hereto and to the Motion as **Exhibit 2** and incorporated herein by reference.

11. The Debtor financed "add on" coverage with AFCO in the amount of $2,011.79 under the Agreement, to enable the Debtor to purchase additional insurance for its business operations (the "Add-On Insurance Coverage" and with the Initial Insurance Coverage, collectively the "Insurance Coverage"). AFCO accepted the Add-On Insurance Coverage under

3

the Agreement on or about June 17, 2025. True and correct copies of the June 17, 2025 Notice of Acceptance and Advice of Financed Premium are attached hereto and the Motion as **Exhibit 3** and incorporated herein by reference. The loan related to the Add-On Insurance Coverage increased the monthly installment payments to $122,562.83 under the Agreement.

12. The Debtor is in default under the terms of the Agreement because the September installment payment is and remains past due. As of the date of this Affidavit, the October installment under the Agreement is also delinquent.

### AFCO'S SECURITY, COLLATERAL VALUES AND CLAIMS

13. Repayment of AFCO's loans under the Agreement is secured by a security interest in, and assignment of, all unearned premiums under the Insurance Coverage (the "Collateral"), coupled with a limited power of attorney to cancel the Insurance Coverage upon a default. *See* Agreement at 1-2, ¶¶ 2 & 4.

14. As of September 16, 2025, the value of AFCO's Collateral under the Agreement, which represented the aggregate unearned premium for the Insurance Coverage on a pro rata basis, was $1,084,409.82. I calculated this amount as follows:

   a. The total amount of refundable premiums (including the pure premium and refundable taxes) on the June 16, 2025 effective date of the policies equaled $1,449,745.75;

   b. September 16, 2025 is 92 days after the effective date of the policies, and premium was earned during that period;

   c. On September 16, 2025, 273 days of unearned premium remained under the policies for the balance of the 12-month policy term;

   d. 273 divided by 365 equals .748;

WBD (US) 4934-4728-1006v4

    e. $1,449,745.75 multiplied by .748 equals $1,084,409.82.

  15. As of September 29, 2025, the amount owed to AFCO including principal, interest and fees is no less than $1,109,193.61 (exclusive of additional interest and attorneys' fees and costs). A true and correct copy of the Account Transaction History for the Agreement is attached hereto and the Motion as **Exhibit 4** and incorporated herein by reference.

  16. The value of AFCO's Collateral under the Agreement declines at the approximate rate of $3,972.00 per day because each day a portion of the Insurance Coverage is earned by the insurance carriers providing coverage. I calculated the daily decline by dividing $1,449,745.75 (the total amount of refundable premiums including the pure premium and refundable taxes on the June 16, 2025 the effective date of the policies) by 365.

[*Signature on Following Page*]

WBD (US) 4934-4728-1006v4

**PURSUANT TO 28 U.S.C. § 1746, I DECLARE UNDER THE PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

Dated this 21st day of October, 2025

                                                    Marc R. Milano

WBD (US) 4934-4728-1006v4

**CERTIFICATE OF SERVICE**

I certify that on October 21, 2025, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Northern District of Texas.

*/s/ Todd A. Atkinson*
Todd A. Atkinson (TX Bar 24121426)