Case 25-33487-mvl7   Doc 255-1   Filed 10/23/25   Entered 10/23/25 12:53:06   Desc
Exhibit A - Proposed Interim Order   Page 1 of 8

**EXHIBIT A**

**Proposed Interim Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| TRICOLOR HOLDINGS, LLC, *et al.*[1] | ) | Case No. 25-33487 (MVL) |
| | ) | |
| Debtors. | ) | |
| | ) | |

**INTERIM ORDER AUTHORIZING CHAPTER 7 TRUSTEE'S**
**USE OF CASH COLLATERAL AND GRANTING RELATED RELIEF**

Upon the *Chapter 7 Trustee's Emergency Motion for Entry of Interim and Final Orders Authorizing the Use of Cash Collateral and Granting Related Relief* (the "Motion")[2] filed by the Trustee seeking entry of an interim order (this "Interim Order") and, following the Final Hearing (as defined below), a final order (the "Final Order") (a) authorizing the Trustee to use cash

---

[1] The Debtors in these chapter 7 cases are as follows: Tricolor Holdings, LLC, TAG Intermediate Holding Company, LLC, Tricolor Auto Group, LLC, Tricolor Auto Acceptance, LLC, Tricolor Insurance Agency, LLC, Tricolor Home Loans LLC dba Tricolor Mortgage, Tricolor Real Estate Services, LLC, TAG California Holding Company, LLC, Flexi Compras Autos, LLC, TAG California Intermediate Holding Company, LLC, Tricolor California Auto Group, LLC, Tricolor California Auto Acceptance, LLC, Risk Analytics LLC, Tricolor Tax, LLC, Tricolor Financial, LLC, Tricolor Auto Receivables LLC, Tricolor Asset Funding, LLC, and Apoyo Financial, LLC.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

collateral for the limited purposes of (i) maintaining certain critical insurance coverage and (ii) paying certain consultants who are former employees of the Debtors and have provided essential services to the Trustee and (b) granting related relief, all as more fully set forth in the Motion; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc* dated August 3, 1984, entered by the United States District Court for the Northern District of Texas; and the matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and venue of this proceeding and the Motion in this District being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court being able to issue a final order consistent with Article III of the United States Constitution; and due and sufficient notice of the Motion having been given under the particular circumstances; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and it appearing that no other or further notice is necessary; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby

**ORDERED, ADJUDGED, AND DECREED that:**

1. The Motion is granted on an interim basis as set forth herein.

2. The final hearing (the "Final Hearing") on the Motion shall be held on _____, 2025, at _:_ _.m. (prevailing Central Time). Any objections or responses to the entry of the proposed Final Order shall be filed with the Court and served on the following no later 4:00 p.m. (prevailing Central Time) on _____, 2025: (a) proposed counsel to the Trustee, McDermott Will

& Schulte LLP, 2800 North Harwood Street, Suite 2600, Dallas, TX 75201 (Attn: Charles Gibbs (crgibbs@mwe.com)) and One Vanderbilt Avenue, New York, NY 10017 (Attn: Darren Azman (dazman@mwe.com)); (b) counsel to Wilmington Trust, National Association, Alston & Bird LLP, 2200 Ross Avenue, Suite 2300, Dallas, TX 75201 (Attn: Bradley M. Smyer (brad.smyer@alston.com)) and 90 Park Avenue, New York, NY 10016 (Attn: Gerard S. Catalanello (Gerard.Catalanello@alston.com) and Stephen M. Blank (Stephen.Blank@alston.com)); (c) counsel to TBK Bank, SSB, Vinson & Elkins LLP, 2001 Ross Avenue, Suite 3900, Dallas, TX 75201 (Attn: Bradley R. Foxman (bfoxman@velaw.com), Matthew W. Moran (mmoran@velaw.com), and Sara E. Zoglman (szoglman@velaw.com)) and 845 Texas Avenue, Suite 4700, Houston, TX 77002 (Attn: Paul E. Heath (pheath@velaw.com)); (d) counsel to Origin Bank, Katten Muchin Rosenman LLP, 2121 N. Pearl Street, Suite 1100, Dallas, TX 75201 (Attn: John E. Mitchell (john.mitchell@katten.com), Eric R. Hail (eric.hail@katten.com), Yelena E. Archiyan (yelena.archiyan@katten.com), and Ted A. Huffman (ted.huffman@katten.com)); (e) counsel to JPMorgan Chase Bank, N.A., Hunton Andrews Kurth LLP, 600 Travis Street, Suite 4200, Houston, TX 77002 (Attn: Timothy A. Davidson II (taddavidson@hunton.com) and Ashley L. Harper (ashleyharper@hunton.com)) and Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, NY 10017 (Attn: Elisha D. Graff (egraff@stblaw.com), Nicholas E. Baker (nbaker@stblaw.com), Rachael L. Foust (rachael.foust@stblaw.com), and Zachary J. Weiner (zachary.weiner@stblaw.com)); (f) counsel to Fifth Third Bank, National Association, Frost Brown Todd LLP, 2101 Cedar Springs Road, Dallas, TX 75201 (Attn: Rebecca L. Matthews (rmatthews@fbtlaw.com)) and Goldberg Kohn Ltd., 55 East Monroe Street, Suite 3300, Chicago, IL 60603 (Attn: Danielle Juhle (danielle.juhle@goldbergkohn.com), Randall L. Klein (randall.klein@goldbergkohn.com), and

Nicole Bruno (nicole.bruno@goldbergkohn.com)); (g) counsel to ACV Capital LLC, Morgan, Lewis & Bockius LLP, 101 Park Avenue, New York, NY 10178 (Attn: Jennifer Feldsher (jennifer.feldsher@morganlewis.com), Edwin E. Smith (edwin.smith@morganlewis.com), and Jason Alderson (jason.alderson@morganlewis.com)) and Bracewell LLP, 711 Louisiana Street, Suite 2300, Houston, TX 77002 (Attn: William A. (Trey) Wood III (trey.wood@bracewell.com)); (h) counsel to Cox Automotive, Inc., Greenberg Traurig, LLP, 3333 Piedmont Road, NE, Suite 2500, Atlanta, Georgia 30305 (Attn: John D. Elrod (elrodj@gtlaw.com)) and 2200 Ross Avenue, Suite 5200, Dallas, Texas 75201 (Attn: Jared R. Weir (jared.weir@gtlaw.com)); and (i) any party that has requested notice pursuant to Bankruptcy Rule 2002. If no objections to entry of the Final Order are filed and served, the Court may enter such Final Order without further notice or hearing.

3. The Trustee is hereby authorized, pursuant to Bankruptcy Code sections 361, 363, 704, 721 and 552, to use cash collateral in an amount not to exceed $275,000 for the purpose of paying the Insurance and Consultant Obligations.

4. As adequate protection for the Trustee's use of the Secured Lender's cash collateral, the Trustee shall provide the Secured Lenders with adequate protection up to the amount of any cash collateral used by the Trustee in the form of (a) automatically perfected replacement first priority liens against all the Debtors' unencumbered assets, (b) automatically perfected replacement second priority junior liens against all the Debtors' previously encumbered assets, and (c) superpriority administrative claims with priority over all other administrative claims.

5. The Trustee shall attempt to surcharge from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving such property to the extent of the benefit to the holder of such claim.

4

6. The Trustee shall use her reasonable and best efforts to consult with the Secured Lenders to develop a reconciliation of the cash proceeds held in the Trust Account and, with the consent of all such Secured Lenders, shall turn over any amounts determined not to be property of the Debtors' estates.

7. Nothing in the Motion or this Interim Order or the relief granted (including any actions taken or payments made by the Trustee pursuant thereto) shall be construed as (a) authority to assume or reject any executory contract or unexpired lease of real property, or as a request for the same; (b) an admission as to the validity, priority, or character of any claim or other asserted right or obligation, or a waiver or other limitation on the Trustee's ability to contest the same on any ground permitted by bankruptcy or applicable non-bankruptcy law; (c) a promise or requirement to pay any claim or other obligation; or (d) granting third-party-beneficiary status, bestowing any additional rights on any third party, or being otherwise enforceable by any third party.

8. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

9. Notwithstanding Bankruptcy Rule 6004(h), this Interim Order shall be effective and enforceable immediately upon entry hereof.

10. All time periods set forth in this Interim Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

11. The Trustee is authorized to take all actions necessary to implement the relief granted in this Order.

5

12. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Interim Order.

13. The provisions of this Interim Order and any actions taken pursuant hereto shall survive the entry of any order dismissing the Chapter 7 Cases, and the terms and provisions of this Interim Order shall continue in full force and effect notwithstanding the entry of any such order.

### # # # END OF ORDER # # #

Prepared and submitted by:

/s/ *Charles R. Gibbs*
Charles R. Gibbs (TX Bar No. 7846300)
Marcus A. Helt (TX Bar No. 24052187)
Grayson Williams (TX Bar No. 24124561)
Michael Wombacher (TX Bar No. 24120434)
MCDERMOTT WILL & SCHULTE LLP
2801 North Harwood Street, Suite 2600
Dallas, Texas 75201
Telephone: (214) 295-8000
E-mail: crgibbs@mwe.com
       mhelt@mwe.com
       gwilliams@mwe.com
       mwombacher@mwe.com

-and-

Darren Azman (admitted *pro hac vice*)
MCDERMOTT WILL & SCHULTE LLP
One Vanderbilt Avenue
New York, New York 10017-3852
Telephone: (212) 547-5400
E-mail: dazman@mwe.com

*Proposed Counsel to the Chapter 7 Trustee*