# EXHIBIT B

# Proposed Final Order

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| TRICOLOR HOLDINGS, LLC, *et al.*[1] | ) | Case No. 25-25-33487 (MVL) |
| | ) | |
| Debtors. | ) | |
| | ) | |

**FINAL ORDER AUTHORIZING CHAPTER 7 TRUSTEE'S**
**USE OF CASH COLLATERAL AND GRANTING RELATED RELIEF**

Upon the *Chapter 7 Trustee's Emergency Motion for Entry of Interim and Final Orders Authorizing the Use of Cash Collateral and Granting Related Relief* (the "Motion") filed by the Trustee seeking entry of a final order (the "Final Order") (a) authorizing the Trustee to use cash collateral for the limited purposes of (i) maintaining certain critical insurance coverage and (ii)

---

[1] The Debtors in these chapter 7 cases are as follows: Tricolor Holdings, LLC, TAG Intermediate Holding Company, LLC, Tricolor Auto Group, LLC, Tricolor Auto Acceptance, LLC, Tricolor Insurance Agency, LLC, Tricolor Home Loans LLC dba Tricolor Mortgage, Tricolor Real Estate Services, LLC, TAG California Holding Company, LLC, Flexi Compras Autos, LLC, TAG California Intermediate Holding Company, LLC, Tricolor California Auto Group, LLC, Tricolor California Auto Acceptance, LLC, Risk Analytics LLC, Tricolor Tax, LLC, Tricolor Financial, LLC, Tricolor Auto Receivables LLC, Tricolor Asset Funding, LLC, and Apoyo Financial, LLC.

paying certain consultants who are former employees of the Debtors and have provided essential services to the Trustee and (b) granting related relief, all as more fully set forth in the Motion; and upon consideration of the Interim Order entered on [●], 2025; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and venue of this proceeding and the Motion in this District being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court being able to issue a final order consistent with Article III of the United States Constitution; and due and sufficient notice of the Motion having been given under the particular circumstances; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "<u>Final Hearing</u>"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Final Hearing establish just cause for the relief granted herein; and it appearing that no other or further notice is necessary; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby

**ORDERED, ADJUDGED, AND DECREED that:**

1. The Motion is granted on a final basis as set forth herein.

2. The Trustee is hereby authorized, pursuant to Bankruptcy Code sections 361, 363, 704, 721 and 552, to use cash collateral for the purpose of paying the Insurance and Consultant Obligations.

3. As adequate protection for the Trustee's use of the Secured Lender's cash collateral, the Trustee shall provide the Secured Lenders with adequate protection up to the amount of any cash collateral used by the Trustee in the form of (a) automatically perfected replacement first

2

priority liens against all the Debtors' unencumbered assets, (b) automatically perfected replacement second priority junior liens against all the Debtors' previously encumbered assets, and (c) superpriority administrative claims with priority over all other administrative claims.

4. The Trustee shall attempt to surcharge from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving such property to the extent of the benefit to the holder of such claim.

5. The Trustee shall use her reasonable and best efforts to consult with the Secured Lenders to develop a reconciliation of the cash proceeds held in the Trust Account and, with the consent of all such Secured Lenders, shall turn over any amounts determined not to be property of the Debtors' estates.

6. Nothing in the Motion or this Order or the relief granted (including any actions taken or payments made by the Trustee pursuant thereto) shall be construed as (a) authority to assume or reject any executory contract or unexpired lease of real property, or as a request for the same; (b) an admission as to the validity, priority, or character of any claim or other asserted right or obligation, or a waiver or other limitation on the Trustee's ability to contest the same on any ground permitted by bankruptcy or applicable non-bankruptcy law; (c) a promise or requirement to pay any claim or other obligation; or (d) granting third-party-beneficiary status, bestowing any additional rights on any third party, or being otherwise enforceable by any third party.

7. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

8. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry hereof.

9. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

10. The Trustee is authorized to take all actions necessary to implement the relief granted in this Order.

11. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

12. The provisions of this Order and any actions taken pursuant hereto shall survive the entry of any order dismissing the Chapter 7 Cases, and the terms and provisions of this Order shall continue in full force and effect notwithstanding the entry of any such order.

### # # # END OF ORDER # # #

Prepared and submitted by:

/s/ *Charles R. Gibbs*
Charles R. Gibbs (TX Bar No. 7846300)
Marcus A. Helt (TX Bar No. 24052187)
Grayson Williams (TX Bar No. 24124561)
Michael Wombacher (TX Bar No. 24120434)
MCDERMOTT WILL & SCHULTE LLP
2801 North Harwood Street, Suite 2600
Dallas, Texas 75201
Telephone: (214) 295-8000
E-mail: crgibbs@mwe.com
      mhelt@mwe.com
      gwilliams@mwe.com
      mwombacher@mwe.com

-and-

Darren Azman (admitted *pro hac vice*)
MCDERMOTT WILL & SCHULTE LLP
One Vanderbilt Avenue
New York, New York 10017-3852
Telephone: (212) 547-5400
E-mail: dazman@mwe.com

*Proposed Counsel to the Chapter 7 Trustee*