**MCDERMOTT WILL & SCHULTE LLP**
Charles R. Gibbs (TX Bar No. 7846300)
Marcus A. Helt (TX Bar No. 24052187)
Grayson Williams (TX Bar No. 24124561)
2801 North Harwood Street, Suite 2600
Dallas, Texas 75201
Telephone: (214) 295-8000
E-mail: crgibbs@mwe.com
         mhelt@mwe.com
         gwilliams@mwe.com

**MCDERMOTT WILL & SCHULTE LLP**
Darren Azman (admitted *pro hac vice*)
One Vanderbilt Avenue
New York, New York 10017-3852
Telephone: (212) 547-5400
E-mail: dazman@mwe.com

*Proposed Counsel to the Chapter 7 Trustee*

**IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| TRICOLOR HOLDINGS, LLC, *et al.*,[1] | ) | Case No. 25-33487 (MVL) |
| | ) | |
| Debtors. | ) | |
| | ) | |

**CHAPTER 7 TRUSTEE'S FIRST OMNIBUS MOTION FOR ENTRY OF AN ORDER
(I) AUTHORIZING THE TRUSTEE TO (A) REJECT CERTAIN UNEXPIRED REAL
PROPERTY LEASES AND (B) ABANDON CERTAIN PERSONAL PROPERTY,
AND (II) GRANTING RELATED RELIEF**

**IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND
IN WRITING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU
MUST FILE YOUR RESPONSE ELECTRONICALLY AT
HTTPS://ECF.TXNB.USCOURTS.GOV/ NO MORE THAN TWENTY-
FOUR (24) DAYS AFTER THE DATE THIS MOTION WAS FILED. IF
YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST
FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY
THE CLERK AND FILED ON THE DOCKET NO MORE THAN TWENTY-
FOUR (24) DAYS AFTER THE DATE THIS MOTION WAS FILED.**

---

[1]   The Debtors in these chapter 7 cases are as follows: Tricolor Holdings, LLC, TAG Intermediate Holding Company, LLC, Tricolor Auto Group, LLC, Tricolor Auto Acceptance, LLC, Tricolor Insurance Agency, LLC, Tricolor Home Loans LLC dba Tricolor Mortgage, Tricolor Real Estate Services, LLC, TAG California Holding Company, LLC, Flexi Compras Autos, LLC, TAG California Intermediate Holding Company, LLC, Tricolor California Auto Group, LLC, Tricolor California Auto Acceptance, LLC, Risk Analytics LLC, Tricolor Tax, LLC, Tricolor Financial, LLC, Tricolor Auto Receivables LLC, Tricolor Asset Funding, LLC, and Apoyo Financial, LLC.

**OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

**PARTIES RECEIVING THIS OMNIBUS MOTION SHOULD LOCATE THEIR NAMES AND THEIR LEASES LISTED IN <u>EXHIBIT 1</u> TO <u>EXHIBIT A</u> OF THIS MOTION.**

Anne Elizabeth Burns, solely in her capacity as the duly appointed Chapter 7 bankruptcy trustee (the "<u>Trustee</u>") for Tricolor Holdings, LLC and its various debtor affiliates (collectively, the "<u>Debtors</u>"), by and through her undersigned counsel, hereby files this motion (the "<u>Motion</u>") for entry of an order, substantially in the form attached hereto as <u>**Exhibit A**</u> (the "<u>Proposed Order</u>"), granting the relief described below.  In further support of the Motion, the Trustee respectfully represents as follows:

<u>**PRELIMINARY STATEMENT**</u>

1.      These Bankruptcy Cases have presented almost unprecedented challenges.  Shortly after the Petition Date, the Trustee inherited what had, only days before, been the third-largest automobile dealership in both Texas and California.  But there were no books and records to review, no employees to consult, not even keys to the corporate office.

2.      In the ensuing seven weeks, the Trustee and her professionals have made significant progress toward gaining access and control of the Debtors' shuttered assets and beginning the process of winding down the Debtors' estates.  What she has found, among other things, is a company with approximately $1.9 billion in secured debt involving approximately twenty lenders, approximately 10,000 cars located around the country, approximately 4,500 titles left unprocessed, and over seventy shuttered locations in eight states.

3.      Against this backdrop, the Trustee has, among other things, (i) negotiated and received Court approval of a stipulation with certain of the Debtors' secured lenders to ensure the on-going services of the Debtors' backup loan servicer, (ii) received authority to operate the

2

Debtors' businesses on a limited basis, (iii) sought authority and consent to use cash collateral to preserve the value of the Debtors' assets and (iv) gained access to the Debtors' corporate office and books and records, including the lease management system.

4.    The Trustee is cognizant of the position of the various landlords in these Chapter 7 Cases and is committed to the disposition of the Debtors' various leases as quickly as possible. At the same time, the Trustee is well aware of her fiduciary duty to maximize the value of the Debtors' bankruptcy estates. Accordingly, as more specifically set forth herein, following review of the Debtors' real property leases and in consultation with her professionals regarding any potential value in such leases, the Trustee has determined that it is in the best interest of the Debtors' estates and their creditors for the vast majority of the leases to be rejected as soon as practicable.

## **RELIEF REQUESTED**

5.    By the Motion, the Trustee respectfully requests entry of the Proposed Order, (a) authorizing, but not directing, the Trustee (i) to reject those certain unexpired real property leases, including any guaranties thereof and any amendments, modifications, or subleases thereto (each, a "Lease," and collectively, the "Leases") listed on Exhibit 1[2] to the Proposed Order related to the Debtors' business operations (collectively, the "Locations"), and (ii) to abandon certain equipment, fixtures, or other personal property located therein (collectively, the "Personal Property"),[3] each *nunc pro tunc* as to the Petition Date, and (b) granting related relief.

---

[2] The Leases included on Exhibit 1 include locations where rent payments were made in the normal course of business pre-petition. However, based on the Debtors' books and records available to the Trustee, certain of the Leases may have expired pre-petition and therefore are non-executory. Such Leases have been included herein in an abundance of caution. To the extent any Leases are non-executory, all rights are reserved.

[3] For clarity, Personal Property does not include any vehicles to which the Debtors hold a legal or equitable interest (collectively, the "Vehicles"). Nothing herein shall be construed as an attempt by the Trustee to abandon any Vehicles, or an acknowledgement that any Vehicles are abandoned. The Trustee reserves all rights related thereto.

3

## JURISDICTION AND VENUE

6.      The Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc* dated August 3, 1984, entered by the United States District Court for the Northern District of Texas. This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

7.      The legal predicates for the relief requested herein are sections 105(a), 365(a), 554(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 6006 and 6007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

### I.    The Chapter 7 Cases

8.      On September 10, 2025 (the "Petition Date"), the Debtors commenced their chapter 7 cases (the "Chapter 7 Cases") by filing voluntary petitions for relief under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Court").

9.      On September 10, 2025 the Office of the United States Trustee for Region 6 (the "U.S. Trustee") appointed the Trustee in the Chapter 7 Cases.

10.     On September 26, 2025, the Trustee filed a motion to operate the businesses of the Debtors pursuant to Bankruptcy Code section 721.  *See* Docket No. 110. Thereafter, the Court entered the 721 Order. *See* Docket No. 164.

### II.   The Leases

11.      The Trustee, with the assistance of her advisers, has undertaken a comprehensive review of the Debtors' unexpired real property leases to determine which, if any, should be rejected to preserve value in light of the circumstances of the Chapter 7 Cases.  Following this analysis, the

4

Trustee determined, in her business judgment, that maintaining the Leases is unnecessary and burdensome to the Debtors' estates, and that the Leases should be rejected and terminated. Rejecting the Leases will reduce unnecessary fixed costs and begin the orderly disposition of the Debtors' real estate assets, to the benefit of their estates.

### III.    Personal Property to Be Abandoned

12.    To the extent that any Personal Property remains as of the Petition Date, the Trustee has evaluated such Personal Property and has determined either that (a) the Personal Property is of inconsequential value or (b) the cost of removing and storing the Personal Property for future use, marketing, or sale exceeds its likely value to the Debtors' estates.  Because the Trustee has ceased operations at the Locations prior to the rejection of the related Leases, the Personal Property, if any, will no longer be necessary for the administration of the Debtors' estates.

13.    To reduce postpetition administrative costs and, in the exercise of the Trustee's sound business judgment, the abandonment of the Personal Property that may be located at the Locations, if any, is appropriate and in the best interests of the Debtors, their estates, and their creditors.  Accordingly, the decision to abandon the Personal Property is supported by the Trustee's sound business judgment and is in the best interest of the Debtors' estates, their creditors and other parties-in-interest.

14.    In light of the Trustee's efforts to preserve and maximize the value of the Debtors' estates, which will inure to the benefit of all creditors, and to avoid incurring costs and expenses that are no longer integral to the Trustee's wind-down efforts, the relief requested herein is necessary and appropriate.

## BASIS FOR RELIEF REQUESTED

**I.    Rejection of the Leases is an Exercise of the Trustee's Business Judgment.**

15.    The Bankruptcy Code enables a trustee to reject certain unexpired real property leases of the debtor, subject to the court's approval.  *See* 11 U.S.C. § 365(a).  "This provision allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed." *Stewart Title Guar. Co. v. Old Republic Nat'l Title Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996) (citing *In re Murexco Petrol., Inc.*, 15 F.3d 60, 62 (5th Cir. 1994)); *see also In re Orion Pictures Corp.*, 4 F.3d 1095, 1098–99 (2d Cir. 1993) (noting that rejection permits the debtor to "renounce title to and abandon burdensome property").

16.    Courts generally authorize debtors to reject unexpired leases where the debtors appropriately exercise their "business judgment." *See In re Mirant Corp.*, 378 F.3d 511, 524 (5th Cir. 2004); *Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1309 (5th Cir. 1985); *In re Pilgrim's Pride Corp.*, 403 B.R. 413, 422 (Bankr. N.D. Tex. 2009).  Third parties are generally not permitted to second-guess a debtor's business judgment concerning the rejection of an executory contract or unexpired lease.  The "business judgment" test merely requires a showing that rejection of the unexpired lease "is a sensible one." *In re Pilgrim's Pride Corp.*, 403 B.R. 413, 427 (Bankr. N.D. Tex. 2009) ("In the exercise of its business judgment, a debtor in possession may be expected to make its decisions rationally in exercising the rejection option. If, for example, a debtor made rejection and other business decisions through use of an Ouija Board, the court might quite properly question those decisions.  The court must ensure the decision-making process used by a debtor in possession in exercising its powers under the Code is a sensible one.") (internal notes omitted); *In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001) ("A debtor's decision to reject an executory contract must be summarily affirmed unless it is the product of bad faith, or whim or caprice.") (internal quotations omitted).

17.    As an integral component of the Trustee's efforts to preserve and maximize the value of the Debtors' estates and reduce the Trustee's potential administrative costs in the Chapter 7 Cases by, among other things, eliminating unnecessary costs, the Trustee has determined, in the Trustee's business judgment, that the Leases are burdensome and provide no economic value to the Debtors' estates. The Leases are unnecessary to the Debtors' and, if not rejected, would be a drain on the Debtors' estates and a hindrance to the chapter 7 liquidation efforts. Any continued expense in maintaining the Leases and attempting to market such agreements would likely outweigh, if not eclipse, any benefit in attempting to identify a potential acquirer of the Leases, and would unnecessarily deplete assets of the Debtors' estates to the detriment of creditors. In contrast, rejection of the Leases will represent significant monthly cost savings to the Debtors' estates moving forward.

18.    Further, courts in this district have routinely granted relief similar to the relief requested herein. *See, e.g.*, *In re Genesis Healthcare, Inc.*, Case No. 25-80185 (SGJ) (Bankr. N.D. Tex. Aug 22, 2025) [Docket No. 562]; *In re Prospect Medical Holdings, Inc.*, Case No. 25-80002 (SGJ) (Bankr. N.D. Tex Feb. 12, 2025) [Docket No. 605]; *In re TGI Friday's Inc.*, Case No. 24-80069 (SGJ) (Bankr. N.D. Tex. Nov. 5, 2024) [Docket No. 96]; *In re Sunland Medical Found.*, Case No. 23-80000 (MVL) (Bankr. N.D. Tex. Mar. 1, 2024) [Docket No. 408]; *In re Studio Movie Grill Holdings, LLC*, Case No. 20-32633 (SGJ) (Bankr. N.D. Tex. Oct. 30, 2020) [Docket No. 101].

**II.    It is Appropriate to Deem the Leases Rejected Effective as of the Petition Date.**

19.    Bankruptcy Code section 365(a) does not specifically address whether this Court may order rejection to be applied retroactively. *See In re Amber's Stores, Inc.*, 193 B.R. 819, 825–27 (Bankr. N.D. Tex. 1996) ("[N]othing precludes [the court] . . . from approving . . . rejection of a non-residential real property lease retroactively to an earlier date."); *In re CCI Wireless, LLC*,

297 B.R. 133, 138 (D. Colo. 2003) (noting that section 365 "does not prohibit the bankruptcy court from allowing the rejection of leases to apply retroactively").  Many courts have held that bankruptcy courts may exercise discretion to authorize rejections to be effective retroactively to a date prior to entry of the order authorizing such rejection where the balance of equities favor such relief.  *See, e.g.*, *In re Amber's Stores*, 193 B.R. at 826 (using a standard based on the equities of the case); *BP Energy Co. v. Bethlehem Steel Corp. (In re Bethlehem Steep Corp.)*, 2002 WL 31548723, at *3 (S.D.N.Y. Nov. 15, 2002) ("[W]e cannot conclude . . . that a bankruptcy court's assignment of a retroactive rejection date falls outside of its authority when the balance of the equities favors this solution."); *see also In re Stonebridge Techs., Inc.*, 430 F.3d 260, 273 (5th Cir. 2005) ("[W]e note that most courts have held that lease rejection may be retroactively applied."); *Pac. Shores Dev., LLC v. At Home Corp. (In re At Home Corp.)*, 392 F.3d 1064, 1065–66 (9th Cir. 2004) (affirming bankruptcy court's approval of retroactive rejection); *In re Thinking Machs., Corp.*, 67 F.3d 1021, 1028 (1st. Cir. 1995) ("[B]ankruptcy courts may enter retroactive orders of approval, and should do so when the balance of equities preponderates in favor of such remediation.").  Courts examine a number of factors when considering whether to approve retroactive rejection, including the costs that a delayed rejection date would otherwise impose on a debtor.  *See In re Jamesway Corp.*, 179 B.R. 33, 38–39 (S.D.N.Y. 1995) (cited favorably in *In re Amber's Stores, Inc.*, 193 B.R. at 827).

20.    Since the Petition Date, the Trustee and her advisors, in furtherance of the Trustee's fiduciary duties, have been working diligently to analyze the Debtors' real property leases to determine which leases potentially have value to the Debtors' estates.  As this process has progressed, it has become apparent that the Leases do not and therefore should be rejected.  The Trustee has made this determination as quickly as possible despite the unique circumstances and

obstacles faced by the Trustee, especially at the beginning of these cases, regarding access to the Debtors' book and records. In this instance, the balance of equities favors approving rejection retroactive of the Leases to the Petition Date. **First,** the applicable Leases no longer provide any benefit to the Debtors' estates. **Second,** the Leases accrue significant monthly rent exposure to the Debtors' estates and would result in the Debtors incurring unnecessary administrative costs associated with the Leases. **Third**, the Trustee, on advice of her professionals, does not believe the Leases could be sold to any third-party buyers for an amount, after accounting for potential additional rent exposure and marketing costs, that would accrete value to the Debtors' estates. **Fourth**, as of the date of the filing of this Motion, the Trustee does not have access to unencumbered funds to pay any accrued post-petition rent under the Leases, and does not have consent or authority to use cash collateral for such purposes. **Fifth**, rejecting the Leases now will enable the counterparties under the Leases to re-let the Locations on a more truncated timeline, restoring the productive use of such properties to such counterparties' benefit. In light of the foregoing, the balance of equities favors approving rejection retroactive to the Petition Date.

## III.    The Abandonment of Personal Property is Appropriate.

21.    The Trustee has satisfied the standard set forth in Bankruptcy Code section 554(a), granting her authority to abandon the Personal Property. Bankruptcy Code section 554(a) provides that a trustee may abandon, subject to court approval, "property of the estate that . . . is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a). A bankruptcy court may authorize property to be abandoned when either (a) the property is burdensome to the estate or (b) the property is of inconsequential value and benefit to the estate. *See, e.g.*, *Midlantic Nat'l Bank v. N.J. Dep't of Envtl. Prot.*, 474 U.S. 494, 499–500 (1986).

22.    The Trustee anticipates that Personal Property could remain at the Locations where removal would not be feasible and/or would provide nominal or no value to the Debtors or their

9

estates.  Therefore, this Court should find that authority to abandon the Personal Property in accordance with Bankruptcy Code section 554(a) is warranted.  The Trustee requests that the abandonment of the Personal Property be effective as of the Petition Date.

23.    In light of the foregoing facts and circumstances, rejection of the Leases under Bankruptcy Code section 365(a) is a sound exercise of the Trustee's business judgment and is necessary, prudent, and in the best interests of the Debtors, their estates, and their creditors.  The balance of equities supports granting rejection of the Leases effective retroactive to the Petition Date.  Finally, the Debtors' abandonment of certain Personal Property may and should be authorized because it represents inconsequential value to the Debtors' estates.

## RESERVATION OF RIGHTS

24.    The Trustee is currently reviewing and evaluating other unexpired leases that are not the subject of this Motion.  As this process continues, the Trustee may identify additional leases to be rejected.  Accordingly, the Trustee reserves the right to seek to reject additional executory leases at a later time following notice and hearing thereon.

## NOTICE

25.    Notice of this Motion has been provided to (i) Debtors' counsel, (ii) counterparties to the Leases, and (iii) those persons who have requested notice pursuant to Bankruptcy Rule 2002. The Trustee submits that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

26.    No previous request for the relief sought herein has been made to this or any other court.

WHEREFORE, the Trustee respectfully requests that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as may be just and proper.

Dated: Dallas, Texas
       October 27, 2025

**MCDERMOTT WILL & SCHULTE LLP**

*/s/ Charles R. Gibbs*
Charles R. Gibbs (TX Bar No. 7846300)
Marcus A. Helt (TX Bar No. 24052187)
Grayson Williams (TX Bar No. 24124561)
2801 North Harwood Street, Suite 2600
Dallas, Texas 75201-1664
Tel:       (214) 295-8000
Fax:       (972) 232-3098
E-mail:    crgibbs@mwe.com
           mhelt@mwe.com
           gwilliams@mwe.com

-and-

Darren Azman (admitted *pro hac vice*)
One Vanderbilt Avenue
New York, New York 10017-3852
Tel:       (212) 547-5400
Fax:       (212) 547-5444
E-mail:    dazman@mwe.com

*Proposed Counsel to the Chapter 7 Trustee*

11

## CERTIFICATE OF SERVICE

I hereby certify that on this date a true and correct copy of the foregoing Motion was served by the Court's CM/ECF system on all counsel of record registered in these Chapter 7 Cases through CM/ECF. The Debtors' claims and noticing agent will be filing a supplemental certificate of service on the docket to reflect any additional service of the foregoing Motion.


Dated: October 27, 2025

*/s/ Charles R. Gibbs*
Charles R. Gibbs


## LOCAL RULE 9013-1(a) CERTIFICATION

Given the fact that over seventy parties are affected by the Motion, the Trustee believes that conferring with the attorneys for affected parties is neither possible nor practicable.

Dated: October 27, 2025


*/s/ Charles R. Gibbs*
Charles R. Gibbs