

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

The following constitutes the ruling of the court and has the force and effect therein described.

**Signed October 27, 2025**

_____
**United States Bankruptcy Judge**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| TRICOLOR HOLDINGS, LLC, *et al.*[1] | ) | Case No. 25-33487 (MVL) |
| | ) | |
| Debtors. | ) | |
| | ) | |

### INTERIM ORDER AUTHORIZING CHAPTER 7 TRUSTEE'S
### USE OF CERTAIN CASH IN THE TRUSTEE'S POSSESSION, INCLUDING CERTAIN
### CASH COLLATERAL AND GRANTING RELATED RELIEF

Upon the *Chapter 7 Trustee's Emergency Motion for Entry of Interim and Final Orders Authorizing the Use of Cash Collateral and Granting Related Relief* (the "Motion")[2] filed by the Trustee seeking entry of an interim order (this "Interim Order") and, following the Final Hearing

---

[1] The Debtors in these chapter 7 cases are as follows: Tricolor Holdings, LLC, TAG Intermediate Holding Company, LLC, Tricolor Auto Group, LLC, Tricolor Auto Acceptance, LLC, Tricolor Insurance Agency, LLC, Tricolor Home Loans LLC dba Tricolor Mortgage, Tricolor Real Estate Services, LLC, TAG California Holding Company, LLC, Flexi Compras Autos, LLC, TAG California Intermediate Holding Company, LLC, Tricolor California Auto Group, LLC, Tricolor California Auto Acceptance, LLC, Risk Analytics LLC, Tricolor Tax, LLC, Tricolor Financial, LLC, Tricolor Auto Receivables LLC, Tricolor Asset Funding, LLC, and Apoyo Financial, LLC.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

(as defined below), a final order (the "Final Order") (a) authorizing the Trustee to use cash in the Trustee's possession, some of which may constitute cash collateral of certain secured creditors and some of which may not constitute property of the estate, for the limited purposes of (i) maintaining certain critical insurance coverage that covers vehicles on the Debtors' lots (some of which may constitute property of the estate and some of which may constitute property of non-Debtors – and therefore is not property of the estate, and may in some cases be subject to the liens of, or ownership by, certain Secured Parties)[3] and (ii) paying certain consultants who are former employees of the Debtors and have provided essential services to the Trustee and (b) granting related relief, all as more fully set forth in the Motion; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc* dated August 3, 1984, entered by the United States District Court for the Northern District of Texas; and the matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and venue of this proceeding and the Motion in this District being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court being able to issue a final order consistent with Article III of the United States Constitution; and due and sufficient notice of the Motion having been given under the particular circumstances; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and it appearing that no other or further notice is necessary; and it appearing that the relief requested in the Motion is in the best

---

[3] For purposes of this Interim Order, "Secured Parties" means Wilmington Trust, N.A. in its capacities set forth in the Amended Notice of Appearance [Docket No. 34]; JPMorgan Chase Bank, N.A.; Fifth Third Bank, N.A.; TBK Bank, SSB; ACV Capital LLC; Manheim Remarketing, Inc.; and Origin Bank, each of which have asserted either an ownership interest, security interest, or other interest in certain cash, Vehicles, and other property in the possession or under the control of Debtors.

2

interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby

**ORDERED, ADJUDGED, AND DECREED that:**

1. The Motion is granted on an interim basis as set forth herein.

2. The final hearing (the "Final Hearing") on the Motion shall be held on Monday, November 17, 2025, at 1:30 p.m. (prevailing Central Time). Any objections or responses to the entry of the proposed Final Order shall be filed with the Court and served on the following no later than 4:00 p.m. (prevailing Central Time) on Wednesday, November 12, 2025: (a) proposed counsel to the Trustee, McDermott Will & Schulte LLP, 2801 North Harwood Street, Suite 2600, Dallas, TX 75201 (Attn: Charles Gibbs (crgibbs@mwe.com)) and One Vanderbilt Avenue, New York, NY 10017 (Attn: Darren Azman (dazman@mwe.com)); (b) counsel to Wilmington Trust, National Association, Alston & Bird LLP, 2200 Ross Avenue, Suite 2300, Dallas, TX 75201 (Attn: Bradley M. Smyer (brad.smyer@alston.com)) and 90 Park Avenue, New York, NY 10016 (Attn: Gerard S. Catalanello (Gerard.Catalanello@alston.com) and Stephen M. Blank (Stephen.Blank@alston.com)); (c) proposed counsel to an ad hoc group of holders of asset-backed notes issued by certain subsidiaries of Tricolor Holdings, LLC (the "Davis Polk Ad Hoc Group of ABS Holders"), Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, NY 10017 (Attn: Angela Libby (angela.libby@davispolk.com), Ryan McNaughton (ryan.mcnaughton@davispolk.com), Joanna McDonald (joanna.mcdonald@davispolk.com) and Jimmy Moustakis (jimmy.moustakis@davispolk.com)); (d) counsel to an ad hoc group of holders of asset-backed notes issued by certain subsidiaries of Tricolor Holdings, LLC (the "Quinn Emanuel Ad Hoc Group of ABS Holders," and together with the Davis Polk Ad Hoc Group of ABS Holders, the "Ad Hoc ABS Holder Groups"), Quinn Emanuel Urquhart & Sullivan, LLP

(Attn: Blair Adams (blairadams@quinnemanuel.com), Eric Winston (ericwinston@quinnemanuel.com), Nicholas Hardiman (nicholashardiman@quinnemanuel.com)); (e) counsel to TBK Bank, SSB, Vinson & Elkins LLP, 2001 Ross Avenue, Suite 3900, Dallas, TX 75201 (Attn: Bradley R. Foxman (bfoxman@velaw.com), Matthew W. Moran (mmoran@velaw.com), and Sara E. Zoglman (szoglman@velaw.com)) and 845 Texas Avenue, Suite 4700, Houston, TX 77002 (Attn: Paul E. Heath (pheath@velaw.com)); (f) counsel to Origin Bank, Katten Muchin Rosenman LLP, 2121 N. Pearl Street, Suite 1100, Dallas, TX 75201 (Attn: John E. Mitchell (john.mitchell@katten.com), Eric R. Hail (eric.hail@katten.com), Yelena E. Archiyan (yelena.archiyan@katten.com), and Ted A. Huffman (ted.huffman@katten.com)); (g) counsel to JPMorgan Chase Bank, N.A., Hunton Andrews Kurth LLP, 600 Travis Street, Suite 4200, Houston, TX 77002 (Attn: Timothy A. Davidson II (taddavidson@hunton.com) and Ashley L. Harper (ashleyharper@hunton.com)) and Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, NY 10017 (Attn: Elisha D. Graff (egraff@stblaw.com), Alan Turner (aturner@stblaw.com); Nicholas E. Baker (nbaker@stblaw.com), and Zachary J. Weiner (zachary.weiner@stblaw.com)); (h) counsel to Fifth Third Bank, National Association, Frost Brown Todd LLP, 2101 Cedar Springs Road, Dallas, TX 75201 (Attn: Rebecca L. Matthews (rmatthews@fbtlaw.com)) and Goldberg Kohn Ltd., 55 East Monroe Street, Suite 3300, Chicago, IL 60603 (Attn: Danielle Juhle (danielle.juhle@goldbergkohn.com), Randall L. Klein (randall.klein@goldbergkohn.com), and Nicole Bruno (nicole.bruno@goldbergkohn.com)); (i) counsel to ACV Capital LLC, Morgan, Lewis & Bockius LLP, 101 Park Avenue, New York, NY 10178 (Attn: Jennifer Feldsher (jennifer.feldsher@morganlewis.com), Edwin E. Smith (edwin.smith@morganlewis.com), and Jason Alderson (jason.alderson@morganlewis.com)) and Bracewell LLP, 711 Louisiana Street,

Suite 2300, Houston, TX 77002 (Attn: William A. (Trey) Wood III (trey.wood@bracewell.com)); (j) counsel to Manheim Remarketing, Inc., Greenberg Traurig, LLP, 3333 Piedmont Road, NE, Suite 2500, Atlanta, Georgia 30305 (Attn: John D. Elrod (elrodj@gtlaw.com)) and 2200 Ross Avenue, Suite 5200, Dallas, Texas 75201 (Attn: Jared R. Weir (jared.weir@gtlaw.com)); and (k) any party that has requested notice pursuant to Bankruptcy Rule 2002.  If no objections to entry of the Final Order are filed and served, the Court may enter such Final Order without further notice or hearing.

3. The Trustee is hereby authorized, pursuant to Bankruptcy Code sections 361, 363, 704, 721 and 552, to use cash in the Trustee's possession (some of which may be cash collateral and/or property of certain Secured Parties and some of which may not be property of the estate and instead constitute property of non-Debtors (and subject to the liens of certain Secured Parties), subject to the reconciliation process described herein) in an amount not to exceed $275,000 for the purpose of paying the Insurance and Consultant Obligations as set forth herein (such cash, the "Specified Cash"). Other than the Specified Cash and such additional funds as may be necessary to cover any unanticipated emergencies of which the Trustee is currently unaware (each occurrence, an "Unanticipated Emergency"), the Trustee will not seek to use any cash or Cash Collateral in its possession until the Secured Parties and the Ad Hoc ABS Holder Groups have had at least forty-five (45) days to review the Reporting (as defined below) and an opportunity to reach agreement with the Trustee on whether applicable cash is estate property.  With respect to any Unanticipated Emergency, the Trustee shall provide the Secured Parties and the Ad Hoc ABS Holder Groups seven (7) days' notice of any hearing on behalf of the Trustee's request to use Cash Collateral for an Unanticipated Emergency.

4.      As adequate protection for (and in consideration of) the Trustee's use of the Specified Cash, the Trustee shall provide the Secured Parties with adequate protection in the amount of each Secured Party's interest in the Specified Cash in the form of (a) automatically perfected replacement first priority liens against all the Debtors' unencumbered assets (whether now or hereafter existing), (b) automatically perfected replacement second priority junior liens against all the Debtors' previously encumbered assets, immediately junior to any valid and perfected liens on such assets existing as of the Petition Date, (c) superpriority administrative claims with priority over all other administrative claims and (d) the Reporting (as defined below). The adequate protection shall be granted as of the day of this order, notwithstanding that the actual amount of each Secured Party's interest in the Specified Cash shall be ascertained at a later date consistent with paragraphs 6 and 7 below.

5.      The Trustee agrees, and its advisors shall promptly provide, all Secured Parties, the Ad Hoc ABS Holder Groups and Vervent with all information in the Trustee or the Debtors' possession or that comes into the Trustee's possession regarding all of the proceeds, payments, and other receipts received into the Trust Account or otherwise in the possession of the Trustee (and its advisors). The Trustee's obligation to provide this information and to assist Secured Parties, the Ad Hoc ABS Holder Groups and Vervent shall continue with respect to all future proceeds acquired by the Trustee (the foregoing, the "<u>Reporting</u>").

6.      The Trustee shall deposit all checks she receives into the Trust Account. The Trustee and her advisors shall (a) use their reasonable and best efforts (and direct her advisors to use their reasonable and best efforts) to consult with the Secured Parties, the Ad Hoc ABS Holder Groups, and Vervent (and each of their respective advisors) to reconcile (i) the ownership and interests in the Specified Cash, (ii) the ownership and interests in the cash proceeds held by the

Debtors, including in the Trust Account, or hereafter coming into the possession of the Debtors, including in the Trust Account (other than the Specified Cash), and, (b) with the consent of all such Secured Parties and the Ad Hoc ABS Holder Groups (or as otherwise ordered by the Court), shall turn over to the applicable Secured Party any amounts determined not to be property of the Debtors' estates.

7. In addition, the Trustee shall use her reasonable and best efforts (and direct her advisors to use their reasonable and best efforts) to consult with the Secured Parties, the Ad Hoc ABS Holder Groups and Vervent (and each of their respective advisors) to reconcile (i) the ownership and interests in the vehicles that are in the possession or control of the Debtors or Vervent (the "Vehicles") and (ii) allocate the cost of the Insurance Obligations to such Vehicles on a pro rata, per-vehicle basis.

8. To the extent that certain Vehicles are determined, by agreement of the Trustee, the Secured Parties and the Ad Hoc ABS Holder Groups (or by order of the Court) to constitute property of the estate, and such Vehicles are insured by the DOL Policy and are sold, the Trustee shall seek to (i) surcharge from the property of the estate securing the applicable allowed secured claim, or (ii) otherwise have reimbursed with respect to any unencumbered property of the estate, an amount equal to the Insurance Obligations and Consultant Obligations allocable to such estate Vehicles (based on the number of such Vehicles relative to all other Vehicles that benefited from the DOL Policy) except to the extent such Secured Party's Specified Cash funded the applicable Insurance Obligations. Each Secured Party (other than a Secured Party subject to such surcharge) shall have a first priority lien on any surcharged or reimbursed cash to the extent such Secured Party's Specified Cash funded the Insurance Obligations.

9. To the extent that certain Vehicles are determined, by agreement of the Trustee, the Ad Hoc ABS Holder Groups and the Secured Parties (or by order of the Court) not to constitute property of the estate, the Trustee shall be obligated to repay the applicable Secured Party the amount by which (i) the reconciled non-estate cash that is subject to the interest of such Secured Party and was used by the Trustee pursuant to this Order exceeds (ii) the amount of Insurance Obligations allocated to such Secured Party pursuant to the procedure in Paragraph 7(ii) above. To the extent that certain Vehicles are determined, by agreement of the Trustee, the Ad Hoc ABS Holder Groups and the Secured Parties (or by order of the Court) not to constitute property of the estate and the Trustee does not hold sufficient non-estate cash that is the property of such Secured Party to pay for the amount of Insurance Obligations allocated to such Secured Party pursuant to the procedure in Paragraph 7(ii) above, the Trustee shall be repaid by the applicable Secured Party from any property of such Secured Party in the possession of the Trustee or out of any future distribution to such Secured Party the amount by which (i) the amount of Insurance Obligations allocated to such Secured Party pursuant to the procedure in Paragraph 7(ii) above exceeds (ii) the reconciled non-estate cash that is subject to the interest of such Secured Party that was used by the Trustee pursuant to this Order; provided, that such Secured Party shall retain all set off and recoupment rights as to any other amounts the Secured Party paid or incurred for the benefit of property of the estate, including any other amounts related to the Vehicles.

10. Nothing in the Motion or this Interim Order or the relief granted (including any actions taken or payments made by the Trustee pursuant thereto) shall be construed as (a) authority to assume or reject any executory contract or unexpired lease of real property, or as a request for the same; (b) an admission as to the validity, priority, or character of any claim or other asserted interest, right or obligation, or a waiver or other limitation on the Trustee's, any Secured Party's

or the Ad Hoc ABS Holder Groups' ability to contest the same on any ground permitted by bankruptcy or applicable non-bankruptcy law; (c) a promise or requirement to pay any claim or other obligation; (d) granting third-party beneficiary status, bestowing any additional rights on any third party, or being otherwise enforceable by any third party; or (e) authority for the Trustee to use, or consent by a Secured Party or the Ad Hoc ABS Holder Groups for the Trustee to use, Specified Cash other than as set forth herein.

11. Each of the Secured Parties and the Ad Hoc Group ABS Holder Groups reserve all rights, remedies and arguments with respect to ownership and their respective interest in any cash (including Specified Cash), cash collateral, and Vehicles in the Debtors' possession or under the Debtors' control, as well as the extent of any surcharge provided by this or any other Court order. Nothing herein shall be construed as an agreement or consent by any Secured Party or the Ad Hoc ABS Holder Groups to agree or otherwise consent to the Trustee's future use of any cash or cash collateral in its possession.

12. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

13. Notwithstanding Bankruptcy Rule 6004(h), this Interim Order shall be effective and enforceable immediately upon entry hereof.

14. All time periods set forth in this Interim Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

15. The Trustee is authorized to take all actions necessary to implement the relief granted in this Order.

16. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Interim Order.

17. The provisions of this Interim Order and any actions taken pursuant hereto shall survive the entry of any order dismissing the Chapter 7 Cases, and the terms and provisions of this Interim Order shall continue in full force and effect notwithstanding the entry of any such order.

### # # # END OF ORDER # # #

Prepared and submitted by:

/s/ *Charles R. Gibbs*
Charles R. Gibbs (TX Bar No. 7846300)
Marcus A. Helt (TX Bar No. 24052187)
Grayson Williams (TX Bar No. 24124561)
Michael Wombacher (TX Bar No. 24120434)
MCDERMOTT WILL & SCHULTE LLP
2801 North Harwood Street, Suite 2600
Dallas, Texas 75201
Telephone: (214) 295-8000
E-mail: crgibbs@mwe.com
       mhelt@mwe.com
       gwilliams@mwe.com
       mwombacher@mwe.com

-and-

Darren Azman (admitted *pro hac vice*)
MCDERMOTT WILL & SCHULTE LLP
One Vanderbilt Avenue
New York, New York 10017-3852
Telephone: (212) 547-5400
E-mail: dazman@mwe.com

*Proposed Counsel to the Chapter 7 Trustee*