

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed November 2, 2025**

_____
**United States Bankruptcy Judge**

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| In re: ) | Chapter 7 |
| ) | |
| TRICOLOR HOLDINGS, LLC, *et al.*,[1] ) | Case No. 25-33487 (MVL) |
| ) | |
| Debtors. ) | |

### STIPULATION AND AGREED ORDER FOR LEASE REJECTION

Anne Elizabeth Burns, the Chapter 7 trustee (the "Trustee") of the estates of the above-captioned debtors (the "Debtors") and ANC Ventures, LTD. (the "Landlord," and together with the Trustee, the "Parties") hereby enter into this stipulation and order (this "Stipulation and Agreed Order") seeking to reject a lease of nonresidential real property as follows:

---

[1] The Debtors in these chapter 7 cases are as follows: Tricolor Holdings, LLC, TAG Intermediate Holding Company, LLC, Tricolor Auto Group, LLC, Tricolor Auto Acceptance, LLC, Tricolor Insurance Agency, LLC, Tricolor Home Loans LLC dba Tricolor Mortgage, Tricolor Real Estate Services, LLC, TAG California Holding Company, LLC, Flexi Compras Autos, LLC, TAG California Intermediate Holding Company, LLC, Tricolor California Auto Group, LLC, Tricolor California Auto Acceptance, LLC, Risk Analytics LLC, Tricolor Tax, LLC, Tricolor Financial, LLC, Tricolor Auto Receivables LLC, Tricolor Asset Funding, LLC, and Apoyo Financial, LLC.

47419232v.1

## RECITALS

**WHEREAS**, on September 10, 2025 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Texas (the "Court");

**WHEREAS**, the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2);

**WHEREAS**, Landlord and Tricolor Auto Group, LLC (the "Debtor Tenant") entered into that certain Commercial Lease Agreement dated September 21, 2020 (as amended as described hereinbelow, the "Laredo Lease") covering real property located at 3720 E. Saunders, Laredo, Texas 78041 (the "Laredo Premises"), which Laredo Lease was amended twice, (a) first pursuant to the First Amendment to the Commercial Lease Agreement dated September 14, 2020 which ensured that Landlord under the Laredo Lease was properly reflected as "ANC Ventures, LTD.," and (b) second pursuant to the Second Amendment to the Commercial Lease dated April 1, 2025, pursuant to which the Debtor Tenant exercised its first option to extend the Laredo Lease for a five year period commencing on October 1, 2025;

**WHEREAS**, as an Exhibit "B" to the Laredo Lease (and as specifically referenced in the Lease), ANC and the Debtor Tenant executed a Personal Property Lease Agreement (the "Personal Property Lease") pursuant to which the Debtor Tenant leased the following personal property, which is owned by the Landlord and located at the Laredo Premises:

- NITRO MACHINE NTF-515B;
- BOSCH BRAKE LATHE AND ADAPTER;
- SHOP EQUIP=4 LIFTS, WORK BENCHES, AIR SYSTEM;
- CANTU ELECT. 5 GFI'S FOR LIFTS > 5.31.24;

47419232v.1

- PARTS TIRE CONTAINER;

- PARTS BIN SYSTEM;

- DATA/PHONE DROPS; and

- DESKS/OFFICES/FILE CABINETS/SHOWROOM FURNITURE (Collectively, the "Leased Personal Property").

**WHEREAS**, on October 20, 2025, the Landlord filed, along with Bullish Resources, Inc. their Amended Motion to compel the Trustee to Pay Post-Petition Rent or Alternatively Compelling the Trustee to Reject Certain Nonresidential Leases [Dkt. No. 229] (the "Motion to Compel") seeking certain relief both as to the Laredo Lease, and as to a separate Commercial Lease Agreement dated June 12, 2020 (the "Bandera Lease"), for certain real property located at 6300 E. Bandera, Leon Valley, Texas 78238 (the "Bandera Premises");

**WHEREAS**, on October 27, 2025, the Trustee filed her *Chapter 7 Trustee's First Omnibus Motion for Entry of an Order (I) Authorizing the Trustee to (A) Reject Certain Unexpired Real Property Leases and (B) Abandon Personal Property and (ii) Granting Related Relief* (the "Lease Rejection Motion");[2]

**WHEREAS**, the Laredo Lease was included in the Lease Rejection Motion;

**WHEREAS**, the Trustee has determined that it is in the best interests of the bankruptcy estates and creditors that the Debtor Tenant reject the Laredo Lease and the Personal Property Lease effective as of the Petition Date;

**WHEREAS**, the Landlord consents to the Debtor Tenant's rejection of the Laredo Lease and the Personal Property Lease effective as of the Petition Date;

**WHEREAS**, by this Stipulation and Agreed Order, the Parties seek to resolve certain

---

[2] Capitalized terms not defined herein shall have the meanings given to them in the Lease Rejection Motion.

3

47419232v.1

outstanding issues between the Parties related to the Laredo Lease and the Personal Property Lease, and return possession of the Laredo Premises and the Leased Personal Property to the Landlord immediately upon the close of business October 31, 2025, on the terms set forth herein.

## **STIPULATION AND AGREED ORDER**

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED BY THE PARTIES AND UPON APPROVAL OF THE COURT, IT IS SO ORDERED:**

1. The Laredo Lease and the Personal Property Lease are both hereby deemed rejected pursuant to section 365 of the Bankruptcy Code, effective as of the Petition Date.

2. Landlord is entitled to immediate and irrevocable turnover and possession of the Laredo Premises[3] and the Leased Personal Property, subject to Paragraph [6] below.

3. The Landlord hereby waives its right to assert any claim in the Bankruptcy Cases under Bankruptcy Code sections 365(d)(3) and 503(b)(1) related to the Laredo Lease. All rights to otherwise assert claims related to the Laredo Lease, including under Bankruptcy Code section 502(b)(6), are reserved.

4. For the avoidance of doubt, notwithstanding anything herein to the contrary, nothing in this Stipulation and Agreed Order for Lease Rejection shall have any effect on (a) the Bandera Lease and the Bandera Premises, (b) the relief requested in the Motion to Compel as it pertains to the Bandera Lease and the Bandera Premises, and (c) Bullish Resources, Inc. Further, the parties to the Bandera Lease have all of their rights reserved relative to the Bandera Lease and the Bandera Premises.

5. Subject to the terms of this Stipulation and Agreed Order, any proof of claim arising from the Laredo Lease shall be filed on or before any deadline established by the Court for

---

[3] The Trustee shall immediately turnover any and all keys and key/security codes for the Laredo Premises in her possession.

4

47419232v.1

creditors to file proofs of claim.

6. With the exception of the Leased Personal Property which is the property of the Landlord, Landlord agrees to hold any other Personal Property located at the Laredo Premises for the benefit of the Trustee or such other applicable third-party, as the case may be,, and not to remove such other Personal Property, until the later of (i) November 20, 2025 or (ii) if an objection to the Trustee's proposed abandonment of such Personal Property if timely filed (an "Abandonment Objection"),  the date abandonment of such other Personal Property at the Laredo Premises is approved by the Court.  For the avoidance of doubt, if no Abandonment Objection is timely filed with respect to the Laredo Premises, the obligations of this paragraph [6] will expire on November 20, 2025, at which time the Landlord may keep and/or dispose of such other Personal Property in its sole and absolute discretion without further notice or liability to the Debtors or any party holding any liens, claims, encumbrances, interests, and rights (including any rights of setoff or recoupment) in such abandoned Personal Property. The automatic stay, to the extent applicable, is modified to allow for such utilization and disposition.  Landlord agrees to reasonably cooperate with the Trustee, her advisors and professionals, and any applicable third-parties for the removal of any Personal Property, if applicable.

7. Except as otherwise provided herein, nothing in this Stipulation and Agreed Order, nor any actions taken pursuant hereto, shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (b) except as set forth herein, a waiver by Laredo Landlord of any of its claims, rights, or remedies against Debtor Tenant or any other entities or parties; (c) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (d) a promise or requirement to pay any claim; (e) an implication, admission, or finding that any

5

particular claim is an administrative expense claim, secured claim, other priority claim, or unsecured claim; (f) a request or authorization to assume, assign, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, other than the Laredo Lease; (g) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (h) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law.

8. Nothing contained in this Stipulation and Agreed Order shall be construed to affect the disposition of any Vehicles or legal rights related thereto.

9. The Trustee is authorized and empowered to take all actions necessary to implement the relief requested in this Stipulation and Agreed Order.

10. The terms and conditions of this Stipulation and Agreed Order shall be immediately effective and enforceable upon entry by the Court.

11. This Stipulation and Agreed Order is intended by the Parties to be binding upon their successors, agents, assigns, including bankruptcy trustees and estate representatives, and any parent, subsidiary, or affiliated entity of the Parties.

12. The undersigned hereby represent and warrant that they have full authority to execute this Stipulation and Agreed Order on behalf of the respective parties and that the respective parties have full knowledge of, and have consented to, this Stipulation and Agreed Order. This Stipulation and Agreed Order may be executed in counterparts and/or by facsimile or other electronic signature, and each such counterpart together with the others shall constitute one and the same instrument.

13. The Parties agree that each of them has had a full opportunity to participate

47419232v.1

in the drafting of this Stipulation and Agreed Order and any claimed ambiguity shall be construed neither for nor against either of the Parties.

14. This Stipulation and Agreed Order constitutes the entire agreement between the Parties with respect to the subject matter hereof and supersedes all prior discussions, agreements, and understandings, both written and oral, among the Parties with respect thereto.

15. This Stipulation and Agreed Order shall not be modified, altered, amended, or supplemented except by a writing executed by the Parties or their authorized representatives.

16. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Stipulation and Agreed Order, and the Parties hereby consent to such jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation and Agreed Order.

**###End of Order###**

47419232v.1

**STIPULATED AND AGREED TO BY**:

Dated: October 31, 2025

*/s/ Charles R. Gibbs*
Charles R. Gibbs (TX Bar No. 7846300)
Marcus A. Helt (TX Bar No. 24052187)
Grayson Williams (TX Bar No. 24124561)
Michael Wombacher (TX Bar No. 24120434)
MCDERMOTT WILL & SCHULTE LLP
2801 North Harwood Street, Suite 2600
Dallas, Texas 75201-1664
Tel:　　(214) 295-8000
Fax:　　(972) 232-3098
E-mail:　crgibbs@mwe.com
　　　　mhelt@mwe.com
　　　　gwilliams@mwe.com
　　　　mwombacher@mwe.com

-and-

Darren Azman (admitted *pro hac vice*)
MCDERMOTT WILL & SCHULTE LLP
One Vanderbilt Avenue
New York, New York 10017-3852
Tel:　　(212) 547-5400
Fax:　　(212) 547-5444
E-mail: dazman@mwe.com

*Counsel to the Chapter 7 Trustee*


*/s/ Beau H. Butler*
Michael S. Held (TX Bar No. 09388150)
Beau H. Butler (TX Bar No. 24132535)
**JACKSON WALKER LLP**
2323 Ross Avenue, Suite 600
Dallas, TX 75201
Phone: (214) 953-5859
Fax: (214) 661-6859
Email: mheld@jw.com

*Counsel to ANC Ventures, LTD.*

8

47419232v.1