**MCDERMOTT WILL & SCHULTE LLP**
Charles R. Gibbs (TX Bar No. 7846300)
Marcus A. Helt (TX Bar No. 24052187)
Grayson Williams (TX Bar No. 24124561)
Michael Wombacher (TX Bar No. 24120434)
2801 North Harwood Street, Suite 2600
Dallas, Texas 75201
Telephone: 214.295.8000
E-mail: crgibbs@mwe.com
mhelt@mwe.com
gwilliams@mwe.com
mwombacher@mwe.com

**MCDERMOTT WILL & SCHULTE LLP**
Darren Azman (admitted *pro hac vice*)
One Vanderbilt Avenue
New York, New York 10017-3852
Telephone: 212.547.5400
E-mail: dazman@mwe.com

*Proposed Counsel to the Chapter 7 Trustee*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| TRICOLOR HOLDINGS, LLC, *et al.*,[1] | ) | Case No. 25-33487 (MVL) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**NOTICE OF HEARING REGARDING (I) TRUSTEE'S APPLICATION FOR EMPLOYMENT OF SPECIAL COUNSEL [DOCKET NO. 143] AND (II) TRUSTEE'S APPLICATION FOR ENTRY OF ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF MCDERMOTT WILL & SCHULTE LLP AS COUNSEL FOR THE CHAPTER 7 TRUSTEE, EFFECTIVE AS OF SEPTEMBER 12, 2025 [DOCKET NO. 166]**

**PLEASE TAKE NOTICE** that the following have been set for hearing on **November 13, 2025, at 10:30 a.m. (prevailing Central Time)**:

- *Trustee's Application for Employment of Special Counsel* [Docket No. 143]; and

---

[1] The Debtors in these chapter 7 cases are as follows: Tricolor Holdings, LLC, TAG Intermediate Holding Company, LLC, Tricolor Auto Group, LLC, Tricolor Auto Acceptance, LLC, Tricolor Insurance Agency, LLC, Tricolor Home Loans LLC dba Tricolor Mortgage, Tricolor Real Estate Services, LLC, TAG California Holding Company, LLC, Flexi Compras Autos, LLC, TAG California Intermediate Holding Company, LLC, Tricolor California Auto Group, LLC, Tricolor California Auto Acceptance, LLC, Risk Analytics LLC, Tricolor Tax, LLC, Tricolor Financial, LLC, Tricolor Auto Receivables LLC, TAG Asset Funding, LLC, and Apoyo Financial, LLC.

- *Trustee's Application for Entry of Order Authorizing the Retention and Employment of McDermott Will & Schulte LLP as Counsel for the Chapter 7 Trustee, Effective as of September 12, 2025* [Docket No. 166].

**PLEASE TAKE FURTHER NOTICE** that parties may attend the hearing either in person at the United States Bankruptcy Court for the Northern District of Texas, United States Courthouse, 1100 Commerce Street, 14th Floor, Courtroom No. 2, Dallas, Texas 75242, or via the Court's WebEx video link and instructions as follows:

> Link: https://us-courts.webex.com/meet/larson
> For WebEx Telephonic Only Participation/Attendance:
> Dial-In: 1.650.479.3207
> Access code: 2301 476 1957

The WebEx Hearing Instructions are attached as **<u>Appendix 1</u>** to this notice and are also available from Judge Larson's hearing/calendar link on the Bankruptcy Court's website at: https://www.txnb.uscourts.gov/judges-info/hearing-dates/judge-larson-hearing-dates.

*[remainder of page intentionally left blank]*

2

Dated: Dallas, Texas
November 6, 2025

**MCDERMOTT WILL & SCHULTE LLP**

*/s/ Charles R. Gibbs*
Charles R. Gibbs (TX Bar No. 7846300)
Marcus A. Helt (TX Bar No. 24052187)
Grayson Williams (TX Bar No. 24124561)
Michael Wombacher (TX Bar No. 24120434)
2801 North Harwood Street, Suite 2600
Dallas, Texas 75201-1664
Tel: (214) 295-8000
Fax: (972) 232-3098
E-mail: crgibbs@mwe.com
mhelt@mwe.com
gwilliams@mwe.com
mwombacher@mwe.com

- and-

Darren Azman (admitted *pro hac vice*)
One Vanderbilt Avenue
New York, New York 10017-3852
Tel: (212) 547-5400
Fax: (212) 547-5444
E-mail: dazman@mwe.com

*Proposed Counsel to the Chapter 7 Trustee*

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that on November 6, 2025, a true and correct copy of the foregoing document was served via CM/ECF for the United States Bankruptcy Court for the Northern District of Texas on all parties authorized to receive electronic notice in this case.

*/s/ Charles R. Gibbs*
Charles R. Gibbs

## **Appendix 1**

# WebEx Hearing Instructions
## Judge Michelle V. Larson

Pursuant to Clerk's Notice 2024-01 issued by the Court on May 14, 2024, certain hearings before Judge Michelle V. Larson will be conducted by WebEx videoconference.

**For WebEx Video Participation/Attendance**:

Link:    https://us-courts.webex.com/meet/larson

Meeting Number: 23014761957

**For WebEx Telephonic Only Participation/Attendance**:

Dial-In: 1.650.479.3207
Access code: 2301 476 1957

**Participation/Attendance Requirements**:

- Counsel and other parties in interest who plan to actively participate in the hearing are encouraged to attend the hearing in the WebEx video mode using the WebEx video link above. Counsel and other parties in interest who will not be seeking to introduce any evidence at the hearing and who wish to attend the hearing in a telephonic only mode may attend the hearing in the WebEx telephonic only mode using the WebEx dial-in and meeting ID above.

- Attendees should join the WebEx hearing at least 10 minutes prior to the hearing start time. Please be advised that a hearing may already be in progress. During hearings, participants are required to keep their lines on mute at all times that they are not addressing the Court or otherwise actively participating in the hearing. **The Court reserves the right to disconnect or place on permanent mute any attendee that causes any disruption to the proceedings**. For general information and tips with respect to WebEx participation and attendance, please see Clerk's Notice 20-04: https://www.txnb.uscourts.gov/sites/txnb/files/hearings/Webex%20Information%20and%20Tips_0.pdf

- **Unless the Court orders otherwise, witnesses are required to attend the hearing in the WebEx video mode and live testimony will only be accepted from witnesses who have the WebEx video function activated**. Telephonic testimony without accompanying video will not be accepted by the Court.

- All WebEx hearing attendees are required to comply with Judge Larson's Telephonic and Videoconference Hearing Policy (included within Judge Larson's Judge-Specific Guidelines): https://www.txnb.uscourts.gov/content/judge-michelle-v-larson-0

**Exhibit Requirements**:

- Any party intending to introduce documentary evidence at the hearing must file an exhibit list in the case prior to the hearing, with a true and correct copy of each designated exhibit filed as a separate, individual attachment thereto so that the Court and all participants have ready access to all designated exhibits.

- If the number of pages of such exhibits exceeds 100, then such party must also deliver two (2) sets of such exhibits in exhibit binders to the Court by no later than twenty-four (24) hours in advance of the hearing.

**Notice of Hearing Content and Filing Requirements:**

IMPORTANT: For all hearings that will be conducted by WebEx only:

- The Notice of Hearing filed in the case and served on parties in interest must: (1) provide notice that the hearing will be conducted by WebEx videoconference only, (2) provide notice of the above WebEx video participation/attendance link, and (3) attach a copy of these WebEx Hearing Instructions or provide notice that they may be obtained from Judge Larson's hearing/calendar site: https://www.txnb.uscourts.gov/judges-info/hearing-dates/judge-larson-hearing-dates

- When electronically filing the Notice of Hearing via CM/ECF select "at https://us-courts.webex.com/meet/larson" as the location of the hearing (note: this option appears immediately after the first set of Wichita Falls locations). Do <u>not</u> select Judge Larson's Dallas courtroom as the location for the hearing.

- **Notice to Members of the Public.** While the Judicial Conference of the United States relaxed its broadcasting policies during the COVID-19 Pandemic due to restrictions placed on in-person attendance at hearings and trials, these policies will expire and no longer be in effect after September 21, 2023. As a result, after September 21, 2023, remote ***video*** access to Court hearings shall ***only be available for case participants*** (parties-in-interest and their professionals) and non-case participants are not permitted to attend any hearing by remote *video* means. In certain circumstances, non-case participants may be permitted to attend proceedings by remote *audio* means, but only if no witness testimony is to be provided. The presiding judge may take any action deemed necessary or appropriate to address any unauthorized remote attendance at a hearing or trial. For the avoidance of doubt, members of the public will continue to generally be permitted to attend proceedings in person, in the courtroom.