IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| In Re:<br><br>TRICOLOR HOLDINGS, LLC, et al.,<br><br>Debtors. | **Case No. 25-33487-mvl-7**<br>Jointly Administered<br><br>Dallas, Texas<br>November 4, 2025<br>1:30 p.m. Docket<br><br>MOTIONS FOR RELIEF FROM STAY |

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE MICHELLE V. LARSON,
UNITED STATES BANKRUPTCY JUDGE.

APPEARANCES:

| | |
|---|---|
| For Anne Elizabeth Burns, Trustee: | Charles R. Gibbs<br>MCDERMOTT WILL & SCHULTE, LLP<br>2801 North Harwood Street, Suite 2600<br>Dallas, TX 75201<br>(214) 295-8063 |
| For SMH Property, LLC: | Branch M. Sheppard<br>MCGLINCHEY STAFFORD, PLLC<br>1001 McKinney, Suite 1500<br>Houston, TX 77002<br>(713) 520-1900 |
| For Varilease Finance, Inc.: | Christopher J. Schreiber<br>MICHAEL BEST & FRIEDRICH, LLP<br>790 N. Water Street, Suite 2500<br>Milwaukee, WI 53202<br>(414) 271-6560 |
| For DP Real Estate, LP: | Ronald J. Smeberg<br>THE SMEBERG LAW FIRM, PLLC<br>4 Imperial Oaks<br>San Antonio, TX 78248<br>(210) 695-6684 |
| For the Friedlander Family Trust: | Mark Joseph Petrocchi<br>GRIFFITH, JAY & MICHEL, LLP<br>2200 Forest Park Blvd.<br>Fort Worth, TX 76110<br>(817) 926-2500 |

APPEARANCES, cont'd.:

| | |
|---|---|
| For RKJS Investments, LLC and K&S Properties: | Bryce C. Latray<br>ANDREWS MYERS, P.C.<br>1885 Saint James Place, Suite 1500<br>Houston, TX 77056<br>(713) 751-2357 |
| For Wilmington Trust: | Stephen Blank<br>ALSTON & BIRD, LLP<br>90 Park Avenue, 15th Floor<br>New York, NY 10016<br>(212) 210-9472 |
| For BV NWH, LP: | Jonathan Summerfield Petree<br>MUNSCH HARDT KOPF & HARR, P.C.<br>500 N. Akard Street, Suite 4000<br>Dallas, TX 75201<br>(214) 740-5158 |
| Recorded by: | Bryon A. Robinson<br>UNITED STATES BANKRUPTCY COURT<br>1100 Commerce Street<br>Dallas, TX 75242<br>(214) 753-2011 |
| Transcribed by: | Kathy Rehling<br>311 Paradise Cove<br>Shady Shores, TX 76208<br>(972) 786-3063 |

Proceedings recorded by electronic sound recording; transcript produced by transcription service.

DALLAS, TEXAS - NOVEMBER 4, 2025 - 1:46 P.M.

THE COURT: Please be seated.

A VOICE: You startled us, Judge.

THE COURT: Running in late. I'm sorry about that. All right. Okay. Again, sorry for the delay there.

We are here on our 1:30 preliminary lift stay docket. I think we have two cases remaining on the docket. I'm going to go ahead and call those in order. I'm going to start with Case No. -- well, first, I'll ask: Is there anyone here for the Lessley case, 25-33972?

(No response.)

THE COURT: Okay. Hearing no takers, I'll call Case No. 25-33487, Tricolor Holdings, LLC. I'll take appearances for the record.

MR. SHEPPARD: Branch Sheppard. Good afternoon, Your Honor. On behalf of creditor SMH Property, LLC.

MR. GIBBS: Good afternoon, Your Honor. Chuck Gibbs with McDermott Will & Schulte, proposed counsel for the Trustee, Anne Burns, of this Debtor.

THE COURT: Okay. Thank you.

MR. LATRAY: Good afternoon, Your Honor. Bryce Latray on behalf of RKJS Investments, LLC and K&S Properties.

THE COURT: Thank you.

MR. PETROCCHI: Good afternoon, Your Honor. Mark Petrocchi on behalf of creditor the Friedlander Family Trust.

THE COURT: Thank you.

MR. SCHREIBER: Good afternoon, Your Honor.

MR. BLANK: Good afternoon, Your Honor.

THE COURT: Mr. Blank?

MR. BLANK: Stephen Blank from Alston & Bird on behalf of Wilmington Trust in its various capacities.

THE COURT: All right. Thank you, Mr. Blank.

MR. BLANK: Thanks, Judge.

MR. SCHREIBER: Your Honor, good afternoon. Christopher Schreiber of Michael Best & Friedrich on behalf of Varilease Finance, Inc. and VFI ABS 2023-1, LLC.

THE COURT: All right. Thank you, Mr. Schreiber.

MR. SMEBERG: Good afternoon, Your Honor. Ron Smeberg on behalf of DP Real Estate, LLC.

THE COURT: All right. Anyone else wish to make an appearance?

MR. PETREE: Good afternoon, Your Honor. Jonathan Petree on behalf of BV NWH, LP.

THE COURT: Okay. Thank you.

Anyone else?

Okay. Well, thank you all for being here. And Mr. Gibbs, please send our thanks to Mr. Williams, who was keeping in good contact with Ms. Harden to let the Court know what to expect, given that we had quite a block of motions set all together.

It's my understanding that each of them has been -- resolved is not the right word, because I recognize some of them are probably going to result in agreed orders and some of them will be carried for further hearing -- but how can we bring order to the madness, Mr. Gibbs? Should we start with the agreed orders? Or the agreed passes?

MR. GIBBS: That may work, Your Honor. Let me just set the table, if I could, and just make sure that we're all on the same footing from the standpoint of where things stand.

It is my understanding there were six matters set for preliminary hearing today: the DP Real Estate matter, which I believe Mr. Smeberg, where he represents the movant; K&S Properties, RKJS Investments; what I'll call the Friedlander motion, and the Varilease motion. And counsel, I believe, for all of those five are on the phone.

In addition, there's a preliminary hearing set today for the SMH Property matter, and counsel for that Movant is on as well.

I'm pleased to report, as I think Your Honor indicated, all but one of these motions have been disposed of as far as the need for court time today. Two of the five other matters that I just identified have been resolved, and agreed orders either have been or shortly will be uploaded. And that's the matter involving DP Real Estate and the Friedlander motion, who I believe Mr. Petrocchi represents.

There are three matters that have been, by agreement, passed to final hearing. And those are K&S Properties, RKJS Investments, and the Varilease motion. And we are amenable to whatever settings the Court is willing to give us for a final hearing. We'll make ourselves available.

I believe we have an agreement, and I wasn't the party on these calls, with counsel for Varilease that we would endeavor to have the matter heard on a final basis on or before November 20, which is fine with the Trustee.

So, obviously, their counsel are all present. To the extent I didn't accurately recite the state of play for any of those, I'd invite their comments. But if I'm right, I believe that just leaves the motion that is on file by SMH.

THE COURT: All right. Thank you, Mr. Gibbs.

So let's start. So, counsel for DP, let's see, so that's the agreed order to be submitted by Mr. Smeberg. Are you in agreement, Mr. Smeberg, that everything will be resolved by agreed order on that one?

MR. SMEBERG: Yes, Your Honor. We've already uploaded the agreed order.

THE COURT: Okay. Excellent. Well, I'll take a look at that after the hearing, when I'm signing orders this afternoon. Thank you very much.

With respect to the RKJS matter, in terms of a request to pass for final, Mr. Latray, how much time do the parties

believe they need and how far would you like to go out?

MR. LATRAY: Yes, Your Honor. I believe the parties had discussed initially setting the final hearing on that matter for November 18th. I believe there are some other matters set as well that day. And I think the Trustee and my colleague had agreed to that date, if the Court is able to accommodate.

(Pause.)

THE COURT: So, we have hearings on the 17th. Is it the 17th that you're speaking of?

MR. LATRAY: It may very well be, Your Honor.

Mr. Gibbs, do you by chance know if it's the 17th or the 18th that was discussed?

MR. GIBBS: I believe it was the 18th, but I do see that there are matters set on the 17th, which is fine with us if that works for you.

THE COURT: Okay. So we --

MR. LATRAY: That works for us, Your Honor.

THE COURT: Okay. So what is the time estimate?

MR. LATRAY: I believe that we discussed our estimate would be roughly 15 minutes. I think the parties have nearly reached an agreement on most of the matters, most of the issues. It's just maybe one or two final kind of timing-related issues, Your Honor.

THE COURT: Okay. Well, I can tell you that the

afternoon docket on the 17th is already full in terms of time estimates. We were already concerned we would run out of time on the 17th. And so if I pass to final, it's an in-person evidentiary hearing. So if you think you're going to reach an agreement, that's fine. But if we're going to go to a final hearing, we have to be prepared to actually have that.

Now, let me look at the 18th. The 18th, the only thing I see that has a Tricolor setting is another preliminary hearing, which is, again, a non-evidentiary hearing. I mean, slipping you --

MR. GIBBS: Your Honor?

THE COURT: Oh, please go ahead, Mr. Gibbs.

MR. GIBBS: On the 18th, the adjourned and rescheduled 341 Meeting is set for 1:00 p.m. that Ms. Burns obviously will need to be present for. I'm not sure how long that will take.

So to the extent that the Court is inclined to consider the 18th, possibly after the preliminary hearing docket, which I believe is at the same time, 1:30 that afternoon, if the Court is inclined to set something later in the day on the 18th, should testimony be needed by the Trustee, that would work.

But as we've indicated to the Movants, we'll do our best to accommodate their timing for a final hearing. We hope to work things out with all, if we can, given that we filed a

motion for authority to reject leases for almost every current leased premises. But there are complicating issues with respect to timing and the need for various parties to get notice and respond to that motion.

But whatever the Court is inclined to do, we'll make ourselves available.

THE COURT: Well, right now, on the 17th, in one setting, I have the Vervent motion, final cash collateral, the expedited motion relative to Origin and Vervent, as well as status conferences with respect to all of the hearings that are set for November 25th.

So if you want to put this in there, I'm happy to, but I think you should probably recognize that that right there might already take you your full allotment. So you let me know what you want to do.

The other thing that we could do is pass this to a second preliminary and see if an agreement can be reached and set it for final after that. But I don't want to get in the way of what you guys have already agreed to.

MR. LATRAY: Well, Your Honor, I believe we would be good to go to final on the 17th, as long as we think we can squeeze it in. I'm pretty confident it's going to be extremely brief, if it makes it that far.

THE COURT: All right. I'll put it at the end of the docket on the 17th.

MR. LATRAY: Thank you, Your Honor.

THE COURT: All right. So I'll set this for November 17th at 1:30. We'll get through what we can get through. Again, that will be a final in-person hearing if an agreement is not reached.

All right. So the next one that was going for final hearing was K&S Properties. And I believe that's also you, Mr. Latray. Are you going to try to set that one there as well?

MR. LATRAY: Yes, Your Honor, if that's all right with the Court.

THE COURT: All right. May the force be with you. All right.

MR. LATRAY: I appreciate that.

THE COURT: We'll set those both for the 17th. Ms. Harden is -- her head is spinning right now. Okay.

All right. The next one is Varilease. And I believe, Mr. Schreiber, is that your client?

(WebEx interruption.)

MR. SCHREIBER: Yes.

THE COURT: Musical interlude.

MR. SCHREIBER: Thank you, Your Honor.

THE COURT: Just one moment. Thank you, Mr. Robinson.

A VOICE: Nice music.

THE COURT: Yes, that was. Yes, exactly. It's the opposite of anything that I would play, you're right. That's probably very soothing.

All right, Mr. Schreiber. I understand that it was important for your client to have a final hearing by the 20th?

MR. SCHREIBER: Yes, thank you, Your Honor. Music usually plays when I enter the room on an appearance, so apologies for that.

THE COURT: And I love good walk-up music.

MR. SCHREIBER: But I do recall the last time I -- I recall a rap reference the last time I appeared in front of you. I don't remember the exact artist. So I'll get it right next time.

THE COURT: Excellent. Yes. With me, that could be a lot of people, so I won't even hesitate a guess.

MR. SCHREIBER: That's right.

THE COURT: Go ahead.

MR. SCHREIBER: That's right.

I was in communication as recently as yesterday with Eric Seitz for the Trustee. And we had also decided on November 18th at 1:30. So I'm not sure if there's some expectation that there were going to be a number of hearings set for the 18th.

Our situation is somewhat unique. The name is Varilease, but we are not a landlord. We're an equipment lessor. And so

Eric and I are working collaboratively to I think ultimately resolve our motion as well with an agreed order. So I would not set it for final at this point, Your Honor. I would pass the preliminary.

THE COURT: Okay.

MR. SCHREIBER: And that was kind of how I think we envisioned it.

So, again, is there's 30 seconds available on the 17th, that works for me. 18th. Either way. I'm hopeful that we'd be in a position to present a stipulated order sooner than later.

THE COURT: Okay. Well, let's do this. So, to be clear, the 18th, the settings on the 18th are only preliminary lift stay hearings. They're affidavit-only, mostly scheduling conferences, such as this one. And usually that docket is a whole 30 minutes long for everybody that's on there.

So I'll set this for a second preliminary on the 18th, and if an agreement isn't reached by that day, maybe we can -- we can try to find a final hearing. Is that what I'm hearing, Mr. Schreiber?

MR. SCHREIBER: That's perfect. Thank you.

THE COURT: All right. Excellent. So we'll pass -- and I'm not giving Ms. Harden any docket numbers. She's appreciating that, I'm sure. So Docket 184 and 187 are going to go to a final hearing on November 17th at 1:30. Docket No.

214 is going to go a second preliminary on November 18th at 1:30. Okay. Excellent.

Thank you very much, Mr. Schreiber.

So I think that deals with the "agreements," so now I have the Friedlander and the SMH Properties motion. So I'll start with you, Mr. Petrocchi, with respect to Friedlander.

MR. PETROCCHI: Mark Petrocchi again for the record, Your Honor. We drew two objections, formal objections, and one informal objection.

This morning, we reached an agreement on the language on an order with all of those, and everyone has agreed to sign off, so we have an agreement, Your Honor.

THE COURT: Excellent. Well, I will look for that one in my box. And if it's an agreed form of order, just make sure that I've got signatures attached by the objecting parties. Thank you very much, Mr. Petrocchi.

MR. PETROCCHI: I will. May I be excused?

THE COURT: Well, let me make sure that no one else wants to be heard with respect to the Friedlander motion, 197.

(No response.)

THE COURT: Hearing no takers, you may be excused. Nice to see you.

MR. PETROCCHI: Thank you, Your Honor.

THE COURT: You're welcome.

All right. So, SMH Properties, Docket 200. Let me see.

Mr. Sheppard?

MR. SHEPPARD: Yes, Judge, thank you, and it's nice to see you.

Branch Sheppard for SMH Property, LLC. And so this one is a little bit unique, and I'm really not trying to be difficult here. Let me put it that way. I'm really not. But I think the issues are very clear. Our client is simply a landlord here in Houston. And the property which I have provided information to both Wilmington, who has agreed, and the Trustee's attorney, Mr. Seitz, who has still I don't think agreed, but the property is, in fact, vacant. All vehicles have been removed. It's entirely devoid of any kind of property left of the Debtor.

Recently, our client had learned that the property has been vandalized. There's been a big plate glass window that has been broken out. They are concerned, obviously, of the automatic stay and not taking any action. In the last two weeks, last week and the week before, we've had rather significant rain that has -- actually, it was pretty nasty here. And so we're not certain, because they haven't been inside, whether there is any damage to the property that has occurred as a result of the broken window and the vandalism, one, both from the vandals, and two, from any kind of weather intrusion.

That being said, the motion for relief we filed was on

October the 15th. On October the 29th, creditor Wilmington filed a limited objection requesting that, if the stay is going to lift, that there be certain language included in the order lifting stay, which I spoke with Wilmington's counsel yesterday and they confirmed as well that there's no issue that they have lifting the stay, as long as the language is included in the proposed order, which I have included language in the proposed order that Wilmington requested, and I think Wilmington is fine.

The issue that we're running into here with the Chapter 7 Trustee is -- and I want to bring this to the Court's attention because, respectfully, I think that it's really inappropriate, the manner in which this is being handled, and I will share with you why.

And the Trustee is going to say that we agreed to extend the deadline for their response to October 31st, that Friday. Frankly, I had one conversation with Mr. Seitz on the phone. I don't remember that part of the conversation. Mr. Seitz just filed an affidavit today saying that we did. I don't think that is something that would carry the day here, because I think in the response itself, on Page 2, Section 3, they state specifically that the Trustee has no opposition to returning possession of leased premises, but then they object on multiple grounds in an omnibus objection.

And so what the Trustee is trying to do to insulate

herself here is to attempt to baselessly bootstrap an agreement that we would agree to a *nunc pro tunc* rejection of the lease if we want to get relief from stay now.

And I don't think you can blend the two. On the one hand, they say we don't have any opposition to returning possession of leased premises, but on the other hand they say, oh, we're not going to sign anything unless you agree to the *nunc pro tunc* rejection of the lease, so that the Trustee essentially doesn't have to face any admin claims or face any potential liabilities.

And so we do have an issue with the property -- namely, that we've got a big broken plate glass window. We're not certain whether the property is damaged, because we're trying to abide by the automatic stay, and I've informed our client that.

So our concern is -- and, you know, forget the point that it's untimely. They're going to say I agreed to it. I legitimately do not remember saying that.

Either way, they say in the omnibus response, on the one hand, we don't object, at Page 2, Section 3, but here are all these other objections.

So I have a property for my client that's vacant. The Trustee had already filed a pleading that says she's rejecting that lease. Yet they won't agree to the relief in an agreed order because they want us to bootstrap in a rejection *nunc*

*pro tunc* of the lease.

And so I don't think it's being objected to in good faith. I think you can't bootstrap that in and tie a creditor's hands behind their backs to insulate the Trustee in that regard. And so that's my real concern with this. There really is no legitimate objection or an objection, according to the response itself. And so I think it's appropriate to lift the automatic stay, especially in the instance where we have damaged property and we don't know what's going on inside.

THE COURT: All right. Thank you very much, Mr. Sheppard.

Mr. Gibbs?

MR. GIBBS: Thank you, Your Honor. A couple of points to make.

Counsel for the Movant is correct. There was an affidavit filed this morning by Mr. Seitz. It takes issue with the pleading that was filed yesterday, Docket 313, that was a Certificate of Limited Objection and Untimely Objection, where Mr. Sheppard asserts that we filed an untimely response on October 31, and Mr. Seitz attached to that affidavit copies of email exchanges between himself and Mr. Sheppard, including one on the 30th, confirming that, two days prior, the extension of the existing deadline had been given through the 31st.

There was a further request for a further extension that

we didn't hear a response to, so we filed it before the extended deadline.

So we do believe our objection was timely filed. I tried to give counsel some latitude in his comments and didn't interpose an objection. But to the extent any and all factual statements to be considered as evidence in support of their motion is considered, we would object, Your Honor.

Ironically, this Movant is the only one of the ones that were set today who failed to comply with Local Bankruptcy Rule 4001-1(e), which required their evidence for this preliminary hearing to be filed by affidavit only seven days before today. There's -- up until now, there still is no affidavit, any sworn testimony by any representative of this Movant, to support any --

MR. SHEPPARD: I'm going to object to any kind of oral argument when that's not even part of their objection, Judge. That's part of nobody's objection.

THE COURT: Okay.

MR. GIBBS: Your Honor, I'm pointing out a fact that there is no evidence to support the relief being requested. All you've heard is argument from counsel. And he said it in an email to us, and he repeated it again. And something I do take issue with, and that is the assertion that we're acting in bad faith.

We have attempted to follow the Court's direction to try

to work out as many of the contested issues as we may find ourselves facing in this case with sixty-plus landlords. And the evidence that you hear today shows that we're being successful in that.

We certainly are not acting in bad faith. If the Movants wants to reject the requested stipulation that we sent him, that's perfectly fine. And they may believe that facts exist that don't justify the proposed stipulation we gave to him. That's fine.

They could have filed -- followed the Rules and asked Your Honor for the relief they're asking today, supported by the affidavit, which they failed to do. This matter just needs to get set for final hearing at whatever time the Court wants to give.

THE COURT: All right. Thank you, Mr. Gibbs.

All right. Here's what I'll say. Obviously, there continues to be a bit of a professional dispute between the parties. I did have an opportunity to review the pleading that was filed earlier today by Mr. Seitz. I will readily say it, because I say it every single time, I'm not a big fan of reviewing emails between counsel back and forth. I recognize why people do it, to put the Court on notice as to the nature of the arguments, but it's not something that I take any pleasure in.

Mr. Sheppard, I will say I understand your client's

position as it relates to this particular property. But I have to impose a process. I've been saying this from the beginning of these cases. I've had a lot of folks -- landlords, secured lenders, and the like -- want some pretty instantaneous relief, and I understand that from an asset protection perspective and from an administrative expense perspective and, like you said, the automatic stay.

But when you have a filing of this nature, with all of the responsibilities that are imposed upon a Chapter 7 Trustee, the Court, in her estimation, has to give time to the process and allow the Trustee to get her hands around the various leases -- I forget how many there are; I think there are like 60 or so -- and try to figure out what's what and what's the best way forward to maximize value of the estate to protect the assets of the estate.

With respect to the motion itself, I recognize that it might not have been part of the Trustee's objection as to the missing affidavit. But I will tell you that any compliance with the Local Rules, from the Court's perspective, are in my prerogative. And every single day that I have one of these hearings, I am speaking to folks about the requirements of the Local Rules: the requirement of the conference, the requirement of the service, and the requirement of an affidavit.

So, again, typically, I don't even hold preliminary

hearings if there's no affidavit on file; I kick them. I'm not inclined to do that to your client right now because I recognize where you are and I recognize that this is part of a bigger dispute that could probably either take place under a stay motion or take place under the pending rejection motion.

So all of that to say I'm not going to require the affidavit for today to get to a follow-on hearing, but that's where we're headed. We are headed to the next hearing. That is what the Local Rules provide in this District, is that you start at a preliminary hearing and you move to either a second preliminary hearing, if you think there's a chance for an agreement, or you can move to final, which is an in-person evidentiary hearing.

So I don't disagree with you, there's a stay perspective and there's a rejection perspective. Given the broken window and the potential for harm to the property, my humble suggestion would be to contact the Trustee and ask the Trustee if the Landlord can enter the premises to do the necessary to protect the premises as we stand here today. I recognize and respect that you've encouraged your client not to violate the stay in any way, but given where we are, and to prevent any further damage, that would be my suggestion. That's not presupposing that that's what the Trustee is going to agree to, and she might have some reasons there if she believes there's assets located at the location. But that would be my

suggestion.

So, with that, the question is whether we go to a second preliminary or if we schedule this for a final hearing, recognizing that I think the rejection motion itself is set for the 17th. I'm not sure if your client's lease is on that rejection motion or not.

MR. SHEPPARD: It is.

THE COURT: It is?

MR. SHEPPARD: It is.

THE COURT: Okay. So, with that, what is your preference as the Movant? Would you like to go to a second preliminary or would you like to go to a final?

MR. SHEPPARD: Well, which one would be sooner? The final, I imagine, on the 17th, I guess. Is that --

THE COURT: Well, again, I mean, I want you guys to hear me, because I'm not BS'ing you here. There will not be time on the 17th to hear seven motions, not when we're taking them on an evidentiary basis.

I'm happy to set it, recognizing, if you think it's going to be a short hearing -- and that's, again, recognizing that we might be able to get to it and we might not -- but, otherwise, the rejection motion and your response to it, one of these issues could become moot based upon the rejection of the lease.

Now, I'm not prejudging your argument that they can't

retroactively reject to the petition date. I hear you there. But, again, if we set it for the 17th, then you're running the same risk that RKJS and K&S are running as to whether or not we get to it by the end of that day.

MR. SHEPPARD: Sure. And so I am hopeful that we would be able to reach some kind of resolution by then. So I think setting it for the 17th, I think would be at least helpful at least that we can, you know, maybe announce an agreement.

THE COURT: All right. From your mouth to God's ears.

Mr. Gibbs, do you agree with that?

MR. GIBBS: The last thing that you said, I agree with. Yes, I'm fine with setting it on the 17th.

THE COURT: All right. So, again, the Court is going to set Docket No. 200 for the 17th. It's a final in-person hearing. It's an evidentiary hearing.

And the Court is going to impress upon parties that, obviously, we have a number of hearings that are going to be set before this, but also recognizing that whatever relief is agreed to with respect to the rejection motion at some point could dovetail with at least the three lift stays that we have now set on that. And they're going to be, unless people otherwise agree, they're going to be at the bottom of the docket, because we also have that status conference on all of

the landlords' pending motions to compel as well.

So I'm going to ask that counsel for RKJS, K&S, and SMH notice the motions up for November 17th at 1:30. I'm going to ask for Varilease to notice up their amended second preliminary for 11/18 at 1:30. And I think that's all the motions, is it not? Is there anyone else here on Tricolor whose motion I haven't called?

MR. SHEPPARD: May I ask a question, Judge?

THE COURT: Of course you can.

MR. SHEPPARD: If we do have an agreement by the 17th, can we go ahead and upload an agreed order and not have to show in person?

THE COURT: Oh, yes.

MR. SHEPPARD: Okay.

THE COURT: Yes. If you have the signatures to any objecting parties on that lease, email it to the mvl_settings box and let Ms. Harden know that's an agreed order. And if you could be so kind as to tell her which hearing would come off the docket on the 17th, we'd appreciate it.

MR. SHEPPARD: Very good.

THE COURT: All right. Anyone else wish to be heard?

(No response.)

THE COURT: All right. Well, thank you all for your time. And, again, I apologize for coming out a little bit late.

MR. GIBBS: Thank you, Judge.

THE COURT: You guys have a great day.

MR. SHEPPARD: Thank you, Your Honor.

MR. LATRAY: Thank you, Your Honor.

(Proceedings concluded at 2:21 p.m.)

--oOo--

CERTIFICATE

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

**/s/ Kathy Rehling** **11/04/2025**

_______________________________________ ________________

Kathy Rehling, CETD-444 Date
Certified Electronic Court Transcriber

INDEX

PROCEEDINGS 3

WITNESSES

-none-

EXHIBITS

-none-

RULINGS

Motion for Relief from Stay filed by Creditor Friedlander Family Trust (197) - *Agreed Order to be Uploaded* 5/13

Motion for Relief from Stay filed by Interested Party DP Real Estate, LP (168) - *Agreed Order to be Uploaded* 5

Motion for Relief from Stay filed by Creditor RKJS Investments, LLC (184) - *Continued to 11/17/2025 at 1:30 p.m.* 9

Motion for Relief from Stay filed by Creditor Kevin K. Jahangiri and Sherwin Jahangiri d/b/a K&S Properties (187) - *Continued to 11/17/2025 at 1:30 p.m.* 10

Motion for Relief from Stay filed by Creditor Varilease Finance, Inc. (214) - *Continued to 11/18/2025 at 1:30 p.m.* 12

Motion for Relief from Stay filed by Creditor SMH Property, LLC (200) - *Continued to 11/17/2025 at 1:30 p.m.* 19/23

TBK Bank, SSB's Motion for (I) Relief from the Automatic Stay and (II) Adequate Protection filed by Creditor TBK Bank, SSB (202) - *Reset to 11/18/2025 at 1:30 p.m.*

END OF PROCEEDINGS 25

INDEX 26