IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| In Re:<br><br>TRICOLOR HOLDINGS, LLC, et al.,<br><br>Debtors. | **Case No. 25-33487-mvl-7**<br>Jointly Administered<br><br>Dallas, Texas<br>November 25, 2025<br>9:30 a.m. Docket<br><br>MOTION TO COMPEL FILED BY CREDITOR CICF III-TX1B01, LLC (245)<br><br>MOTION TO REJECT CERTAIN UNEXPIRED REAL PROPERTY LEASES AND TO ABANDON CERTAIN PERSONAL PROPERTY (269) |

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE MICHELLE V. LARSON,
UNITED STATES BANKRUPTCY JUDGE.

APPEARANCES:

| | |
|---|---|
| For Anne Elizabeth Burns, Trustee: | Charles R. Gibbs<br>Grayson Williams<br>MCDERMOTT WILL & SCHULTE, LLP<br>2801 North Harwood Street, Suite 2600<br>Dallas, TX 75201<br>(214) 295-8063 |
| For Hesselbein Tire Southwest, Inc.: | George H. Barber<br>BRADLEY ARANT BOULT CUMMINGS, LLP<br>Fountain Place<br>1445 Ross Avenue, Suite 3600<br>Dallas, TX 75202<br>(214) 939-8700 |
| For BPG Arizona 1, LLC, Landlord: | Stephen M. Pezanosky<br>HAYNES AND BOONE, LLP<br>2323 Victory Avenue, Suite 700<br>Dallas, TX 75219<br>(214) 651-5000 |

APPEARANCES, cont'd.:

| | |
|---|---|
| For Wilmington Trust, National Association: | Stephen Mark Blank<br>ALSTON & BIRD<br>90 Park Avenue<br>New York, NY 10016<br>(212) 210-9742 |
| For CICF III-TX1B01, LLC: | Beau Butler<br>JACKSON WALKER, LLP<br>100 Congress Avenue, Suite 1100<br>Austin, TX 78701<br>(512) 236-2256 |
| Recorded by: | Bryon A. Robinson<br>UNITED STATES BANKRUPTCY COURT<br>1100 Commerce Street<br>Dallas, TX 75242<br>(214) 753-2011 |
| Transcribed by: | Kathy Rehling<br>311 Paradise Cove<br>Shady Shores, TX 76208<br>(972) 786-3063 |

Proceedings recorded by electronic sound recording; transcript produced by transcription service.

DALLAS, TEXAS - NOVEMBER 25, 2025 - 9:49 A.M.

THE COURT: I'll call Case No. 25-33487, Tricolor Holdings, LLC. I'll take appearances for the record, and I'll start with those folks in the courtroom.

MR. GIBBS: Good morning, Your Honor. Chuck Gibbs with McDermott Will & Schulte, counsel for the Chapter 7 Trustee.

MR. PEZANOSKY: Your Honor, Steve Pezanosky with Haynes and Boone on behalf of BPG Arizona, LLC, which is a Landlord with a facility in Surprise, Arizona.

THE COURT: All right. Thank you very much. Do we still go there for spring training? In Surprise? I'm trying to remember.

All right. I'll now take appearances on WebEx.

MR. BARBER: Your Honor, this is George Barber. I'm appearing today on behalf of Hesselbein Tire Southwest.

THE COURT: Just give me one moment.

(Pause.)

MR. BLANK: Good morning, Your Honor. Stephen Blank from Alston & Bird on behalf of Wilmington in its various capacities.

MR. GIBBS: Your Honor, I think Mr. Barber announced on behalf of Hesselbein Tire Southwest.

THE COURT: Yes. Thank you. I was making sure that I have it, and I do. I appreciate that, though, Mr. Gibbs.

All right. Anyone else wish to make an appearance? Mr. Butler, would you like to make an appearance?

MR. BUTLER: Yes, good morning, Your Honor. Beau Butler with Jackson Walker on behalf of CICF III-TX1B01, LLC, one of the Landlords that we refer to as the Cabot Property.

THE COURT: All right. Thank you very much.

Anyone else?

All right. Before we get started, I do want to announce the Court has extended a lot of folks the ability to listen in by phone without necessarily identifying themselves. I'll continue to make the audio available for non-evidentiary hearings, but there's going to come a time in the very near future that I'll ask anyone that's on WebEx to identify themselves. And, again, if it's an evidentiary hearing, to use WebEx you'll need to represent a party or a creditor in the case.

Given the nature of the filing and everyone's need to kind of stay up to date, I've relaxed the Court's otherwise video rules for a little while, but I'll have to be honoring the AO's directives pretty soon.

So, again, for those on the phone, the rule is already that you should be identifying who you are, but like I said, in the near future, when it comes to evidentiary hearings, it'll be audio only. All right. Thank you.

Mr. Gibbs?

MR. GIBBS: Good morning again, Your Honor. Chuck Gibbs on behalf of the Chapter 7 Trustee, Anne Burns.

We have a few matters set this morning, I think all of which won't take long to work through.

Your Honor, there were four motions to compel assumption or rejection filed by four separate Landlords. They were dealt with on a pretrial basis a week ago yesterday, and I believe I announced then that all were either resolved by stipulation or we expected them to be resolved by stipulation before the final hearing that was set today. Let me go through them real quickly.

First is a motion filed by 603 San Fernando by Mr. Gold. That was resolved and announced last week, and the stipulation was uploaded after the conclusion of last week's hearing, and I believe it's at Docket 430.

There was a joint motion to compel filed by ANC Ventures and Bullish Resources. I believe Mr. Held of Jackson Walker on behalf of those two Landlords filed that joint motion. And those were also resolved as announced last week, and those stipulations resolving the motions are found at Dockets 308 and 393, respectively.

There was a motion to compel filed by CICF -- I'll shorten that long name that you just heard from Mr. Butler -- with respect to the Wilmer facility. That's the large recon facility just south of town. And I'm pleased to announce that

that motion was resolved via stipulation, and it was uploaded literally minutes ago. I believe it's found at Docket 474.

And the last one was a motion to compel filed by a Landlord for the Northwest Highway facility, BV NWH. And that was resolved as announced last week, and that stipulation resolving that motion is found at Docket 374.

That leaves, Your Honor, for this morning's docket only the Trustee's Omnibus Motion to Compel Rejection, and that's found at Docket 269. The Certificate of Service of that motion is found at Docket 323, filed by Verita. The objection deadline was the 20th, and we drew a few objections, and I'm happy to announce that we believe all are resolved.

There is one proposed stipulation -- Mr. Pezanosky is here on behalf of that Landlord -- that we are hopeful and, frankly, confident we'll get to a stipulation. He needs to speak with his client later today and provide some information to us to fill in the blanks, but I think we're there on that one, but I'll let him speak.

And I do believe there may be a pending issue between Wilmington Trust and one of the parties that objected to our motion with respect to reservation of rights language that needs to be in the order, and I'm going to leave it to those two parties to tell the Court why they think they're right. But from the Trustee's standpoint, I think we're resolved.

Let me, if I could, just take a minute and make sure the

Court understands what we are seeking and where we are.

And I also failed to announce that I have James Calandra here, who's -- I'll proffer his very short testimony in support of our motion.

THE COURT: Okay. Thank you very much.

MR. GIBBS: I also believe that -- yes, I see Grayson Williams, who's on virtually. And because we filed a second amended proposed order literally also minutes ago that I haven't had the pleasure of reading it, and he has it and he can share the screen if the Court needs to look at that. And that preserved language to deal with the issue I just mentioned regarding Mr. Pezanosky's client.

THE COURT: All right. But before you go on, just so that I can acclimate myself, is the form of order at Docket 475?

MR. GIBBS: It is, Your Honor.

THE COURT: Okay. Excellent. Perfect. That's what I have.

MR. GIBBS: And we filed I believe late last night at Docket 472 what we thought at the time was going to be the order that we would ask Your Honor to consider, and we filed both a clean and a redline showing the comprehensive changes that reflect all of the understandings and resolutions that I'm about to go through.

And then there is the additional change that we needed to

make this morning to resolve the continuing issue that we have with the -- I've forgotten the acronym for Mr. Pezanosky's client.

THE COURT: Appreciate it. That's okay.

MR. GIBBS: BPG Arizona.

THE COURT: Okay.

MR. GIBBS: And that's the Surprise, Arizona recon facility.

THE COURT: Okay.

MR. GIBBS: Your Honor, I want the Court to know and the parties to know that the most significant change in the order that we're asking Your Honor to consider approving from the one that we originally filed that reflected the relief we requested in our motion is that in the motion and in the original order we uploaded, we were seeking Your Honor's approval of rejection *nunc pro tunc* back to the petition date. We have removed that feature of the proposed relief, and we are asking that rejection be effective as of today. And any Landlord who believes they are entitled to an administrative rent claim are free to file a proof of claim and that'll be resolved through the claim reconciliation process that's consistent with stipulations we've made that are of record that I mentioned.

So any party that has a lease that is getting rejected today has the ability to timely file proofs of claim, seek

their administrative rent claim, and we'll deal with it in the claim reconciliation process.

Your Honor, also, we included language in the revised order that ensures that Brinks, who had safes at each of the retail locations, and Varilease, which is the provider of the 80,000-something GPS units that are either -- that were either in the facilities to be installed on vehicles or that had been installed on vehicles that were sold from those locations, the language in the proposed revised order deals with their ability and protects their ability to go to the premises of those leases that we're rejecting to retrieve their safes or the GPS units.

THE COURT: I saw that in the other stipulation. Thank you.

MR. GIBBS: Yes. And that's in Paragraphs 8 and 9 of the redline, Your Honor.

And lastly, Hesselbein Tire filed a limited objection. They have a reclamation claim, and we believe their interests are protected to their satisfaction, and those changes to the original order are found at redline Paragraph 10, so to ensure that they can access one of the Houston properties where their tires are located.

So that's the state of play. I think we've resolved the objections. I believe that the amended order that went up at 472 and the further amended order that went up this morning at

475 deal with the objections that were filed, and we have all the consensual relief that we're seeking.

With that, Your Honor, and with the Court's permission, I will proffer the testimony of James Calandra.

THE COURT: All right. Thank you very much, Mr. Gibbs.

Is there anyone who wishes to proceed by way of opening before we turn to the evidence?

MR. BLANK: Your Honor? If I may real quick.

THE COURT: Mr. Blank?

MR. BLANK: Good morning, again. For the record, Stephen Blank from Alston & Bird on behalf of Wilmington in its various capacities.

I'll try to make it short. We're not objecting. We're in favor of the relief. But just generally speaking, both with respect to this motion as well as some of the stipulations that Mr. Gibbs mentioned before, we're always focused on our rights with respect to the vehicles. We just wanted to make sure the record is clear, nothing in any of these orders are being deemed to modify, amend, minimize, impact, or otherwise affect the rights that we might have, and nothing is empowering any Landlord to transfer, liquidate, or otherwise impact our stuff.

With specific regards to Mr. Gibbs' proposed order, we did have one slight requested tweak. I had previewed with his

team minutes before the hearing -- realize there's a lot going on -- but in Paragraph 8 they say that "nothing contained in this order shall be construed to affect the disposition of any vehicles or legal rights related thereto." We would request that it say "or legal rights of any third party related thereto." Realize they might want to say "legal rights of the Trustee and/or any third party related thereto." But just wanted to make it clear whose rights we're talking about preserving there.

THE COURT: All right. Thank you, Mr. Blank.

MR. BLANK: Thanks, Your Honor.

THE COURT: Any issue with that change, Mr. Gibbs? Okay. Thank you very much.

MR. GIBBS: The Trustee does not. And I am not sure, I don't think the Landlord for the Wilmer facility, --

MR. BLANK: I don't think the Landlord for the Wilmer --

MR. GIBBS: -- Mr. Butler, does, but I'll let him address that.

THE COURT: Okay. Thank you very much. Anyone --

MR. BARBER: And Your Honor, this is George Barber.

THE COURT: Yes?

MR. BARBER: I have spotty email, apparently, today, so bear with me if it breaks up.

I just wanted to confirm on behalf of Hesselbein Tire Southwest that our objection, our limited objection based on our reclamation claim has been resolved by agreement of the Landlords, the Landlord and Trustee, and the addition of that Paragraph 10 in the proposed order that Mr. Gibbs referenced.

THE COURT: All right. Thank you very much, Mr. Barber. Appreciate it.

All right. Anyone else wish to be heard by way of opening?

All right. Mr. Gibbs, you said you want to do a proffer?

MR. GIBBS: Yes, Your Honor. We would proffer the testimony of James Calandra, who's present in the courtroom.

THE COURT: All right. Is there anyone who has an objection to the proffer of Mr. Calandra's testimony?

Hearing no objections, please proceed.

MR. GIBBS: Thank you, Your Honor.

PROFFER OF TESTIMONY OF JAMES CALANDRA, DEBTORS' WITNESS

MR. GIBBS: If called to testify in support of the Trustee's First Omnibus Motion to Reject Unexpired Real Property Leases, Mr. Calandra would testify as follows:

My name is Jim Calandra. I am a managing director of CRS Capstone Partners, LLC. Capstone has been retained and employed by the Trustee as her financial advisor since September 19, 2025. Capstone has served as the financial advisor to debtors across multiple industries, including

aftermarket automotive services, dealerships, and auto financing.

In my role as the Trustee's financial advisor, I have assisted in the investigation of the financial affairs of the Debtor, including identifying the nature and location of estate assets, conducting financial analyses, and advising the Trustee on the disposition of estate assets.

My team and I began an investigation into each aspect of the Debtors' financial affairs, including a review of the many unexpired real property leases that the various Debtors were party to.

After a thorough review of the Debtors' leases, my team and I reached out to numerous market participants to identify any potential acquirers of the leases. Although there was material interest at the onset of these cases, it became apparent that it would take several months to run a fulsome sale process for these leases. Further, the initial interest in these leases failed to materialize into actionable bids or any sale construct that would have been in the best interest of creditors.

The Trustee and her advisers ultimately determined that it would be more effective to reject the leases and ensure the properties were immediately turned over to the Landlords to reduce any potential administrative claim exposure. The leases are unnecessary to the Debtors, and if not rejected

would be a drain on the Debtors' estates and a hindrance to the Chapter 7 liquidation efforts. The continued expense in maintaining the leases and attempting to market them further would likely outweigh any benefit in attempting to find a potential purchaser. The rejection of the leases will represent significant monthly cost savings to the Debtors' estates moving forward.

If called to testify, I would testify truthfully to these matters, and I'm available for cross-examination.

Your Honor, that concludes my proffer of Mr. Calandra's testimony.

THE COURT: All right. Thank you very much, Mr. Gibbs.

Mr. Calandra, could you approach a microphone for me? Thank you, sir. If you could raise your right hand for me. Thank you.

(The witness is sworn.)

THE COURT: Thank you very much. Were you able to hear the proffer that was given by counsel?

THE WITNESS: Yes, I was.

THE COURT: All right. Do you have anything to change or add?

THE WITNESS: No, I don't.

THE COURT: And if called to testify, would that have constituted your direct testimony?

THE WITNESS: Yes, ma'am.

THE COURT: Thank you very much. Appreciate that.

Is there anyone who wishes to cross-examine Mr. Calandra?

All right. Hearing no takers, thank you very much for your testimony, sir.

THE WITNESS: Thank you, Your Honor.

(The witness is excused.)

MR. GIBBS: Your Honor, that proffer, and as proven up by Mr. Calandra, concludes the evidence of the Trustee in support of her motion as brought today at Docket 269. As I indicated and you heard, I believe, the objections that were filed have been successfully resolved.

Counsel for -- why can't I remember the acronym -- BPG Arizona is here present to confirm, I believe, the last change that was made, found in Docket 475. And as I said on the record, the Trustee has no objection to that change suggested by Mr. Blank. And if it's the Court's preference, we will file yet a further revised order, circulate it to all parties, making that one-sentence additional change, and ask Your Honor to enter that order after we've made that change.

THE COURT: Thank you very much, Mr. Gibbs.

Mr. Pezanosky?

MR. PEZANOSKY: Your Honor, I can confirm that with I think it's Paragraph 11 in the added order, which carves my client out from the order and then defers it to a stipulation,

which hopefully will get finalized and filed this afternoon -- if not, I'm sure it will be tomorrow morning -- but, with that, we're in agreement.

THE COURT: Excellent. Thank you very much, Mr. Pezanosky.

MR. PEZANOSKY: Thank you, Your Honor.

THE COURT: All right. Final call. Anyone else wish to be heard with respect to the relief requested in the motion?

All right. The Court has had an opportunity to review the form of order that was uploaded at Docket 475. I appreciate being able to see that prior to the hearing. With the word change that was announced by Mr. Blank, the Court will approve the Trustee's rejection of each of those leases that was designated on the exhibits. I'll wait for you. The Court doesn't need another redline, but if it's easier to circulate to the parties, I welcome you to do so.

The only issue that I wanted to bring to your attention, Mr. Gibbs, is we're having a continuing issue when each of these stipulations is being uploaded, and it's a very technical issue, but it's being uploaded on the docket, and then when the order is uploaded to me it's just referencing the stipulation on the docket. So that requires me, frankly, to go back, find each of them -- read each of the stipulations, find if any motion is affected, and then I have

to go find the ECF number, because they're not in the stipulations. Then, once I do that, I have to prep that particular motion, look for service and all that, and then go back to the order.

But if there were, when the stipulations are uploaded, if they would be related to the original motion, it would be a lot easier for me on my review. I've signed about 12 of them. I did, in a huff, kick one back yesterday. It was a long day. And so when it gets kicked back to your office, if they ask for further explanation, I tried to explain it. But as you know, because I know you've seen them, not every single one but at least probably 10 out of the 12 relate to a motion to compel or to the motion to reject or to a motion to lift stay. And so, like I said, whatever they relate to, that's what the order is really addressing. So if they would do me the favor of properly relating those, it would really help me out.

MR. GIBBS: Your Honor, you asked us for that change a week ago yesterday. I said we'd make it. Apparently, I've fallen short in my assurance to the Court. I'll take responsibility for that.

I remember after the hearing some continuing discussion amongst my team as to that issue. I said it doesn't matter, the Court wants it that way, that's the way we're going to do it. Apparently, we didn't get it -- we didn't get it done for the ones that have been uploaded since last Monday. That

won't happen again.

THE COURT: Well, and I appreciate it. And it may be, if they could reach out to Settings, to Ms. Harden, she might be able to direct them more. If we need to get ECF involved, we'll do it. It's just, it's like I said, it just requires a lot of back-check to the docket. And I try to get through my orders as quickly as I can.

MR. GIBBS: Understood, Your Honor. And, again, my apologies.

THE COURT: Oh, no, it's no problem. I understand that you guys are working hard on it. And when you're doing stipulations with dozens of people, I know it's hard. But it would certainly help the Court out. All right.

MR. GIBBS: Your Honor, we have matters before you at 1:30. Those will be handled by Mr. Williams remotely. He and his wife are passing a bug back and forth, so I think he'll take it remotely. And I have to be at a funeral, so I can't be here this afternoon.

THE COURT: Okay.

MR. GIBBS: So I just wanted the Court to know.

THE COURT: All right. Well, condolences to you. And in any event, like I said, I know it'll get straight, but I'm just trying to help out Case Administration --

MR. GIBBS: Sure. Understood.

THE COURT: -- and Yours Truly. So I will see you

guys at 1:30, and we'll be in recess until then. Take care.

MR. GIBBS: Thank you, Judge.

THE COURT: Sure.

THE CLERK: All rise.

(Proceedings concluded at 10:13 a.m.)

--oOo--

CERTIFICATE

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

**/s/ Kathy Rehling** **12/02/2025**

_______________________________________ _________________

Kathy Rehling, CETD-444 Date
Certified Electronic Court Transcriber

INDEX

PROCEEDINGS 3

WITNESSES

Debtor's Witnesses

Jim Calandra
- Direct Testimony by Proffer by Mr. Gibbs 12

EXHIBITS

-none-

RULINGS

Motion to Compel filed by Creditor 603 San Fernando Road, LLC (226) - *Stipulation Entered 11/20/25 per Docket 430* 5

Amended Motion to Compel the Trustee to Pay Post-Petition Rent or Alternatively Compelling the Trustee to Reject Certain Nonresidential Leases filed by ANC Ventures, Ltd., Bullish Resources, Inc. (229) - *Order Approving Stipulation at Docket Nos. 308 (ANC Ventures, Ltd.) & 393 (Bullish Resources, Inc.)* 5

Motion to Compel filed by Creditor CICF III-TX1B01, LLC (245) - *Stipulation Entered 11/25/25 per Docket 474* 5

Motion to Compel Rejection of Lease and Allowance and Payment of Administrative Expense Claim filed by Creditor BV NWH, LP (247) - *Stipulation Entered 11/14/25 per Docket 374* 6

Motion to Reject Certain Unexpired Real Property Leases and to Abandon Certain Personal Property [First Omnibus Motion] filed by Trustee Anne Elizabeth Burns (269) - *Granted* 16

END OF PROCEEDINGS 19

INDEX 20