IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| In Re: | **Case No. 25-33487-mvl-7**<br>Jointly Administered |
| TRICOLOR HOLDINGS, LLC, et al.,<br><br>Debtors. | Dallas, Texas<br>November 25, 2025<br>1:30 p.m. Docket |
| | MOTIONS FOR RELIEF FROM STAY (202, 270, 299) |
| | MOTION FOR ADEQUATE PROTECTION (271) |

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE MICHELLE V. LARSON,
UNITED STATES BANKRUPTCY JUDGE.

APPEARANCES:

| | |
|---|---|
| For Anne Elizabeth Burns, Trustee: | Grayson Williams<br>MCDERMOTT WILL & SCHULTE, LLP<br>2801 North Harwood Street, Suite 2600<br>Dallas, TX 75201<br>(214) 210-2814 |
| For FIRST Insurance Funding xxx: | Scott W. Foley<br>SHAPIRO SHER GUINOT & SANDLER<br>250 West Pratt Street, Suite 2000<br>Baltimore, MD 21201<br>(410) 385-4234 |
| For Clay Cooley Motor Company: | Sidney H. Scheinberg<br>GODWIN BOWMAN, P.C.<br>500 North Akard Street, Suite 1100<br>Dallas, TX 75201<br>(214) 939-4400 |
| For Fifth Third Bank: | Joy D. Kleisinger<br>FROST BROWN TODD, LLP<br>Great American Tower<br>301 East Fourth Street, Suite 3300<br>Cincinnati, OH 45202<br>(513) 651-6788 |

APPEARANCES, cont'd.:

| | |
|---|---|
| For Fifth Third Bank: | Danielle Juhle<br>GOLDBERG KOHN, LTD.<br>55 East Monroe Street<br>Chicago, IL 60603-5792<br>(312) 863-7131 |
| For JPMorgan Chase Bank, N.A.: | Nicholas E. Baker<br>SIMPSON THACKER & BARTLETT, LLP<br>425 Lexington Avenue<br>New York, NY 10017<br>(212) 455-2032 |
| For Wilmington Trust, National Association: | Stephen Mark Blank<br>ALSTON & BIRD<br>90 Park Avenue<br>New York, NY 10016<br>(212) 210-9742 |
| For TBK Bank, SSB: | Bradley Roland Foxman<br>VINSON & ELKINS, LLP<br>2001 Ross Avenue, Suite 3700<br>Dallas, TX 75201-2975<br>(214) 220-7784 |
| Recorded by: | Bryon A. Robinson<br>UNITED STATES BANKRUPTCY COURT<br>1100 Commerce Street<br>Dallas, TX 75242<br>(214) 753-2011 |
| Transcribed by: | Kathy Rehling<br>311 Paradise Cove<br>Shady Shores, TX 76208<br>(972) 786-3063 |

Proceedings recorded by electronic sound recording; transcript produced by transcription service.

DALLAS, TEXAS - NOVEMBER 25, 2025 - 2:03 P.M.

THE COURT: All right. The next case on the docket is Case No. 25-33487. I know folks are here for my 2:00 o'clock docket. We're still finishing up my preliminary lift stay docket. Thank you so much.

All right. The next matter on the docket, again, is 25-33487, Tricolor Holdings, LLC. I'll take appearances for the record. I see you there, Mr. Scheinberg.

MR. SCHEINBERG: Good afternoon. Good afternoon, Your Honor. Sid Scheinberg on behalf of Clay Cooley Motor Company. I think it's the fourth one of the (inaudible).

THE COURT: All right. Thank you very much.

Mr. Williams, would you like to make an appearance?

MR. WILLIAMS: Good afternoon, Your Honor. Grayson Williams of McDermott Will & Schulte, counsel to the Chapter 7 Trustee.

THE COURT: All right. Thank you very much. It sounds like we shared an appetizer at some point.

MR. WILLIAMS: You and my wife as well, apparently.

THE COURT: Excellent. All right.

Would anybody else like to make an appearance?

MR. FOLEY: Good afternoon, Your Honor. Scott Foley here on behalf of FIRST Insurance Funding.

THE COURT: Thank you very much.

MS. KLEISINGER: Good afternoon, Your Honor. Joy

Kleisinger of Frost Brown Todd here on behalf of Fifth Third. And with me today is Danielle Juhle, also of counsel to Fifth Third.

THE COURT: All right. Thank you very much.

MR. FOXMAN: Good afternoon, Your Honor.

MR. BLANK: Good afternoon, Your Honor. Stephen Blank from Alston & Bird on behalf of Wilmington in its various capacities. And Your Honor, your voice sounds much better than it did this morning.

THE COURT: Thank you very much. Well, there was soup at lunch, and hot tea before that, so I'm trying.

MR. BLANK: Fair enough.

THE COURT: All right. Mr. Foxman?

MR. FOXMAN: Good afternoon, Your Honor. Brad Foxman on behalf of TBK Bank. I'd gotten the flu as my appetizer at the conference.

THE COURT: Thank you very much, Mr. Foxman.

Anyone else?

MR. BAKER: Good afternoon, Your Honor. Nicholas Baker; Simpson Thacher & Bartlett; on behalf of JPMorgan Chase Bank as Administrative Agent.

THE COURT: All right. Thank you.

All right. So we have, I guess, four motions of relief from stay or relief-from-stay adjacent on our preliminary docket. Mr. Williams, do you want to kind of take them in

turn? How shall we proceed?

MR. WILLIAMS: Thanks, Your Honor. I think that makes pretty good sense.

Let's start with TBK. Mr. Foxman is on. He probably has a better announcement on that motion than I do, so I'll pass the torch to him on that one.

THE COURT: Okay. Thank you.

MR. FOXMAN: Good afternoon, Your Honor. Brad Foxman on behalf of TBK.

We'd like to request to pass the preliminary hearing to December 16th. As you may recall, we've passed this motion twice before, and under the Rules we understand that the third pass has to be done in this manner with Your Honor as kind of a status conference about where things stand.

As you mentioned, on the docket there's a sale motion and sale procedures motion that's been filed by the Trustee that's set for hearing on December 3rd.

THE COURT: Yes.

MR. FOXMAN: And depending on the outcome of that motion, it will greatly impact whether or not we go forward with this motion or we withdraw it. So we think it makes the most sense to be efficient for parties to pass this preliminary hearing to the first preliminary hearing after the December 3rd setting, which looks like December 16th in the afternoon.

THE COURT: Yes, that looks like what I have. I mean, alternatively, it's a little off-kilter, I could carry this to the 5th with that sale hearing, and then we could set after that. But if it makes sense just to carry it to the 16th, I'm happy to do that, Mr. Foxman.

MR. FOXMAN: I think the 16th might be a little better, as we've been giving people some objection deadline extensions, and we don't want people to spend time objecting to our motion, you know, in light of that it might not be going forward. So --

THE COURT: That makes sense. That makes sense. All right.

So, Mr. Williams, any issue with the 16th as a preliminary hearing date?

MR. WILLIAMS: No, Your Honor. None at all.

THE COURT: All right. Does anyone else wish to be heard with respect to the TBK motion at 202?

All right. Hearing no other responses, the Court will pass Docket 202 to December 16th at 1:30 for a further preliminary. Thank you.

MR. FOXMAN: Thank you, Your Honor.

THE COURT: Feel better, Mr. Foxman.

MR. FOXMAN: Thank you, Your Honor. You, too.

THE COURT: Appreciate it.

All right. So the next, shall we take up FIRST Insurance

Funding?

MR. WILLIAMS: Sure, Your Honor. There are two separate motions essentially seeking the same relief at 270 and 271.

THE COURT: Correct.

MR. WILLIAMS: I see Mr. Foley is on the line. We entered into a pretty heavily-negotiated stipulation. I think that's sitting at Docket 443. I couldn't say whether an order has been entered on that just yet, --

THE COURT: It has not.

MR. WILLIAMS: -- but we are resolved with respect to today.

THE COURT: All right. Is there anyone who wishes to be heard with respect to the two motions filed by FIRST Insurance Funding at 270 and 271?

MR. FOLEY: Scott Foley, Your Honor. There were no objections other than that of the Trustee. The stipulation contains the agreed terms that were heavily negotiated between the parties. The sooner the motion is granted, the sooner FIRST can cancel the insurance on the agreed-upon effective cancellation date.

That's all, Your Honor. Thank you.

THE COURT: All right. Thank you very much, Mr. Foley.

Anyone else?

Well, heavily-negotiated seems to be the buzzword. I have no issues with the forms of order. I did have an opportunity to review them both. If you were on my 9:30 docket, you heard that I was a little grumpy because one of the issues that I have is these stipulations are coming up and they're not necessarily related to the stay motion, so it takes a little push and pull to get them vetted.

I've also spoken with Ms. Harden, who's kind of working with your office through the process, and she tells me that it's not all on counsel, it's definitely kind of a glitch in our system. But because the stipulations kind of are standalone motions, when I go to review the orders they're not relating to the lift stays.

So, in any event, we will continue to work that out. I know your office is working hard on that, Mr. Williams. But in any event, I will grant each of those motions as they've been stipulated by agreement and otherwise unopposed.

MR. WILLIAMS: Okay. Thank you, Your Honor. That leaves us with the Clay Cooley lift stay motion. Perhaps it makes a little bit of sense for Mr. Scheinberg to give an update. I mean, I understand that where we left things off were we were going to pass this to a further preliminary hearing, but I understand Mr. Scheinberg may have a couple things to say.

MR. SCHEINBERG: Yes. Yes, Your Honor. I think --

well, we've been negotiating and working with this. I think we're definitely -- there are six vehicle titles involved, and my client paid for two of the vehicles and the payments cleared long before the bankruptcy was filed. I believe we have an agreement that those titles will be released.

There are four other vehicle titles in question that people came into various Clay Cooley dealerships, traded in vehicles, we got the payoffs. We originally sent checks out, but after the bankruptcy their counsel instructed me to stop payment on the checks. That was me. But the reason being is that, besides that, Clay Cooley is owed over $140,000 by the Tricolor Entities on parts that were ordered on the eve of bankruptcy.

Now, I believe that constitutes a setoff, but we haven't -- I'd like to be able to either amend this motion or file a supplemental additional motion to address the issue of whether we're entitled to a setoff. And that's where we are with that procedure.

THE COURT: Thank you, Mr. Scheinberg.

Mr. Williams, anything further?

MR. WILLIAMS: Just to preview. We're going to work this out. Maybe it's a separate motion. I think that you'll have a number of people on this call who will object to that, a prepetition claim being used to set off payment to a nondebtor SPV. But we'll cross that bridge when we get there.

For purposes of today, it makes sense to pass this hearing.

THE COURT: All right. Thank you.

MR. SCHEINBERG: I would like to get an interim order saying that the other titles need to be released as soon as possible, because we've got problems, we've got customers (inaudible) titles (inaudible).

MR. WILLIAMS: To that extent, we can easily make a stipulation that says, upon confirmation or receipt of payment, we will release those titles. I know one of the payments was sent prepetition, and it was sent in a batch of checks that we're just working with our financial advisor to identify that payment. And then one of them was sent postpetition, which we have confirmed receipt. So, yes, we'll just work out a quick form of stipulation that ensures that those are turned over immediately.

THE COURT: All right. So if you have a stipulation in mind for those that you are able to dot all the I's and cross all the T's for, you can put that on the docket.

With respect to preliminary pass dates, I've got December 2nd, December 16th, and December 23rd.

With respect to the motion itself and if you're going to amend the motion, I'll tell you, Mr. Scheinberg, if you're going to amend the motion, make sure you file an affidavit. I'm giving you a little bit of grace here, because there was no affidavit filed with the motion, which you know we need.

MR. SCHEINBERG: Oh, I thought (inaudible).

THE COURT: Fair enough. Fair enough. I know you're good for it. But the only other thing is, how dare you bring me another title dispute? You know what I mean. (Laughing.) That's the way I started my career on the bench.

(WebEx interruption.)

THE COURT: We now have a musical interlude. Could you disconnect that one? I deserve that for making a joke. All right.

MR. SCHEINBERG: Oh, I always wanted to be a judge because the one thing -- and I also wanted to be a comedian at one time in my life. If you're a judge, every joke you ever say from the bench is the funniest thing ever.

THE COURT: That's what my clerks tell me.

All right. So, with that, we have December 2nd, December 16th, and December 23rd. What suits your fancy?

MR. SCHEINBERG: I think December 16th would be sufficient. Sir, what -- does that work with you?

MR. WILLIAMS: That will be just fine. Thanks, Sid.

THE COURT: Okay.

MR. SCHEINBERG: Okay.

THE COURT: All right. So we will pass this to a further preliminary on December 16th at 1:30.

If you were to amend your motion, Mr. Scheinberg, why don't you get with Mr. Williams and see if you all can agree

upon an objection date, should you not be able to work it out, okay?

MR. SCHEINBERG: Absolutely. We've been doing that all along.

THE COURT: All right.

MR. SCHEINBERG: Thank you.

THE COURT: Thank you. And that's everything on the Tricolor docket, correct, Mr. Williams?

MR. WILLIAMS: Yes, Your Honor.

THE COURT: Excellent. Well, you guys have a great day and a Happy Thanksgiving.

MR. SCHEINBERG: Same to you.

MR. WILLIAMS: Happy Thanksgiving.

(Proceedings concluded at 2:15 p.m.)

--oOo--

CERTIFICATE

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

**/s/ Kathy Rehling** **12/02/2025**

_________________________________________ _________________

Kathy Rehling, CETD-444 Date
Certified Electronic Court Transcriber

INDEX

PROCEEDINGS 3

WITNESSES

-none-

EXHIBITS

-none-

RULINGS

Motion for Relief from Stay filed by Creditor TBK Bank, SSB (202) - *Passed to 12/16/25 at 1:30 p.m.* 6

Motion for Relief from Stay filed by Creditor FIRST Insurance Funding (270) - *Granted* 8

Motion for Adequate Protection filed by Creditor FIRST Insurance Funding (271) - *Granted* 8

Motion for Relief from Stay filed by Creditor Clay Cooley Motor Company (299) - *Passed to 12/16/25 at 1:30 p.m.* 11

END OF PROCEEDINGS 12

INDEX 13