

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed December 9, 2025**

_____
**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| TRICOLOR HOLDINGS, LLC, *et al.*, | Case No. 25-33487 (MVL) |
| Debtors.[1] | |

**FOURTH AMENDED ORDER GRANTING CHAPTER 7 TRUSTEE'S
MOTION FOR ENTRY OF ORDER APPROVING STIPULATION BETWEEN
TRUSTEE AND VERVENT INC.**

Upon consideration of the above-referenced motion [Docket No. 53] (the "Motion"), and for good and sufficient cause shown, and this Court finding that entry of this Order and approval of the Stipulation attached hereto as **Exhibit A** (the "Stipulation") is in the best interests of creditors and the estates, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that:

---

[1] The Debtors in these chapter 7 cases are as follows: Tricolor Holdings, LLC, TAG Intermediate Holding Company, LLC, Tricolor Auto Group, LLC, Tricolor Auto Acceptance, LLC, Tricolor Insurance Agency, LLC, Tricolor Home Loans LLC dba Tricolor Mortgage, Tricolor Real Estate Services, LLC, TAG California Holding Company, LLC, Flexi Compras Autos, LLC, TAG California Intermediate Holding Company, LLC, Tricolor California Auto Group, LLC, Tricolor California Auto Acceptance, LLC, Risk Analytics LLC, Tricolor Tax, LLC, Tricolor Financial, LLC, Tricolor Auto Receivables LLC, TAG Asset Funding, LLC, and Apoyo Financial, LLC.

1. The Motion is **GRANTED**.

2. The Stipulation is approved and endorsed as an Order of this Court.

3. The Trustee[2] and Vervent are authorized to enter into the Stipulation and to implement the Stipulation as set forth therein within their business judgment.

4. The Trustee is hereby authorized, upon request from Vervent, to grant, and hereby does grant, Vervent access to and use of funds in the Collection Accounts, identified on **Exhibit B** hereto, to (x) fund necessary servicing and transition costs incurred in accordance with the Stipulation and Servicing Agreements and related documents and (y) transfer, pool and segregate into accounts established by Vervent proceeds of Receivables received in the Collection Accounts from time to time, which shall remain subject to any applicable liens and/or competing property interests. Vervent will only request and utilize funds from the Collection Accounts with the prior written approval of Wilmington Trust, N.A. (which approval shall be consistent with the applicable Servicing Agreement and related documents), JPMorgan Chase Bank, N.A. and Fifth Third Bank, N.A.

5. PayNearMe is authorized and directed to take direction from Vervent as successor servicer, including the transmission of current funds and amounts currently residing with PayNearMe into accounts designated by Vervent. Vervent shall pool and segregate any such funds received from PayNearMe or otherwise in a manner satisfactory to Wilmington Trust, N.A., JPMorgan Chase Bank, N.A. and Fifth Third Bank, N.A., and, with respect to any funds that are collateral or property of Origin Bank, TBK Bank, or ACV, Origin Bank, TBK Bank, or ACV (as applicable).

---

[2] Capitalized terms used, but not otherwise defined herein, shall have the meaning ascribed to such terms in the Motion.

6. Wells Fargo is authorized and directed to continue to maintain, service and administer the Collection Accounts at the direction of the Trustee, including by transferring funds from the Collection Accounts to segregated accounts maintained by Vervent, subject to the lien (if applicable) of the applicable agent or trustee. The Trustee may only provide such direction in accordance with the terms of this Order and no funds in such accounts may be utilized for any purpose other than as expressly set forth in this Order and the Stipulation.

7. From and after the date of this Order, Vervent shall use commercially reasonable efforts to collect and account for all Receivables of the Debtors (whether or not such loan receivables are described in the Servicing Agreements). Nothing in this Order allows for the surcharge, sale, or use of any of TBK Bank, SSB's, Origin Bank's or ACV Capital LLC's (together with its affiliates, "ACV") collateral, provided, however, nothing in this Order prevents any party from seeking to recover from TBK Bank, SSB, Origin Bank, or ACV the costs and expenses of administering, collecting and/or disposing of any collateral pledged to TBK Bank, SSB, Origin Bank or ACV or any defenses thereto. From and after the date of this Order, Vervent shall take responsibility for, and account for, all vehicles owned by the Debtors, including properly securing all vehicles, protecting all vehicles from theft, vandalism, or damage, and obtaining and accounting for all keys, license plates, and related titles (collectively, the "Vehicle Assets"). Vervent, TBK Bank, SSB, Origin Bank, and ACV shall promptly share information with each other regarding the Receivables and Vehicle Assets as reasonably requested by each party and as reasonably available under the circumstances and Vervent agrees to provide in advance its general plan to TBK Bank, SSB, Origin Bank, and ACV for the collection, protection, and securing of the Vehicle Assets. TBK Bank, SSB, Origin Bank, and ACV shall have the right, upon reasonable notice to

3

Vervent and during ordinary business hours, to count its vehicle collateral for accounting and regulatory purposes and Vervent shall provide access to the vehicles to TBK Bank, SSB, Origin Bank, and ACV for such purposes in accordance with such limitations. Manheim Remarketing, Inc. ("Manheim") shall have the right, upon reasonable notice to Vervent and during ordinary business hours, to count inventory for which Manheim asserts ownership rights for accounting and regulatory purposes and Vervent shall provide access to the vehicles to Manheim for such purposes in accordance with such limitations. Nothing herein shall prevent TBK Bank, SSB or ACV from seeking further relief from the Court with respect to their collateral, including the Vehicle Assets, including, but not limited to, requesting adequate protection and relief permitting taking possession or liquidating their own collateral.

8. Nothing in this Order impacts any rights and obligations that Vervent might have under the governing agreements for the non-Debtor Tricolor Auto Securitization Trusts, including the Servicing Agreements related thereto, to the extent consistent with the relief granted herein.

9. Notwithstanding anything herein, all rights and remedies of the Trustee, Vervent, Wilmington Trust, N.A., JPMorgan Chase Bank, N.A., Fifth Third Bank, N.A., Origin Bank, ACV, Manheim, and each of the other parties in interest in these cases are expressly preserved, including, but not limited to, with respect to the priority of any liens or claims against or to the alleged collateral of any of the parties in interest.

10. To the extent any relief in the Stipulation implicates the automatic stay in Section 362(a) of the Bankruptcy Code, the automatic stay is hereby modified as to Vervent to the extent required for Vervent to perform its services and obligations under the Stipulation and the Servicing Agreements.

11. This Order shall be effective immediately upon entry on the docket.

12. A hearing on the potential further extension or termination of the relief granted herein shall be held on Thursday, December 18, 2025, at 1:30 p.m. (prevailing Central Time).

13. Absent further order of the Court, the relief granted in paragraphs 4 and 5 herein shall automatically terminate on Friday, December 19, 2025, at 11:59 p.m. (prevailing Central Time).

### END OF ORDER ###

Submitted by:

Charles R. Gibbs (TX Bar No. 7846300)
Marcus A. Helt (TX Bar No. 24052187)
Grayson Williams (TX Bar No. 24124561)
Michael Wombacher (TX Bar No. 24120434)
**MCDERMOTT WILL & SCHULTE LLP**
2801 North Harwood Street, Suite 2600
Dallas, Texas 75201-1664
Tel: (214) 295-8000
Fax: (972) 232-3098
E-mail: crgibbs@mwe.com
　　　　 mhelt@mwe.com
　　　　 gwilliams@mwe.com
　　　　 mwombacher@mwe.com

-and-

Darren Azman (admitted *pro hac vice*)
**MCDERMOTT WILL & SCHULTE LLP**
One Vanderbilt Avenue
New York, New York 10017-3852
Tel: (212) 547-5400
Fax: (212) 547-5444
E-mail: dazman@mwe.com

*Counsel to the Chapter 7 Trustee*

## **Exhibit A**

**Stipulation**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| TRICOLOR HOLDINGS, LLC, *et al.*, | Case No. 25-33487 (MVL) |
| Debtors.[1] | (Jointly Administered) |

**STIPULATION BETWEEN CHAPTER 7 TRUSTEE AND VERVENT, INC.**

Anne Elizabeth Burns, solely in her capacity as the Chapter 7 bankruptcy trustee (the "**Trustee**") for Tricolor Holdings, LLC and its various debtor affiliates (collectively, the "**Debtors**"), hereby stipulates and agrees with Vervent, Inc. and its applicable affiliates ("**Vervent**") as follows:

**WHEREAS**, on September 10, 2025 (the "**Petition Date**"), the Debtors commenced their

---

[1] The Debtors in these chapter 7 cases are as follows: Tricolor Holdings, LLC, TAG Intermediate Holding Company, LLC, Tricolor Auto Group, LLC, Tricolor Auto Acceptance, LLC, Tricolor Insurance Agency, LLC, Tricolor Home Loans LLC dba Tricolor Mortgage, Tricolor Real Estate Services, LLC, TAG California Holding Company, LLC, Flexi Compras Autos, LLC, TAG California Intermediate Holding Company, LLC, Tricolor California Auto Group, LLC, Tricolor California Auto Acceptance, LLC, Risk Analytics LLC, Tricolor Tax, LLC, Tricolor Financial, LLC, Tricolor Auto Receivables LLC, TAG Asset Funding, LLC, and Apoyo Financial, LLC.

chapter 7 cases by filing voluntary petitions for relief under chapter 7 of the Bankruptcy Code with this Court.

**WHEREAS**, the Trustee was appointed on September 10, 2025.

**WHEREAS**, Vervent is (or may become) a party to the following agreements involving the Debtors (collectively, the "**Servicing Agreements**"):

1. Sale and Servicing Agreement, dated as of April 1, 2022, among Tricolor Auto Securitization Trust 2022-1, Tricolor Auto Receivables 2 LLC, Tricolor Auto Acceptance, LLC, Wilmington Trust, National Association, and Vervent;

2. Sale and Servicing Agreement, dated as of February 1, 2023, among Tricolor Auto Securitization Trust 2023-1, Tricolor Auto Receivables 2 LLC, Tricolor Auto Acceptance, LLC, Wilmington Trust, National Association, and Vervent;

3. Sale and Servicing Agreement, dated as of January 1, 2024, among Tricolor Auto Securitization Trust 2024-1, Tricolor Auto Grantor Trust 2024-1, Tricolor Auto Receivables 2 LLC, Tricolor Auto Acceptance, LLC, Wilmington Trust, National Association, and Vervent;

4. Sale and Servicing Agreement, dated as of May 1, 2024, among Tricolor Auto Securitization Trust 2024-2, Tricolor Auto Grantor Trust 2024-2, Tricolor Auto Receivables 2 LLC, Tricolor Auto Acceptance, LLC, Wilmington Trust, National Association, and Vervent;

5. Sale and Servicing Agreement, dated as of October 1, 2024, among Tricolor Auto Securitization Trust 2024-3, Tricolor Auto Grantor Trust 2024-3, Tricolor Auto Receivables 2 LLC, Tricolor Auto Acceptance, LLC, Wilmington Trust, National Association, and Vervent;

6. Sale and Servicing Agreement, dated as of March 1, 2025, among Tricolor Auto Securitization Trust 2025-1, Tricolor Auto Grantor Trust 2025-1, Tricolor Auto Receivables 2 LLC, Tricolor Auto Acceptance, LLC, Wilmington Trust, National Association, and Vervent;

7. Sale and Servicing Agreement, dated as of June 1, 2025, among Tricolor Auto Securitization Trust 2025-2, Tricolor Auto Grantor Trust 2025-2, Tricolor Auto Receivables 2 LLC, Tricolor Auto Acceptance, LLC, Wilmington Trust, National Association, and Vervent;

8. Letter Agreement regarding Assumption of Liquidation Agent Duties, dated as of September 5, 2025, among Vervent and JPMorgan Chase Bank, N.A.;

9. Letter Agreement regarding Assumption of Successor Services Duties to be entered into on or around the date hereof by and between Vervent and Fifth Third Bank, N.A.;

10. Credit Agreement, dated as of November 13, 2020, among Tricolor Funding SPV 4 LLC, Tricolor Auto Acceptance, LLC, the lenders from time to time party thereto, the agent from time to time party thereto, JPMorgan Chase Bank, N.A., Wilmington Trust, National Association, and Vervent; and

11. Additional servicing agreements or arrangements, which may be entered into between Vervent and any parties relating to the Debtors or non-Debtors, structured facilities and/or trusts that purchased assets from the Debtors for similar services in the future.

**WHEREAS**, pursuant to the Servicing Agreements, Vervent was (or may be) engaged to perform certain services as described therein (the "**Services**"), including, without limitation, the following:

1. Manage, service, administer and make collections on certain loan receivables originated by the Debtors as described in the Servicing Agreements (the "**Receivables**");

2. Collect and consolidate funds remitted by borrowers with respect to the Receivables and respond to borrower inquiries related to the Receivables;

3. Collect, transport and dispose or repurpose collateral related to the Receivables, including via vehicle GPS information and repossession from Debtor-owned premises, including the utilization of the Collection Accounts in the manner consistent with the Stipulation and the Servicing Agreements;

4. At no expense to the Debtors' estates, investigate delinquencies related to the Receivables;

5. Provide collection and repossession services in the event of borrower defaults related to the Receivables;

6. Utilize the Debtors' brand identities and company names to accomplish the

Services;

7. With respect to the Receivables, manage and maintain electronic and physical data of the Debtors to accomplish the Services, including via web domains owned or operated by the Debtors;[2] and

8. Communicate and contract with and pay vendors, contractors, suppliers, and creditors of the Debtors or other third parties to accomplish the Services; provided that Vervent may not enter into any contracts that bind the Debtors' estates.

**NOW**, **THEREFORE**, the Trustee and Vervent hereby stipulate and agree as follows:

A. Vervent is authorized to perform the Services in accordance with the Servicing Agreements.

B. Vervent, the Trustee, and the counterparties to the Servicing Agreements shall have the authority, without further Order of the Bankruptcy Court, to expand the scope of authority granted to Vervent therein via written agreement among said parties; provided Vervent shall give prior notice to Wilmington Trust, N.A., JPMorgan Chase Bank, N.A. and Fifth Third Bank, N.A. of any change to Vervent's scope of authority.

C. For avoidance of doubt, nothing in this Stipulation shall permit Vervent to bind the Trustee or the estates for any financial obligations to third parties.

D. This Stipulation shall be binding upon and inure to the benefit of the parties hereto, and their successors and assigns.

E. This Stipulation shall be effective immediately upon approval by the Court. The Court shall retain jurisdiction for purposes of resolving any issues relating to this Stipulation.

[*Remainder of page left intentionally blank*]

---

[2] In no event, however, shall this provision limit in any way the Debtors' ownership of this electronic and physical data.

4

**SO STIPULATED**:

Dated:     September 17, 2025          **Vervent, Inc.**


    */s/ Derek Gamble*
By: Derek Gamble
Its: Chief Legal Officer & Chief Compliance
    Officer

Dated:     September 17, 2025          **Chapter 7 Trustee**


    */s/ Anne Elizabeth Burns*
By: Anne Elizabeth Burns

Submitted by:

Charles R. Gibbs (TX Bar No. 7846300)
Marcus A. Helt (TX Bar No. 24052187)
Grayson Williams (TX Bar No. 24124561)
**MCDERMOTT WILL & SCHULTE LLP**
2801 North Harwood Street, Suite 2600
Dallas, Texas 75201-1664
Tel: (214) 295-8000
Fax: (972) 232-3098
E-mail: crgibbs@mwe.com
    mhelt@mwe.com
    gwilliams@mwe.com

-and-

Darren Azman (admitted *pro hac vice*)
**MCDERMOTT WILL & SCHULTE LLP**
One Vanderbilt Avenue
New York, New York 10017-3852
Tel: (212) 547-5400

Fax: (212) 547-5444
E-mail: dazman@mwe.com

*Proposed Counsel to the*
*Chapter 7 Trustee*

6

**Exhibit B**

**Collection Accounts**

| Collection Account(s) | Debtor | Account(s) Ending |
|---|---|---|
| Deposit Accounts | Tricolor Auto Acceptance, LLC | Wells Fargo Bank *7634, *9370, *7292,*7276 |