**MCDERMOTT WILL & SCHULTE LLP**
Charles R. Gibbs (TX Bar No. 7846300)
Marcus A. Helt (TX Bar No. 24052187)
Grayson Williams (TX Bar No. 24124561)
Michael Wombacher (TX Bar No. 24120434)
2801 North Harwood Street, Suite 2600
Dallas, Texas 75201
Telephone: 214.295.8000
E-mail: crgibbs@mwe.com
  mhelt@mwe.com
  gwilliams@mwe.com
  mwombacher@mwe.com

**MCDERMOTT WILL & SCHULTE LLP**
Darren Azman (admitted *pro hac vice*)
One Vanderbilt Avenue
New York, New York 10017-3852
Telephone: 212-547.5400
E-mail: dazman@mwe.com

Julia M. Beskin (admitted *pro hac vice*)
919 Third Avenue
New York, New York 10022
Tel: (212) 547-5400
Fax: (212) 547-5444
E-mail: julia.beskin@srz.com

*Counsel to the Chapter 7 Trustee*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| TRICOLOR HOLDINGS, LLC, *et al.*,[1] | ) | Case No. 25-33487 (MVL) |
| | ) | |
| Debtors. | ) | |
| | ) | |

**TRUSTEE'S MOTION TO COMPEL THE ATTENDANCE OF DANIEL CHU**
**OR, IF MR. CHU REFUSES TO COOPERATE, JERRY KOLLAR AT THE**
**RESCHEDULED SECTION 341 MEETING OF CREDITORS**

NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN
RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES
BANKRUPTCY COURT AT EARLE CABELL FEDERAL BUILDING, 1100
COMMERCE STREET, RM. 1254 DALLAS, TX 75242-1496 BEFORE CLOSE OF

---

[1] The Debtors in these chapter 7 cases are as follows: Tricolor Holdings, LLC, TAG Intermediate Holding Company, LLC, Tricolor Auto Group, LLC, Tricolor Auto Acceptance, LLC, Tricolor Insurance Agency, LLC, Tricolor Home Loans LLC dba Tricolor Mortgage, Tricolor Real Estate Services, LLC, TAG California Holding Company, LLC, Flexi Compras Autos, LLC, TAG California Intermediate Holding Company, LLC, Tricolor California Auto Group, LLC, Tricolor California Auto Acceptance, LLC, Risk Analytics LLC, Tricolor Tax, LLC, Tricolor Financial, LLC, Tricolor Auto Receivables LLC, Tricolor Asset Funding, LLC, and Apoyo Financial, LLC.

**BUSINESS ON JANUARY 2, 2026, WHICH IS AT LEAST TWENTY-FOUR (24) DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON THE APPLICATION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

Anne Elizabeth Burns, solely in her capacity as the duly appointed chapter 7 bankruptcy trustee (the "Trustee") for Tricolor Holdings, LLC, TAG Intermediate Holding Company, LLC, Tricolor Auto Group, LLC, Tricolor Auto Acceptance, LLC, Tricolor Insurance Agency, LLC, Tricolor Home Loans LLC dba Tricolor Mortgage, Tricolor Real Estate Services, LLC, TAG California Holding Company, LLC, Flexi Compras Autos, LLC, TAG California Intermediate Holding Company, LLC, Tricolor California Auto Group, LLC, Tricolor California Auto Acceptance, LLC, Risk Analytics LLC, Tricolor Tax, LLC, Tricolor Financial, LLC, Tricolor Auto Receivables LLC, TAG Asset Funding, LLC, and Apoyo Financial, LLC (collectively, the "Debtors"), by and through her undersigned counsel, hereby files this motion to compel ("Motion to Compel") the attendance of Daniel Chu or, if he refuses to cooperate, Jerry Kollar at the Section 341 meeting of creditors (the "341 Meeting" or "Meeting"), which has been rescheduled from November 18, 2025 to January 13, 2025 due to the failure of any representative from the Debtors to attend. In support of this Motion to Compel, the Trustee respectfully represents as follows:

## PRELIMINARY STATEMENT

1.      As the Court is well aware, a Section 341 meeting of creditors is an integral part of a chapter 7 bankruptcy proceeding. It allows a lawfully appointed trustee and creditors to question the debtor in order to gather key information regarding the financials of the debtor. A meaningful section 341 meeting may therefore be critical to permitting a trustee to maximize estate funds for the benefit of creditors.

2.      Here, the Clerk of the United States Bankruptcy Court for the Northen District of Texas properly provided notice of, and the Trustee held, the 341 Meeting on November 18, 2025. In advance of that meeting, the Trustee specifically requested that counsel to the Debtors remind Daniel Chu – who was the Chief Executive Officer ("CEO") and founder of the Debtors, and who personally signed each of the Debtor's bankruptcy petitions – of his need to attend the Meeting. The Trustee did so because of Mr. Chu's deep involvement in all aspects of the Debtors' business since founding those companies nearly two decades ago, including serving as both the public face and voice of the Debtors throughout that time period.

3.      Nonetheless, Mr. Chu failed to attend the 341 Meeting and did not communicate with the Trustee regarding his absence. And now Mr. Chu has indicated through counsel that he will not voluntarily attend the rescheduled Meeting. Mr. Chu's refusal to participate in the 341 Meeting threatens to obstruct the resolution of these bankruptcy matters, requiring the Court's intervention to compel his attendance and participation.

4.      In addition, should Mr. Chu refuse to cooperate with the Court order, the Trustee further requests that the Court order Jerry Kollar, the Debtors' former Chief Financial Officer ("CFO"), to appear as the Debtors' representative at the rescheduled 341 Meeting.

**JURISDICTION AND VENUE**

5.      The Court has jurisdiction to consider the Motion to Compel pursuant to 28 U.S.C. §§ 157 and 1334 and the Order *of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc* dated August 3, 1984, entered by the United States District Court for the Northern District of Texas. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and the Motion to Compel in this District is proper under 28 U.S.C. §§ 1408 and 1409.

6.      The legal predicates for the relief requested herein are sections 105(a), 341(a), 343, and 521(a)(3) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2005 and 4002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas (the "Local Rules").

**BACKGROUND**

5.      On September 10, 2025, the Debtors commenced their chapter 7 cases (the "Chapter 7 Cases") by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division. Dkt. 1. Those petitions were signed by Mr. Chu in his role as CEO and/or Authorized Signatory of the Debtors. *Id.* All of the Debtors' Chapter 7 Cases are jointly administered under the above-captioned case for procedural purposes only. Dkt. 75.

6.      On September 10, 2025, the Office of the United States Trustee for Region 6 (the "U.S. Trustee") appointed the Trustee in the Chapter 7 Cases. Dkt. 3.

7.      The 341 Meeting in these Chapter 7 Cases was originally scheduled for October 15, 2025. Dkt. 74.

8.      On October 8, 2025, the Trustee rescheduled the 341 Meeting to November 18, 2025. Dkt. 169.

9.      In advance of November 18, 2025, the Trustee's counsel reminded counsel to the Debtors that Mr. Chu should attend the 341 Meeting as he signed the petitions. The Debtors counsel communicated this instruction to Mr. Chu's personal counsel and was told said counsel would call the Trustee's counsel.

10.     On November 18, 2025, the Trustee held the 341 Meeting as scheduled. Although 168 participants dialed into the Zoom meeting, no Debtors' representatives or counsel representing any Debtor attended the Meeting.

11.     Thus, the 341 Meeting was further postponed to January 13, 2025 at 9:00 am Central Time.

## ARGUMENT

**I.     Attendance at the 341 Meeting by a Representative of the Debtors is Required by the Bankruptcy Code.**

12.     Under Section 341 of the Bankruptcy Code, "[w]ithin a reasonable time after the order for relief in a case under this title, the United States trustee shall convene and preside at a meeting of creditors." 11 U.S.C. § 341(a). One of "[t]he chief function[s] of the meeting of creditors is to . . . examine the debtor," 3 Collier on Bankruptcy, ¶ 341.01 (15th ed. 2000), including "concern[ing] the debtor's financial affairs." *Id.* ¶ 341.02[5][d].

13.     Given the critical importance of these topics to creditors in a chapter 7 proceeding, the plain text of the Bankruptcy Code requires debtors to appear at and participate during Section 341 meetings of the creditors, stating that "[t]he debtor ***shall*** appear and submit to examination under oath at the meeting of creditors under Section 341(a) of this title." 11 U.S.C. § 343 (*emphasis added*). "This statute leaves no doubt that an appearance at a Section 341 meeting is mandatory. It is not waivable." *In re Cochener*, 360 B.R. 542, 576 (Bankr. S.D. Tex. 2007) (*internal citation omitted*). Indeed, in light of the mandatory nature of this

statutory language, the "failure to appear [at a Section 341 meeting] without excuse constitutes a violation of the Bankruptcy Code." *In re Moore*, 309 B.R. 725, 726 (Bankr. N.D. Tex. 2002); *In re Ralph D. Keiser*, 304 B.R. 697, 700 (Bankr. W.D. Tex. 1996).

14. These rules requiring a debtor's appearance and participation at the Section 341 meeting are particularly stringent because "the debtor's presence at the § 341 meeting is not merely ceremonial but instead plays a pivotal role in providing the creditors and the trustee with valuable information regarding the debtor's financial situation." *In re Scott Michael Combs*, 2025 WL 3194484 (Bankr. W.D. Tex. 2025) (*quoting In re Moore*). "Indeed, it is the debtor's physical appearance and testimony at the meeting of creditors that leads the trustee, in many cases, to discover assets for the benefit of the estate." *In re Hall*, 266 B.R. 659, 660 (Bankr. W.D. Ky. 2001).

15. More generally, the Bankruptcy Code likewise requires debtors to "cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties." 11 U.S.C. § 521(a)(3); *see also In re Salubrio*, LLC, 2021 WL 2744631 at *2 (Bankr. W.D. Tex. 2021). "'Cooperate' is a broad term, indeed, and must be construed that whenever the trustee calls upon the debtor for assistance in the performance of his duties, the debtor is required to respond, at least if the request is not unreasonable." 4 Collier on Bankruptcy ¶ 521.15[5] (16th ed. 2018). Cooperation is thus insisted upon, with courts "unwilling to let these cases be orphaned by the very party that filed them." *In re Cambridge Analytica LLC*, 596 B.R. 1, 9 (Bankr. S.D.N.Y. 2019).

16. As such, "[i]t is well settled that a [trustee] should not be required to drag information from a reluctant and uncooperative debtor. Because of the extraordinary relief offered under the Bankruptcy Code delay and avoidance tactics are inconsistent with, and offensive to, its purpose and spirit." *In re Royce Homes, LP*, 2009 WL 3052439 at *1 (Bankr. S.D. Tex. 2009).

**II.    Daniel Chu is the Most Appropriate Individual to Represent Debtors at the 341 Meeting.**

17.    Where, as here, the debtor is a corporation, an individual must act as its representative at a Section 341 meeting and, "[n]ormally, if the debtor is a corporation or partnership, the individuals in control of and most knowledgeable about the entity should appear for examination." 3 Collier on Bankruptcy, ¶ 343.02[3] (15th ed.2000). "[F]or a larger corporation this may include the chief executive officer and the chief operating officer." *Id.* As a result, the Court should compel Mr. Chu – the Debtors' CEO who signed the voluntary petitions for relief and in doing so named himself as the individual representing the corporate Debtors thus far in these Chapter 7 Cases – to attend the rescheduled 341 Meeting here as the representative of the Debtors.

18.    Mr. Chu was the founder and CEO of Tricolor, continuously running the company from its inception in 2007 until its bankruptcy filing in September 2025. During his time as the CEO of Tricolor, Mr. Chu was actively involved in all aspects of the company's business: he was intimately involved in company finances; served on and interacted directly with the company's board of directors; handled company decision-making; led negotiations with creditors in advance of the bankruptcy; and signed various credit agreements with the banks. *See, e.g.*, Exs. 1-4, 61.

19.    Indeed, in an internal email attempting to justify the lavish personal expenses that he paid for with corporate funds, Mr. Chu himself described his wide-ranging roles at the company, stating: "I wear many hats, not necessarily by my choice. So outside of the normal course of serving as CEO, I do all of the external interaction with our lenders and ABS investors. That includes, for example, attending conferences, rating agency meetings and doing roadshows for our bond issuances. (The vast majority of our peers have a dedicated person to do this). I also do 100%

7

of our site selection and correspondingly, new market strategy. Additionally, I do virtually all of the initial reach out for anything strategic---from lobby efforts to tech to new exec hires." Ex. 4.

20.     Mr. Chu is thus plainly the individual "in control of and most knowledgeable about the entity," 3 Collier on Bankruptcy, ¶ 343.02[3] (15th ed.2000), and should therefore be compelled to appear as the Debtors' representative at the 341 Meeting.

21.     This outcome is further supported by the fact that Mr. Chu routinely held himself out as the main public representative of Tricolor over the course of his nearly two decades at the company. For example, in the 52 press releases that Tricolor released from March 2018 until the bankruptcy, Mr. Chu was quoted in all 52 press releases, covering topics ranging from bond offerings to management hires to additions to the company's board of directors. *See* Exs. 9-60.

22.     Similarly, when Tricolor won an award from Auto Finance News for excellence in technology in 2019, Mr. Chu personally accepted the award on behalf of the company and delivered a keynote address. Ex. 33.  When Inc. named Tricolor to its Best in Business list in 2022, it prominently featured a photograph of and interview with Mr. Chu. *See* Ex. 25. Mr. Chu likewise conducted interviews as the representative of Tricolor with the Dallas Business Journal in June 2022, Auto Finance News in August 2020, the Sage Executive podcast in July 2020, Authority Magazine in August 2019, and the Lending in Digital Times podcast in July 2019. *See* Rob Schneider, *Q&A with Daniel T. Chu, CEO, Tricolor*, DALL. BUS. J. (June 22, 2022), https://www.bizjournals.com/dallas/news/2022/06/22/daniel-chu-tricolor.html; Bianca Chan, *5 Questions With… Daniel Chu of Tricolor*, AUTO FIN. NEWS (Aug. 20, 2020), https://www.autofinancenews.net/allposts/best-practices/5-questions-with-daniel-chu-of-tricolor/; The Sage Executive Podcast, *How Executives Lead from Behind: Daniel Chu: Ep. #3*, YOUTUBE (July 14, 2020), https://www.youtube.com/watch?v=YSBSf-wqN3E; Carly Martinetti,

"*5 Things I Wish Someone Told Me Before I Became the CEO the of Tricolor" With Daniel Chu*,
AUTH. MAG. (Aug. 28, 2019), https://medium.com/authority-magazine/5-things-i-wish-someone-told-me-before-i-became-the-ceo-the-of-tricolor-with-daniel-chu-53d1800404e;    Conduent
Podcast: Lending in Digital Times, *Episode 2: Interview with Daniel Chu, CEO & Founder,
Tricolor        Auto        Group*,        YOUTUBE        (July        23,
2019),https://www.youtube.com/watch?v=L6nAIWEc8qw.

23.    Just as Mr. Chu regularly and repeatedly spoke on Tricolor's behalf when it served
his personal interests to do so as Tricolor's CEO, so too should he be required to speak on behalf
of the Debtors at the 341 Meeting where doing so could be vital to protecting the interests of
Tricolor's creditors.

24.    In light of Mr. Chu's failure to attend the prior 341 Meeting, the Trustee does not
believe that Mr. Chu will attend the rescheduled Meeting on January 13, 2026 without Court
intervention.

25.    Indeed, in conferring with the Trustee's counsel regarding this Motion to Compel,
Mr. Chu's counsel confirmed that Mr. Chu would not voluntarily appear at the 341 Meeting.[2]

26.    The Trustee therefore respectfully requests that the Court compel Mr. Chu to attend
the postponed 341 Meeting as the individual representing the Debtors in these cases, so that this
proceeding can continue forward in an effective and efficient manner.

---

[2]    Mr. Chu's counsel further argued that Mr. Chu should not be required to attend the rescheduled 341 Meeting
because they would advise Mr. Chu "to assert his rights under the Fifth Amendment as to most, if not all, questions
that may be posed at any compelled 341 attendance." However, such a speculative argument that Mr. Chu may
assert his Fifth Amendment rights with respect to certain unspecified questions at the 341 Meeting does not excuse
Mr. Chu's attendance. *See, e.g.*, 3 Collier on Bankruptcy ¶ 344.03 (16th ed. 2018) ("A debtor may not simply . .
. refuse to answer any questions concerning his or her financial affairs at the meeting of creditors, on the basis of
a blanket assertion of Fifth Amendment privilege. . . . A debtor is required to . . . refuse to answer particular
questions when posed, so that the bankruptcy court can determine if the privilege is justified in each instance.");
*In re De Ronde*, 509 B.R. 223, 228 (Bankr. S.D. Iowa 2012) ("a potential claim of privilege under
the Fifth Amendment does not excuse Defendant's failure to appear").

III.   **If Daniel Chu Refuses to Cooperate, Jerry Kollar Must be Made to Stand as the Debtors' Representative at the 341 Meeting.**

27.    Mr. Chu has shown by his prior actions that he may not appear for a 341 Meeting even with a Court order to do so. In such circumstances, the Trustee further requests that the Court compel Jerry Kollar to attend the 341 Meeting and serve as the Debtors' representative at that Meeting if Mr. Chu refuses to do so.

28.    Mr. Kollar was the CFO of Tricolor for over 10 years. Though he may have less information about the Debtors as a whole than Mr. Chu, Mr. Kollar will have valuable information regarding the finances and financial deterioration of Tricolor. Internal company documents make clear that (among other responsibilities) Mr. Kollar oversaw company finances, drafted financial documents, worked intimately with Mr. Chu, and attended meetings of the company's board of directors by invitation. *See* Exs. 5-8.[3]

29.    The Trustee is obligated through her role to maximize estate funds for the benefit of creditors. The 341 Meeting is an important step in achieving this goal and in the proper management of these Chapter 7 Cases. To facilitate the Trustee in her role and to continue the efficient processing of this matter, the Debtors must offer a representative who can intelligently answer questions regarding Tricolor's financial situation. So far, none has emerged. Mr. Chu or, in the alternative, Mr. Kollar should therefore be compelled to attend the rescheduled Meeting.

---

[3]    In conferring with the Trustee's counsel regarding this Motion to Compel, Mr. Kollar's counsel suggested that courts should not compel former employees to appear at a Rule 341 meeting.  However, numerous courts have done just that, particularly where, as here, there are no remaining employees at the company. *Greene v. Harris*, 240 F.2d 275, 275 (2d Cir.1957); *In re Continuum Care Servs., Inc.*, 375 B.R. 692, 695 (Bankr. S.D. Fla. 2007).

## CONCLUSION

For the foregoing reasons, the Trustee respectfully requests that the Court grant this Motion

to Compel.

Dated: Dallas, Texas
        December 9, 2025

**MCDERMOTT WILL & SCHULTE LLP**

*/s/ Charles R. Gibbs*
Charles R. Gibbs (TX Bar No. 7846300)
Marcus A. Helt (TX Bar No. 24052187)
Grayson Williams (TX Bar No. 24124561)
Michael Wombacher (TX Bar No. 24120434)
2801 North Harwood Street, Suite 2600
Dallas, Texas 75201-1664
Tel:      (214) 295-8000
Fax:     (972) 232-3098
E-mail:   crgibbs@mwe.com
           mhelt@mwe.com
           gwilliams@mwe.com
           mwombacher@mwe.com

-and-

Darren Azman (admitted *pro hac vice*)
One Vanderbilt Avenue
New York, New York 10017-3852
Tel:      (212) 547-5400
Fax:     (212) 547-5444
E-mail:   dazman@mwe.com

Julia M. Beskin (admitted *pro hac vice*)
919 Third Avenue
New York, New York 10022
Tel:      (212) 547-5400
Fax:     (212) 547-5444
E-mail: julia.beskin@srz.com

*Counsel to the Chapter 7 Truste*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 7 |
|  | ) |  |
| TRICOLOR HOLDINGS, LLC, *et al.*,[1] | ) | Case No.  No. 25-33487 (MVL) |
|  | ) |  |
| Debtors. | ) |  |
|  | ) |  |
|  | ) |  |

**CERTIFICATION OF COUNSEL REGARDING ORDER APPROVING**
**TRUSTEE'S MOTION TO COMPEL THE ATTENDANCE OF DANIEL CHU**
**OR, IF MR. CHU REFUSES TO COOPERATE, JERRY KOLLAR AT THE**
**RESCHEDULED SECTION 341 MEETING OF CREDITORS**

The undersigned, counsel to Anne Elizabeth Burns, solely in her capacity as the duly

appointed Chapter 7 bankruptcy trustee (the "Trustee") for Tricolor Holdings, LLC, TAG

Intermediate Holding Company, LLC, Tricolor Auto Group, LLC, Tricolor Auto Acceptance,

LLC, Tricolor Insurance Agency, LLC, Tricolor Home Loans LLC dba Tricolor Mortgage,

Tricolor Real Estate Services, LLC, TAG California Holding Company, LLC, Flexi Compras

Autos, LLC, TAG California Intermediate Holding Company, LLC, Tricolor California Auto

Group, LLC, Tricolor California Auto Acceptance, LLC, Risk Analytics LLC, Tricolor Tax, LLC,

Tricolor Financial, LLC, Tricolor Auto Receivables LLC, TAG Asset Funding, LLC, and Apoyo

Financial, LLC (collectively, the "Debtors") in the above-captioned matter, hereby certifies as

follows:

---

[1]   The Debtors in these Chapter 7 cases are as follows: Tricolor Holdings, LLC, TAG Intermediate Holding
Company, LLC, Tricolor Auto Group, LLC, Tricolor Auto Acceptance, LLC, Tricolor Insurance Agency, LLC,
Tricolor Home Loans LLC dba Tricolor Mortgage, Tricolor Real Estate Services, LLC, TAG California Holding
Company, LLC, Flexi Compras Autos, LLC, TAG California Intermediate Holding Company, LLC, Tricolor
California Auto Group, LLC, Tricolor California Auto Acceptance, LLC, Risk Analytics LLC, Tricolor Tax,
LLC, Tricolor Financial, LLC, Tricolor Auto Receivables LLC, TAG Asset Funding, LLC, and Apoyo Financial,
LLC.

**WHEREAS**, on September 10, 2025, the Debtors commenced their chapter 7 cases (the "Chapter 7 Cases") by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division;

**WHEREAS**, the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2);

**WHEREAS**, on September 10, 2025, the Office of the United States Trustee for Region 6 appointed the Trustee in the Chapter 7 Cases;

**WHEREAS**, the Section 341 meeting of creditors (the "341 Meeting") in these Chapter 7 Cases was originally scheduled for October 15, 2025;

**WHEREAS**, on October 8, 2025, the Trustee rescheduled the 341 Meeting to November 18, 2025;

**WHEREAS**, on November 18, 2025, the Trustee held the 341 Meeting as scheduled;

**WHEREAS**, no Debtors, individuals representing the Debtors, or counsel representing either attended the 341 Meeting;

**WHEREAS**, the 341 Meeting was further postponed to January 13, 2025 at 9:00 am Central Time;

**WHEREAS**, in accordance with L.B.R. 7007-1, the Trustee conferred with Daniel Chu's counsel, John Sparacino at McKool Smith, requesting on December 3, 2025, confirmation that Mr. Chu would attend the Section 341 Meeting;

**WHEREAS**, Mr. Sparacino responded on December 5, 2025, advising that "Mr. Chu will not voluntarily appear" at the 341 Meeting;

2

**WHEREAS**, Mr. Sparacino confirmed that this Motion to Compel the Attendance of Daniel Chu or, if Mr. Chu Refuses to Cooperate, Jerry Kollar at the Rescheduled Section 341 Meeting of Creditors ("Motion to Compel") is opposed;

**WHEREAS**, the Trustee conferred with Jerry Kollar's counsel, Lydia Webb at Gray Reed, meeting on December 9, 2025;

**WHEREAS**, Ms. Webb confirmed that the Motion to Compel is opposed;

**WHEREAS**, the Trustee now files this Motion to Compel to, among other things, facilitate the efficient management of these Chapter 7 Cases;

**WHEREAS**, the proposed order approving the Motion to Compel is attached hereto as **Exhibit 1** (the "Proposed Order");

**WHEREAS**, the Motion to Compel is attached.

**NOW, THEREFORE** the Trustee respectfully requests that the Court enter the Proposed Order.

Dated:  Dallas, TX
        December 9, 2025

**MCDERMOTT WILL & SCHULTE LLP**

*/s/ Charles R. Gibbs*
Charles R. Gibbs (TX Bar No. 7846300)
Marcus A. Helt (TX Bar No. 24052187)
Grayson Williams (TX Bar No. 24124561)
Michael Wombacher (TX Bar No. 24120434)
2801 North Harwood Street, Suite 2600
Dallas, Texas 75201-1664
Tel:    (214) 295-8000
Fax:   (972) 232-3098
E-mail:     crgibbs@mwe.com
              mhelt@mwe.com
              gwilliams@mwe.com
              mwombacher@mwe.com
-and-

Darren Azman (admitted *pro hac vice*)
One Vanderbilt Avenue
New York, New York 10017-3852

3

Tel: (212) 547-5400
Fax: (212) 547-5444
E-mail: dazman@mwe.com

Julia M. Beskin (admitted *pro hac vice*)
919 Third Avenue
New York, New York 10022
Tel: (212) 547-5400
Fax: (212) 547-5444
E-mail: julia.beskin@srz.com

*Counsel to the Chapter 7 Trustee*

4

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on December 9, 2025, a true and correct copy of the foregoing document was served via (i) CM/ECF for the United States Bankruptcy Court for the Northern District of Texas on all parties authorized to receive electronic notice in this case, and (ii) e-mail on counsel for Jerry Kollar: Lydia Webb at Gray Reed LLP (lwebb@grayreed.com).


*/s/ Charles R. Gibbs*
Charles R. Gibbs