IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In Re: | ) | **Case No. 25-33487-mvl-7** |
| | ) | Jointly Administered |
| TRICOLOR HOLDINGS, LLC, et al., | ) | Dallas, Texas |
| | ) | December 3, 2025 |
| | ) | 2:30 p.m. Docket |
| Debtors. | ) | MOTIONS (53, 287, 456) |

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE MICHELLE V. LARSON,
UNITED STATES BANKRUPTCY JUDGE.

APPEARANCES:

| | |
|---|---|
| For Anne Elizabeth Burns, Trustee: | Charles R. Gibbs<br>Grayson Williams<br>MCDERMOTT WILL & SCHULTE, LLP<br>2801 North Harwood Street, Suite 2600<br>Dallas, TX 75201<br>(214) 295-8063 |
| For TBK Bank, SSB: | Bradley Roland Foxman<br>VINSON & ELKINS, LLP<br>2001 Ross Avenue, Suite 3700<br>Dallas, TX 75201<br>(214) 220-7784 |
| For Vervent, Inc.: | Scott D. Lawrence<br>WICK PHILLIPS GOULD & MARTIN, LLP<br>3131 McKinney Avenue, Suite 500<br>Dallas, TX 75204<br>(214) 420-4449 |
| For Vervent, Inc.: | Adam R. Prescott<br>BERNSTEIN, SHUR, SAWYER & NELSON, P.A.<br>100 Middle Street<br>P.O. Box 9729<br>Portland, ME 04101-5029<br>(207) 228-7145 |

Recorded by: Bryon A. Robinson
UNITED STATES BANKRUPTCY COURT
1100 Commerce Street
Dallas, TX 75242
(214) 753-2011

Transcribed by: Kathy Rehling
311 Paradise Cove
Shady Shores, TX 76208
(972) 786-3063

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

DALLAS, TEXAS - DECEMBER 3, 2025 - 2:36 P.M.

THE COURT: And now the Court will take up our 2:30 docket. We have one matter on the 2:30 docket, and that is Case No. 25-33487, Tricolor Holdings, LLC. I'll take appearances for the record, and I'll start those folks in the courtroom.

Mr. Gibbs?

MR. GIBBS: Good afternoon, Your Honor. Chuck Gibbs with McDermott Will & Schulte, along with my colleague Grayson Williams and my client Anne Burns, the Chapter 7 Trustee, here on behalf of Ms. Burns.

THE COURT: All right. Thank you so much.

Mr. Lawrence?

MR. LAWRENCE: Good afternoon, Your Honor. Scott Lawrence at Wick Phillips here appearing on behalf of Vervent, Inc. Also on the line for Vervent is Adam Prescott of the Bernstein law firm.

THE COURT: All right. Thank you.

I heard at Westbrook your section is growing over there, Mr. Lawrence. Congrats. Glad to hear it.

MR. LAWRENCE: Well, thank you, Your Honor. We're pleased to have Mr. Gaither join us.

THE COURT: Excellent. All right. I'll now take appearances on WebEx.

MR. FOXMAN: Good afternoon, Your Honor. Brad Foxman

of Vinson & Elkins on behalf of TBK Bank, as Agent.

THE COURT: Good afternoon.

Anyone else wish to make an appearance?

All right, Mr. Gibbs. The gang's all here.

MR. GIBBS: Thank you again, Your Honor. We had two matters on the docket, one of which we have continued. We appreciate the Court's availability that you offered us on the 18th of December. We sent a notice of adjourned hearing with a notice to parties that it would be reconvened at 1:30 on the 18th. Let me spend just a minute and tell the Court what necessitated that and where we are.

THE COURT: All right.

MR. GIBBS: And then I'll turn to the remaining matter on the docket.

The motion that was set for today was for approval of a set of auction procedures that had been negotiated over a period of weeks with the stakeholders that claimed ownership or secured interests in all of the vehicles. It's a moving target as to exactly how many vehicles it is. We think we're settling on approximately 9,500, which is a bit lower than the number that was carried on the Debtors' books, but it seems to be all that we can find and that will ultimately end up on auctioneers' lots in various states.

When we filed the motion, we had conversations with the U.S. Trustee's Office, and they raised concerns about the fact

that these sales were going to be gaveled off by auctioneers who needed to be retained under 327 of the Code, with appropriate disclosures, disinterestedness standards, and posting of bonds satisfactory to the U.S. Trustee's Office. We are attempting to comply with those concerns and address those concerns to the U.S. Trustee's satisfaction. Those conversations are ongoing, as well as related conversations with the auctioneers and the parties that engaged those auctioneers. A longwinded way of saying we're not quite there yet.

We will be back on the 18th with one of -- neither -- well, let me say it again. We'll be back on the 18th, but not with this exact motion. It will either be an amended motion seeking the relief -- essentially what's in the pending motion that was set for today -- plus a request for authority to retain identified auctioneers under 327, or we will pivot and file motions set for the same day that will essentially be a global lift of stay so that the sale processes can go forward on essentially the same timeline but not through auctions conducted pursuant to court order with 363 orders that would be attendant thereto. So one of those two processes will result in an amended motion that comes before the Court, we hope, on the 18th.

We are working pretty feverishly to resolve the logistical issues such that we could go forward with the sale motion with

attendant 327 retention requests that are satisfactory to the U.S. Trustee.

THE COURT: Okay.

MR. GIBBS: And we've given ourselves some more days to try to get to that goal. If not, we'll go to Plan B.

But that's where we are. The goal is to still get an order from the Court hopefully after the conclusion of evidence and hearing any objections, such that the estate and the parties in interest can move forward with the effort to liquidate some 9,500 cars and monetize those assets. And then we have a set of procedures we've negotiated that would put the money that's netted out from those processes into the Trustee's account, and there they would sit until the parties have satisfied themselves as to who's the owner or appropriate party to get those proceeds.

THE COURT: Okay. Well, again, so long as it's an amended motion, I don't think you'll need anything in terms of expedition. But if we are going to retain some auctioneers, you'll probably need the motion to expedite --

MR. GIBBS: Yeah.

THE COURT: -- to have that heard on the 18th as well. So the Court will look for that.

Obviously, to the extent it's some of the bigger players, like the Rosens and the Ritchies of the world, they'll know what to do. But if not, if it's some of the non-bankruptcy

players, then --

MR. GIBBS: Yeah.

THE COURT: -- just walk them through the process.

MR. GIBBS: And we have a motion for expedited hearing in the works and ready to file, --

THE COURT: All right.

MR. GIBBS: -- in case we need to.

So that leaves us only today with the request to further amend the order that Your Honor entered originally on September 19th granting our emergency motion to approve a stipulation between Ms. Burns and Vervent, Inc. You've heard testimony about that. You've heard them referred to at most every hearing.

That original order was amended on October 15th to extend the rights and responsibilities set forth in the stipulation through October 29, and then it was amended again on the 29th. And that's at Docket 287 that amended those responsibilities and authorities through November 21, where it was amended yet again at Docket 435.

And we are asking Your Honor again to amend and extend the order continuing, with the exact same terms, the stipulation that you originally approved, through midnight on December 19th, which would carry us through the date that we're currently scheduled to be back before Your Honor on the amended sale motion.

THE COURT: Okay.

MR. GIBBS: So, unless the Court has any concerns that have arisen or any unanswered questions, we would ask, in the absence of any objection, that the terms of the stipulation that you approved originally in September and approved by three further extensions to be extended a fourth time.

THE COURT: All right. Thank you very much, Mr. Gibbs.

Is there anyone who wishes to be heard with respect to the extension of the Vervent stipulation?

Okay. Hearing no responses, all right, it looks like Ms. Harden is always a few steps ahead of us. She's already got the sale motion on for the 18th.

Once I get the order uploaded extending the Vervent stipulation through 12/19, then we will have that next stipulation set for hearing on December 18th at 1:30 as well. I think she's got the afternoon for you guys on that day, so we should have time, obviously, to put any applications to employ, to the extent those are necessary, on that day, and then if anything else comes up that we need to discuss.

MR. GIBBS: All right.

THE COURT: All right?

MR. GIBBS: That's all we had, Judge.

THE COURT: All right. So, with that, the Court will

approve the extension of the Vervent stipulation through 12/19, with a next hearing on December 18th at 1:30. I will see you guys again, so you don't get any Happy Holidays.

MR. GIBBS: Thank you, Judge.

THE COURT: Thanks so much. You guys have a good one. Court will stand adjourned for the day.

THE CLERK: All rise.

(Proceedings concluded at 2:45 p.m.)

--oOo--

CERTIFICATE

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

**/s/ Kathy Rehling** **12/06/2025**

_____________________________________ _______________

Kathy Rehling, CETD-444 Date
Certified Electronic Court Transcriber

INDEX

PROCEEDINGS 3

WITNESSES

-none-

EXHIBITS

-none-

RULINGS 8

Emergency Motion for Entry of Order Approving Stipulation Between Chapter 7 Trustee and Vervent, Inc. filed by Trustee Anne Elizabeth Burns (53)

Second Amended Order Granting Chapter 7 Trustee's Motion for Entry of Order Approving Stipulation Between Trustee and Vervent, Inc. (287)

Chapter 7 Trustee's Emergency Motion to (I) Sell Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (II) Establish Sale Procedures, and (III) Granting Related Relief filed by Trustee Anne Elizabeth Burns (456)

END OF PROCEEDINGS 9

INDEX 10