**MCDERMOTT WILL & SCHULTE LLP**
Charles R. Gibbs (TX Bar No. 7846300)
Marcus A. Helt (TX Bar No. 24052187)
Grayson Williams (TX Bar No. 24124561)
2801 North Harwood Street, Suite 2600
Dallas, Texas 75201
Telephone: (214) 295-8000
E-mail: crgibbs@mwe.com
        mhelt@mwe.com
        gwilliams@mwe.com

**MCDERMOTT WILL & SCHULTE LLP**
Darren Azman (admitted *pro hac vice*)
One Vanderbilt Avenue
New York, New York 10017-3852
Telephone: (212) 547-5400
E-mail: dazman@mwe.com

Julia M. Beskin (admitted *pro hac vice*)
919 Third Avenue
New York, New York 10022
Tel: (212) 547-5400
Fax: (212) 547-5444
Email: julia.beskin@srz.com

*Counsel to the Chapter 7 Trustee*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| TRICOLOR HOLDINGS, LLC, *et al.*,[1] | ) | Case No. 25-33487 (MVL) |
| | ) | |
| Debtors. | ) | |
| | ) | |

**TRUSTEE'S EMERGENCY MOTION TO ENTER
PROPOSED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

The undersigned, counsel to Anne Elizabeth Burns, solely in her capacity as the duly appointed Chapter 7 bankruptcy trustee (the "Trustee") for Tricolor Holdings, LLC, TAG Intermediate Holding Company, LLC, Tricolor Auto Group, LLC, Tricolor Auto Acceptance, LLC, Tricolor Insurance Agency, LLC, Tricolor Home Loans LLC dba Tricolor Mortgage,

---

[1] The Debtors in these Chapter 7 cases are as follows: Tricolor Holdings, LLC, TAG Intermediate Holding Company, LLC, Tricolor Auto Group, LLC, Tricolor Auto Acceptance, LLC, Tricolor Insurance Agency, LLC, Tricolor Home Loans LLC dba Tricolor Mortgage, Tricolor Real Estate Services, LLC, TAG California Holding Company, LLC, Flexi Compras Autos, LLC, TAG California Intermediate Holding Company, LLC, Tricolor California Auto Group, LLC, Tricolor California Auto Acceptance, LLC, Risk Analytics LLC, Tricolor Tax, LLC, Tricolor Financial, LLC, Tricolor Auto Receivables LLC, TAG Asset Funding, LLC, and Apoyo Financial, LLC.

Tricolor Real Estate Services, LLC, TAG California Holding Company, LLC, Flexi Compras Autos, LLC, TAG California Intermediate Holding Company, LLC, Tricolor California Auto Group, LLC, Tricolor California Auto Acceptance, LLC, Risk Analytics LLC, Tricolor Tax, LLC, Tricolor Financial, LLC, Tricolor Auto Receivables LLC, TAG Asset Funding, LLC, and Apoyo Financial, LLC (collectively, the "Debtors") in the above-captioned matter (the "Chapter 7 Cases"), hereby moves (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), granting the relief described below. In support of the Motion, the Trustee respectfully represents as follows:

## PRELIMINARY STATEMENT

1. The Trustee was appointed to administer the Tricolor estate in these Chapter 7 Cases. As part of the Chapter 7 Cases, the numerous Parties[2] will need to exchange sensitive documents in response to formal and informal discovery. In fact, multiple Rule 2004 requests for information have already been received by certain Parties and the Trustee is currently proceeding with discovery in the related adversary proceeding, *Burns, as Chapter 7 Trustee for Tricolor Holdings, LLC v. Chu et al.*, No. 3:25-03126-mvl (Bankr. N.D. Tex. Dec. 19, 2025) (the "Adversary Complaint").

2. A confidentiality agreement and protective order is needed so security and a procedure for the exchanging of information is not to be a barrier to the expeditious exchange of Discovery Material. This is particularly so given the Parties' reluctance to produce Discovery Material without such an agreement in place. Thus, as the administrator of these Chapter 7 Cases, the Trustee endeavored to draft the Proposed Confidentiality Agreement and

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Protective Order, attached as Exhibit 1 to the Proposed Order.

2

Protective Order ("Protective Order"). The Trustee has worked with the other Parties to draft a Protective Order that is acceptable to the largest number of Parties possible and will appropriately secure the confidentiality of Discovery Materials produced in the course of discovery.

3. The Trustee has acted diligently and in good faith since her appointment, moving swiftly to protect the estate's value and interests. She has negotiated revisions to the Protective Order for the last month, attempting to build consensus among all of the many Parties. While this effort resulted in a narrowing of the issues to avoid burdening the Court with unnecessary disputes, it proved impossible to reach complete agreement on all terms across all Parties. Absent immediate approval of the Proposed Order entering the Protective Order, the estate risks harm through delay of the Chapter 7 Cases until the execution of such Protective Order.

## RELIEF REQUESTED

4. By the Motion, the Trustee respectfully requests that the Court enter the Proposed Order, binding the Parties to the Protective Order.

## JURISDICTION

5. The United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Court") has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc,* dated August 3, 1984, entered by the United States District Court for the Northern District of Texas. This matter is a core proceeding under 28 U.S.C. § 157(b). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

6. The legal predicates for the relief requested herein is sections 105(a) and 704 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 7026 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2002-1 and 9013-1 of the

*Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas* (the "Local Rules").

7. The Trustee confirms her consent to the entry of a final order by the Court in connection with this Motion in the event that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## BACKGROUND

8. On September 10, 2025 (the "Petition Date"), the Debtors commenced the Chapter 7 Cases by filing voluntary petitions for relief under chapter 7 of the Bankruptcy Code. The Chapter 7 Cases are being jointly administered for procedural purposes pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

9. On the Petition Date, the Office of the United States Trustee for Region 6 (the "U.S. Trustee") appointed Anne Elizabeth Burns as the duly qualified Trustee over the Chapter 7 Cases.

10. As early as November 2025, the Trustee and other Parties began exchanging Discovery Requests. Multiple Parties have sent and/or received Rule 2004 requests.

11. On December 19, 2025, the Trustee filed the Adversary Complaint and is actively proceeding with discovery in that action.

12. For over one month, the Trustee and the Parties have negotiated the terms of and drafted the Protective Order to, among other things, facilitate and govern the production, review, and handling of Discovery Materials to be produced or otherwise disclosed via informal or formal discovery in connection with these Chapter 7 Cases.

13. The Trustee has circulated multiple drafts of the Protective Order to counsel to the

many Parties.

14. Said Parties engaged in omnibus meet and confers on December 9, 2025 and December 22, 2025, in addition to numerous other one-on-one meet and confer sessions.

15. The Trustee has attempted to build consensus amongst the various Parties related to the Chapter 7 Cases. The Trustee has been largely successful and no Party has been opposed conceptually to the need for confidentiality agreements and protective orders in the Chapter 7 Cases.

16. However, the Trustee has been unable to resolve all disagreements and certain parties are unwilling to stipulate to the Protective Order in its final form.

## BASIS FOR RELIEF

17. It is essential to the Trustee's administration of the Chapter 7 Cases that the Court enter the Protective Order. The Protective Order is necessary to remove any obstacle to the efficient exchange of information among the Parties. The Trustee cannot best perform her duties under Bankruptcy Code sections 704(a) and other applicable laws without the Protective Order in place to ensure the confidentiality of Discovery Material. As there is a trial date scheduled for June 6, 2026 in the Adversary Action, discovery must begin in earnest as soon as possible. The various Parties, including the Trustee, creditors, the debtor, and other parties-in-interest already have or will have discovery needs. To fully participate in the discovery phase of the Chapter 7 Cases, the Trustee requires the Protective Order to be formally entered by the Court.

## EMERGENCY CONSIDERATION

18. In accordance with the Local Rules, the Trustee requests emergency consideration of the Motion. As discussed in detail above, immediate relief is critical to avoid irreparable harm to the Debtors' estates and to maximize efficiency of this proceeding. Emergency consideration

is necessary, and the Trustee requests that the Motion be heard on an expedited basis.

## NO PRIOR REQUEST

19. No previous request for the relief sought herein has been made to this or any other court.

*[Remainder of page intentionally left blank]*

**CONCLUSION**

WHEREFORE, the Trustee respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A** and such other and further relief as may be just and proper.

Dated: January 8, 2026
       Dallas, Texas

                    **MCDERMOTT WILL & SCHULTE LLP**

*/s/ Charles R. Gibbs*
Charles R. Gibbs (TX Bar No. 7846300)
Marcus A. Helt (TX Bar No. 24052187)
Grayson Williams (TX Bar No. 24124561)
Michael Wombacher (TX Bar No. 24120434)
2801 North Harwood Street, Suite 2600
Dallas, Texas 75201
Telephone: (214) 295-8000
E-mail: crgibbs@mwe.com
       mhelt@mwe.com
       gwilliams@mwe.com
       mwombacher@mwe.com

-and-

Darren Azman (admitted *pro hac vice*)
One Vanderbilt Avenue
New York, New York 10017-3852
Tel: (212) 547-5400
Fax: (212) 547-5444
E-mail: dazman@mwe.com

Julia M. Beskin (admitted *pro hac vice*)
919 Third Avenue
New York, New York 10022
Tel: (212) 547-5400
Fax: (212) 547-5444
E-mail: julia.beskin@srz.com

*Counsel to the Chapter 7 Trustee*

## CERTIFICATE OF CONFERENCE

The undersigned counsel certifies that the Trustee circulated multiple drafts of the Protective Order to the Parties and held two meet and confers to negotiate the Protective Order. The Trustee invited all Parties to attend the meet and confers on December 9, 2025 and December 22, 2025, in an attempt to reach agreement such that all Parties would stipulate to the Protective Order. Both meet and confers were well-attended and the Parties impacted by this Motion had the opportunity to negotiate the terms of the Protective Order. The revisions made by the Parties were considered and/or adopted by the Trustee and the Parties negotiated in good faith and attempted to reach consensus. However, not all Parties could agree to stipulate to the Protective Order and thus have reached an impasse.

Dated: Dallas, TX
　　　　January 8, 2026　　　　　　　　　　*/s/ Charles R. Gibbs*
　　　　　　　　　　　　　　　　　　　　　　Charles R. Gibbs (TX Bar No. 7846300)
　　　　　　　　　　　　　　　　　　　　　　MCDERMOTT WILL & SCHULTE LLP
　　　　　　　　　　　　　　　　　　　　　　2801 North Harwood Street, Suite 2600
　　　　　　　　　　　　　　　　　　　　　　Dallas, Texas 75201-1664
　　　　　　　　　　　　　　　　　　　　　　Tel:　　(214) 295-8000
　　　　　　　　　　　　　　　　　　　　　　Fax:　　(972) 232-3098
　　　　　　　　　　　　　　　　　　　　　　E-mail:　　　crgibbs@mwe.com

**CERTIFICATE OF SERVICE**

I hereby certify that on January 8, 2026, a true and correct copy of the foregoing document was served via CM/ECF for the United States Bankruptcy Court for the Northern District of Texas on all parties authorized to receive electronic notice in this case.

*/s/ Charles R. Gibbs*
Charles R. Gibbs