John E. Mitchell, SBN: 00797095
Eric R. Hail, SBN: 24047579
Yelena Archiyan, SBN: 24119035
**KATTEN MUCHIN ROSENMAN LLP**
2121 N. Pearl St., Suite 1100
Dallas, TX 75201
Telephone: (214) 765-3600
john.mitchell@katten.com
eric.hail@katten.com
yelena.archiyan@katten.com

*Counsel for Origin Bank*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **In re:** § | | **Chapter 7** |
| §| | |
| **TRICOLOR HOLDINGS, LLC,** § | | **Case No. 25-33487-7** |
| § | | |
| **Debtor.** § | | |
| § | | |
| § | | |

### ORIGIN BANK'S LIMITED OBJECTION TO TRUSTEES'S EMERGENCY MOTION TO ENTER PROPOSED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

Origin Bank, secured creditor and interested party ("Origin"), by and through its undersigned counsel, hereby files this *Limited Objection to Trustee's Emergency Motion to Enter Proposed Confidentiality Agreement and Protective Order* (the "Limited Objection") and respectfully states as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 157 and 1334. This is a "core" proceeding pursuant to 28 U.S.C. § 157(b), and venue in this Court is proper under 28 U.S.C. § 1408 and 1409.

## BACKGROUND

2. On September 10, 2025 (the "Petition Date"), Tricolor Holdings, LLC ("Tricolor Holdings") and various affiliates (collectively with Tricolor Holdings, the "Debtors") each filed voluntary petitions for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") commencing these Bankruptcy Cases. The Bankruptcy Cases are jointly administered pursuant to Bankruptcy Rule 1015(b) and Rule 1015-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas.

3. Anne Elizabeth Burns has been appointed as Chapter 7 Trustee in the Bankruptcy Cases. On January 8, 2026, the Trustee filed her *Emergency Motion to Enter Proposed Confidentiality Agreement and Protective Order* [Docket No. 627] (the "Motion").

## LIMITED OBJECTION

4. Origin generally supports the entry of the Proposed Order and participated in negotiations with the Trustee and other parties in interest with respect to the terms thereof. However, Origin files this Limited Objection with respect to one provision of the Proposed Order.

5. Specifically, Paragraph 9 of the Proposed Order provides:

> 9. General Limitations on Use and Disclosure of All Discovery Material: All Discovery Material shall be used by the Receiving Parties solely for the purposes of investigations within the Chapter 7 Cases and related Disputes, proceedings, contested matters, or adversary proceedings therein and not for any other purpose, including not for any other litigation or judicial proceedings, or any business, competitive, governmental, commercial, or administrative purpose or function. For the avoidance of doubt, Receiving Parties may not use Discovery Material for the purpose of investigating potential claims outside these Chapter 7 Cases or preparing for or pursuing litigation outside these Chapter 7 Cases.

6. Origin does not oppose restrictions on the use of discovery "materials" to these Bankruptcy Cases. However, parties in interest, like Origin, cannot "unsee" or "unlearn" the

information obtained in discovery. As written, a party could use this Court's order, if entered as proposed, to affirmatively block any use in a third party proceeding. While documents can be required to be "obtained again" in a third party proceeding, through normal discovery process, the fact that Origin (or any other party in interest) has knowledge of certain documents, or information, cannot be restricted hereby or made a basis of a contempt motion. Origin would be in an untenable position of having to choose to issue discovery here, to protect its rights in these Bankruptcy Cases, or forego protecting its rights here lest it be prevented from pursuing its rights and remedies elsewhere.

7.  Therefore, Origin requests that the Court substitute the following for Paragraph 9 in the Proposed Order:

> 9. <u>General Limitations on Use and Disclosure of All Discovery Material</u>: All Discovery Material shall be used by the Receiving Parties solely for the purposes of investigations within the Chapter 7 Cases and related Disputes, proceedings, contested matters, or adversary proceedings therein and not for any other purpose, including not for any other litigation or judicial proceedings, or any business, competitive, governmental, commercial, or administrative purpose or function. For the avoidance of doubt, Receiving Parties may not <u>disclose</u><s>use</s> Discovery Material <u>in connection with any lawsuit or proceeding outside these Chapter 7 Cases. Notwithstanding the foregoing, nothing in this Order shall bar a Receiving Party from seeking discovery of information outside these Chapter 7 Cases that may have been produced as Discovery Material in these Chapter 7 Cases, or from using such information in such proceeding(s) outside these Chapter 7 Cases.</u> <s>for the purpose of investigating potential claims outside these Chapter 7 Cases or preparing for or pursuing litigation outside these Chapter 7 Cases.</s>

8.  Additionally, Origin requests that the Order provide receiving parties of discovery material with the ability to provide such information not only to accountant advisors and other professionals, but also to insurers where necessary. Specifically, Section 11(b) of the Proposed Order should state:

> Industry advisors, financial advisors, accounting advisors, experts<u>, insurers</u> and consultants (and their respective staff) that are retained<u>,</u> <s>or</s> engaged<u>, or</u>

3

consulted in connection with the Chapter 7 Cases or any Disputes, proceedings, contested matters, or adversary proceedings filed therein by any person listed in Paragraph 11(a);

9. Insurers play important roles for businesses like Origin and the Proposed Order should allow parties to consult with and advise their carriers of information that may be relevant to them.

## CONCLUSION

Origin respectfully requests that the Court enter the Proposed Order, but only as modified as requested herein.

Dated: January 12, 2026

Respectfully submitted,

**KATTEN MUCHIN ROSENMAN LLP**

*/s/ John E. Mitchell*
John E. Mitchell, SBN: TX 00797095
Eric R. Hail, SBN: TX 24047579
Yelena E. Archiyan, SBN: TX 24119035
2121 N. Pearl St., Suite 1100
Dallas, TX 75201
Telephone: (214) 765-3600
john.mitchell@katten.com
eric.hail@katten.com
yelena.archiyan@katten.com

*Counsel for Origin Bank*

## CERTIFICATE OF SERVICE

I hereby certify that on January 12, 2026, I caused a true and correct copy of the foregoing document to be served electronically via the Court's Electronic Case Filing (ECF) System for the United States Bankruptcy Court for the Northern District of Texas on all parties receiving ECF Notice in this case.

*/s/ John E. Mitchell*
John E. Mitchell

## LOCAL RULE 9013-1(A) CERTIFICATION

On various dates prior hereto, counsel for Origin participated in multiple conferences with the Trustee and other parties in interest with respect to the relief requested in the Motion.

.

/s/ *John E. Mitchell*
John E. Mitchell

304752225