Scott R. Cheatham  
TX State Bar No. 24050406  
Richard A. Aguilar (LA 17439)(Admitted Pro Hac Vice)  
Mark J. Chaney, III (LA 35704)(Admitted Pro Hac Vice)  
ADAMS AND REESE LLP  
701 Poydras Street, Suite 4500  
New Orleans, LA 70139  
Telephone: (504) 581-3234  
Facsimile: (504) 566-0210  
scott.cheatham@arlaw.com  
richard.aguilar@arlaw.com  
mark.chaney@arlaw.com  

COUNSEL FOR AUTOMOTIVE RENTALS, INC. T/A HOLMAN

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| TRICOLOR HOLDINGS, LLC, *et al.*,[1] | Case No. 25-33487 (MVL) |
| Debtors. | |

## COVER SHEET FOR THE FIRST INTERIM COMPENSATION APPLICATION FOR AUTOMOTIVE RENTALS, INC. T/A HOLMAN

| | |
|---|---|
| **Name of Applicant:** | Automotive Rentals, Inc. t/a Holman |
| **Applicant's Role in Case:** | Auctioneer and related services in connection with sale of certain vehicles |
| **Petition Date:** | 09/10/2025 |
| **Date of order of employment signed:** | 12/30/2025 (Effective 12/18/2025) |
| **Docket No. of Employment Order:** | Docket No. 592 |
| **Time Period Covered by This Application** | 12/18/2025 – 1/10/2026 |
| **Total Title Processing Fees Requested By This Application:** | $0 |

---

[1] The Debtors in these chapter 7 cases are as follows: Tricolor Holdings, LLC, TAG Intermediate Holding Company, LLC, Tricolor Auto Group, LLC, Tricolor Auto Acceptance, LLC, Tricolor Insurance Agency, LLC, Tricolor Home Loans LLC dba Tricolor Mortgage, Tricolor Real Estate Services, LLC, TAG California Holding Company, LLC, Flexi Compras Autos, LLC, TAG California Intermediate Holding Company, LLC, Tricolor California Auto Group, LLC, Tricolor California Auto Acceptance, LLC, Risk Analytics LLC, Tricolor Tax, LLC, Tricolor Financial, LLC, Tricolor Auto Receivables LLC, Tricolor Asset Funding, LLC, and Apoyo Financial, LLC.

| | |
|---|---|
| **Total Administrative Fees Requested By This Application:** | $0 |
| **Bonding Expenses Requested By This Application:** | $0 |
| **Travel and Related Expenses Requested by this Application:** | $1,905.99 |
| **TOTAL AMOUNT REQUESTED BY THIS APPLICATION:** | $1,905.99 |

2

Scott R. Cheatham
TX State Bar No. 24050406
Richard A. Aguilar (LA 17439)(Admitted Pro Hac Vice)
Mark J. Chaney, III (LA 35704)(Admitted Pro Hac Vice)
ADAMS AND REESE LLP
701 Poydras Street, Suite 4500
New Orleans, LA 70139
Telephone: (504) 581-3234
Facsimile: (504) 566-0210
scott.cheatham@arlaw.com
richard.aguilar@arlaw.com
mark.chaney@arlaw.com

COUNSEL FOR AUTOMOTIVE RENTALS, INC. T/A HOLMAN

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 7 |
| TRICOLOR HOLDINGS, LLC, *et al.*,[2] | ) ) | Case No. 25-33487 (MVL) |
| Debtors. | ) ) ) | |

**FIRST INTERIM COMPENSATION APPLICATION OF AUTOMOTIVE RENTALS, INC. T/A HOLMAN FOR THE PERIOD FROM DECEMBER 18, 2025 THROUGH AND INCLUDING JANUARY 10, 2026**

> **IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXNB.USCOURTS.GOV/ NO MORE THAN SEVEN (7) DAYS AFTER THE DATE THIS MOTION WAS FILED. IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK AND FILED ON THE DOCKET NO MORE THAN SEVEN (7) DAYS AFTER THE DATE THIS MOTION WAS FILED. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

Automotive Rentals, Inc. t/a Holman ("Holman"), auctioneer for the Trustee and the above-captioned Debtors, hereby submits this first interim compensation application (the "Compensation Request") pursuant to the Sale Procedures attached as Exhibit 1 to the *Order Authorizing The*

---

[2] The Debtors in these chapter 7 cases are as follows: Tricolor Holdings, LLC, TAG Intermediate Holding Company, LLC, Tricolor Auto Group, LLC, Tricolor Auto Acceptance, LLC, Tricolor Insurance Agency, LLC, Tricolor Home Loans LLC dba Tricolor Mortgage, Tricolor Real Estate Services, LLC, TAG California Holding Company, LLC, Flexi Compras Autos, LLC, TAG California Intermediate Holding Company, LLC, Tricolor California Auto Group, LLC, Tricolor California Auto Acceptance, LLC, Risk Analytics LLC, Tricolor Tax, LLC, Tricolor Financial, LLC, Tricolor Auto Receivables LLC, Tricolor Asset Funding, LLC, and Apoyo Financial, LLC.

*Employment and Retention of Automotive Rentals, Inc. t/a Holman as Auctioneer, Effective as of December 18, 2025* (the "Employment Order," Doc. 592) seeking entry of an order, substantially in the form attached hereto as **Exhibit B** (the "Order"), awarding compensation for professional services and reimbursement of expenses in the amount of $1,905.99 (the "Requested Compensation") for the period of December 18, 2025, through and including January 10, 2026 (the "Application Period"). In support of this application, Holman represents, as follows:

### Jurisdiction and Venue

1. The United States District Court for the Northern District of Texas has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the Northern District of Texas (the "Court") pursuant to 28 U.S.C. § 157(a) and the *Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc* from the United States District Court for the Northern District of Texas dated August 3, 1984. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are sections 330, and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2016-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Texas (the "Local Rules").

### Background And Retention of Holman

4. On September 10, 2025 (the "Petition Date"), the Debtors each commenced a case by filing a petition for relief under Chapter 7 of the Bankruptcy Code (collectively, the "Chapter 7 Cases"). The Chapter 7 Cases are being jointly administered for procedural purposes pursuant to Bankruptcy Rule 1015(b) and Rule 1015-1 of the Local Rules.

5. On the Petition Date, the Office of the United States Trustee for Region 6 appointed Anne Elizabeth Burns as the duly qualified trustee (the "Trustee") over the Chapter 7 Cases.

6. On September 26, 2025, the Trustee filed a motion to operate the business of the Debtors pursuant to Bankruptcy Code section 721 and the Court granted that order. *See* Docket Nos. 107, 158.

7. On December 15, 2025, the Trustee filed her *Amended Emergency Motion to (I) Sell Estate Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (II) Establish Sale Procedures, and (III) Granting Related Relief* (the "Sale Motion," Doc. 537) requesting authorization to sell certain Vehicles (as defined in the Sale Motion).

8. On December 15, 2025, the Trustee filed her *Emergency Application for Entry of an Order Authorizing The Employment and Retention of Automotive Rentals, Inc. t/a Holman As Auction Effective As Of December 18, 2025* (the "Application to Employ Holman," Doc. 538) requesting approval to retain Holman to act as auctioneer in connection with the sale process for the Vehicles and to provide certain services related thereto, including coordination of the marketing and sale of the Vehicles and titling and administrative services.

9. On December 30, 2025, the Court also entered an Order approving the Sale Motion (the "Sale Order," Doc. 593).

10. Also on December 30, 2025, the Court entered the Employment Order approving the Application to Employ Holman.

11. The Employment Order and the attached Sale Procedures authorize the Trustee to compensate Holman to its services and to reimburse Holman for documented out-of-pocket expenses incurred in connection with the performance of the services pursuant to the Interim Payment Procedures.

12. The Interim Payment Procedures provide that, on or before the 10th day of each month starting on January 10, 2026, until all Vehicles are sold, Holman shall file with the Court an Interim Compensation Request for the applicable period. The Trustee and the Secured Parties (as defined in the Sale Procedures) shall have seven (7) days from the filing of the Interim

5

Compensation Request to object to the interim payment requested. If no objection is timely filed, then the Trustee shall remit payment to Holman for the amount requested.

### Services Rendered During the Application Period

13. During the Application Period, Holman has worked with the Trustee to put into place the framework for the sale process and to support the Trustee's application to employ Holman and the Trustee's motion for approval of the sale process. Holman has incurred reasonable and necessary travel and related expenses, including expenses related to Steve Nolan's appearance before the Court at the hearing on Sale Motion and the Application to Employ Holman in the total amount of $1,905.99, as evidenced by the Declaration of Steve Nolan attached hereto as **Exhibit A** and the receipt and expense documentation attached thereto.

### Holman's Requested Compensation And Reimbursement Should Be Allowed

14. The Employment Order authorizes and directs the Trustee to reimburse Holman for commercially reasonable and documented out-of-pocket expenses incurred in in the performance of service identified in the Sale Procedures, including, amount other things, actual and necessary travel and related expenses, including expenses incurred for court appearances. *See* Employment Order, ¶ 6.

15. Steve Nolan, Holman's Vehicle Remarketing Manager, appeared and provided testimony at the hearing on the Sale Motion and the Application to Employ Holman on December 18, 2026, in support of both motions. Nolan was also involved in the extensive in-person discussions and negotiations with the Trustee and the Secured Parties that occurred before the hearing to finalize the terms of the Sale Order and the Employment Order. In connection with his appearance, Steve Nolan incurred actual travel and related expenses. Such expenses are reasonable and appropriate given the importance of the sale process to the estate and the value of Nolan's testimony to the Court in evaluating the Sale Motion and the Application to Employ Holman and his participation in the discussions related to the terms of the final orders.

16. Holman therefore respectfully submits that approval of the compensation sought herein is warranted and should be approved.

## Reservation of Rights

17. It is possible that some professional time expended, or expenses incurred, during the Application Period are not reflected in this Compensation Request. Holman reserves the right to include such amounts in future fee applications, as provided for in the Employment Order.

## No Prior Request

18. No prior application for the relief requested herein has been made to this or any other court.

## PRAYER

WHEREFORE, Automotive Rentals, Inc. t/a Holman respectfully requests the Court enter an order authorizing and directing the Trustee to pay Holman the Requested Compensation and granting such other relief as is appropriate under the circumstances.

Respectfully submitted,

*Mark J. Chaney, III*
Scott R. Cheatham
TX State Bar No. 24050406
Richard A. Aguilar (LA 17439)(Admitted Pro Hac Vice)
Mark J. Chaney, III (LA 35704)(Admitted Pro Hac Vice)
ADAMS AND REESE LLP
701 Poydras Street, Suite 4500
New Orleans, LA 70139
Telephone: (504) 581-3234
Facsimile: (504) 566-0210
scott.cheatham@arlaw.com
richard.aguilar@arlaw.com
mark.chaney@arlaw.com

**COUNSEL FOR AUTOMOTIVE RENTALS, INC. t/a HOLMAN**