**MCDERMOTT WILL & SCHULTE LLP**
Charles R. Gibbs (TX Bar No. 7846300)
Marcus A. Helt (TX Bar No. 24052187)
Grayson Williams (TX Bar No. 24124561)
2801 North Harwood Street, Suite 2600
Dallas, Texas 75201
Telephone: (214) 295-8000
E-mail: crgibbs@mcdermottlaw.com
   mhelt@mcdermottlaw.com
   gwilliams@mcdermottlaw.com

**MCDERMOTT WILL & SCHULTE LLP**
Darren Azman (admitted *pro hac vice*)
Jared M. Gerber (admitted *pro hac vice*)
One Vanderbilt Avenue
New York, New York 10017-3852
Telephone: (212) 547-5400
E-mail: dazman@mcdermottlaw.com
   jmgerber@mcdermottlaw.com

**MCDERMOTT WILL & SCHULTE LLP**
Julia M. Beskin (admitted *pro hac vice*)
919 Third Avenue
New York, New York 10022
Telephone: (212) 756-2000
Email: julia.beskin@srz.com

*Counsel to the Chapter 7 Trustee*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re: | ) |
| | ) Chapter 7 |
| TRICOLOR HOLDINGS, LLC, *et al.*,[1] | ) |
| | ) Case No. 25-33487 (MVL) |
| Debtors. | ) |
| | ) (Jointly Administered) |

**TRUSTEE'S UNOPPOSED MOTION FOR ENTRY OF ORDER (I) SEALING
UNREDACTED VERSIONS OF PREVIOUSLY-FILED DOCUMENTS; (II)
AUTHORIZING THE TRUSTEE TO FILE A REDACTED VERSION OF THE
TRUSTEE'S OBJECTION FILED AT DOCKET NO. 521; AND
<u>(III) GRANTING RELATED RELIEF</u>**

Anne Elizabeth Burns, Chapter 7 Trustee for the above-referenced Chapter 7 bankruptcy

case ("<u>Trustee</u>"), hereby files this motion (the "<u>Motion</u>") for entry of an order, substantially in the

---

[1] The Debtors in these Chapter 7 cases are as follows: Tricolor Holdings, LLC, TAG Intermediate Holding Company, LLC, Tricolor Auto Group, LLC, Tricolor Auto Acceptance, LLC, Tricolor Insurance Agency, LLC, Tricolor Home Loans LLC dba Tricolor Mortgage, Tricolor Real Estate Services, LLC, TAG California Holding Company, LLC, Flexi Compras Autos, LLC, TAG California Intermediate Holding Company, LLC, Tricolor California Auto Group, LLC, Tricolor California Auto Acceptance, LLC, Risk Analytics LLC, Tricolor Tax, LLC, Tricolor Financial, LLC, Tricolor Auto Receivables LLC, TAG Asset Funding, LLC, and Apoyo Financial, LLC.

form attached hereto as **Exhibit A** (the "Proposed Order"), granting the relief described below. In support thereof, the Trustee respectfully represents as follows:

### RELIEF REQUESTED

1. By the Motion, the Trustee respectfully requests entry of the Proposed Order attached hereto as **Exhibit A**: (a) directing the Clerk of the Court to file the unredacted Trustee's Objection to Daniel Chu's Motion for Order Authorizing Use of Proceeds of Directors and Officers Liability Insurance Policies for Defense Expenses and Other Loss Amounts [Docket No. 521] ("Trustee's Objection") and Exhibit 7 ("Exhibit 7") to the Declaration of Julia M. Beskin in Support of Trustee's Objection (the "Declaration") [Docket No. 522-7]; (b) authorizing, but not directing, the Trustee to file a redacted version of Trustee's Objection; and (c) granting related relief.

### JURISDICTION AND VENUE

2. The Court has jurisdiction to consider this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and the *Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc* dated August 3, 1984, entered by the United States District Court for the Northern District of Texas. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

3. The legal predicates for the relief requested herein are sections 105(a) and 107(b) and (c) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9077-1(b) of the *Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas* (the "Local Rules").

## BACKGROUND

4. On September 10, 2025, Tricolor Holdings, LLC and seventeen (17) affiliates (collectively, "Tricolor") filed voluntary petitions in this Court under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. § 101, *et seq.* in the above-referenced Chapter 7 bankruptcy case.

5. On the same day, a Notice of a Chapter 7 Bankruptcy Case was entered, appointing Anne Elizabeth Burns as the Chapter 7 Trustee for Tricolor.

6. On November 24, 2025, Daniel Chu filed his Motion for Order Authorizing Use of Proceeds of Directors and Officers Liability Insurance Policies for Defense Expenses and Other Loss Amounts. [Docket No. 469].

7. On December 9, 2025, the Trustee filed Trustee's Objection. On the same day, the Trustee filed the Declaration. Among other exhibits, the Declaration attached Exhibit 7, which contained a true and correct copy of an email from Daniel Chu using his Tricolor email address to attorney Tait Johnson, copying Chuck Sharpe and Alan Loewinsohn, dated September 16, 2025 (the "Disputed Email"). Exhibit 7 is referenced in Trustee's Objection at paragraph 19, as the source of the factual allegation contained therein.

8. On January 8, 2026, counsel to Daniel Chu sent a letter to counsel for the Trustee asserting attorney-client privilege over the Disputed Email and requesting that the Trustee withdraw or amend any filings attaching or referencing the Disputed Email.

9. The parties exchanged further correspondence on January 12, 2026 and January 29, 2026. On January 29, 2026, the parties met and conferred. At this meeting, counsel to the Trustee agreed that it would file motions to seal the Disputed Email and any filing which references it.

**BASIS FOR RELIEF REQUESTED**

10. Bankruptcy Code section 105(a) empowers bankruptcy courts to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

11. Bankruptcy Code Section 107(b) provides bankruptcy courts with the power to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information. *See In Gen. Homes Corp.*, 181 B.R. 898, 903 (Bankr. S.D. Tex. 1995). This section provides, in relevant part:

> On request of a party in interest, the bankruptcy court ***shall***, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> (1) protect an entity with respect to a trade secret or ***confidential*** research, development, or ***commercial information***; or
>
> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b) (emphasis added).

12. Bankruptcy Rule 9018 defines the procedures by which a party may move for relief under Bankruptcy Code section 107(b), providing that:

> On motion or on its own, the court may, with or without notice, issue any order which justice requires to . . . protect the estate or any entity regarding a trade secret or other confidential research, development, or commercial information . . . .

Fed R. Bankr. P. 9018.

13. Local Rule 9077-1(b) provides that "[i]f no statute or rule requires or permits a document to be filed under seal, a party may file a document under seal only on motion and by permission of the Presiding Judge."

14. If the material sought to be protected satisfies one of the categories identified in Bankruptcy Code section 107(b), "the court is *required* to protect a requesting interested party and

4

has no discretion to deny the application." *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994); *see also 50-Off Stores*, 213 B.R. 646, 655-656 (Bankr. W.D. Tex. 1997) ("The statute, on its face, states that the bankruptcy court is *required* to protect such an entity on request of a party in interest.").

15. Stated differently, Bankruptcy Code section 107(b) does not require a party seeking its protections to demonstrate "good cause." *Orion Pictures*, 21 F.3d at 28. "Courts have supervisory power over their records and files and may deny access to those records and files to prevent them from being used for an improper purpose." *In re Kaiser Aluminum Corp.*, 327 B.R. 554, 560 (D. Del. 2005). Courts are required to provide such protections "generally where open inspection may be used as a vehicle for improper purposes." *Orion Pictures*, 21 F.3d at 27. Indeed, the "authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice." *See In re Glob. Crossing Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003).

16. Attorney-client privileged communications qualify as "confidential . . . commercial information" that may be protected under Section 107(b). *50-Off Stores*, 213 B.R. at 655; *see also In re 4 Front Petroleum, Inc.*, 2007 Bankr. LEXIS 3547, *2-3 (N.D. Okla. Oct. 11, 2007). As a result, attorney-client privileged communications may be protected without a showing of good cause.

17. Even if good cause were required, however, shielding from view documents that are covered by the attorney-client privilege has been recognized as good cause. *See, e.g. Ward v. Lowndes Cnty.*, 2022 U.S. Dist. LEXIS 80171, *2 (N.D. Miss. May 2, 2022).

18. Here the information contained in the Disputed Email and referenced at paragraph 19 of Trustee's Objection constitutes potentially attorney-client privileged information between

Mr. Chu and an attorney from Sharpe Law Firm. The Disputed Email is the subject of a privilege dispute between the parties, and while the parties discuss this issue, the Trustee respectfully requests that the Bankruptcy Court treat the Disputed Email as privileged and seal it (and references to it) from public view. To the extent good cause is required, this document should be shielded from view, and the references to it redacted, because open public availability would potentially undermine Mr. Chu's attorney-client privilege.

## NOTICE

19.  Notice of this Motion has been provided to: (a) the U.S. Trustee, (b) counsel for Daniel Chu, and (c) those parties who have requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Trustee submits that no other or further notice need be provided.

WHEREFORE, the Trustee respectfully requests that the Court enter the Proposed Order, attached hereto as **Exhibit A**, (a) directing the Clerk of the Court to file the unredacted Trustee's Objection and Exhibit 7 to the Declaration under seal, (b) authorizing, but not directing, the Trustee to file a redacted version of Trustee's Objection, and (c) granting such other and further relief which the Court deems appropriate.

Dated: New York, New York
      February 16, 2026

Respectfully submitted,

    <u>/s/ Julia M. Beskin</u>
Julia M. Beskin (admitted *pro hac vice*)
**MCDERMOTT WILL & SCHULTE LLP**
919 Third Avenue
New York, New York 10022
Telephone: (212) 756-2000
E-mail: julia.beskin@srz.com

Darren Azman (admitted *pro hac vice*)
Jared M. Gerber (admitted *pro hac vice*)
**MCDERMOTT WILL & SCHULTE LLP**
One Vanderbilt Avenue
New York, New York 10017-3852
Telephone: (212) 547-5400
E-mail: dazman@mcdermottlaw.com
       jmgerber@mcdermottlaw.com

Charles R. Gibbs (TX Bar No. 7846300)
Marcus A. Helt (TX Bar No. 24052187)
Grayson Williams (TX Bar No. 24124561)
**MCDERMOTT WILL & SCHULTE LLP**
2801 North Harwood Street, Suite 2600
Dallas Texas 75201
Telephone: (214) 295-8000
E-mail: crgibbs@mcdermottlaw.com
       mhelt@mcdermottlaw.com
       gwilliams@mcdermottlaw.com

*Counsel to the Chapter 7 Trustee*

**CERTIFICATE OF SERVICE**

I certify that on February 16, 2026, I caused a copy of the foregoing motion to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Northern District of Texas on all registered participants who have appeared in this case.

Dated: February 16, 2026
New York, New York

**MCDERMOTT WILL & SCHULTE LLP**

*/s/ Julia M. Beskin*
Julia M. Beskin (admitted *pro hac vice*)
919 Third Avenue
New York, New York 10022
Telephone: (212) 756-2000
E-mail: julia.beskin@srz.com

*Counsel to the Chapter 7 Trustee*

**LOCAL RULE 9007-1 CERTIFICATION**

I hereby certify that on February 12, 2026, the Trustee's counsel emailed counsel for Daniel Chu regarding the filing of this Motion. Jaqueline Kelly responded on February 15, 2026, confirming that Mr. Chu does not oppose this Motion.

*/s/ Julia M. Beskin*
Julia M. Beskin