Scott R. Cheatham
TX State Bar No. 24050406
Richard A. Aguilar (LA 17439)(Admitted Pro Hac Vice)
Mark J. Chaney, III (LA 35704)(Admitted Pro Hac Vice)
ADAMS AND REESE LLP
701 Poydras Street, Suite 4500
New Orleans, LA 70139
Telephone: (504) 581-3234
Facsimile: (504) 566-0210
scott.cheatham@arlaw.com
richard.aguilar@arlaw.com
mark.chaney@arlaw.com

COUNSEL FOR AUTOMOTIVE RENTALS, INC., T/A HOLMAN

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| TRICOLOR HOLDINGS, LLC, *et al.*,[1] | ) | Case No. 25-33487 (MVL) |
| | ) | |
| Debtors. | ) | |
| | ) | |

## COVER SHEET FOR THE THIRD INTERIM COMPENSATION APPLICATION FOR AUTOMOTIVE RENTALS, INC., T/A HOLMAN

| | |
|---|---|
| **Name of Applicant:** | Automotive Rentals, Inc., t/a Holman |
| **Applicant's Role in Case:** | Auctioneer and related services in connection with sale of certain vehicles |
| **Petition Date:** | 09/10/2025 |
| **Date of order of employment signed:** | 12/30/2025 (Effective 12/18/2025) |
| **Docket No. of Employment Order:** | Docket No. 592 |
| **Time Period Covered by This Application** | 2/1/2026 – 2/28/2026 |
| **Total Title Processing Fees Requested By This Application:** | $59,800.00 |

---

[1]   The Debtors in these chapter 7 cases are as follows: Tricolor Holdings, LLC, TAG Intermediate Holding Company, LLC, Tricolor Auto Group, LLC, Tricolor Auto Acceptance, LLC, Tricolor Insurance Agency, LLC, Tricolor Home Loans LLC dba Tricolor Mortgage, Tricolor Real Estate Services, LLC, TAG California Holding Company, LLC, Flexi Compras Autos, LLC, TAG California Intermediate Holding Company, LLC, Tricolor California Auto Group, LLC, Tricolor California Auto Acceptance, LLC, Risk Analytics LLC, Tricolor Tax, LLC, Tricolor Financial, LLC, Tricolor Auto Receivables LLC, Tricolor Asset Funding, LLC, and Apoyo Financial, LLC.

| | |
|---|---|
| **Total Administrative Fees Requested By This Application:** | $426,010.00 |
| **Bonding Expenses Requested By This Application:** | $31,250.00 |
| **Deficiency Amount:** | $8,680.00 |
| **Travel and Related Expenses Requested by this Application:** | $0 |
| **TOTAL AMOUNT REQUESTED BY THIS APPLICATION:** | $525,740.80 |

Scott R. Cheatham
TX State Bar No. 24050406
Richard A. Aguilar (LA 17439)(Admitted Pro Hac Vice)
Mark J. Chaney, III (LA 35704)(Admitted Pro Hac Vice)
ADAMS AND REESE LLP
701 Poydras Street, Suite 4500
New Orleans, LA 70139
Telephone: (504) 581-3234
Facsimile: (504) 566-0210
scott.cheatham@arlaw.com
richard.aguilar@arlaw.com
mark.chaney@arlaw.com

COUNSEL FOR AUTOMOTIVE RENTALS, INC. T/A HOLMAN

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| TRICOLOR HOLDINGS, LLC, *et al.*,[2] | ) | Case No. 25-33487 (MVL) |
| | ) | |
| Debtors. | ) | |
| | ) | |

## THIRD INTERIM COMPENSATION APPLICATION OF AUTOMOTIVE RENTALS, INC., T/A HOLMAN FOR THE PERIOD FROM FEBRUARY 1, 2026 THROUGH AND INCLUDING FEBRUARY 28, 2026

> **IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXNB.USCOURTS.GOV/ NO MORE THAN SEVEN (7) DAYS AFTER THE DATE THIS MOTION WAS FILED. IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK AND FILED ON THE DOCKET NO MORE THAN SEVEN (7) DAYS AFTER THE DATE THIS MOTION WAS FILED. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

Automotive Rentals, Inc., t/a Holman ("Holman"), auctioneer for the Trustee and the

above-captioned Debtors, hereby submits this third interim compensation application (the

"Compensation Request") pursuant to the Sale Procedures attached as Exhibit 1 to the *Order*

---

[2]     The Debtors in these chapter 7 cases are as follows: Tricolor Holdings, LLC, TAG Intermediate Holding Company, LLC, Tricolor Auto Group, LLC, Tricolor Auto Acceptance, LLC, Tricolor Insurance Agency, LLC, Tricolor Home Loans LLC dba Tricolor Mortgage, Tricolor Real Estate Services, LLC, TAG California Holding Company, LLC, Flexi Compras Autos, LLC, TAG California Intermediate Holding Company, LLC, Tricolor California Auto Group, LLC, Tricolor California Auto Acceptance, LLC, Risk Analytics LLC, Tricolor Tax, LLC, Tricolor Financial, LLC, Tricolor Auto Receivables LLC, Tricolor Asset Funding, LLC, and Apoyo Financial, LLC.

*Authorizing The Employment and Retention of Automotive Rentals, Inc. t/a Holman as Auctioneer, Effective as of December 18, 2025* (the "Employment Order," Doc. 592) seeking entry of an order, substantially in the form attached hereto as **Exhibit B** (the "Order"), awarding compensation for professional services and reimbursement of expenses in the amount of $525,740.80 (the "Requested Compensation") for the period of February 1, 2026, through and including February 28, 2026 (the "Application Period").

In support of this application, Holman represents, as follows:

### Jurisdiction and Venue

1.      The United States District Court for the Northern District of Texas has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the Northern District of Texas (the "Court") pursuant to 28 U.S.C. § 157(a) and the *Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc* from the United States District Court for the Northern District of Texas dated August 3, 1984. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein are sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2016-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Texas (the "Local Rules").

### Background And Retention of Holman

4.      On September 10, 2025 (the "Petition Date"), the Debtors each commenced a case by filing a petition for relief under Chapter 7 of the Bankruptcy Code (collectively, the "Chapter 7 Cases"). The Chapter 7 Cases are being jointly administered for procedural purposes pursuant to Bankruptcy Rule 1015(b) and Rule 1015-1 of the Local Rules.

5.     On the Petition Date, the Office of the United States Trustee for Region 6 appointed Anne Elizabeth Burns as the duly qualified trustee (the "Trustee") over the Chapter 7 Cases.

6.     On September 26, 2025, the Trustee filed a motion to operate the business of the Debtors pursuant to Bankruptcy Code section 721 and the Court granted that order. *See* Docs. 107, 158.

7.     On December 15, 2025, the Trustee filed her *Amended Emergency Motion to (I) Sell Estate Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (II) Establish Sale Procedures, and (III) Granting Related Relief* (the "Sale Motion," Doc. 537) requesting authorization to sell certain Vehicles (as defined in the Sale Motion).

8.     On December 15, 2025, the Trustee filed her *Emergency Application for Entry of an Order Authorizing the Employment and Retention of Automotive Rentals, Inc. t/a Holman As Auctioneer, Effective As Of December 18, 2025* (the "Application to Employ Holman," Doc. 538) requesting approval to retain Holman to act as auctioneer in connection with the sale process for the Vehicles and to provide certain services related thereto, including coordination of the marketing and sale of the Vehicles and titling and administrative services.

9.     On December 30, 2025, the Court entered an Order approving the Sale Motion (the "Sale Order," Doc. 593).

10.     Also on December 30, 2025, the Court entered the Employment Order approving the Application to Employ Holman.

11.     The Employment Order and the attached Sale Procedures authorize the Trustee to compensate Holman for its services and to reimburse Holman for documented out-of-pocket expenses incurred in connection with the performance of its services pursuant to the Interim Payment Procedures.

12.     The Interim Payment Procedures provide that, on or before the tenth (10th) day of each month starting on January 10, 2026, until all Vehicles are sold, Holman shall file with the

Court an Interim Compensation Request for the applicable period. *See* Sale Procedures at 11–12. The Trustee and the Secured Parties (as defined in the Sale Procedures) shall have seven (7) days from the filing of the Interim Compensation Request to object to the interim payment requested. *See id.* at 12. If no objection is timely filed, then the Trustee shall remit payment to Holman for the amount requested. *See id.*

### Services Rendered During the Application Period

13.    During the Application Period, Holman facilitated the sale of 1,495 vehicles that generated net sale proceeds of $9,259,670.13. In connection with such services, Holman is entitled to Title Processing Fees in the amount of $59,800.00, and Administrative Fees in the amount of $426,010.00.

14.    Moreover, twenty-seven (27) vehicles sold during the Application Period did not generate sufficient proceeds to cover the costs of their sale, resulting in a Deficiency Amount of $8,680.80 for Auction Fees (as defined in the Sale Procedures) related to such vehicles.

15.    Holman also previously procured a bond as required by the Sale Procedures for a total cost of $125,000.00. *See id.* at 11. Holman is entitled to bond expenses in connection therewith in the amount of $31,250.00.

16.    Holman therefore requests payment of a total of $525,740.80 in connection with this Compensation Request.

### Holman's Requested Compensation And Reimbursement Should Be Allowed

17.    The Sale Procedures provide that in consideration for services to be rendered by Holman and Vervent, the parties are entitled to a combined Administrative Fee of $295.00 per vehicle (or $100.00 per vehicle, in the case of a deficiency). *See* Sale Procedures at 4–7.

18.    The Sale Procedures further provide that Holman shall be entitled to Title Processing Fees charged on a vehicle-by-vehicle basis pursuant to the schedule set forth in the Sale Procedures. *See* Sale Procedures at 6.

19.     The Sale Procedures further provide that, if the proceeds from the sale of a vehicle are not sufficient to pay the Auction Fees, Title Processing Fees, and Administrative Fees resulting in a deficiency, then Holman will be entitled to recover any such Deficiency Amounts (as defined in the Sale Procedures) from the Other Vehicle Sale Proceeds (as defined in the Sale Procedures) either via setoff from Other Vehicle Sale Proceeds in Holman's possession or through reimbursement by the Trustee.  *See* Sale Procedures at 7.

20.     The Sale Procedures further provide that Holman may include in each Interim Compensation Request an amount equal to twenty-five percent (25%) of the actual, necessary expenses incurred by Holman to obtain the bonding associated with the sale procedures.  *See* Sale Procedures at 12.

21.     A listing of the vehicle sales that are the basis for the fees requested herein and the invoice for the cost of the Holman bond are attached to the Declaration of Steve Nolan, which is attached hereto as **Exhibit A**.

22.      Holman is therefore entitled to compensation and reimbursement in connection with the services provided during the Application Period in the amounts set forth below:

| | |
|---|---|
| Title Processing Fees: | $59,800.00 |
| Administrative Fees: | $426,010.00 |
| Bond Expenses (25% of total cost): | $31,250.00 |
| Deficiency Amounts (Auction Fees): | $8,680.80 |
| **TOTAL:** | **$525,740.80** |

*See* **Exhibit A** – Declaration of Steve Nolan.

23.     Holman therefore respectfully submits that approval of the compensation sought herein is warranted and should be approved and the Trustee should be authorized and directed to pay the Requested Compensation to Holman.

**Reservation of Rights**

24.     It is possible that some professional time expended, or expenses incurred, during the Application Period are not reflected in this Compensation Request. Holman reserves the right to include such amounts in future fee applications, as provided for in the Employment Order.

25.     Holman further reserves its rights to setoff any Deficiency Amounts from Net Sale Proceeds in its possession.

**No Prior Request**

26.     No prior application for the relief requested herein has been made to this or any other court.

**PRAYER**

WHEREFORE, Automotive Rentals, Inc. t/a Holman respectfully requests the Court enter an order authorizing and directing the Trustee to pay Holman the Requested Compensation and granting such other relief as is appropriate under the circumstances.

DATED: March 10, 2026

Respectfully submitted,

*/s/ Mark J. Chaney III_____*
Scott R. Cheatham
TX State Bar No. 24050406
Richard A. Aguilar (LA 17439)(Admitted
Pro Hac Vice)
Mark J. Chaney, III (LA 35704)(Admitted
Pro Hac Vice)
ADAMS AND REESE LLP
701 Poydras Street, Suite 4500
New Orleans, LA 70139
Telephone: (504) 581-3234
Facsimile: (504) 566-0210
scott.cheatham@arlaw.com
richard.aguilar@arlaw.com
mark.chaney@arlaw.com

**COUNSEL FOR AUTOMOTIVE
RENTALS, INC., t/a HOLMAN**