Jason M. Rudd, Tex. Bar No. 24028786
Scott D. Lawrence, Tex. Bar No. 24087896
**WICK PHILLIPS GOULD & MARTIN, LLP**
3131 McKinney Avenue, Suite 500
Dallas, Texas 75204
Phone: (214) 692-6200
Email:  jason.rudd@wickphillips.com
           scott.lawrence@wickphillips.com

Adam R. Prescott (admitted *pro hac vice*)
Sam Anderson (admitted *pro hac vice*)
**BERNSTEIN SHUR SAWYER & NELSON, PA**
100 Middle Street, PO Box 9729
Portland, ME 04104
Phone: (207) 774-1200
Email:  aprescott@bernsteinshur.com
           sanderson@bernsteinshur.com

**COUNSEL FOR VERVENT, INC.**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 7 |
| TRICOLOR HOLDINGS, LLC, *et al*.,[1] | ) ) | Case No. 25-33487 (MVL) |
| Debtors. | ) ) ) | |

**VERVENT, INC.'S *EX PARTE* MOTION FOR ORDER (A) CONFIRMING
AUTHORITY FOR VERVENT TO ACCEPT AND PROCESS TRICOLOR
BORROWER PAYMENTS, AND (B) DIRECTING BORROWERS TO CONTINUE
MAKING LOAN PAYMENTS IN THE ORDINARY COURSE**

Vervent, Inc. ("**Vervent**"), files this *ex parte* motion (the "**Motion**") for entry of an order (the "**Proposed Order**"): (a) confirming Vervent's authority to continue accepting and processing loan payments from borrowers who purchased vehicles from Tricolor, Ganas, Ganas Ya, Lucky Lane, Adonis, Apoyo, or any other Tricolor-affiliated company (each, a "**Tricolor Company**"); and (b) directing these borrowers to continue making their debt payments consistent with ordinary course payment practices and in accordance with their applicable agreements. Vervent files this

---

[1] The Debtors in these chapter 7 cases are as follows: Tricolor Holdings, LLC, TAG Intermediate Holding Company, LLC, Tricolor Auto Group, LLC, Tricolor Auto Acceptance, LLC, Tricolor Insurance Agency, LLC, Tricolor Home Loans LLC dba Tricolor Mortgage, Tricolor Real Estate Services, LLC, TAG California Holding Company, LLC, Flexi Compras Autos, LLC, TAG California Intermediate Holding Company, LLC, Tricolor California Auto Group, LLC, Tricolor California Auto Acceptance, LLC, Risk Analytics LLC, Tricolor Tax, LLC, Tricolor Financial, LLC, Tricolor Auto Receivables LLC, Tricolor Asset Funding, LLC, and Apoyo Financial, LLC.

1

Motion with the support and consent of the Trustee (defined below). In support of this Motion, Vervent respectfully represents as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc* dated August 3, 1984, entered by the United States District Court for the Northern District of Texas. This matter is a core proceeding under 28 U.S.C. § 157(b). Venue of this case and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. On September 10, 2025 (the "**Petition Date**"), the Debtors each commenced a case by filing a petition for relief under chapter 7 of the Bankruptcy Code (collectively, the "**Chapter 7 Cases**"). The Chapter 7 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b), and Local Rule 1015-1.

3. The Office of the United States Trustee for Region 6 (the "**U.S. Trustee**") has appointed Anne Elizabeth Burns as the duly qualified trustee over the Chapter 7 Cases (the "**Trustee**").

**A.    Vervent, the Services, and the Stipulation.**

4. Vervent is an industry-leading loan servicing company that, among other things, provides customizable loan servicing support, regulatory reporting and compliance protocols, secure fund flow and controls services, and other related services under various loan facilities across numerous industries and sectors. In addition, given its experience and servicing expertise, Vervent is frequently retained by lenders, investors, and other clients to provide back-up servicer support, which means Vervent is contracted to step into the position of a primary loan servicer in the event the primary servicer is unable to perform its contracted servicer obligations or otherwise

2

is removed from that role following a default.

5. Since the Petition Date, due to its expertise and familiarity with the relevant assets and the Tricolor portfolio more generally, several parties have executed servicing agreements with Vervent, and Vervent is now the contracted-servicer for substantially all of the Tricolor portfolio.[2] In its capacity as loan servicer, Vervent manages and services the loans and receives into various collection accounts funds remitted by borrowers with respect to various pools of receivables based on vehicles sold by the Tricolor Companies. As a result, Vervent has played a central role in the Chapter 7 Cases by facilitating the efforts of the Trustee and the Customers[3] to secure collateral, collect and process payments, and, ultimately, maximize value for the estates and all parties in interest by ensuring timely loan servicing that maximizes loan performance under these challenging circumstances.

6. On February 4, 2026, this Court entered the *Seventh Amended Order Granting Chapter 7 Trustee's Motion for Entry of Order Approving Stipulation Between Trustee and Vervent Inc.* [Dkt. No. 926] (the "**Seventh Amended Stipulation**"). The Seventh Amended Stipulation provides, among other things, general authority for Vervent to perform ordinary course servicing duties during the Chapter 7 Cases on behalf of the Tricolor Companies, including "to collect and account for all Receivables (whether or not such loan receivables are described in the Servicing Agreements)" and "perform ordinary course account collection and collateral repossession services in the event of borrower defaults , including the Services that generally align

---

[2] One exception at this time is certain unassigned notes that may be property of the chapter 7 estates, and Vervent and the Trustee are in the process of finalizing a servicing agreement for those assets as well.

[3] "**Customers**" includes Wilmington Trust, National Association (in its capacity as indenture trustee under each of the securitizations and together with any successor indenture trustee under any securitization), JPMorgan Chase Bank, N.A., Fifth Third Bank, National Association, Origin Bank, Ares, and the Trustee.

3

with the contractual servicing duties under the various Servicing Agreements." Seventh Amended Stipulation, ¶¶ 7 & 9(a) (capitalized terms as defined in the Seventh Amended Stipulation).[4]

B.  **Consumer Confusion in the Market.**

7.  On February 17, 2026, this Court conducted a show cause hearing regarding various lift stay motions filed by consumers (the "**February 17 Hearing**"). As the Court heard at that hearing, and as Vervent has witnessed throughout its work as servicer in this matter, there is substantial consumer confusion in the marketplace regarding Tricolor, the effect of the Chapter 7 Cases on consumer payment obligations, and Vervent's rights and duties as servicer during the cases. As a result of some of the comments at that hearing, on February 23, 2026, this Court ordered a temporary moratorium on new vehicle repossessions by Vervent for an approximately 30-day period. See Docket No. 904, *Sua Sponte Order Regarding Temporary Moratorium on Repossession of Consumer Vehicles*.

8.  Although from an authority and procedural perspective, under both the Seventh Amended Stipulation and the Servicing Agreements, Vervent's authority to receive consumer payments and perform other servicing duties during the Chapter 7 Cases is beyond dispute, Vervent recognizes the potential impact of consumer confusion on the willingness of borrowers to make timely payments.

9.  Indeed, although these are unprecedented circumstances, Vervent anticipated these issues early on and, since the outset of its appointment, has engaged in a broad educational and consumer outreach program—including phone calls, text messages, emails, mailings, and other efforts. At the same time, Vervent also has coordinated with third-party payment processing companies to ensure consumers can make payments exactly as they did before Tricolor's collapse,

---

[4] For avoidance of doubt, nothing in this Motion seeks to modify any prior Order of the Court, including the Seventh Amended Stipulation.

4

IT providers, legacy Tricolor vendors, and others to ensure as seamless a transition to Vervent's servicing from a consumer perspective as could be possible under the extraordinary circumstances of these Chapter 7 Cases. In so doing, Vervent directly incurred millions of dollars of "transition" expenses to set up and implement these efforts.

10. One aspect of that public education and communication effort included adding links on Tricolor's website and "Frequently Asked Questions" pages for consumers, which, among other things, provided contact information for Vervent and directed consumers to the appropriate third parties for making payments. Further, in another effort to address possible customer confusion and provide an opportunity for effected customers to get their loans "back on track," Vervent launched early on a payment assistance initiative for accounts significantly past due, which received strong acceptance and positive engagement from participating customers. In addition, Vervent is in the process of rolling out an updated servicing and education initiative to all Tricolor borrowers, which will supplement Vervent's prior efforts. That effort includes Vervent's recently launched "Fresh Start" program for customers with lower levels of delinquency to provide broader support and to help these customers maintain their vehicles, cure existing defaults, and reduce delinquency rates through Vervent's proactive assistance and consumer-friendly loan modification and "right to cure" programs.

**RELIEF REQUESTED**

11. By this Motion, Vervent seeks entry of the Proposed Order providing clear guidance and direction to consumers regarding their obligations to continue making payments in accordance with their loan documents, which Proposed Order Vervent would then include as part of its ongoing consumer education and "Fresh Start" initiative.

**BASIS FOR RELIEF**

12. Bankruptcy Code section 105(a) authorizes the court to issue any order "necessary

5

or appropriate to carry out the provisions of the Bankruptcy Code," thereby codifying the bankruptcy court's inherent equitable powers.  11 U.S.C. § 105(a).

13. Furthermore, at the February 17 Hearing, the Court noted: "In terms of getting some sort of Court-approved statement out, the Court is not opposed to that. . . . I think that this is probably something that the Court could act on quickly, if it could be filed and sent to the Court's attention before [March 27]. . . . I don't think there's anything in the rules that would require anything like a 14 or 21-days notice. So, I think that I could certainly give you the imprimatur of the Court's approval on that to get it out quickly." Transcript of February 17 Hearing, pp. 122-23. Thus, Vervent files this Motion on an *ex parte* basis, since this Motion does not request any changes to any authority or determinations of legal rights, but instead simply asks for the Court to enter the Proposed Order to provide a statement, in simple terms, of what Vervent and consumers who did business with the Tricolor Companies should do now that the Tricolor Companies are in bankruptcy.

14. Here, this Motion reflects another step by Vervent in its significant and ongoing effort to educate consumers, service loans, and maximize the value of available assets for all parties-in-interest, including the estates.  Moreover, although the relief in the Proposed Order is not new—the Proposed Order provides no more relief than is already set forth in the Seventh Amended Stipulation and its prior versions going back to the start of the Chapter 7 Cases—the Proposed Order is drafted in a way to provide clear and simple direction from this Court regarding (a) the need for consumers of the Tricolor Companies to continue paying their loans and complying with their loan documents, (b) Vervent's Court-approved role and authority as servicer to accept those payments and service loans, and (c) that any upstream disputes about ultimate collateral ownership do not excuse customers from paying their loans in the meantime.

6

15. Accordingly, Vervent submits that no party will be prejudiced by the relief requested in the Motion, and the relief, on the other hand, will aid Vervent's servicing efforts, promote consumer education and compliance, and, hopefully, reduce consumer confusion and delinquencies.

## **NO PRIOR REQUEST**

16. No previous request for the relief sought herein has been made to this or any other court.

**WHEREFORE**, Vervent respectfully requests entry of the Proposed Order, granting the relief requested herein and such other and further relief as may be just and proper.

[intentionally left blank]

Dated: March 11, 2026

Respectfully submitted,

*/s/ Scott D. Lawrence*
Jason M. Rudd, Tex. Bar No. 24028786
Scott D. Lawrence, Tex. Bar No. 24087896
**WICK PHILLIPS GOULD & MARTIN, LLP**
3131 McKinney Avenue, Suite 500
Dallas, Texas 75204
Phone: (214) 692-6200
Email: jason.rudd@wickphillips.com
scott.lawrence@wickphillips.com

- and -

Adam R. Prescott (admitted *pro hac vice*)
Sam Anderson (admitted *pro hac vice*)
**BERNSTEIN SHUR SAWYER & NELSON, PA**
100 Middle Street, PO Box 9729
Portland, ME 04104
Phone: (207) 774-1200
Email: aprescott@bernsteinshur.com
sanderson@bernsteinshur.com

**COUNSEL FOR VERVENT, INC.**

## CERTIFICATE OF CONFERENCE

The undersigned certifies that prior to filing, counsel to Vervent conferred with counsel to the Chapter 7 Trustee, Anne Burns, and counsel to the Texas Department of Motor Vehicles, both of whom are unopposed to the relief sought in the Motion.

*/s/ Scott D. Lawrence*
Scott D. Lawrence

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing document was served on March 11, 2026 by the Court's ECF noticing system on all parties that consent to such service via electronic filing.

*/s/ Scott D. Lawrence*
Scott D. Lawrence

8