United States Department of Justice
Office of the United States Trustee
1100 Commerce St.  Room 976
Dallas, Texas  75242
(214) 767-1079

Meredyth A. Kippes
for the United States Trustee
*meredyth.kippes@usdoj.gov*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| In re: § | | |
| § | | Case No. 25-33487-MVL-7 |
| **Tricolor Holdings, LLC, et al.** § | | |
| § | | **CHAPTER 7** |
| § | | |
| Debtors. § | | Jointly Administered. |
| § | | |

**United States Trustee's Response to Order for Beyond Attorneys, LLC, Francisco Aguirre and Lluvia Median Beltran to Appear before the Court on April 1, 2026 at 9:30 a.m. and Show Cause Why They Should not be Sanctioned for the Unauthorized Practice of Law**
**[Dkt. No. 902]**

**TO THE HONORABLE MICHELLE V. LARSON,**
**UNITED STATES BANKRUPTCY JUDGE:**

Lisa L. Lambert, the United States Trustee for Region 6 ("United States Trustee"), files this Response (the "Response") to Order for Beyond Attorneys, LLC, Francisco Aguirre and Lluvia Median Beltran to Appear before the Court on April 1, 2026 at 9:30 a.m. and Show Cause Why They Should not be Sanctioned for the Unauthorized Practice of Law (the "SCO," Dkt No. 902) and represents the following:

**Introduction**

The United States Trustee Program ("USTP") is a component of the United States Department of Justice charged with overseeing bankruptcy cases. One of the USTP's functions is that of consumer protection in the realm of bankruptcy cases. In that capacity, the United States Trustee files this response to the Court's SCO seeking to examine transactions between an entity called Beyond Attorneys, LLC ("Beyond Attorneys"), their principals – Francisco Aguirre ("Mr. Aguirre") and Lluvia Medina Beltran ("Ms. Beltran") – and certain consumer creditors (the "Consumer Creditors") of Tricolor Holdings, LLC, et al. (the "Tricolor Debtors"). After the Court's hearing on the Amended Order for Beyond Attorneys, LLC, Francisco Aguirre, Lluvia Median Beltran, and the Consumer Creditors Listed Herein to Appear Before the Court on February 17, 2026 at 2:00 p.m. for Status Conference (the "Status Conference Order," Dkt. No. 754), many questions remained concerning the relationship of Beyond Attorneys, Mr. Aguirre, and Ms. Beltran and the Consumer Creditors. During the February 17, 2026 hearing parties represented that Beyond Attorneys, Mr. Aguirre, and/or Ms. Beltran collected as much as $1,500.00 from each Consumer Creditor for assistance with the preparation and filing of pleadings with this Court. To that end, the Court entered the SCO requiring Beyond Attorneys, Mr. Aguirre, and Ms. Beltran to appear and show cause why they should not be sanctioned for the unauthorized practice of law. The United States Trustee files this Response to address additional concerns and to preserve her right investigate the activities of Beyond Attorneys, Mr. Aguirre, and Ms. Beltran.

**Background**

1. The Tricolor Debtors filed their voluntary petitions under Chapter 7 of the Bankruptcy Code on September 10, 2025 ("Petition Date").

2. The Tricolor Debtors' cases are being jointly administered under Case No. 25-33487-MVL-11.

3. Anne Elizabeth Burns is the chapter 7 trustee the ("Trustee") of the Tricolor Debtors.

**The Status Conference Order**

4. The Court issued the Status Conference Order on February 6, 2026 after it came to her attention that (A) multiple motions for relief from stay, each entitled *Motion for (1) Relief from the Automatic Stay Under 11 U.S.C. § 362(d)(1); (2) § 105(a) Status-Quo Freeze; (3) Interim Relief Under Rule 4001(a)(2); (4) Determination on the Papers with Waiver of Appearance*, (the "Lift Stay Motions") were filed, *pro se*, by various Consumer Creditors and that (B) multiple additional motions entitled *Motion to Enforce the Automatic Stay, Clarify the Scope of Servicing Authority, and Preserve Status Quo Pending Determination of Lien Ownership* (the "Stay Enforcement Motions") were filed, *pro se*, by other Consumer Creditors.

5. A review of the Court's docket reflects that at least sixteen Lift Stay Motions were filed and at least thirty-four Stay Enforcement Motions were filed between January 13, 2026 and February 11, 2026, for a total of fifty motions. Dkt Nos. 655, 676-90, 718-723, 777-806.

6. The Court's Status Conference Order further states that, while the Lift Stay Motions and the Stay Enforcement Motions (together, the "Motions") purported to have been filed, *pro se*, by the relevant Consumer Creditors, the Motions were filed on behalf of the Consumer Creditors by Beyond Attorneys, Mr. Aguirre, and/or Ms. Beltran in various capacities.

7. The Motions contain myriad procedural deficiencies, including failures to attach a certificate of service or certificate of conference as required by Local Bankruptcy Rule 4001-1(a).

The Stay Enforcement Motions specifically averred that, because they were not seeking relief from the automatic stay, no filing fee was required.

8. Given the Consumer Creditors' non-compliance with the Federal Rule of Bankruptcy Procedures and the Local Bankruptcy Rules, the Court determined that a status conference was required in order to address the Court's concerns with both (1) the procedural deficiencies in the Motions and (2) the substantial similarity among the Motions.

**The February 17, 2026 Status Conference**

9. The Court held the status conference on February 17, 2026. Many Consumer Creditors appeared via WebEx. Mr. Aguirre also appeared via WebEx. Mr. Aguirre stated that Ms. Beltran did not appear because she was hospitalized.

10. The Trustee, her counsel, counsel for the United States Trustee and counsel for the loan servicer, Vervent, Inc. ("Vervent"), also appeared at the status conference.

11. At the status conference Mr. Aguirre testified that he had been in contact with approximately 1,500 Consumer Creditors, that he or Ms. Beltran or Beyond Attorneys had executed contracts with some of the Consumer Creditors and that he or Ms. Beltran or Beyond Attorneys charged each Consumer Creditor $1,500.00 for some sort of services relating to the Tricolor Debtors' bankruptcy cases. Transcript of Hearing, February 17, 2026, p. 33, ln. 10-11. (the "February 17th Transcript," Dkt. No. 863).

12. Mr. Aguirre testified that he holds a current paralegal license from the State of Pennsylvania. February 17th Transcript, p. 44, ln. 3-9.

13. Mr. Aguirre was equivocal about how the Motions filed by the Consumer Creditors were created. First, he testified that "we prepare the documents," but "do not create the documents," rather they "merely put the information that is provided to us . . . and sent it to [the

Consumer Creditors] for their signature and they appear pro se." February 17th Transcript, p. 12 ln. 9-18. Later, Mr. Aguirre denied having drafted the Motions filed by Consumer Creditors in these bankruptcy cases. February 17th Transcript, pp. 46-47, ln. 19-25 and ln. 1-7.

14. At least three of the Consumer Creditors testified that Mr. Aguirre did prepare the documents for their signatures. February 17th Transcript, pp. 61-62 (testimony of Brisa Martinez), p. 78 (testimony of Maria Vasquez), pp. 83-84 (testimony of Jorge Aguirre).

15. When pressed as to where the form used for the Motions came from, Mr. Aguirre testified that he did not know who wrote the forms, that he did not know where he got the forms from, and that he did not know whether the forms were on Ms. Beltran's or the Beyond Attorneys' computer system. February 17th Transcript, p. 44 ln. 16-20.

16. Mr. Aguirre further testified that the form used for the Motions were not on his computer, and that he did not download the form from the internet. pp. 45-46 ln. 21-25 and ln.1-2.

17. Mr. Aguirre further testified that he did not know whether Ms. Beltran downloaded the form from the internet, and that he did not know whether Ms. Beltran asked Generative AI to draft a pleading, and that he did not receive an email from Ms. Beltran with a form attached to it. February 17th Transcript, p. 46 ln. 3-15.

18. Mr. Aguirre also testified that he did not ask Generative AI to draft a pleading. February 17th Transcript, p. 46 ln. 5-7.

19. Mr. Aguirre testified that the Motions were filed with the Clerk of the United States Bankruptcy Court by Ms. Beltran in Dallas. February 17th Transcript, p. 38 ln. 6-12.

20. At the conclusion of the status conference, the Court directed Mr. Aguirre, Ms. Beltran, and Beyond Attorneys not to file any more pleadings with the Court.

21. Also at the conclusion of the hearing, because the Consumer Creditors testified to confusion regarding how to make payments on their vehicles and testified to inadequate communication from Vervent regarding their loan balances and payments, the Court directed the Trustee and Vervent to establish a communication process between Vervent and the Consumer Creditors and ordered a moratorium on repossessions of Consumer Creditors' vehicles from February 20, 2026 at noon Central time until March 23, 2026 at noon Central time.

22. The case website at https://www.veritaglobal.net/tricolor contains the following information concerning employee related inquiries and Customer Creditor inquiries concerning access to their accounts:

> For Tricolor employee related inquiries, please email: TricolorEmployeesInfo@veritaglobal.com.
>
> For additional information regarding accessing your Tricolor account and to make payments, please email or call:
> Tricolor@acct-admin.com
> 888-44TRICO (888-448-7426)

23. On March 11, 2026, Vervent filed a motion (Dkt. No. 936) for approval of an order that would confirm that Vervent has the authority to collect Tricolor customers' car payments. Such order would also direct Vervent to make the order available to customers via SMS, email, and mail and by posting it on the Vervent/Tricolor website. The order would also direct Vervent to transmit to the customers a handout explaining customers' rights and responsibilities in English and Spanish via SMS, email, and mail and by posting it on the Vervent/Tricolor website. The United States Trustee has requested that the English and Spanish versions of the customer rights and responsibilities handout be filed with the Court and be posted to the case website at https://www.veritaglobal.net/tricolor .

**The Show Cause Order**

24. Based upon Mr. Aguirre's testimony at the Status Conference on February 17, 2026, the Court issued the SCO as to why Mr. Aguirre, Ms. Beltran, and Beyond Attorneys should not be sanctioned for the unauthorized practice of law. Among other things, the Court highlighted that "Mr. Aguirre could not accurately testify as to: (1) his current business relationship with Beyond Attorneys, if any; (2) whether Beyond Attorneys remained in business; (3) what the express terms of contracts reached with the Consumer Creditors were; (4) whether each of the Consumer Creditors had in fact paid him $1,500 for services related to the Consumer Creditors' relationship with the Debtors; (5) how the Consumer Creditors initially came into contact with Mr. Aguirre; and (6) what representations he had made to the Consumer Creditors with respect to the substance of the Lift Stay Motions and the Consumer Creditors' expectations for relief." *See* SCO p. 3.

25. The SCO directed Mr. Aguirre, Ms. Beltran, and Beyond Attorneys to "file with the Court a copy of a representative engagement letter(s) or contract(s) with the Consumer Creditors related to the [Tricolor] Debtors by no later than March 6, 2026."

26. As of the filing of this Response, no representative engagement letters or contracts have been filed with the Court.

**Argument and Authority**

27. Courts have the inherent authority to regulate the practice of law by parties appearing before the them. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). "Because of their very potency, inherent powers must be exercised with restraint and discretion." *Id*. at 44. "A primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Id*. at 44-45.

28. Section 105 of the Bankruptcy Code grants a bankruptcy court with the authority to "issue any order, process, or judgment necessary or appropriate to carry out the provisions of" the Bankruptcy Code. *See Law v. Seigel*, 571 U.S. 415, 420 (2014). "[A] Bankruptcy Court's substantive law extends to governing the practice of law before it, and thus a Bankruptcy Court may use Section 105(a) to choose the form of remedy it finds necessary to curb the abusive unauthorized practice of law." *In re Final Analysis, Inc.*, 389 B.R. 449, 463 (Bankr. D. Maryland 2008).

29. At the time of the filing of this Response, the United States Trustee's own investigation into the activities of Beyond Attorneys, Mr. Aguirre, and Ms. Beltran is ongoing.

30. In addition to the issues raised by the Court in the SCO, the United States Trustee would request, at least, the following:

   a. A complete list of the names and contact information of each Consumer Creditor advised or assisted by Beyond Attorneys, Mr. Aguirre, and/or Ms. Beltran in connection with these bankruptcy cases, whether or not such Consumer Creditor filed a Motion with this Court;

   b. An accounting of the amounts collected by Beyond Attorneys, Mr. Aguirre, and/or Ms. Beltran from each Consumer Creditor they advised or assisted in connection with these bankruptcy cases, whether or not such Consumer Creditor filed a Motion with this Court;

   c. A complete list of the source and/or sources of the form document or documents that were used to draft the Consumer Creditors' Motions filed with this Court;[1]

   d. Complete copies of any time records kept by Beyond Attorneys, Mr. Aguirre and/or Ms. Beltran in connection with any work done for or on behalf of the Consumer Creditors in connection with these bankruptcy cases, whether or not such Consumer Creditor filed a Motion with this Court;

---

[1] In the event generative artificial intelligence was used to draft the Motions, it was done so in contravention of this Court's General Order 2023-03, *In re Pleadings Using Generative Artificial Intelligence*, because there was no certification in the Motion that the filers verified "that any language that was generated was checked for accuracy, using print reporters, traditional legal databases or other reliable means." Failure to do so may subject the filer to sanctions under Fed. R. Bankr. P. 9011. *Id.*

    e. Complete copies of any and all professional licenses held by Beyond Attorneys, Mr. Aguirre and/or Ms. Beltran;

    f. The names and identities of the present or former officers and directors of Beyond Attorneys; and

    g. Complete copies of any documents reflecting the dissolution, closure, or other type of wind-up of Beyond Attorneys' business.

31. Regarding the amount of any monetary sanctions the Court may impose, disgorgement of any fees collected from each Consumer Creditor advised or assisted by Beyond Attorneys in connection with these bankruptcy cases would be appropriate. In that regard, a complete accounting of such amount is necessary to calculate the total sum to be disgorged and to be able to direct to whom funds should be reimbursed. For instance, if Beyond Attorneys, Mr. Aguirre and/or Ms. Beltran collected $1,500.00 from each of the Consumer Creditors who filed Motions, the sum would equal $75,000.00.[2] And that sum would not include fees connected from any Consumer Creditor who did not file a Motion but did pay Beyond Attorneys, Mr. Aguirre, and/or Ms. Beltran for advice, assistance, or other services in connection with these bankruptcy cases.

32. As noted above, the United States Trustee's investigation is ongoing. Accordingly, the United States Trustee may, in connection with the SCO or in connection with a pleading that the United States Trustee may file at a later date, propound discovery relating to the subjects set forth in the SCO and set forth above in this Response.

---

[2] $1,500.00 x 50 = $75,000.00

**Response**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**Page 9 of 12**

DATED: March 12, 2026       Respectfully submitted,

LISA L. LAMBERT
UNITED STATES TRUSTEE

*/s/ Meredyth A. Kippes*
Meredyth A. Kippes
Trial Attorney
Texas State Bar No. 24007882
Office of the United States Trustee
1100 Commerce Street, Room 976
Dallas, Texas  75242
(214) 767-1079
meredyth.kippes@usdoj.gov

**Certificate of Service**

I certify that copies of the foregoing document on March 12, 2026 via ECF to those parties requesting service via ECF in this case and to the parties listed below via First Class United States Mail.

*/s/ Meredyth A. Kippes*
Meredyth A. Kippes

Beyond Attorneys, LLC
5635 N. Scottsdale Rd., Ste. 170J
Scottsdale, AZ 85250

Mr. Franciso X. Aguirre
7014 E. Camelback Rd., Ste. B100A
Scottsdale, AZ 85251

Ms. Lluvia Medina Beltran
9825 N. 41st Ave.
Phoenix, AZ 85051

Mr. Jorge Enrique Aguirre
5923 S. 26th Ave.
Phoenix, AZ 85041

Mr. Yosvanys Garcia Diaz
P.O. Box 1004
Jal, New Mexico 88252

Mr. Richard Gildardo Acosta Armenta
3315 W. Maldonado Rd.
Phoenix, AZ 85041

Mr. Salomon Vaquera Oviedo
6201 W. Encanto Blvd.
Phoenix, AZ 85035

Ms. Mayra Alejandra Robledo Moreno
7136 W. Dunn St.
Odessa, TX 79763

Mr. Angel Celiseo Ceronio
524 W. 9th St., Apt. 204
Mesa, AZ 85201

Ms. Johanna Ruby Vasquez Zermeno
4701 Glenwood Ave., Trlr. 51
Deer Park, TX 77536

Ms. Brisa Viridiana Martinez Ibarra
3361 Harmon Rd., Apr. 1210
Mansfield, TX 76063

Mr. Jose Alberto Ferrer Suarez
7303 Wood Hollow Dr., Apt. 489
Austin, TX 78731

Mr. Jose Eduardo Arias Linares
2862 Belt Line Rd., Apt. 342
Garland, TX 75044

Mr. Jeronimo Gonzalez Isidro
12901 S. Thomas Ave.
Odessa, TX 79766

Mr. Erminio Melchor Morales
12113 Metric Blvd., Apt. 1528
Austin, TX 78758

Mr. Eravisto Valle Mendoza
6075 Broadway
San Diego, CA 92114

Mr. Juan Pablo Frigoli Campos
727 W. 18th St.
Tempe, AZ 85281

Mr. German Augusto Hoyos Baquero
1601 W. Macarthur Blvd., Apt. 15E
San Ana, CA 92704

Ms. Maria Alejandra Ortega
721 Bethel St.
Paducah, KY 42003

Mr. Juan Aciel Calafell Martinez
9920 Forest Ln., Apt. 332
Dallas, TX 75243

Mr. Felipe Villareal
3745 N. Planet Ave.
Odessa, TX 79764

Mr. Jose Manuel Moreno
2420 Doty Ln.
Balch Springs, TX 75180

Ms. Maria Isabel Vasquez
5230 W. Aire Libre Ave.
Glendale, AZ 85306

Ms. Karla Celina De Santiago Chavez
5129 W. Echo Ln.
Glendale, AZ 85302

Mr. Jose Alberto Alvarez Aguirre
6523 Chapel Frst.
San Antonio, TX 78239

Mr. Hector Ricardo Davila Colis
15333 Ridgecrest Dr.
Dallas, TX 74253

Karla Toledo
7602 Weyburn St.
Houston, TX 77028

Jennifer Carrillo Munoz
475 W. 91st Pl.
Los Angeles, CA 90003

Adrian Camacho
45529 Lostwood Ave.
Lancaster, CA 93534

Angel Valenzuela Ramirez
2432 N. Fontana Ave. Apt. B
Tucson, AZ 85427-5321

Ana Janneth Vergara
126 W. Paredes St.
Laredo, TX 78043

Josue Guzman
7400 Plum Creek Dr. Apt 1411
Houston, Texas 77012

Sergio Lobato Carillo
317 8th Ave. Unit D.
Mesa, AZ 85210

Jose Paguada Reyes
13913 Ella Blvd. Apt. 612
Houston, TX 77014

Maria Luz Medrano
4400 West Airport Blvd.
Houston, TX 77045

Julia Mendez Ramirez
2101 N. Forest Ave.
Tyler, TX 75702

Enrique Trujillo
3609 Caldera Blvd. Unit 4 Apt. 219
Midland, TX 79707

Andrea Garcia
298 Road 5120
Cleavland, TX 77327

Pamela M. Agapito Marquez
1039 East Centerville # 2713
Garland, TX 75041

Sandra Nava Robles
4804 S. Peachtree Rd.
Balch Springs, TX 75180

Rick Eden Castillo Esparza
4903 Quail West. Rd.
Alvin, TX 77511

Rosa Gutierrez Hernandez
14603 Lost Hills Rd. #27
Lost Hills, CA 93249

Adrian Arteaga
26639 Missouri Pacific St.
Magnolia, TX 77355

Alberto Lopez Calderon
605 Walker Ave.
Cleavland, TX 77327

Cesar Garcia
596 Columbus St.
Houma, LA 70360

Moises Rodriguez Agustin
1472 S. Palomares St. Apt. 9
Pomona, CA 91766

Ubaldo Mancinas Landeros
2105 Deer Rise St.
Venus, TX 76084

Esthefany Santos
1902 N. Midland Dr. Apt 504
Midland, TX 79707

Yolanis Robinet Venero
9701 Forum Park Dr. Apt 805
Houston, TX 77036

Judit Morffi
5518 W. Lamar Rd.
Glendale, AZ 85301