

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

**THE DATE OF ENTRY IS ON**
**THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

*Michelle V. Larson*
_____
**United States Bankruptcy Judge**

**Signed March 12, 2026**

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| TRICOLOR HOLDINGS, LLC, *et al.*,[1] | ) | Case No. 25-33487 (MVL) |
| | ) | |
| Debtors. | ) | |
| | ) | |

### ORDER GRANTING TRUSTEE'S APPLICATION FOR ENTRY OF ORDER AUTHORIZING EXPANDED SCOPE OF RETENTION AND EMPLOYMENT OF KURTZMAN CARSON CONSULTANTS, LLC DBA VERITA GLOBAL AS CLAIMS AND NOTICING AGENT

Upon the Application[2] for entry of an order (this "Order"), authorizing the expansion of

the scope of services for the retention and employment of Kurtzman Carson Consultants, LLC dba

---

[1] The Debtors in these chapter 7 cases are as follows: Tricolor Holdings, LLC, TAG Intermediate Holding Company, LLC, Tricolor Auto Group, LLC, Tricolor Auto Acceptance, LLC, Tricolor Insurance Agency, LLC, Tricolor Home Loans LLC dba Tricolor Mortgage, Tricolor Real Estate Services, LLC, TAG California Holding Company, LLC, Flexi Compras Autos, LLC, TAG California Intermediate Holding Company, LLC, Tricolor California Auto Group, LLC, Tricolor California Auto Acceptance, LLC, Risk Analytics LLC, Tricolor Tax, LLC, Tricolor Financial, LLC, Tricolor Auto Receivables LLC, Tricolor Asset Funding, LLC, and Apoyo Financial, LLC.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Application.

Verita Global ("Verita") as claims and noticing agent to the Trustee effective as of October 1, 2025, in accordance with the Expanded Services Agreement, all as more fully set forth in the Application; and the Court being satisfied, based on the representations made in the Application, that (a) Verita does not hold or represent an interest adverse to the Debtors' estates and (b) Verita continues to be a "disinterested person" as defined in Bankruptcy Code section 101(14) and as required by Bankruptcy Code section 327(a); and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc* dated August 3, 1984 entered by the United States District Court for the Northern District of Texas; and the matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and venue of this proceeding and the Application in this District being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court being able to issue a final order consistent with Article III of the United States Constitution; and due and sufficient notice of the opportunity to object to and for hearing on the Application having been given under the particular circumstances; and it appearing that no hearing is necessary on the Application absent the filing of an objection thereto; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and it appearing that no other or further notice is necessary; and it appearing that the relief requested in the Application is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby

**ORDERED, ADJUDGED, AND DECREED that:**

1.      The Application is approved, as set forth herein.

2

2.      The terms of the Expanded Services Agreement, including without limitation, the rates of Verita professionals set forth therein and in the Application, are reasonable and are hereby approved.

3.      The Trustee is authorized, but not directed, to expand the scope of services included in the retention and employment of Verita by the Trustee in the Chapter 7 Cases effective as of January 9, 2026, in accordance with the Expanded Services Agreement, the Application, and this Order, to perform the Expanded Services described in the Application, pursuant to Bankruptcy Code section 327(a), Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1.

4.      Verita may not sell bankruptcy data obtained through its integration with Valid8, or through any aspect of the Expanded Services.

5.      Verita shall review its files periodically during the pendency of the Chapter 7 Cases to ensure that no conflicts or other disqualifying circumstances exist or arise.  If any new relevant facts or relationships are discovered or arise, Verita shall use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

6.      Verita shall provide detailed invoices setting forth the services provided and the rates charged on a monthly basis to the Trustee, her counsel, the Office of the United States Trustee, and any party in interest who specifically requests service of the monthly invoices in writing (the "Notice Parties").

7.      Verita shall not be required to file fee applications for the Expanded Services.  Upon dispute of Verita's invoices, the Trustee is authorized to compensate and reimburse Verita for all undisputed amounts in the ordinary course in accordance with the terms of the Expanded Services Agreement; provided however, that the Notice Parties shall have a period of ten (10) calendar days

3

to object to the amount of such invoice prior to the Trustee's payment of such amounts or such shorter time as agreed by the Notice Parties. If any dispute arises and cannot be resolved after conferring in good faith, Verita or the Trustee shall file a short form fee application with respect to the disputed portion of the fees and describe the nature of the dispute. Unless otherwise ordered, the Court shall determine the allowance of the disputed fees as part of the final fee application process, applying a reasonableness analysis. All amounts due to Verita will be treated as section 503(b) administrative expenses.

8. Verita is authorized to take such other actions as are necessary to comply with all duties and provide the services set forth in the Application and the Expanded Services Agreement.

9. In the event of any inconsistency between the Expanded Services Agreement, the Application, and this Order, this Order shall govern.

10. The terms and conditions of this Order are immediately effective and enforceable upon its entry.

11. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Order. The scope of Verita's services may be altered only on separate motion and further order of this Court.

# # # **END OF ORDER** # # #

Submitted by:

Charles R. Gibbs (TX Bar No. 7846300)
Marcus A. Helt (TX Bar No. 24052187)
Grayson Williams (TX Bar No. 24124561)
**MCDERMOTT WILL & SCHULTE LLP**
2801 North Harwood Street, Suite 2600
Dallas, Texas 75201
Tel: (214) 295-8000
Fax: (972) 232-3098

E-mail: crgibbs@mcdermottlaw.com
mhelt@mcdermottlaw.com
gwilliams@mcdermottlaw.com

Darren Azman (admitted *pro hac vice*)
**MCDERMOTT WILL & SCHULTE LLP**
One Vanderbilt Avenue
New York, New York 10017-3852
Tel: (212) 547-5400
Fax: (212) 547-5444
E-mail: dazman@mcdermottlaw.com

Julia M. Beskin (admitted *pro hac vice*)
919 Third Avenue
New York, New York 10022
Telephone: (212) 547-5400
Email: julia.beskin@srz.com

*Counsel to the Chapter 7 Trustee*