John E. Mitchell, SBN: 00797095
Eric R. Hail, SBN: 24047579
Yelena Archiyan, SBN: 24119035
**KATTEN MUCHIN ROSENMAN LLP**
2121 N. Pearl St., Suite 1100
Dallas, TX 75201
Telephone: (214) 765-3600
john.mitchell@katten.com
eric.hail@katten.com
yelena.archiyan@katten.com

*Counsel for Origin Bank*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **In re:** | § | **Chapter 7** |
| | § | |
| **TRICOLOR HOLDINGS, LLC,** | § | **Case No. 25-33487-7** |
| | § | |
| **Debtor.** | § | |
| | § | |
| | § | |
| | § | |

### MOTION OF ORIGIN BANK FOR ENTRY OF AN ORDER AUTHORIZING THE EXAMINATION OF THE CHAPTER 7 BANKRUPTCY TRUSTEE PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT LOCATED IN THE EARLE CABELL FEDERAL BUILDING, 1100 COMMERCE STREET, ROOM 1254, DALLAS, TEXAS 75242, BEFORE CLOSE OF BUSINESS ON APRIL 8, 2026, WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

1

Origin Bank files this motion (the "Motion") pursuant to section 105 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Northern District of Texas (the "Local Rules") for entry of an order, substantially in the form attached hereto as Exhibit A, authorizing Origin Bank to seek discovery from Anne Elizabeth Burns, solely in her capacity as the duly appointed Chapter 7 bankruptcy trustee (the "Trustee"), as set forth on Exhibit B hereto (the "Requests for Production"). In support of this Motion, Origin Bank respectfully states as follows:

**PRELIMINARY STATEMENT**

1. Origin Bank needs discovery from the Trustee to protect its interests in these Chapter 7 Cases (defined below). Origin Bank has significant concerns regarding the collateral that Tricolor Holdings, LLC and its affiliates and subsidiaries ("Tricolor") pledged to Origin Bank, Tricolor's dealings with third parties regarding the collateral, and numerous transfers of customer notes that constituted Origin Bank's collateral. In the adversary proceeding, *Burns v. Chu,* No. 25-03126-MVL (Bankr. N.D. Tex.), the Trustee alleges, among other things, that Tricolor's books were "blatantly misrepresented" to Origin Bank, that Tricolor "manually changed" financial data in connection with its requests for a line of credit from Origin Bank, and that the reporting provided to Origin Bank was manipulated, altered, reconstructed, or fabricated in connection with Origin Bank's line of credit. Likewise, Origin Bank further has reason to believe that delinquent, charged-off, fraudulent, or fabricated collateral may have been pledged in connection with Origin Bank's line of credit. In order to prepare for the almost certain dispute among the lender group and the securitization parties, Origin Bank needs discovery of documents in the Trustee's possession.

2. Origin Bank initially sought the Trustee's voluntary cooperation in obtaining critical documents and information related to Origin Bank's collateral and lending relationship with Tricolor. On February 20, 2026, Origin Bank sent a letter to the Trustee, attached hereto as Exhibit C, requesting documents in the Trustee's possession concerning information about Tricolor's reporting and pledging of collateral to Origin Bank and noted that its request was made in lieu of a formal Rule 2004 examination. In response, the Trustee requested that Origin Bank proceed through a "formal Rule 2004 process" to ensure that any discovery and document production is visible to all interested parties. Accordingly, as requested by the Trustee, Origin Bank now brings this Motion.

## JURISDICTION AND VENUE

3. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 157 and 1334. This is a "core" proceeding according to 28 U.S.C. § 157(b), and venue in this Court is proper under 28 U.S.C. § 1408 and 1409.

4. The statutory predicate for the relief requested herein are sections105(a) of the Bankruptcy Code and Rule 2004 of the Bankruptcy Rules.

## BACKGROUND

A. **Origin Bank's Relationship with the Debtors**[1]

5. Tricolor and Origin Bank entered into that certain *Loan and Security Agreement* dated as of December 28, 2017. The Loan and Security Agreement was secured by guaranties from Tricolor affiliates TAG California Intermediate Holding Company, TAG Intermediate Holding Company LLC, Tricolor Auto Group, LLC, and Tricolor California Auto Group LLC. On

---

[1] This section summarizes the parties' relationship. The summary is qualified in its entirety by reference to the underlying loan agreements, contracts, and related documents.

January 3, 2018, Origin Bank filed a corresponding UCC-1 Financing Statement disclosing its Tricolor collateral interests.  Subsequently, in February 2018, Origin Bank entered into a *Revolving Line of Credit Note* and a corresponding *Loan and Security Agreement* with Tricolor. This loan included schedules of collateral that the Trustee claims were fabricated, manipulated and/or altered.  In particular, Origin Bank made advances to Tricolor in reliance on borrowing base financial data, including underlying customer installment sales contracts that Tricolor promised Origin Bank were its collateral under the loan. From time to time, the parties would modify and/or extend the revolving line of credit, again, based upon financial and collateral data from Tricolor that the Trustee alleges was altered or manipulated.

6.       In November 2021, Tricolor, Origin Bank, and Wilmington entered into that certain *Custodial Agreement* pursuant to which Wilmington assumed custodial obligations for Origin Bank's financing arrangements with Tricolor. Wilmington took custody and maintained an inventory of the retail installment contracts pledged to Origin Bank under the borrowing base structure.  Over time, Wilmington provided reports of the customer notes for which it was serving as collateral custodian for Origin Bank.

7.        The final modification and extension of the loan, which was executed on June 30, 2025, was premised on borrowing base reporting reflecting in excess of 4,000 customer contracts pledged to Origin Bank.  This number appears to materially conflict with preliminary reporting from Vervent, Inc. ("Vervent"), the Trustee's court-approved successor servicer (discussed *infra*).

**B.    Procedural Background**

8.       On September 10, 2025 (the "Petition Date"), Tricolor, including various affiliates (collectively, the "Debtors") each filed voluntary petitions for relief under chapter 7 of the Bankruptcy Code (the "Bankruptcy Cases").  The Bankruptcy Cases are jointly administered

4

pursuant to Bankruptcy Rule 1015(b) and Rule 1015-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas.

9. On September 10, 2025, the Office of the United States Trustee for Region 6 appointed the Trustee over the Bankruptcy Cases.

10. On September 26, 2025, the Trustee filed the *Motion for Expedited Consideration of the Trustee's Emergency Motion for Limited Authorization to Operate Pursuant to 11 U.S.C. § 721* (the "Section 721 Motion") [Docket No. 107], requesting authority to "operate the Debtors' business on a limited basis, for a period of approximately 195 days, to preserve and locate essential assets, maintain access to essential business records, and facilitate the orderly wind-down of remaining administrative functions." Section 721 Motion at 2. The Section 721 Motion was granted on October 6, 2025 (the "Section 721 Order") [Docket. No. 158].

11. On September 19, 2025, the Court entered an *Order Granting Chapter 7 Trustee's Motion for Entry of Order Approving Stipulation Between Trustee and Vervent Inc.* [Docket No. 79]. That Order authorized Vervent to serve as the back-up servicer under various servicing agreements and to, among other things, manage, service, administer, and make collections on certain loan receivables originated by the Debtors; collect and consolidate funds remitted by borrowers with respect to those receivables; collect, transport, and dispose of or repurpose collateral related to the receivables; and provide collection and repossession services.

12. Origin Bank and Vervent subsequently entered into a separate stipulation under which Vervent now serves as servicer for Origin Bank, managing, collecting, and administering Origin Bank's receivables and other collateral, and enforcing Origin Bank's rights and interests therein. *See Order Granting Joint Motion of Origin Bank, Vervent Inc., and Chapter 7 Trustee*

5

*for Order Authorizing Entry into the Amended and Restated Successor Servicing Agreement* [Docket No. 422].

13.     Vervent has also been leading the sale and liquidation efforts for vehicles that were in the Debtors' possession on the Petition Date.  On December 15, 2025, the Trustee filed the *Chapter 7 Trustee's Amended Emergency Motion to (I) Sell Estate Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (II) Establish Sale Procedures, and (III) Granting Related Relief* [Docket No. 537] (the "Sale Procedures Motion").  As set forth in that motion, Vervent, together with the Trustee and Automotive Rentals, Inc. T/A Holman, has been transporting vehicles from the Debtors' locations and auctioning them off.  At that time, the Trustee was prepared to auction the vehicles and sought to establish deadlines for parties to assert interests in the sale proceeds.  The Court granted the Sale Procedures Motion on December 30, 2025 [Docket No. 593] (the "Sale Procedures Order"), approving the proposed sale procedures and setting August 31, 2026 as the deadline by which all parties must assert "any purported ownership interest or security interests in and liens upon the 'Net Sale Proceeds,'" as that term is defined in the Sale Procedures Order.  Sale Procedures Order at 5.

14.     On February 20, 2026, Origin Bank sent a letter to the Trustee requesting documents in the Trustee's possession related to Origin Bank's collateral and lending relationship with Tricolor, including documents regarding: (i) all original borrowing base reports of Tricolor dating back to January 1, 2018; (ii) all borrowing base reports that were manipulated, altered, reconstructed, or fabricated in connection with Origin Bank's revolving line of credit; (iii) all communications regarding manipulation, alteration, reconstruction, forgery, or fabrication of information in connection with Origin Bank's revolving line of credit; (iv) all communications regarding the pledge of delinquent, charged-off, fraudulent, or fabricated collateral; (v) all reports

regarding collateral held by Wilmington as Origin Bank's custodial agent; and (vi) all signed "receivables receipts" and "request for contract file release" forms exchanged between Tricolor and Wilmington related to Origin Bank's collateral.

15.     Certain of Origin Bank's requests are time-sensitive, as set forth on Exhibit B. Origin Bank may have coverage for some of its losses under a privately held insurance policy. Origin Bank must submit any claim under that policy in short order.  Several of the Requests for Production are specifically targeted to support Origin Bank's insurance claim.

16.     Origin Bank seeks the relief set forth in this Motion based on the understanding, including based upon statements from the Trustee itself, that the Trustee has full access to the essential business records and information concerning the Debtors' affairs, including documents related to Origin Bank's collateral and lending relationship with Tricolor.  The Trustee's own motion sought authorization specifically to "maintain access to essential business records," and Origin Bank understands that the Trustee is now in possession of, or has access to, documents responsive to Origin Bank's requests.

## RELIEF REQUESTED

17.     Origin Bank seeks the entry of an order, substantially in the form attached hereto as Exhibit A, authorizing Origin Bank to seek discovery from the Trustee relating to the topics set forth on Exhibit B.

## BASIS FOR RELIEF

18.     Pursuant to Rule 2004 of the Federal Rules, "[o]n a party in interest's motion, the court may order the examination of any entity."  Fed. R. Bankr. P. 2004(a); *see also In re Fearn,* 96 B.R. 135, 138 (Bankr. S.D. Ohio 1989) (the "examination is not limited to the debtor or his agents, but may properly extend to creditors and third parties who have had dealings with the

debtor") (citation omitted); *In re GHR Energy Corp.,* 35 B.R. 534, 537 (Bankr. D. Mass. 1983).

The scope of the Rule 2004 examination may relate to "the debtor's acts, conduct, or property[,]"

"the debtor's liabilities and financial condition[,]" "any matter which may affect the administration

of the debtor's estate[,]" or to "the debtor's right to a discharge." Fed. R. Bankr. P. 2004(b). "The

purpose of a Rule 2004 examination is to determine the condition, extent, and location of the

debtor's estate in order to maximize distribution to unsecured creditors." *In re Lufkin,* 255 B.R.

204, 208 (Bankr. E.D. Tenn. 2000).

19. "The scope of a Rule 2004 examination is extremely broad, and has often been

likened to a lawful 'fishing expedition.'" *Id.* (*quoting Bank One, Columbus, N.A. v. Hammond (In*

*re Hammond),* 140 B.R. 197, 201 (S.D. Ohio 1992)). "The scope of a Rule 2004 examination is

'unfettered and broad.' Its purpose is to facilitate the discovery of assets and the unearthing of

frauds and has been likened to a quick 'fishing expedition' into general matters and issues

regarding the administration of the bankruptcy case." *In re Bakalis,* 199 B.R. 443, 447 (Bankr.

E.D.N.Y. 1996) (quoting *In re GHR Energy Corp.,* 33 B.R. at 453). The standard for granting a

Rule 2004 examination is whether the movant has established "good cause." *In re Hammond,* 140

B.R. at 201.

20. Here, good cause exists for ordering the discovery. The Requests for Production

are essential to ascertaining Origin Bank's collateral rights vis-à-vis Tricolor and the other secured

lenders that will likewise be claiming lien, ownership, and other property rights in the same assets.

Parties have until August 31, 2026 to assert any purported ownership interest or security interests

in and liens upon the proceeds of the vehicle sales. Origin Bank also expects the Trustee to

establish a general proof of claim deadline in short order, necessitating discovery to evaluate its

claim. In addition, the Requests for Production are necessary to determine the nature and extent

of Tricolor's conduct in connection with Origin Bank's lending relationship and collateral arrangements. As noted above, Origin Bank has requested voluntary production of information from the Trustee but was told to proceed with this Motion. As a result, Origin Bank has no alternative but to seek information relevant to its collateral and claims from the Trustee, who has access to the Debtors' records.

21. For the reasons set forth herein, an investigation into the topics set forth in the Requests for Production is warranted and appropriate here. The requested discovery will provide Origin Bank with the information necessary to determine its claims and rights against the Debtors' assets.

22. While Origin Bank does not seek to examine the Trustee through a deposition at this time, all rights are reserved to seek relief requiring the oral examination of the Trustee, if necessary.

## CONCLUSION AND REQUESTED RELIEF

WHEREFORE, for the reasons set forth above, Origin Bank respectfully requests that the Court enter an order pursuant to Rule 2004 requiring the Trustee to provide the information set forth in the Requests for Production, and grant such other and further relief as the Court deems just and proper.

Dated: March 18, 2026

Respectfully submitted,

**KATTEN MUCHIN ROSENMAN LLP**

*/s/ John E. Mitchell*
John E. Mitchell, SBN: TX 00797095
Eric R. Hail, SBN: TX 24047579
Yelena E. Archiyan, SBN: TX 24119035
2121 N. Pearl St., Suite 1100
Dallas, TX 75201
Telephone: (214) 765-3600
john.mitchell@katten.com
eric.hail@katten.com
yelena.archiyan@katten.com

*Counsel for Origin Bank*

## CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2026, I caused a true and correct copy of the foregoing document to be served electronically via the Court's Electronic Case Filing (ECF) System for the United States Bankruptcy Court for the Northern District of Texas on all parties receiving ECF Notice in this case.

/s/ John E. Mitchell
John E. Mitchell


## CERTIFICATE OF CONFERENCE

I hereby certify that I conferred with counsel to the Trustee regarding the relief requested in this Motion.  Counsel requested that Origin Bank file this Motion.  Accordingly, Origin Bank submits that the relief requested herein is opposed.

/s/ John E. Mitchell
John E. Mitchell

11

304998025