**MCDERMOTT WILL & SCHULTE LLP**
Charles R. Gibbs (TX Bar No. 7846300)
Marcus A. Helt (TX Bar No. 24052187)
Grayson Williams (TX Bar No. 24124561)
2801 North Harwood Street, Suite 2600
Dallas, Texas 75201
Telephone: (214) 295-8000
E-mail: crgibbs@mcdermottlaw.com
        mhelt@mcdermottlaw.com
        gwilliams@mcdermottlaw.com

**MCDERMOTT WILL & SCHULTE LLP**
Darren Azman (admitted *pro hac vice*)
Jared M. Gerber (admitted *pro hac vice*)
One Vanderbilt Avenue
New York, New York 10017-3852
Telephone: (212) 547-5400
E-mail: dazman@mcdermottlaw.com
        jmgerber@mcdermottlaw.com

**MCDERMOTT WILL & SCHULTE LLP**
Julia M. Beskin (admitted *pro hac vice*)
919 Third Avenue
New York, New York 10022
Telephone: (212) 756-2000
E-mail: jbeskin@mcdermottlaw.com

*Counsel to the Chapter 7 Trustee*

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| TRICOLOR HOLDINGS, LLC, *et al.*,[1] | ) | Case No. 25-33487 (MVL) |
| | ) | |
| Debtors. | ) | |
| | ) | |

### CHAPTER 7 TRUSTEE'S MOTION FOR ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY RULE 2004 (I) DIRECTING EXAMINATION OF BOX, INC. AND CERTAIN AFFILIATES AND (II) DIRECTING THE PRODUCTION OF DOCUMENTS

---

[1] The Debtors in these Chapter 7 cases are as follows: Tricolor Holdings, LLC, TAG Intermediate Holding Company, LLC, Tricolor Auto Group, LLC, Tricolor Auto Acceptance, LLC, Tricolor Insurance Agency, LLC, Tricolor Home Loans LLC dba Tricolor Mortgage, Tricolor Real Estate Services, LLC, TAG California Holding Company, LLC, Flexi Compras Autos, LLC, TAG California Intermediate Holding Company, LLC, Tricolor California Auto Group, LLC, Tricolor California Auto Acceptance, LLC, Risk Analytics LLC, Tricolor Tax, LLC, Tricolor Financial, LLC, Tricolor Auto Receivables LLC, TAG Asset Funding, LLC, and Apoyo Financial, LLC.

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT LOCATED IN THE EARLE CABELL FEDERAL BUILDING, 1100 COMMERCE STREET, ROOM 1254, DALLAS, TEXAS 75242, BEFORE CLOSE OF BUSINESS ON APRIL 16, 2026, WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

Anne Elizabeth Burns, Chapter 7 Trustee for the above-referenced Chapter 7 bankruptcy case ("Trustee"), hereby submits this motion (the "Motion") pursuant to Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Section 105(a) of Title 11 of the Bankruptcy Code (the "Bankruptcy Code"), and Local Rule 2004-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Texas (the "Local Rules"), for entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), authorizing the Trustee to issue discovery without the need for further relief from this Court in the form of the production of documents responsive to the document requests set forth on Exhibit B attached hereto (the "Requests") from Box, Inc. In support of this Motion, the Trustee respectfully represents as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc* dated August 3, 1984, entered by the United States District Court for the Northern District of Texas.

This matter is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief requested herein are Section 105(a) of the Bankruptcy Code, and Rules 2004 and 9016 of the Bankruptcy Rules.

**BACKGROUND**

### I.      The Chapter 7 Case

3.      On September 10, 2025 (the "Petition Date"), Tricolor Holdings, LLC, TAG Intermediate Holding Company, LLC, Tricolor Auto Group, LLC, Tricolor Auto Acceptance, LLC, Tricolor Insurance Agency, LLC, Tricolor Home Loans LLC dba Tricolor Mortgage, Tricolor Real Estate Services, LLC, TAG California Holding Company, LLC, Flexi Compras Autos, LLC, TAG California Intermediate Holding Company, LLC, Tricolor California Auto Group, LLC, Tricolor California Auto Acceptance, LLC, Risk Analytics LLC, Tricolor Tax, LLC, Tricolor Financial, LLC, Tricolor Auto Receivables LLC, TAG Asset Funding, LLC, and Apoyo Financial, LLC (collectively, the "Debtor" or "Tricolor"), commenced a case (the "Chapter 7 Case") in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Court").

4.      On the same day, a Notice of a Chapter 7 Bankruptcy Case was entered, appointing Anne Elizabeth Burns as the Chapter 7 trustee for Tricolor.

5.      The Debtor's petition indicated that it has more than 25,000 creditors and between $1 and $10 billion in liabilities.

6.      Box, Inc. was a prepetition vendor to the Debtor.

7.      Pursuant to the Trustee's duties under the Bankruptcy Code to preserve property of the estate and maximize value for all creditors and stakeholders, the Trustee seeks to obtain certain

3

documents, communications, and other materials from Box, Inc. concerning its relationship with the Debtors, their businesses, and other matters set forth herein as stated in the Requests.

## BASIS FOR RELIEF REQUESTED

### I.   Discovery Under Rule 2004

8.    Under Fifth Circuit law, a trustee or debtor-in-possession has a duty to investigate the financial affairs of the debtor and prepetition conduct. *See In re Red River Energy, Inc.*, 409 B.R. 163, 181 (Bankr S.D. Tex. 2009).  Bankruptcy Rule 2004 provides the Court with authority to order an examination of any entity or person if such examination relates "to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtors' estate … [and to] any other matter relevant to the case or to the formulation of a plan."  Fed. R. Bankr. P. 2004(b).

9.    "The purpose of a Rule 2004 examination is to assist a party in interest in determining the nature and extent of the bankruptcy estate, revealing assets, examining transactions and assessing whether wrongdoing has occurred."  *In re Recoton Corp.*, 307 B.R. 751, 755 (Bankr. S.D.N.Y. 2004); *In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 432 (S.D.N.Y. 1993). The scope of a Rule 2004 examination is broad.  *See, e.g., In re Kipp*, 86 B.R. 490, 491 (Bankr. W.D. Tex. 1988); *In re Enron Corp. Sec. Litig.*, No. H-01-3624, 2004 WL 613091, at *3 (S.D. Tex. Mar. 16, 2004); *In re Edic*, No. 05–41557, 2005 WL 6443541, at *1 (Bankr. N.D. Tex. Oct. 7, 2005) ("Rule 2004 is very broad in scope").  Indeed, any third party that has a relationship with a debtor may be subject to examination.  *See e.g., Ionosphere Clubs*, 156 B.R. at 432; *Recoton Corp.*, 307 B.R. at 755; *In re Cousins Barricades & Metal Prods.*, No. Civ.A. 99-2035, 2000 WL 245860 at *3 (E.D. La. March 2, 2000).

10.     Rule 2004 provides that, upon the motion of any party in interest, the Court may authorize the examination of any entity, through both document requests and depositions, relating "to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate." Fed. R. Bankr. P. 2004(b).

11.     Specifically, Rule 2004 enables a party in interest to:

> obtain information about the debtor's financial condition, matters that may affect the administration of the debtor's estate, right to a discharge, or operation of a business and the desirability of its continuance, sources of, and consideration for, money or property or consummate a plan, and other matters relevant to the case or formulation of a plan.

*In re Daisytek, Inc.*, 323 B.R. 180, 187 (N.D. Tex. 2005).

12.     Rule 2004 is an investigatory tool and is extremely broad in scope.   *See In re Correra*, 589 B.R. 76, 113 (Bankr. N.D. Tex. 2018); *In re Drexel Burnham Lambert Group, Inc.*, 123 B.R. 702, 711 (Bankr. S.D.N.Y. 1991) (same); *see also In re ECAM Publications, Inc.*, 131 B.R. 556, 559 (Bankr. S.D.N.Y. 1991).

13.     In fact, courts repeatedly have compared Rule 2004 examinations to a "licensed fishing expedition." *In re NE 40 Partners, Ltd. Partnership*, 440 B.R. 124, 129 (Bankr S.D. Tex. 2010); *In re French*, 145 B.R. 991, 992 (Bankr. D.S.D. 1992) ("Bankruptcy Rule 2004 is designed to be a quick 'fishing expedition' into general matters and issues regarding the administration of the bankruptcy case . . ."); *In re GHR Energy Corp.*, 33 B.R. 451, 453 (Bankr. D. Mass.1983) ("The scope of a Rule 2004 examination is broad. Indeed, some have compared it to a 'fishing expedition.'"); *In re Duratech Industries, Inc.*, 241 B.R. 283, 289 (E.D.N.Y. 1999); *In re Bennett Funding Grp., Inc.*, 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996); *see also In re Kipp*, 86 B.R. 490, 491 (Bankr. W.D. Tex. 1988) ("Bankruptcy Rule 2004 authorizes examination of any entity and the scope of such examination is virtually unlimited.").

14. To establish good cause for a Rule 2004 examination, the Trustee need only demonstrate that an examination is reasonably necessary to protect the estates' legitimate interests and if examination is necessary to establish a claim of the Trustee. *See In re McClain Feed Yard, Inc.*, 661 B.R. 136, 142 (Bankr. N.D. Tex. 2024).

**II. Good Cause Exists for a Rule 2004 Examination**

15. Good cause exists for a Rule 2004 examination and the production of documents because the documents and information requested in the Motion are essential to the Trustee's efforts to maximize the value of the Debtors' estates and investigate potential claims and causes of actions that may exist which may inure to the benefit of the Debtors' creditors and stakeholders.

16. The Trustee believes that important records, documents, communications and other materials which relate to the Debtors' business and dealings with third parties prepetition are in the possession, custody, or control of Box, Inc. Specifically, Box, Inc. played a significant role in the Debtors' prepetition business activities, including the Debtors' financial affairs and equity fundraising activities. Based on such prepetition involvement, Box, Inc., and those acting on its behalf, frequently corresponded with and engaged with the Debtors' management. The Trustee believes that the information sought in the Requests is pertinent to the Trustees' investigation of potential claims and causes of action belonging to the estate.

17. Accordingly, by this Motion, the Trustee seeks an order authorizing the Trustee to conduct a Rule 2004 examination of Box, Inc. and directing Box, Inc. to produce the documents listed in the Requests that will enable the Trustee to maximize the value of the estate and fully investigate potential claims and causes of action belonging thereto.

**NOTICE**

18.     The Trustee will provide notice of the Motion to: (a) Box, Inc.; (b) the U.S. Trustee; and (c) all parties entitled to notice pursuant to Bankruptcy Rule 2002.  The Trustee submits that no other or further notice is required.

**RESERVATION OF RIGHTS**

19.     This Motion is submitted without prejudice to, and with a full reservation of, the Trustee's rights to request and conduct any other or further discovery, pursuant to Rule 2004 or other applicable law, from any person or entity, including seeking additional and further discovery from Box, Inc.

**CONCLUSION**

WHEREFORE, for the reasons stated herein, the Trustee respectfully requests entry of the Proposed Order directing the examination of Box, Inc. pursuant to Bankruptcy Rule 2004 and directing the production of documents as set forth in the Rule 2004 Requests and granting such other and further relief as the Court deems just and proper.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, the Trustee respectfully requests that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A** granting the relief requested herein and such other and further relief as may be just and proper.

Dated: March 26, 2026
New York, New York

**MCDERMOTT WILL & SCHULTE LLP**

 */s/ Julia M. Beskin*
Charles R. Gibbs (TX Bar No. 7846300)
Marcus A. Helt (TX Bar No. 24052187)
Grayson Williams (TX Bar No. 24124561)
2801 North Harwood Street, Suite 2600
Dallas Texas 75201
Telephone: (214) 295-8000
E-mail: crgibbs@mcdermottlaw.com
      mhelt@mcdermottlaw.com
      gwilliams@mcdermottlaw.com

Darren Azman (admitted *pro hac vice*)
Jared M. Gerber (admitted *pro hac vice*)
One Vanderbilt Avenue
New York, New York 10017-3852
Telephone: (212) 547-5400
E-mail: dazman@mcdermottlaw.com
      jmgerber@mcdermottlaw.com

Julia M. Beskin (admitted *pro hac vice*)
919 Third Avenue
New York, New York 10022
Telephone: (212) 756-2000
E-mail: jbeskin@mcdermottlaw.com

*Counsel to the Chapter 7 Trustee*

## CERTIFICATE OF SERVICE

I do hereby certify that on March 26, 2026, a true and correct copy of the foregoing motion was served (i) via CM/ECF for the United States Bankruptcy Court for the Northern District of Texas on all parties authorized to receive electronic notice in this case, and (ii) via Priority U.S. Mail and electronic mail on Box, Inc.

Dated: March 26, 2026          **MCDERMOTT WILL & SCHULTE LLP**
       New York, New York

                               */s/ Julia M. Beskin*
                               Julia M. Beskin

Box, Inc.
c/o David Leeb
The Company Corporation
251 Little Falls Drive
Wilmington, DE 19808
(302) 636-5400

## CERTIFICATE OF CONFERENCE

In accordance with Local Rule 2004-1(A), in an attempt to try and resolve this issue without need for court intervention, the Trustee's counsel has emailed Box, Inc.'s chief legal officer at his last known email address. Nonetheless, given Box, Inc.'s relationship with the Debtor, the Trustee has an urgent need for the information it has in its possession that necessitates resolution of this Motion. Further, the Trustee understands that if she was able to get in contact with Box, Inc. they would not provide the requested information and that the Motion would have to be presented to the Court for determination.

Dated: March 26, 2026          **MCDERMOTT WILL & SCHULTE LLP**
       New York, New York

                               */s/ Julia M. Beskin*
                               Julia M. Beskin