**HUNTON ANDREWS KURTH LLP**
Timothy A. ("Tad") Davidson II (Texas Bar No. 24012503)
Gregory G. Hesse (Texas Bar No. 09549419)
Ashley L. Harper (Texas Bar No. 24065272)
1445 Ross Avenue, Suite 3700
Dallas, Texas 75202
Telephone: (214) 979-3000
Email:  taddavidson@hunton.com
         ghesse@hunton.com
         ashleyharper@hunton.com

**SIMPSON THACHER & BARTLETT LLP**
Elisha D. Graff (admitted *pro hac vice*)
Alan Turner (admitted *pro hac vice*)
Nicholas E. Baker (admitted *pro hac vice*)
425 Lexington Avenue
New York, New York 10017
Telephone: (212) 455-2000
Email:  egraff@stblaw.com
         aturner@stblaw.com
         nbaker@stblaw.com

*Attorneys for JPMorgan Chase Bank, N.A.*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| TRICOLOR HOLDINGS, LLC, *et al.*,[1] | : | Case No. 25-33487-MVL |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

**MOTION OF JPMORGAN CHASE BANK, N.A. FOR ENTRY OF AN ORDER AUTHORIZING EXAMINATION OF THE CHAPTER 7 TRUSTEE PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

---

[1] The Debtors in these chapter 7 cases are as follows: Tricolor Holdings, LLC, TAG Intermediate Holding Company, LLC, Tricolor Auto Group, LLC, Tricolor Auto Acceptance, LLC, Tricolor Insurance Agency, LLC, Tricolor Home Loans LLC dba Tricolor Mortgage, Tricolor Real Estate Services, LLC, TAG California Holding Company, LLC, Flexi Compras Autos, LLC, TAG California Intermediate Holding Company, LLC, Tricolor California Auto Group, LLC, Tricolor California Auto Acceptance, LLC, Risk Analytics LLC, Tricolor Tax, LLC, Tricolor Financial, LLC, Tricolor Auto Receivables LLC, TAG Asset Funding, LLC, and Apoyo Financial, LLC.

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT LOCATED IN THE EARLE CABELL FEDERAL BUILDING, 1100 COMMERCE STREET, ROOM 1254, DALLAS, TEXAS 75242, BEFORE CLOSE OF BUSINESS ON APRIL 22, 2026, WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

JPMorgan Chase Bank, N.A. ("**JPMorgan**"), through its undersigned counsel, files this motion (the "**Motion**") pursuant to section 105 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2004-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas (the "**Local Rules**") for entry of an order authorizing JPMorgan to seek discovery from Anne Elizabeth Burns, solely in her capacity as the duly appointed chapter 7 bankruptcy trustee (the "**Trustee**").

In support of this Motion, JPMorgan respectfully states as follows:

### PRELIMINARY STATEMENT

1.      JPMorgan seeks discovery of the Debtors' financial records and other documents to determine the status of collateral that was pledged to JPMorgan and other lenders, and to evaluate claims JPMorgan has against the Debtors' estate.  The Trustee and her advisors are in possession of the Debtors' files, and to date neither JPMorgan nor any other lender (to its knowledge) has obtained access to those files.  Untangling potentially competing claims to collateral, determining what assets are property of the Debtors' estate, and determining whether other claims can be brought requires access to that information.  JPMorgan's counsel asked the Trustee's counsel to produce that information, and they responded that they will only do so if a

Rule 2004 motion is filed.[2]  A claims bar date has been set for August 31, 2026 for claims relating to the sale proceeds from auctioned vehicles, adding urgency for the Trustee to start providing information to JPMorgan and other interested parties.  JPMorgan now brings this Motion to obtain the documents and other information it needs and respectfully requests that the Court grant the Motion.

## REQUESTED RELIEF

2.      JPMorgan seeks entry of an order substantially in the form attached hereto as Exhibit A authorizing JPMorgan to seek document discovery from the Trustee on the topics set forth in Exhibit B (the "**Rule 2004 Requests**").  JPMorgan does not at this time seek the Trustee's testimony, but reserves the right to subsequently make such a request.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction to consider this motion pursuant to 28 U.S.C. § 1334. This is a "core" proceeding under 28 U.S.C. § 157(b), and venue in this Court is proper under 28 U.S.C. §§ 1408 and 1409.

4.      The statutory and legal bases for the relief requested herein are section 105(a) of title 11 of the Bankruptcy Code, Rule 2004 of the Bankruptcy Rules, and Rules 2004-1, 9013-1, and 9014-1 of the Local Rules.

## BACKGROUND

5.      On September 10, 2025, the Debtors commenced these chapter 7 cases, and the Trustee was appointed to administer the Debtors' estate.

---

[2] On March 18, 2026, Origin Bank filed its own Rule 2004 motion seeking certain of the Debtors' files and stating that the Trustee has taken the same position that it will not produce documents unless a Rule 2004 motion is filed. ECF No. 949.

6. JPMorgan serves as the administrative agent under a Credit Agreement dated November 13, 2020 (the "**SPV 4 Credit Agreement**"). The SPV 4 Credit Agreement governs the SPV 4 Warehouse Facility—a financing credit facility through which SPV 4 LLC ("**SPV 4**"), a non-Debtor special purpose vehicle, borrowed funds to finance the purchase of certain auto loans from the Debtors. The parties to the SPV 4 Credit Agreement include SPV 4 as Borrower, JPMorgan as administrative agent and one of the warehouse financing lenders, and certain other warehouse financing lenders (such lenders, together with JPMorgan, the "**SPV 4 Secured Parties**").

7. The SPV 4 Secured Parties have a perfected security interest and a first priority lien on the auto loans purchased by SPV 4, the underlying vehicles financed by those loans (the "**SPV 4 Vehicles**"), all related files, all payments from customers or on account of the SPV 4 Vehicles (including insurance proceeds), and the collection accounts in which those payments are deposited, among other assets.

8. On December 15, 2025, the Trustee filed the *Chapter 7 Trustee's Amended Emergency Motion to (I) Sell Estate Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (II) Establish Sale Procedures, and (III) Grant Related Relief*, ECF No. 537 (the "**Sale Procedures Motion**"). The Sale Procedures Motion outlined a procedure for sale of the vehicles in the Debtors' possession, and set forth deadlines for parties to assert interests in the Sale Proceeds. The Court granted the Sale Procedures Motion on December 30, 2025, ECF No. 593 (the "**Sale Procedures Order**"). *See* Sale Procedures Order at 5. Under the Sale Procedures Order, the bar date for any party to assert "any purported ownership interest or security interests in and liens upon the 'Net Sale Proceeds'" is August 31, 2026. *Id.* To be prepared to file a claim by the bar date, JPMorgan's advisors need to analyze the Debtors' financial information and

4

records. The Sale Procedures Order contemplates the need for such information and includes a requirement that the Trustee and her advisors "promptly" provide information requested by certain parties, including JPMorgan. *Id.*

9. The Debtors' financial records and other documents such as contemporaneous emails created by its employees are also essential to the broader task of analyzing and evaluating the competing claims of various stakeholders in these bankruptcy proceedings to other assets, including vehicle loans to customers and related loan proceeds that are currently being paid into escrowed accounts. Untangling those competing claims includes determining whether specific loans are assets of the Debtors' estate or are instead assets of non-Debtor entities such as SPV 4. Lenders like JPMorgan need access to that information to do their own work so that competing claimants can potentially resolve such claims consensually where possible or at least be on an equal information footing to the extent such claims remain disputed. Lack of access to the Debtors' financial information and other records will greatly hinder that process.

10. JPMorgan understands from its communications with the Trustee's counsel that the Trustee and her advisors are in possession of the Debtors' financial information and records. JPMorgan does not currently have access to that information and understands that other lenders are in the same boat. Over the last several months, JPMorgan has repeatedly asked the Trustee's counsel and financial advisors for documents and data necessary for JPMorgan to conduct its own analysis. Specifically, in November 2025, JPMorgan served draft Rule 2004 requests on the Trustee, substantively similar to the requests outlined in Exhibit B. Shortly thereafter, JPMorgan's counsel and the Trustee's counsel met to discuss the requests, and the Trustee's counsel indicated that it was in possession of the Debtors' files and would consider JPMorgan's requests. JPMorgan's counsel then had informal discussions with the Trustee's counsel about providing

certain of the Debtors' financial documents, yet nothing was produced. In January 2026, JPMorgan's financial advisors requested certain categories of information directly from the Debtors' financial advisors. The Debtors' financial advisors did not produce any documents, first indicating they were not in a position to produce any materials and later indicating that they needed certain approvals before making any information available. On January 27, 2026, the Trustee's counsel informed JPMorgan that the Debtors' financial advisors would not produce any information absent the filing of a Rule 2004 motion. JPMorgan again attempted to reach an agreement with the Trustee without Court intervention, and the parties had a further call to discuss JPMorgan's requests. On February 10, 2026 and again on February 24, 2026, the Trustee reiterated that it would not produce any information absent a Rule 2004 motion. The Trustee's counsel has stated that a motion is necessary for purposes of transparency to all interested parties. The Trustee has not articulated to JPMorgan any objection to providing the requested information, or any reason why transparency cannot be accomplished via the Trustee's voluntary production of documents and data to all interested stakeholders in these proceedings. Accordingly, this Motion follows.

## **BASIS FOR RELIEF**

11.     Rule 2004 allows any interested party to seek examination of the debtor. Fed. R. Bankr. P. 2004(a). The permissible scope of a Rule 2004 examination includes "the debtor's acts, conduct, or property," "the debtor's liabilities and financial condition," "any matter that may affect the administration of the debtor's estate," and "the debtor's right to a discharge." Fed. R. Bankr. P. 2004(b). Rule 2004 discovery is "unfettered," and permits "a broad investigation into the financial affairs of the debtor for the purpose of the discovery of assets of the estate and the exposure of fraudulent conduct." *In re Correra*, 589 B.R. 76, 108-09 (Bankr. N.D. Tex. 2018).

12. JPMorgan's Rule 2004 Requests fall squarely within the bounds of Rule 2004. Each of the requests set forth in Exhibit B relate to the Debtors' "financial affairs" and to potential "fraudulent conduct" and satisfy one or more of the permissible areas of inquiry under Rule 2004(b). *Id*. at 108.

13. Courts may authorize discovery pursuant to Rule 2004 upon a showing of good cause. *See In re McClain Feed Yard, Inc.*, 661 B.R. 136, 142 (Bankr. N.D. Tex. 2024). The burden is on the moving party to establish good cause, which generally exists where the examination is necessary to establish the movant's claim or where denial would cause undue hardship or injustice. *Id.*

14. In assessing good cause, bankruptcy courts must balance the competing interests of the parties, weighing the relevance of and necessity of the information sought by examination. *In re Drexel Burnham Lambert Grp., Inc.*, 123 B.R. 702, 712 (Bankr. S.D.N.Y. 1991); *see also In re SunEdison, Inc.*, 562 B.R. 243, 250 (Bankr. S.D.N.Y. 2017) ("[Rule 2004's] spirit of proportionality is consistent with the historic concerns regarding the burden on the producing party and is relevant to the determination of cause.").

15. Here, good cause exists to grant the Motion and require that the Trustee produce documents responsive to JPMorgan's Rule 2004 Requests.

16. The Trustee's counsel has stated in pre-motion communications that they have extensive access to the Debtors' files. Those files contain financial information JPMorgan's financial advisors need to analyze whether certain collateral belongs to SPV 4, to the Debtors or to other interested parties, and documents necessary to assess claims JPMorgan has against the Debtors. Additionally, there are only a few months remaining for JPMorgan and other creditors to prepare their claims relating to the sale proceeds of auctioned vehicles. Without access to the

7

Debtors' files and the financial information contained therein, JPMorgan will not have the information it needs to conduct its own independent analysis and prepare its claim to sale proceeds. In producing the Debtors' files, the Trustee will not suffer any excessive or disproportionate burden, and doing so is necessary to ensure that JPMorgan can fully and fairly evaluate its claims against the Debtors and its collateral position vis-à-vis the Debtors' estate and other competing claimants.

17.     Furthermore, the Trustee in her adversary proceeding against the Debtors' former executives, and the United States in its indictments of those same individuals, each allege extensive wrongdoing and misconduct perpetrated by the Debtors against JPMorgan and other lenders. *See* Complaint, *Burns v. Chu, et al.*, No. 25-ap-3126 (Bankr. N.D. Tex.), ECF No. 1; Sealed Redacted Indictment, *United States v. Chu, et al.*, No. 25-CR-579 (S.D.N.Y.), ECF No. 2; Sealed Information, *United States v. Kollar*, No. 25-CR-584 (S.D.N.Y.), ECF No. 1; Sealed Information, *United States v. Seibold*, No. 25-CR-585 (S.D.N.Y.), ECF No. 1. Gaining access to the Debtors' files is necessary for JPMorgan to assess whether and to what extent SPV 4's collateral has been affected by such alleged wrongdoing.

18.     As noted above, JPMorgan sought the requested information from the Trustee on a voluntary basis and conferred with the Trustee, but the Trustee informed JPMorgan that it would be necessary to proceed through the Rule 2004 process for a formal examination before the Trustee would respond to JPMorgan's requests. In these circumstances—where the information is necessary to evaluate JPMorgan's rights and is currently uniquely accessible to the Trustee—good cause exists, and the requested document production should be ordered by the Court.

## **CONCLUSION**

19.     JPMorgan respectfully requests that this Court grant JPMorgan's Motion, enter an order substantively in the form of the attached Exhibit A, and require the Trustee to provide the information requested in the Rule 2004 Requests, and grant such other and further relief as may be just and proper.

**HUNTON ANDREWS KURTH LLP**

Dated: April 1, 2026

By: */s/ Timothy A. ("Tad") Davidson II*

Timothy A. ("Tad") Davidson II (Texas Bar No. 24012503)
Gregory G. Hesse (Texas Bar No. 09549419)
Ashley L. Harper (Texas Bar No. 24065272)
1445 Ross Avenue, Suite 3700
Dallas, Texas 75202
Telephone: (214) 979-3000
Email: taddavidson@hunton.com
        ghesse@hunton.com
        ashleyharper@hunton.com

and

**SIMPSON THACHER & BARTLETT LLP**

Elisha D. Graff (admitted *pro hac vice*)
Alan Turner (admitted *pro hac vice*)
Nicholas E. Baker (admitted *pro hac vice*)
425 Lexington Avenue
New York, New York 10017
Telephone: (212) 455-2000
Email: egraff@stblaw.com
        aturner@stblaw.com
        nbaker@stblaw.com

*Attorneys for JPMorgan Chase Bank, N.A.*

9

## **CERTIFICATE OF SERVICE**

I certify that on April 1, 2026, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Northern District of Texas on those parties registered to receive electronic notices.

*/s/ Timothy A. ("Tad") Davidson II*
Timothy A. ("Tad") Davidson II

## **CERTIFICATE OF CONFERENCE**

I hereby certify that JPMorgan's counsel conferred with the Trustee's counsel regarding the relief requested in this Motion.  The Trustee's counsel requested that JPMorgan file this Motion.  Accordingly, since JPMorgan and the Trustee's counsel could not reach an agreement on the relief requested herein without this Motion being filed, JPMorgan presents this Motion to the Court for determination.

*/s/ Timothy A. ("Tad") Davidson II*
Timothy A. ("Tad") Davidson II