**MCDERMOTT WILL & SCHULTE LLP**
Charles R. Gibbs (TX Bar No. 7846300)
Marcus A. Helt (TX Bar No. 24052187)
Grayson Williams (TX Bar No. 24124561)
2801 North Harwood Street, Suite 2600
Dallas, Texas 75201
Tel:          (214) 295-8000
Fax:          (972) 232-3098
E-mail:     crgibbs@mcdermottlaw.com
                mhelt@mcdermottlaw.com
                gwilliams@mcdermottlaw.com

**MCDERMOTT WILL & SCHULTE LLP**
Darren Azman (admitted *pro hac vice*)
One Vanderbilt Avenue
New York, New York 10017-3852
Tel:          (212) 547-5400
Fax:          (212) 547-5444
E-mail:     dazman@mcdermottlaw.com

*Counsel to the Chapter 7 Trustee*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

|  |  |
|---|---|
| In re: | Chapter 7 |
| TRICOLOR HOLDINGS, LLC, *et al.*,[1] | Case No. 25-33487 (MVL) |
| Debtors. | |

**CHAPTER 7 TRUSTEE'S EMERGENCY MOTION FOR ENTRY OF AN
ORDER EXTENDING THE VEHICLE SALES DEADLINE**

Anne Elizabeth Burns, the duly appointed Chapter 7 trustee (the "Trustee") of the estates

of the above-captioned debtors and debtors-in-possession (the "Debtors"), hereby moves (the

"Motion") for entry of an order, substantially in the form attached as **Exhibit A** (the "Proposed

Order") granting the relief described below. In support of the Motion, the Trustee respectfully

states as follows:

---

[1]   The Debtors in these chapter 7 cases are as follows: Tricolor Holdings, LLC, TAG Intermediate Holding
Company, LLC, Tricolor Auto Group, LLC, Tricolor Auto Acceptance, LLC, Tricolor Insurance Agency, LLC,
Tricolor Home Loans LLC dba Tricolor Mortgage, Tricolor Real Estate Services, LLC, TAG California Holding
Company, LLC, Flexi Compras Autos, LLC, TAG California Intermediate Holding Company, LLC, Tricolor
California Auto Group, LLC, Tricolor California Auto Acceptance, LLC, Risk Analytics LLC, Tricolor Tax,
LLC, Tricolor Financial, LLC, Tricolor Auto Receivables LLC, TAG Asset Funding, LLC, and Apoyo Financial,
LLC.

## RELIEF REQUESTED

1.      By this Motion, the Trustee seeks entry of an order extending the Vehicle Sales Deadline[2] from April 30, 2026, through and including **October 15, 2026**, without prejudice to the Trustee's rights to seek additional extensions.

## JURISDICTION AND VENUE

2.      The United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Court") has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro* Tunc dated August 3, 1984, entered by the United States District Court for the Northern District of Texas. This matter is a core proceeding under 28 U.S.C. § 157(b).

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory predicates for the relief requested herein are section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), and rules 9006(b)(1) and 9024(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

**I.    The Chapter 7 Cases**

5.      On September 10, 2025 (the "Petition Date"), the Debtors each commenced a case by filing a petition for relief under chapter 7 of the Bankruptcy Code (collectively, the "Chapter 7 Cases"). The Chapter 7 Cases are being jointly administered for procedural purposes only.

6.      On the Petition Date, the Office of the United States Trustee for Region 6 (the "U.S. Trustee") appointed Anne Elizabeth Burns as the Trustee over the Chapter 7 Cases.

---

[2]      Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Sale Order (defined herein).

**II.    Vehicle Sales**

7.      On December 15, 2025, the Trustee filed the *Chapter 7 Trustee's Amended Emergency Motion to (I) Sell Estate Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (II) Establish Sale Procedures, and (III) Granting Related Relief* [Docket No. 537] (the "Sale Motion"). The Sale Motion was granted by Court order [Docket No. 593] entered on December 30, 2025 (the "Sale Order").

8.      Among other things, the Sale Order approved a process for the Trustee to work cooperatively with Vervent, Inc. ("Vervent") and Automotive Rentals, Inc. T/A Holman ("Holman") to ensure that substantially all of the vehicles in the Debtors' possession (the "Vehicles") are sold no later than April 30, 2026 (the "Vehicle Sales Deadline"). As of April 10, 2026, approximately 5,300 of those Vehicles have been sold.

9.      Although the Trustee has made significant progress in completing the vehicle sales process, certain title issues that could not reasonably have been anticipated have prevented the remaining Vehicles from being liquidated by the Vehicle Sales Deadline. Before Holman may sell any vehicle, Vervent must ensure that the applicable title has been properly processed and delivered to Holman. Resolving these issues has required coordination with various state departments of motor vehicles and additional verification steps to ensure delivery of titles to Holman. The timing of these efforts is beyond the control of Vervent, Holman, and the Trustee. Accordingly, the Trustee seeks an extension of the Vehicle Sales Deadline through and including October 15, 2026.

**BASIS FOR RELIEF**

10.     Bankruptcy Code section 105(a) provides that "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a). Moreover, the Court is not precluded from "taking any action or making any

3

determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." *Id*. Bankruptcy Rule 9006(b)(1) also allows a court, "for cause," to enlarge the time within which an act is to be performed. *See* Fed. R. Bankr. P. 9006(b)(1). Bankruptcy Rule 9024(b) further provides that the court may relieve a party from an order for any reason "that justifies relief." See Fed. R. Bankr. P. 9024(b).

11.     Cause exists to extend the Vehicle Sales Deadline because completion of the Vehicle sales will provide a significant benefit to the Debtors' estates and will maximize value for all stakeholders. The sale process facilitates an orderly liquidation of the Vehicles and allows the Trustee to expeditiously reduce to money the property of the Debtors' estates, consistent with her fiduciary duties and in the best interests of the parties in interest.

12.     By contrast, absent an extension of the Vehicle Sales Deadline, the Debtors' estates will suffer irreparable harm if the sale process is cut short. The Vehicles will continue to depreciate, and the Trustee has no readily available alternative means to liquidate them. In addition, the Trustee and her professionals would be required to expend substantial additional time and estate resources to negotiate and implement a new sale process. Such a result would materially prejudice creditors and other parties in interest, many of whom consented to the terms of the Sale Order at the outset of these Chapter 7 Cases.

13.     Moreover, the title issues now impeding completion of the sale process could not reasonably have been anticipated by the Trustee or her professionals at the outset of these Chapter 7 Cases. The Sale Motion, which proposed the Vehicle Sales Deadline, was filed early in these Chapter 7 Cases, before those issues were discovered, to preserve the value of the Vehicles by promptly commencing the sale process. At that time, the Trustee's investigation was ongoing, as was Vervent's assessment of the Debtors' title-processing practices. Since those issues were

4

identified, Vervent has worked diligently to resolve them and deliver titles to Holman as quickly as possible.

14.    The extension of the Vehicle Sales Deadline to October 15, 2026, will allow Vervent to resolve the remaining title issues and provide ample time for Holman to sell the Vehicles in a manner that will maximize value for the estates. However, and out of an abundance of caution, the Trustee has also reserved the right to seek further extensions to the Vehicle Sales Deadline.

15.    Accordingly, the Trustee respectfully submits that the requested extension of the Vehicle Sales Deadline through and including October 15, 2026, is appropriate.

## EMERGENCY CONSIDERATION IS WARRANTED

16.    The exigencies of this matter justify considering approval of the Motion on an emergency basis. The Vehicle Sales Deadline is set to expire on April 30, 2026.  This deadline is rapidly approaching. Without consideration on an emergency basis, the Vehicle Sales Deadline will pass prior to a ruling being made on the Motion and will cause irreparable harm to the Debtors' estates.

## NO PRIOR REQUEST

17.    No previous request for the relief sought herein has been made to this or any other court.

*[Remainder of Page Intentionally Left Blank]*

## CONCLUSION

WHEREFORE, the Trustee respectfully requests that the Court: (i) enter the Proposed

Order in substantially the form attached hereto as **Exhibit A**, granting the relief requested

herein, and (ii) provide such other relief as the Court deems appropriate and just.

Dated: Dallas, Texas
April 17, 2026

Respectfully submitted,

*/s/ Grayson Williams*
Charles R. Gibbs (TX Bar No. 7846300)
Marcus A. Helt (TX Bar No. 24052187)
Grayson Williams (TX Bar No. 24124561)
**MCDERMOTT WILL & SCHULTE LLP**
2801 North Harwood Street, Suite 2600
Dallas, Texas 75201
Tel:　　 (214) 295-8000
Fax:　　 (972) 232-3098
E-mail:　crgibbs@mcdermottlaw.com
　　　　 mhelt@mcdermottlaw.com
　　　　 gwilliams@mcdermottlaw.com

-and-

Darren Azman (admitted *pro hac vice*)
**MCDERMOTT WILL & SCHULTE LLP**
One Vanderbilt Avenue
New York, New York 10017-3852
Tel:　　 (212) 547-5400
Fax:　　 (212) 547-5444
E-mail:　dazman@mcdermottlaw.com

*Counsel to the Chapter 7 Trustee*

6

## CERTIFICATE OF SERVICE

I do hereby certify that on April 17, 2026, a true and correct copy of the foregoing Motion was served via CM/ECF for the United States Bankruptcy Court for the Northern District of Texas on all parties authorized to receive electronic notice in this case.

*/s/ Grayson Williams*
Grayson Williams

## CERTIFICATE OF CONFERENCE

Given the number of parties with an interest in the Motion, the undersigned hereby certifies that the Trustee believes that conferring with the attorneys for all such interested parties prior to filing the Motion is neither possible nor practicable.  Nevertheless, on April 16, 2026, the Trustee hosted a conference call with the vast majority of parties in interest to discuss the relief requested in the Motion. All parties are aware of both the filing of the Motion as well as the expedited nature of the requested relief.

*/s/ Grayson Williams*
Grayson Williams