

**CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS**

# ENTERED

**THE DATE OF ENTRY IS ON
THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

*Michelle V. Larson*

**Signed April 28, 2026**

_____
**United States Bankruptcy Judge**

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 7 |
| | ) | |
| TRICOLOR HOLDINGS, LLC, *et al.*,[1] | ) | Case No. 25-33487 (MVL) |
| | ) | |
| Debtors. | ) | |
| | ) | |

### ORDER SETTING CHAPTER 7 LANDLORD
### ADMINISTRATIVE EXPENSE CLAIM BAR DATE

On this day, the Court considered the *Motion to Set Landlord Administrative Expense Claim Bar Date and Approve Form and Manner of Notice* (the "Motion"), filed by Anne Elizabeth Burns, Chapter 7 Trustee in this case, on March 26, 2026 [Docket No. 965]. The Court, having

---

1    The Debtors in these chapter 7 cases are as follows: Tricolor Holdings, LLC, TAG Intermediate Holding Company, LLC, Tricolor Auto Group, LLC, Tricolor Auto Acceptance, LLC, Tricolor Insurance Agency, LLC, Tricolor Home Loans LLC dba Tricolor Mortgage, Tricolor Real Estate Services, LLC, TAG California Holding Company, LLC, Flexi Compras Autos, LLC, TAG California Intermediate Holding Company, LLC, Tricolor California Auto Group, LLC, Tricolor California Auto Acceptance, LLC, Risk Analytics LLC, Tricolor Tax, LLC, Tricolor Financial, LLC, Tricolor Auto Receivables LLC, Tricolor Asset Funding, LLC, and Apoyo Financial, LLC.

determined that adequate notice of the Motion was provided, and no responses or objections were filed, is of the opinion that the Motion should be granted. It is therefore;

**ORDERED** that the Motion is **GRANTED**; it is further,

**ORDERED** that any party intending to assert a request under 11 U.S.C. § 503(b) for payment of any administrative expense relating to post-petition rent or expenses arising from a lease of real property in this case  shall  file such request with the Court **not later than 11:59 p.m. (prevailing Central Time) June 5, 2026,** or any such request will be deemed forever waived and barred; it is further

**ORDERED** that, nothing herein shall abrogate or alter non-debtor parties' rights as set forth in an entered order or stipulation permitting such party to assert a request under 11 U.S.C. § 503(b) for payment of an administrative expense claim relating to post-petition rent or other expenses arising from a lease of real property by submitting an official form 410 proof of claim rather than a separate motion or application requesting allowance and payment of an administrative expense claim (for the avoidance of doubt, any request asserted by submitting an official form 410 proof of claim, as permitted by this paragraph, may be filed either with the Court or the Trustee's claims agent, Verita Global); and it is further

**ORDERED** that the Trustee shall serve a copy of the Notice attached as Exhibit A to the Motion on all potential landlord administrative expense claimants within (5) five days of the entry of this order.

### END OF ORDER ###

Submitted by,

Charles R. Gibbs (TX Bar No. 7846300)
Marcus A. Helt (TX Bar No. 24052187)
Grayson Williams (TX Bar No. 24124561)
**MCDERMOTT WILL & SCHULTE LLP**

2

2801 North Harwood Street, Suite 2600
Dallas, Texas 75201
Tel: 214.295.8000
Fax: 972.232.3098
E-mail: crgibbs@mcdermottlaw.com
          mhelt@mcdermottlaw.com
          gwilliams@mcdermottlaw.com


          -and-

Darren Azman (admitted *pro hac vice*)
**MCDERMOTT WILL & SCHULTE LLP**
One Vanderbilt Avenue
New York, New York 10017-3852
Tel: 212.547.5400
Fax:  212.547.5444
E-mail: dazman@mcdermottlaw.com

*Counsel to the Chapter 7 Trustee*