

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

**THE DATE OF ENTRY IS ON**
**THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

_Michelle V. Larson_

_____
**United States Bankruptcy Judge**

**Signed April 30, 2026**

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| TRICOLOR HOLDINGS, LLC, *et al.*,[1] | ) | Case No. 25-33487 (MVL) |
| | ) | |
| Debtors. | ) | |
| | ) | |

## ORDER EXTENDING THE VEHICLE SALES DEADLINE

Upon the motion (the "Motion")[2] of the Trustee for an order, pursuant to Bankruptcy Code

section 105(a) and Bankruptcy Rules 9006(b) and 9024(b), extending the Vehicle Sales Deadline

to October 15, 2026; and the Court having reviewed the Motion; and the Court having determined

that the relief requested in the Motion is in the best interest of the Debtors, their estates, their

---

[1] The Debtors in these chapter 7 cases are as follows: Tricolor Holdings, LLC, TAG Intermediate Company, LLC, Tricolor Auto Group, LLC, Tricolor Auto Acceptance, LLC, Tricolor Insurance Agency, LLC, Tricolor Home Loans LLC dba Tricolor Mortgage, Tricolor Real Estate Services, LLC, TAG California Holding Company, LLC, Flexi Compras Autos, LLC, TAG California Intermediate Holding Company, LLC, Tricolor California Auto Group, LLC, Tricolor California Auto Acceptance, LLC, Risk Analytics LLC, Tricolor Tax, LLC, Tricolor Financial, LLC, Tricolor Auto Receivables LLC, TAG Asset Funding, LLC, and Apoyo Financial, LLC.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

creditors, and other parties in interest; and the Court having jurisdiction to consider the Motion and relief requested therein in accordance with 28 U.S.C. § 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Trustee consents to entry of a final order under Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby:

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The Motion is GRANTED, as set forth herein.

2.      The Vehicle Sales Deadline is extended through and including October 15, 2026.

3.      The entry of this Order is without prejudice to the Trustee's right to request further extensions of the Vehicle Sales Deadline.

4.      The remaining provisions of the Sale Order are not altered or amended by this Order and remain intact in all material respects.

5.      The Trustee is authorized to take all actions necessary to effectuate the relief granted in this Order.

6.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

# # # END OF ORDER # # #

2

Submitted by:

**MCDERMOTT WILL & SCHULTE LLP**
Charles R. Gibbs (TX Bar No. 7846300)
Marcus A. Helt (TX Bar No. 24052187)
Grayson Williams (TX Bar No. 24124561)
2801 North Harwood Street, Suite 2600
Dallas, Texas 75201
Tel:            (214) 295-8000
Fax:           (972) 232-3098
E-mail:       crgibbs@mcdermottlaw.com
                  mhelt@mcdermottlaw.com
                  gwilliams@mcdermottlaw.com

-and-

**MCDERMOTT WILL & SCHULTE LLP**
Darren Azman (admitted *pro hac vice*)
One Vanderbilt Avenue
New York, New York 10017-3852
Tel:            (212) 547-5400
Fax:           (212) 547-5444
E-mail:       dazman@mcdermottlaw.com

*Counsel to the Chapter 7 Trustee*