Theodore J. Riney (TX Bar No. 16935075)
C. Luke Nelson (TX Bar No. 24051107)
**RINEY RONQUILLO SOULE, PLLC**
5420 LBJ Freeway, Suite 220
Dallas, TX 75240
Telephone:  214-461-1201
Facsimile:  214-461-1210
Email:  triney@rrspllc.com
Email:  lnelson@rrspllc.com

*COUNSEL FOR TDINDUSTRIES, INC.*

### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 25-33487 mvl7 |
| | § | (Jointly Administered) |
| TRICOLOR HOLDINGS, LLC, et al | § | Chapter 7 |
|    Debtor[1] | § | |

**PURSUANT TO LOCAL BANKRUPTCY RULE 4001-1(b), A RESPONSE IS REQUIRED TO THIS MOTION, OR THE ALLEGATIONS IN THE MOTION MAY BE DEEMED ADMITTED, AND AN ORDER GRANTING THE RELIEF SOUGHT MAY BE ENTERED BY DEFAULT. ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT EARLE CABELL FEDERAL BUILDING, 1100 COMMERCE STREET, ROOM 1254, DALLAS, TEXAS, 75242, BEFORE CLOSE OF BUSINESS ON MAY 14, 2026, WHICH IS AT LEAST 14 DAYS FROM THE DATE OF SERVICE HEREOF. A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY AND ANY TRUSTEE OR EXAMINER APPOINTED IN THE CASE. ANY RESPONSE SHALL INCLUDE A DETAILED AND COMPREHENSIVE STATEMENT AS TO HOW THE MOVANT CAN BE "ADEQUATELY PROTECTED" IF THE STAY IS TO BE CONTINUED.**

### TDINDUSTRIES, INC.'S MOTION FOR RELIEF FROM
### THE AUTOMATIC STAY TO CONFIRM
### <u>ARBITRATION AWARD IN STATE DISTRICT COURT</u>

---

[1] The Debtors in these chapter 7 cases are as follows: Tricolor Holdings, LLC, TAG Intermediate Holding Company, LLC, Tricolor Auto Group, LLC, Tricolor Auto Acceptance, LLC, Tricolor Insurance Agency, LLC, Tricolor Home Loans LLC dba Tricolor Mortgage, Tricolor Real Estate Services, LLC, TAG California Holding Company, LLC, Flexi Compras Autos, LLC, TAG California Intermediate Holding Company, LLC, Tricolor California Auto Group, LLC, Tricolor California Auto Acceptance, LLC, Risk Analytics LLC, Tricolor Tax, LLC, Tricolor Financial, LLC, Tricolor Auto Receivables LLC, TAG Asset Funding, LLC, and Apoyo Financial, LLC

TDIndustries, Inc., a Texas corporation ("TD") files its Motion for Relief from Automatic Stay (the "TD Motion"), to allow TD to make filings in a state district court seeking to confirm an AAA arbitration award against Tricolor Holdings LLC ("Tricolor" and "Debtor"). The state court case, styled *TDIndustries, Inc. v. Tricolor Holdings, LLC,* Cause No, DC-23-11303 before 192nd Judicial District Court of Dallas County, Texas (the "State Court Lawsuit"), included both TD's claims against Tricolor, as well Tricolor's counterclaims against TD. The State Court Lawsuit was stayed pending binding arbitration in Case Number 01-24-0000-0939, *TDIndustries, Inc. v. Tricolor Holdings, LLC, before Jeffrey A. Ford, with the American Arbitration Association* (the "Arbitration"). The arbitrator awarded damages in favor of TD and denied Tricolor's counterclaims in total. In this Motion, TD seeks to modify the Automatic Stay so as to allow TD to confirm the arbitrator's award, and in support thereof would show the Court as follows:

## I. JURISDICTION

1. The United States Bankruptcy Court for the Northern District of Texas has jurisdiction over the subject matter of this Motion pursuant to 28 U.S.C. § 1334(b) and the Standing Order of reference of the District Court. This is a core proceeding under 28 U.S.C. §157(b)(2). The statutory predicate for the relief sought herein is §§ 361 and 362 of the Bankruptcy Code and Rule 4001(b) FED. R. BANKR. P.

## II. BACKGROUND

2. TD is informed and believes, and based thereon, alleges that Debtor is and at all times mentioned herein been a corporation, authorized to operate in Texas.

3. Debtor filed its voluntary petition under Chapter 7 of the Bankruptcy Code Title 11 U.S.C. on September 10, 2025 (the "Petition Date").

4.      Pursuant to the provisions of 11 U.S.C. § 362(a), the filing of said petition operated as an automatic stay against TD's rights to proceed against Debtor and/or confirm the arbitrator's award.

5.      A true and correct copy of the March 21, 2025 Interim Arbitration Award is attached hereto as Exhibit A, and a true and correct copy of the May 1, 2025 Final Arbitration Award, is attached hereto as Exhibit B (Exhibit A and Exhibit B are hereinafter collectively referred to as the "Arbitration Award").

### III.    FACTS

### The State Court Order is Compelling Binding
### Arbitration Between TD and Tricolor

6.      On August 8, 2023, TD filed its original Petition in a case styled *TDIndustries, Inc. v. Tricolor Holdings, LLC*, in Cause No. DC-23-11303 in the 192nd Judicial District Court of Dallas County, Texas (the "State Court Lawsuit").  In the State Court Lawsuit, on March 17, 2024, the State Court entered its Order Staying Proceeding on an Application for an Order for Arbitration, and on April 30, 2024, the State Court entered its Order Clarifying Order dated March 18, 2024. Exhibit A,  p. 3.  Both (a) TD's claims against Tricolor and (b) Tricolor's Counterclaims against TD proceeded to binding Arbitration in Case # 01-24-0000-0939, styled *TDIndustries, Inc., v. Tricolor Holdings, LLC*, before Jeffrey A. Ford, with the American Arbitration Association (the "Arbitration").  Exhibit A, pp. 3-4.

7.      In the State Court's March 18, 2024, ORDER STAYING PROCEEDING AND COMPELLING ARBITRATION OF CLAIMS OF TDINDUSTRIES, INC. AND TRICOLOR HOLDINGS, LLC, the State Court made the following findings, inter alia:

> "Pursuant to, e.g., TEX. CIV. PRAC. & REM. CODE §§ 171.021 and 171.025 and
> 9 U.S.C. §§ 1-4, and the **agreement** between Plaintiff TDIndustries, Inc. ("TD")
> and Defendant Tricolor Holdings, LLC ("Tricolor") **to submit any claim or**

**dispute arising out of or relating to the contract between them** as entered into on or about October 5, 2021 (the "Contract") **to binding arbitration** before the American Arbitration Association (AAA"), **the Court finds that TD and Tricolor must arbitrate all such claims and disputes (which include all claims that are asserted by or between TD and Tricolor in this proceeding**)" (emphasis added).

In that same Order, the Court ruled:

"IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that, pursuant to, e.g., TEX. CIV. PRAC. & REM. CODE §§ 171.021 and 171.025 and 9 U.S.C. §§ 1-4, **TD and Tricolor are ORDERED TO ARBITRATE the claims that have been asserted by or between them in this proceeding, which arbitration is to proceed in AAA case number 01-24-0000-0939**. (emphasis added).

The State Court further ordered that the State Court Lawsuit was stayed pending the completion of the arbitration.

8. On April 30, 2024, the State Court entered its ORDER CLARIFYING ORDER DATED MARCH 18, 2024. In that 4/30/2024 Order, the Court, *inter alia*, ordered as follows:

"[T]his Order does not change or limit **the scope of matters referred to binding arbitration** by the March 18, 2024 Order**, namely 'any claim or dispute arising out of or relating to the contract between [TD and Tricolor] as entered into on or around October 5, 2021,**' which such claims and **disputes 'include all claims that are asserted by or between TD and Tricolor in this proceeding**,' as stated in the March 18, 2024 Order. **For clarity, and to avoid potential dispute as to the scope of issues that the Court has referred to arbitration**, the Court observes that **Tricolor has asserted** in this action prior to the March 18, 2024 Order **that TD's Lien Affidavit and Claim attached hereto as Exhibit A is invalid and unenforceable, and such claim by Tricolor is among the issues referred to arbitration by the March 18, 2024 Order**.

Furthermore, for clarity:… (3) pursuant to and as provided by, *e.g.*, Tex. Prop. Code §§ 53.160(f) and 53.162, **the issues of ultimate validity, enforceability, and foreclosure as to the liens asserted in the Lien Affidavit and Claim for purposes of a final judgment (and potential recording of such any final judgment) have been referred to arbitration** and either TD or Tricolor may raise or challenge such issues in the arbitration" (emphasis added).

## The Arbitration Proceedings

9.      Pursuant to the State Court's Orders, TD and Tricolor presented all of their claims and disputes to binding arbitration before the American Arbitration Association.  *See* Exhibit A, pp 1-4.  Jeffrey Ford ("Arbitrator Ford") was designated as the sole arbitrator in accordance with arbitration agreement entered into by TD and Tricolor. Exhibit A, p 1.

10.      On January 23, 24, 27 and 28, 2025, an Evidentiary Hearing was held in accordance with the arbitration agreement.  Exhibit A, p.2. Both TD and Tricolor appeared through their respective counsel and announced ready for the Evidentiary Hearing; witnesses were called and sworn, and the witnesses presented testimony and evidence under oath. *Id.,* p 2. The Evidentiary Hearing was concluded, post-hearing briefs were submitted by the Parties pursuant to an agreed schedule, and it was also agreed that additional evidence with respect to proof of attorneys' fees and expenses was to be submitted following an Interim Award. *Id.* All claims and disputes presented between TD and Tricolor were within the scope of the agreement to arbitrate, and both TD and Tricolor appeared at and participated in the final arbitration hearing, were heard, presented evidence and cross-examined witnesses. *Id*.

## The Arbitration Award

11.      **Issuance of award and terms of award.** On March 21, 2025, Arbitrator Ford entered his Interim Award in the Arbitration, a true and correct copy of which is attached hereto as Exhibit A and incorporated by reference for all purposes.

12.      On May 1, 2025, Arbitrator Ford issued his Final Award, a true and correct copy of which is attached hereto as Exhibit B and incorporated by reference for all purposes. The Final Award incorporates the Interim Award "by reference with the same force and effect as though fully set forth [t]herein." Exhibit B, p. 1.

13. As of the date of the filing of this motion, Tricolor has not brought before the AAA any action to clarify or correct the Award. AAA Rule R-52 provides that any challenges to the Final Award must be served within 20 days following the submission of the final award:

R-52. Modification of Award

a) Within 20 calendar days after the transmittal of an award, the arbitrator on his or her initiative, or any party, upon notice to the other parties, may request that the arbitrator, through the AAA, clarify the award or correct any clerical, typographical, technical, or computational errors in the award. In clarifying the award or correcting clerical, typographical, technical, or computational errors in it, the arbitrator is not empowered to redetermine the merits of any claim already decided.
b) If the modification request is made by a party, the other parties shall be given 10 calendar days to respond to the request. The arbitrator shall dispose of the request within 20 calendar days after transmittal by the AAA to the arbitrator of the request and any response thereto.
c) If applicable law provides a different procedural time frame, that procedure shall be followed.

14. On July 28, 2025, Tricolor filed its Motion to Vacate Arbitration Award in the State Court Lawsuit, contending that the award determined issues outside the scope of the Agreement to Arbitrate in the Leasehold Improvement Contract.  Shortly thereafter, Tricolor filed bankruptcy. TD would show that Tricolor's Motion is baseless.

15. TD seeks to modify the automatic stay to allow TD to reduce its arbitration award to judgment in the State District Court.

16. TD would show that it is justly entitled to a modification of the Automatic Stay for the sole purpose of reducing the Arbitration Award to final judgment in the State Court Lawsuit. TD would show that TD's claims against Tricolor, and Tricolor's counterclaims against TD, were justly and equitably determined in the arbitration, and that judicial economy would support the reduction of the Arbitration Award to final judgment and the State Court.  Accordingly, good cause

exists for modification of the Automatic Stay to allow TD to reduce its Arbitration Award to judgment in the State Court.

## IV. PRAYER FOR RELIEF

TD respectfully requests that this Court enter its order modifying the Automatic Stay to allow TD to confirm the Interim Arbitration Award and Final Arbitration Award in the State Court Lawsuit, following which TD shall present its claim under the State Court Judgment confirming the arbitration award, in this Court.

Dated: April 30, 2026.

Respectfully submitted,

*/s/ Theodore J. Riney*

_____
THEODORE J. RINEY
State Bar No. 16935075
RINEY RONQUILLO SOULE, PLLC.
Two Lincoln Centre
5420 LBJ Freeway, Suite 220
Dallas, Texas 75240
(214) 461-1201
(214) 461-1210 (facsimile)

**ATTORNEYS FOR TDINDUSTRIES, INC.**

## CERTIFICATE OF CONFERENCE

This will confirm that the undersigned has conferred with Charles Hendricks, one of the attorneys for Trustee Anne Elizabeth Burns, Chapter 7 Trustee for Tricolor Holdings, LLC. Mr. Hendricks has not yet determined whether to oppose the motion. The undersigned will advise as soon as the Trustee's position is finalized.

*/s/ Theodore J. Riney*

_____
THEODORE J. RINEY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to all parties receiving notice pursuant to the Court's ECF filing system or via United States Mail, First Class, postage prepaid, to the parties listed on the attached service list on April 30, 2026.

*/s/ Theodore J. Riney*

_____

THEODORE J. RINEY