

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed May 18, 2026**

_____
**United States Bankruptcy Judge**

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| In re:<br><br>TRICOLOR HOLDINGS, LLC, *et al*.,<br><br>Debtors.[1] | Chapter 7<br><br>Case No. 25-33487 (MVL) |

## TENTH AMENDED ORDER GRANTING CHAPTER 7 TRUSTEE'S MOTION FOR ENTRY OF ORDER APPROVING STIPULATION BETWEEN TRUSTEE AND VERVENT INC.

Upon consideration of the above-referenced motion [Docket No. 53] (the "Motion"), and

for good and sufficient cause shown, and this Court finding that entry of this Order and approval

of the Stipulation attached hereto as **Exhibit A** (the "Stipulation") is in the best interests of

---

[1] The Debtors in these chapter 7 cases are as follows: Tricolor Holdings, LLC, TAG Intermediate Holding Company, LLC, Tricolor Auto Group, LLC, Tricolor Auto Acceptance, LLC, Tricolor Insurance Agency, LLC, Tricolor Home Loans LLC dba Tricolor Mortgage, Tricolor Real Estate Services, LLC, TAG California Holding Company, LLC, Flexi Compras Autos, LLC, TAG California Intermediate Holding Company, LLC, Tricolor California Auto Group, LLC, Tricolor California Auto Acceptance, LLC, Risk Analytics LLC, Tricolor Tax, LLC, Tricolor Financial, LLC, Tricolor Auto Receivables LLC, TAG Asset Funding, LLC, and Apoyo Financial, LLC.

creditors and the estates, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that:

1.      The Motion is **GRANTED**.

2.      The Stipulation is approved and endorsed as an Order of this Court.

3.      The Trustee[2] and Vervent, Inc. ("Vervent") are authorized to enter into the Stipulation and to implement the Stipulation as set forth therein within their business judgment.

4.      The Trustee is hereby authorized, upon request from Vervent, to grant, and hereby does grant, Vervent access to and use of funds in the Collection Accounts,[3] identified on Exhibit B hereto, and WellsFargo Acct. # X3566 (the "Trust Account"), to (a) fund necessary servicing and transition costs incurred in accordance with the Stipulation and Servicing Agreements and related documents; (b) transfer, pool and segregate into accounts established by Vervent proceeds of Receivables received in the Collection Accounts and Trust Account, which shall remain subject to any applicable liens and/or competing property interests; and (c) disburse funds solely in accordance with the express terms of this Order, including Paragraph 8(a) and (b).  Except as set forth in Paragraph 8(a) and (b) of this Order, Vervent will only request and disburse funds from the Collection Account or Trust Account (as applicable) with the prior written approval of (i) Wilmington Trust, National Association (in its capacity as indenture trustee under each of the Securitizations[4] and together with any successor indenture trustee under any Securitization, the "Indenture Trustee") (which approval shall be consistent with the applicable Securitization

---

[2] Capitalized terms used, but not otherwise defined herein, shall have the meaning ascribed to such terms in the Motion or the Stipulation, as applicable.

[3] Although Vervent anticipates that access to and use of the Collection Accounts is no longer necessary as of the date of this Order, relief as to the Collection Accounts is included in this Order out of an abundance of caution.

[4] "Securitization" means any of the series of asset backed notes issued by certain non-Debtor subsidiaries of Tricolor Holdings, LLC.

Servicing Agreement (as defined in the Stipulation) and related Securitization documents, and any agreement among the Indenture Trustee and Vervent with respect to Vervent's servicer transition costs (any such agreement, as amended, amended and restated, supplemented or otherwise modified from time to time, the "Securitization Transition Costs Agreement")), (ii) JPMorgan Chase Bank, N.A., (iii) Fifth Third Bank, N.A., and (iv) with respect to any funds that are collateral or property of the Trustee, Origin Bank, TBK Bank, or ACV, the Trustee, Origin Bank, TBK Bank, or ACV (as applicable).

5. PayNearMe, RePay, and all other payment processors that receive and/or process consumer payments (each, a "Payment Processor") are authorized and directed to take direction from Vervent as successor servicer, including, without limitation, providing payment and other consumer information requested by Vervent and the transmission of current funds and amounts currently residing with any Payment Processor into accounts designated by Vervent. Vervent shall pool and segregate any such funds received from a Payment Processor or otherwise in a manner satisfactory to the Indenture Trustee, the Davis Polk Ad Hoc Group of ABS Holders,[5] JPMorgan Chase Bank, N.A. and Fifth Third Bank, N.A., and, with respect to any funds that are collateral or property of the Trustee, Origin Bank, TBK Bank, or ACV, Origin Bank, TBK Bank, or ACV (as applicable).

6. Wells Fargo is authorized and directed to continue to maintain, service and administer the Collection Accounts at the direction of the Trustee, including by transferring funds from the Collection Accounts to the Trust Account or other segregated accounts maintained by

---

[5] "Davis Polk Ad Hoc Group of ABS Holders" means the ad hoc group represented by Davis Polk & Wardwell LLP of holders of asset-backed notes issued pursuant to any Securitization by certain non-Debtor subsidiaries of Tricolor Holdings, LLC.

Vervent, subject to the lien (if applicable) of the applicable agent or trustee. The Trustee may only provide such direction in accordance with the terms of this Order and no funds in such accounts may be utilized for any purpose other than as expressly set forth in this Order and the Stipulation.

7.      From and after the date of this Order, Vervent shall use commercially reasonable efforts to collect and account for all Receivables (whether or not such loan receivables are described in the Servicing Agreements). Nothing in this Order allows for the surcharge, sale, or use of any of TBK Bank, SSB's, Origin Bank's or ACV Capital LLC's (together with its affiliates, "ACV") collateral, provided, however, nothing in this Order prevents any party from seeking to recover from TBK Bank, SSB, Origin Bank, or ACV the costs and expenses of administering, collecting and/or disposing of any collateral pledged to TBK Bank, SSB, Origin Bank or ACV or any defenses thereto. From and after the date of this Order, Vervent shall take responsibility for, and account for, all vehicles owned by or otherwise in the possession of the Debtors, including properly securing all vehicles, protecting all vehicles from theft, vandalism, or damage, and obtaining and accounting for all keys, license plates, and related titles (collectively, the "Vehicle Assets"). Vervent, TBK Bank, SSB, Origin Bank, and ACV shall promptly share information with each other regarding the Receivables and Vehicle Assets as reasonably requested by each party and as reasonably available under the circumstances and Vervent agrees to provide in advance its general plan to TBK Bank, SSB, Origin Bank, and ACV for the collection, protection, and securing of the Vehicle Assets. TBK Bank, SSB, Origin Bank, and ACV shall have the right, upon reasonable notice to Vervent and during ordinary business hours, to count its vehicle collateral for accounting and regulatory purposes and Vervent shall provide access to the vehicles to TBK Bank, SSB, Origin Bank, and ACV for such purposes in accordance with such limitations. Manheim

4

Remarketing, Inc. ("Manheim") shall have the right, upon reasonable notice to Vervent and during ordinary business hours, to count inventory for which Manheim asserts ownership rights for accounting and regulatory purposes and Vervent shall provide access to the vehicles to Manheim for such purposes in accordance with such limitations. Nothing herein shall prevent TBK Bank, SSB or ACV from seeking further relief from the Court with respect to their collateral, including the Vehicle Assets, including, but not limited to, requesting adequate protection and relief permitting taking possession or liquidating their own collateral.

8.  In addition to the services set forth in the Stipulation, Vervent is seeking the Court's approval to perform the following services out of an abundance of caution due to the potential for certain of the Receivables to be unencumbered. Nothing in this Order or the Stipulation shall deem any Receivables to be property of the Debtors' estates. From and after the date of this Order, in addition to the other rights set forth in this Order and in the Stipulation, Vervent shall be authorized to take the following actions, each in its reasonable business judgment and in the ordinary course of its servicer duties, without further Order of this Court or authorization from any party:

(a)  to the extent collected as part of consumer payment, disburse such funds from the Trust Account in amounts sufficient to pay Collateral Protection Insurance ("CPI") premiums incurred on and after November 1, 2025, in order to maintain CPI coverage substantially in the form as existed on the Petition Date, with all such disbursements being tracked and accounted for by Vervent on a VIN by VIN basis; and

(b)  to the extent collected as part of consumer payment, disburse such funds from the Trust Account in amounts sufficient to satisfy state sales taxes accruing on and after September 10, 2025 (but excluding any late fees, penalties, or interest) and to pay any state registration fees or similar charges required to register new vehicles and obtain titles in the ordinary course (including as to vehicles purchased prior to the Petition Date that remained unregistered as of the Petition Date), as well as filing, in coordination with the Trustee, any state tax returns required to facilitate the same,

5

with all such disbursements being tracked and accounted for by Vervent on a VIN by VIN basis.

provided that (i) with respect to paragraphs 8(a) and 8(b), at least five (5) business days prior to disbursing any funds from the Trust Account, Vervent shall provide to each of the Indenture Trustee, the Davis Polk Ad Hoc Group of ABS Holders, JPMorgan Chase Bank, N.A., Fifth Third Bank, N.A., TBK Bank, ACV, the Trustee, and their respective financial advisors such back-up information as may be reasonably requested by them to confirm the amounts and other information related to the requested disbursements.

9. From and after the date of this Order, in addition to the other rights set forth in this Order and in the Stipulation, Vervent shall be authorized to take the following actions, each in its reasonable business judgment and in the ordinary course of its servicer duties, without further Order of this Court or authorization from any party, but subject in all cases to the applicable Servicing Agreement (and the following shall not be deemed to amend any such Servicing Agreement):

(a) perform ordinary course account collection and collateral repossession services in the event of borrower defaults, including, without limitation, sending default notices, repossessing vehicles,[6] liquidating vehicles, and receiving the net proceeds from such liquidations into the Trust Account;

(b) perform ordinary course lien release and title processing services, including as loans are paid off, or collateral is sold or deemed total losses, which necessitates Vervent to process the required lien release, transfer of ownership, order duplicate titles, and take other related actions;

(c) perform ordinary course loan modification services, including working with customers to minimize delinquency through loan modification programs that help

---

[6] For avoidance of doubt, references to "vehicles" in Paragraph [9] does not include the approximately 10,000 vehicles owned by or in the possession of certain Debtors and non-debtor affiliates and located at various locations as of the Petition Date pending transportation to auction lots for resale. [See Dkt. No. 537.]

customers to maintain their vehicles and avoid repossessions, all in compliance with regulatory and lender guidelines;

(d) perform and complete ordinary course loan charge offs, including in accordance with generally accepted accounting and regulatory guidelines for past due-loans; and

(e) perform other ordinary course servicer duties as required by the Servicing Agreements and as are commercially standard to service accounts in compliance with applicable law and regulations, including, without limitation, granting late fee waivers, payment processing, bankruptcy processing (including filing proofs of claim in borrower bankruptcy cases), credit reporting, dispute processing, outbound collections calling and text messages, and complaint management.

10. Nothing in this Order impacts any rights or obligations of Vervent, the Indenture Trustee, the holders of any asset backed notes issued under any Securitization or any other party thereto under (w) the Securitization Servicing Agreements, (x) the Indentures (as defined in the Securitization Servicing Agreements), (y) the other Basic Documents (as defined in the Securitization Servicing Agreements) or (z) to the extent not inconsistent with the relief granted herein, the Securitization Transition Costs Agreement.

11. Nothing in this Order impacts any rights or obligations of Vervent, JPMorgan Chase Bank, N.A., Fifth Third Bank, N.A. or any other party thereto under (w) the Warehouse Servicing Agreements, (x) the other Basic Documents (as defined in the JPM Credit Agreement), (y) the other Basic Documents (as defined in the Fifth Third/Vervent Servicing Agreement) or (z) to the extent not inconsistent with the relief granted herein, any agreement among JPMorgan Chase Bank, N.A. and/or Fifth Third Bank, N.A. and Vervent with respect to Vervent's servicer transition costs.

12. Notwithstanding anything to the contrary in this Order or the Stipulation, all rights and remedies of the Trustee, Vervent, the Indenture Trustee, the Davis Polk Ad Hoc Group of ABS

Holders, JPMorgan Chase Bank, N.A., Fifth Third Bank, N.A., Origin Bank, ACV, Manheim, and each of the other parties in interest in these chapter 7 cases are expressly preserved, including, but not limited to, with respect to the priority of any liens or claims against or to the alleged collateral of any of the parties in interest, and the allocation of, and rights in, all funds disbursed and collateral liquidated under this Order, including under Paragraphs 8 and 9.

13.     The Trustee and Vervent shall coordinate in good faith to establish procedures regarding mail services, mail forwarding procedures, and appropriate mailing and servicing addresses for Tricolor accounts, including related to auctions, dealers, insurance companies, and customers that send via US postal mail and express services (e.g., FedEx, UPS, etc.) payoff checks, insurance checks, titles, and related servicing documents, each as may be necessary to facilitate these transactions on a timely basis in accordance with the Servicing Agreements.

14.     To the extent any relief in the Stipulation implicates the automatic stay in Section 362(a) of the Bankruptcy Code, the automatic stay is hereby modified as to Vervent to the extent required for Vervent to perform its services and obligations under the Stipulation and the Servicing Agreements.

15.     The parties, including Vervent, shall timely provide information to Texas Department of Motor Vehicles including, but not limited to, information regarding the status of pre- and post-petition vehicle registration transactions.

16.     This Order shall be effective immediately upon entry on the docket.

17.     A hearing on the potential further extension or termination of the relief granted herein shall be held on August 19, 2026, at 9:30 a.m. (prevailing Central Time).

18.     Absent further order of the Court, the relief granted in paragraphs 4, 5, and 8 herein

8

shall automatically terminate on August 21, 2026, at 11:59 p.m. (prevailing Central Time).

### ### END OF ORDER ###

Submitted by:

Charles R. Gibbs (TX Bar No. 7846300)
Grayson Williams (TX Bar No. 24124561)
**MCDERMOTT WILL & SCHULTE LLP**
2801 North Harwood Street, Suite 2600
Dallas, Texas 75201-1664
Tel: (214) 295-8000
Fax: (972) 232-3098
E-mail: crgibbs@mcdermottlaw.com
        gwilliams@mcdermottlaw.com

-and-

Darren Azman (admitted *pro hac vice*)
**MCDERMOTT WILL & SCHULTE LLP**
One Vanderbilt Avenue
New York, New York 10017-3852
Tel: (212) 547-5400
Fax: (212) 547-5444
E-mail: dazman@mcdermottlaw.com

*Counsel to the Chapter 7 Trustee*

<u>**Exhibit A**</u>

**Stipulation**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| TRICOLOR HOLDINGS, LLC, *et al.*, | Case No. 25-33487 (MVL) |
| Debtors.[1] | (Jointly Administered) |

### STIPULATION BETWEEN CHAPTER 7 TRUSTEE AND VERVENT, INC.

Anne Elizabeth Burns, solely in her capacity as the Chapter 7 bankruptcy trustee (the "**Trustee**") for Tricolor Holdings, LLC and its various debtor affiliates (collectively, the "**Debtors**"), hereby stipulates and agrees with Vervent, Inc. and its applicable affiliates ("**Vervent**") as follows:

**WHEREAS**, on September 10, 2025 (the "**Petition Date**"), the Debtors commenced their

---

[1] The Debtors in these chapter 7 cases are as follows: Tricolor Holdings, LLC, TAG Intermediate Holding Company, LLC, Tricolor Auto Group, LLC, Tricolor Auto Acceptance, LLC, Tricolor Insurance Agency, LLC, Tricolor Home Loans LLC dba Tricolor Mortgage, Tricolor Real Estate Services, LLC, TAG California Holding Company, LLC, Flexi Compras Autos, LLC, TAG California Intermediate Holding Company, LLC, Tricolor California Auto Group, LLC, Tricolor California Auto Acceptance, LLC, Risk Analytics LLC, Tricolor Tax, LLC, Tricolor Financial, LLC, Tricolor Auto Receivables LLC, TAG Asset Funding, LLC, and Apoyo Financial, LLC.

chapter 7 cases by filing voluntary petitions for relief under chapter 7 of the Bankruptcy Code with this Court.

WHEREAS, the Trustee was appointed on September 10, 2025.

WHEREAS, Vervent is (or may become) a party to the following agreements involving the Debtors (collectively, the "**Servicing Agreements**"):

1. Sale and Servicing Agreement, dated as of April 1, 2022, among Tricolor Auto Securitization Trust 2022-1, Tricolor Auto Receivables 2 LLC, Tricolor Auto Acceptance, LLC, the Indenture Trustee and Vervent (as amended, amended and restated, supplemented or otherwise modified from time to time, the "**2022-1 Servicing Agreement**");

2. Sale and Servicing Agreement, dated as of February 1, 2023, among Tricolor Auto Securitization Trust 2023-1, Tricolor Auto Receivables 2 LLC, Tricolor Auto Acceptance, LLC, Wilmington Trust, National Association, the Indenture Trustee and Vervent (as amended, amended and restated, supplemented or otherwise modified from time to time, the "**2023-1 Servicing Agreement**");

3. Sale and Servicing Agreement, dated as of January 1, 2024, among Tricolor Auto Securitization Trust 2024-1, Tricolor Auto Grantor Trust 2024-1, Tricolor Auto Receivables 2 LLC, Tricolor Auto Acceptance, LLC, the Indenture Trustee, and Vervent (as amended, amended and restated, supplemented or otherwise modified from time to time, the "**2024-1 Servicing Agreement**");

4. Sale and Servicing Agreement, dated as of May 1, 2024, among Tricolor Auto Securitization Trust 2024-2, Tricolor Auto Grantor Trust 2024-2, Tricolor Auto Receivables 2 LLC, Tricolor Auto Acceptance, LLC, the Indenture Trustee, and Vervent (as amended, amended and restated, supplemented or otherwise modified from time to time, the "**2024-2 Servicing Agreement**");

5. Sale and Servicing Agreement, dated as of October 1, 2024, among Tricolor Auto Securitization Trust 2024-3, Tricolor Auto Grantor Trust 2024-3, Tricolor Auto Receivables 2 LLC, Tricolor Auto Acceptance, LLC, the Indenture Trustee, and Vervent (as amended, amended and restated, supplemented or otherwise modified from time to time, the "**2024-3 Servicing Agreement**");

6. Sale and Servicing Agreement, dated as of March 1, 2025, among Tricolor Auto Securitization Trust 2025-1, Tricolor Auto Grantor Trust 2025-1, Tricolor Auto Receivables 2 LLC, Tricolor Auto Acceptance, LLC, the Indenture Trustee, and Vervent (as amended, amended and restated, supplemented or otherwise modified from time to time, the "**2025-1 Servicing Agreement**");

7. Sale and Servicing Agreement, dated as of June 1, 2025, among Tricolor Auto Securitization Trust 2025-2, Tricolor Auto Grantor Trust 2025-2, Tricolor Auto Receivables 2 LLC, Tricolor Auto Acceptance, LLC, the Indenture Trustee, and Vervent (as amended, amended and restated, supplemented or otherwise modified from time to time, the "**2025-2 Servicing Agreement**," and together with the 2022-1 Servicing Agreement, the 2023-1 Servicing Agreement, the 2024-1 Servicing Agreement, 2024-2 Servicing Agreement, the 2024-3 Servicing Agreement and the 2025-1 Servicing Agreement, the "**Securitization Servicing Agreements**");

8. Letter Agreement regarding Assumption of Liquidation Agent Duties, dated as of September 5, 2025, among Vervent and JPMorgan Chase Bank, N.A. (as amended, amended and restated, supplemented or otherwise modified from time to time, the "**JPM/Vervent Servicing Agreement**");

9. Letter Agreement regarding Assumption of Successor Services Duties dated as of September 30, 2025 by and between Vervent and Fifth Third Bank, N.A. (as amended, amended and restated, supplemented or otherwise modified from time to time, the "**Fifth Third/Vervent Servicing Agreement**," and together with the JPM/Vervent Servicing Agreement, the "**Warehouse Servicing Agreements**");

10. Credit Agreement, dated as of November 13, 2020, among Tricolor Funding SPV 4 LLC, Tricolor Auto Acceptance, LLC, the lenders from time to time party thereto, the agent from time to time party thereto, JPMorgan Chase Bank, N.A., Wilmington Trust, National Association, and Vervent (as amended, amended and restated, supplemented or otherwise modified from time to time, the "**JPM Credit Agreement**");

11. Securitization Transition Costs Agreement (as defined in the Order); and

12. Any other additional servicing agreements or arrangements, which may be entered into between Vervent and any parties relating to the Debtors or non-Debtors, structured facilities and/or trusts that purchased assets from the Debtors for similar services in the future.

**WHEREAS**, pursuant to the Servicing Agreements, Vervent was (or may be) engaged to perform certain services as described therein (the "**Services**"), including, without limitation, the following:

1. Manage, service, administer and make collections on certain loan receivables originated by the Debtors as described in the Servicing Agreements (the "**Receivables**");

2. Collect and consolidate funds remitted by borrowers with respect to the Receivables and respond to borrower inquiries related to the Receivables;

3. Collect, transport and dispose or repurpose collateral related to the Receivables, including via vehicle GPS information and repossession from Debtor-owned premises, including the utilization of the Collection Accounts and Trust Account in the manner consistent with the Stipulation and the Servicing Agreements;

4. Investigate delinquencies related to the Receivables;

5. Provide collection and repossession services in the event of borrower defaults related to the Receivables;

6. Utilize the Debtors' brand identities and company names to accomplish the Services;

7. With respect to the Receivables, manage and maintain electronic and physical data of the Debtors to accomplish the Services, including via web domains owned or operated by the Debtors;[2] and

8. Communicate and contract with and pay vendors, contractors, suppliers, and creditors of the Debtors or other third parties to accomplish the Services; provided that Vervent may not enter into any contracts that bind the Debtors' estates (other than the Trustee/Vervent Servicer Agreement or as otherwise may be approved by separate Court order).

**NOW**, **THEREFORE**, the Trustee and Vervent hereby stipulate and agree as follows:

---

[2] In no event, however, shall this provision limit in any way the Debtors' ownership of this electronic and physical data.

A. Vervent is authorized to perform the Services in accordance with the Servicing Agreements.

B. For avoidance of doubt, notwithstanding anything to the contrary in this Stipulation, nothing in this Stipulation shall (i) except to the extent set forth in the Trustee/Vervent Servicing Agreement (if approved by the Court), permit Vervent to bind the Trustee or the estates for any financial obligations to third parties, (ii) deem any of the Receivables or Servicing Agreements to be property of the estate within the meaning of section 541 of the Bankruptcy Code or (iii) confer any rights or obligations on the Trustee or any other party with respect to any Receivables or Servicing Agreement that is not property of the estates, and the rights of all parties in interest (including, without limitation, the Trustee, the Indenture Trustee, the Davis Polk Ad Hoc Group of ABS Holders, JPMorgan Chase Bank, N.A. and Fifth Third Bank, N.A.) are hereby expressly reserved with respect to the foregoing items in this paragraph B.

C. This Stipulation shall be binding upon and inure to the benefit of the parties hereto, and their successors and assigns.

D. This Stipulation shall be effective immediately upon approval by the Court. The Court shall retain jurisdiction for purposes of resolving any issues relating to this Stipulation.

[*Remainder of page left intentionally blank*]

**SO STIPULATED**:

Dated: _____, 2025 **Vervent, Inc.**


 */s/ Derek Gamble*_____
By: Derek Gamble
Its: Chief Legal Officer & Chief Compliance
 Officer

Dated: _____, 2025 **Chapter 7 Trustee**


 */s/ Anne Elizabeth Burns*_____
By: Anne Elizabeth Burns

Submitted by:

Charles R. Gibbs (TX Bar No. 7846300)
Marcus A. Helt (TX Bar No. 24052187)
Grayson Williams (TX Bar No. 24124561)
**MCDERMOTT WILL & SCHULTE LLP**
2801 North Harwood Street, Suite 2600
Dallas, Texas 75201-1664
Tel: (214) 295-8000
Fax: (972) 232-3098
E-mail: crgibbs@mwe.com
 mhelt@mwe.com
 gwilliams@mwe.com

-and-

Darren Azman (admitted *pro hac vice*)
**MCDERMOTT WILL & SCHULTE LLP**
One Vanderbilt Avenue
New York, New York 10017-3852
Tel: (212) 547-5400
Fax: (212) 547-5444
E-mail: dazman@mwe.com

*Counsel to the Chapter 7 Trustee*

## Exhibit B

### Collection Accounts

| Collection Account(s) | Debtor | Account(s) Ending |
|---|---|---|
| Deposit Accounts | Tricolor Auto Acceptance, LLC | Wells Fargo Bank *7634, *9370, *7292,*7276 |